**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock, P.C. (*pro hac vice* admission pending)
Ryan P. Dahl (*pro hac vice* admission pending)
Candace M. Arthur (*pro hac vice* admission pending)
Daniel Gwen (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

*Proposed Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

------------------------------------------------------------ x
               :
In re               :     **Chapter 11**
               :
**CHINOS HOLDINGS, INC.,** *et al.*,  :     **Case No. 20– _____**
               :
           **Debtors.**[1]  :     **(Joint Administration Requested)**
               :
------------------------------------------------------------ x

## MOTION OF DEBTORS FOR
## ENTRY OF INTERIM AND FINAL ORDERS ESTABLISHING
## NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS
## ON CERTAIN TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST,
## THE DEBTORS AND CLAIMS OF CERTAIN WORTHLESS STOCK DEDUCTIONS

---

1   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

Chinos Holdings, Inc. ("**Chinos**") and its debtor affiliates, as debtors and debtors

in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully

represent as follows in support of this motion (the "**Motion**"):[2]

## Relief Requested

1.     By this Motion, pursuant to sections 105(a) and 362 of title 11 of the United

States Code (the "**Bankruptcy Code**"), the Debtors request entry of interim and final orders

authorizing the Debtors to establish procedures (collectively, the "**Procedures**," including the

Stock Procedures and Claims Procedures, each as defined below) to protect the potential value of

the Debtors' federal consolidated net operating losses (the "**NOLs**"), carryforwards of disallowed

business interest expense, carryforwards of unused general business credits, and other tax benefits

(collectively, the "**Tax Attributes**") for use in connection with the reorganization of the Debtors

and in future periods.  The Stock Procedures apply to (i) beneficial ownership of the common stock

of Chinos (the "**Common Stock**"), Class A preferred stock of Chinos ("**Class A Preferred

Stock**") and Class B preferred stock of Chinos ("**Class B Preferred Stock**") (together with the

Common Stock, the "**Chinos Stock**") and any options or similar rights (within the meaning of

applicable Treasury Regulations (as defined herein)) to acquire such stock or interest (the

"**Options**"), and (ii) any claim (for U.S. federal income tax reporting purposes) of a worthless

stock deduction under section 165(g) of title 26 of the United States Code (the "**Tax Code**") with

respect to Chinos Stock (a "**Worthless Stock Deduction**") by a Majority Stockholder (as defined

herein).  If and to the extent determined necessary, the Debtors may seek to implement the Claims

Procedures applicable to claims (each, as defined in section 101(5) of the Bankruptcy Code, a

---

[2]   The facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration (as
defined herein) filed contemporaneously herewith.  Any capitalized terms used but not defined herein shall have
the respective meanings ascribed to such terms in the First Day Declaration.

"**Claim**") against one or more of the Debtors.  The Debtors request that the Court enter the Proposed Orders (as defined herein) granting the relief requested herein effective as of the date hereof.

2.      A proposed form of order granting the relief requested herein on an interim basis is annexed hereto as **<u>Exhibit A</u>** (the "**Proposed Interim Order**"), and a proposed form of order granting the relief requested herein on a final basis is annexed hereto as **<u>Exhibit B</u>** (the "**Proposed Final Order**" and, together with the Proposed Interim Order, the "**Proposed Orders**").

### <u>Jurisdiction</u>

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157(b) and 1334, and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984.  This proceeding is core pursuant to 28 U.S.C. § 157(b) and may be determined by the Court.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### <u>Background</u>

4.      On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in these chapter 11 cases.

5.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "**Local Bankruptcy Rules**").

085105.0000009 EMF_US 80216645V1

6. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael J. Nicholson in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

## The Debtors' Tax Attributes

7. The Debtors possess certain Tax Attributes, including, as of February 1, 2020, carryforwards of disallowed business interest expense of approximately (and not less than) $148 million and carryforwards of unused general business credits of approximately (and not less than) $1.3 million, and book losses before interest expense for the current tax year estimated as of the Petition Date, which are expected to result in NOLs, of $180 million.[3] The Tax Attributes are valuable assets of the Debtors' estates. The Tax Code generally permits a corporation to carry forward its NOLs, disallowed business interest expense, and unused general business credits to reduce taxable income, thereby reducing such corporation's tax liability in future periods. *See* 26 U.S.C. §§ 39, 163(j) and 172. Accordingly, absent any existing or intervening limitations and depending on future operating results, the Tax Attributes are valuable assets that could reduce the Debtors' U.S. federal income tax liability for current and future periods, including during the pendency of these chapter 11 cases, in connection with the implementation of the Debtors' chapter 11 plan, and in taxable years thereafter. The Tax Attributes, therefore, could translate into future

---

[3] The amounts provided may be affected by certain amended tax returns contemplated to be filed by the Debtors in order to benefit from the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136. In addition, on April 30, 2020, the Debtors received a notice of proposed adjustment from the Internal Revenue Service, proposing an upward adjustment to the Debtors' taxable income for U.S. federal income tax purposes of approximately $45 million, but given that the Debtors intend to contest in good faith the proposed adjustment, no portion of such amount has been taken into account in computing the Tax Attributes or prepetition tax liabilities.

tax savings over time, and any such savings could enhance the Debtors' cash position for the benefit of the Debtors and all parties in interest.

8.    The Debtors' ability to utilize the Tax Attributes to reduce future tax liability is subject to certain potential statutory limitations.  Sections 382 and 383 of the Tax Code limit a corporation's ability to utilize its NOLs, carryforwards of disallowed business interest expense, carryforwards of unused general business credits, and certain other tax benefits to offset income once that corporation has undergone an "ownership change" within the meaning of section 382 of the Tax Code (an "**Ownership Change**").  Pursuant to section 382 of the Tax Code, an Ownership Change generally occurs when the percentage of a corporation's equity held by one or more of its "5-percent shareholders" (each, as that term is used in section 382 of the Tax Code, a "**5-Percent Shareholder**") increases by more than fifty (50) percentage points above the lowest percentage of the corporation's equity owned by such shareholder(s) at any time during the relevant testing period (usually three years).  *See id.* § 382(g).

9.    Further, section 382(g)(4)(D) of the Tax Code generally provides that if (a) a 50-percent shareholder (which includes a shareholder who owns or owned, as determined for tax purposes, at least fifty percent (50%) of the stock at any time during the applicable three-year period) in a corporation claims a worthless stock deduction with respect to such stock during any taxable year and (b) the stock with respect to which such worthless stock deduction is taken is held by the shareholder at the end of such taxable year, then the shareholder is treated as having acquired such stock on the first day of the shareholder's next taxable year and is treated as never having owned such stock during any prior year for purposes of testing whether an Ownership Change has occurred.  Thus, an Ownership Change occurs where a 50-percent shareholder claims a Worthless Stock Deduction with respect to its ownership of the stock.

5

10.     The Debtors do not believe that an Ownership Change has occurred with respect to the Tax Attributes.  Accordingly, the Debtors believe that they have Tax Attributes that would be adversely affected by the occurrence of an Ownership Change during the pendency of these chapter 11 cases.  If such an Ownership Change was to occur, the availability and value of such Tax Attributes would be adversely impacted.  Therefore, it is in the best interests of the Debtors and their stakeholders to restrict both the trading of Chinos Stock and any claim of a Worthless Stock Deduction that could result in an Ownership Change occurring *before* the effective date of a chapter 11 plan or any other applicable court order.  Such a restriction would protect the Debtors' ability to use the Tax Attributes during the pendency of these chapter 11 cases, in connection with a reorganization transaction, or, potentially, in taxable years following the effective date of a chapter 11 plan.  Accordingly, pursuant to this Motion, the Debtors seek to put in place the Stock Procedures in order to monitor and potentially restrict acquisitions, dispositions and trading of Chinos Stock, as well as claims of Worthless Stock Deductions by any Majority Shareholder.

11.     In the event of a pre-effective date Ownership Change, the resulting limitation on the Debtors' Tax Attributes primarily depends on the value of the Chinos Stock at such time. Although (as described below) the limitations imposed by section 382 of the Tax Code may be significantly less restrictive when an Ownership Change occurs pursuant to a confirmed chapter 11 plan (or any applicable court order), the benefits available under section 382 of the Tax Code in connection with a confirmed chapter 11 plan (or any applicable court order) are not applied retroactively to reduce the limitations imposed on a corporation's ability to utilize its tax benefits resulting from a previous Ownership Change (such as an Ownership Change occurring prior to or during the pendency of a chapter 11 case). *See id*. § 382(l)(5), (6).

085105.0000009 EMF_US 80216645V1

12.     A chapter 11 plan that contemplates a reorganization of the Debtors may involve the issuance of new common stock in Chinos (or any successor to Chinos) and the distribution of such stock to certain creditors in satisfaction, in whole or in part, of their respective Claims.  This issuance and distribution could also potentially result in an Ownership Change.  As described more fully in the First Day Declaration and the TSA, it is currently contemplated that as part of a chapter 11 plan, among other things, certain long-term principal creditors of the Debtors will exchange their Claims against the Debtors for a majority interest of the equity in the reorganized Debtors.  Therefore, it is possible that the special relief afforded by section 382(l)(5) of the Tax Code could be both available and beneficial to the Debtors; the Debtors, in that circumstance, may seek to qualify the restructuring for such relief. Such relief, however, may become unavailable to the Debtors if certain procedures relating to the trading and accumulation of certain Claims after the Petition Date and prior to the effective date of a chapter 11 plan are not effective as of the Petition Date.  Accordingly, the Debtors intend to provide notice to holders of Claims that if and to the extent determined necessary, the Debtors may seek an order of the Court to implement the Claims Procedures to monitor the trading and accumulation of Claims against the Debtors (a "**Claims Procedures Order**"), and that subsequent court orders in connection therewith could require that a purchaser of certain Claims (after the Petition Date) resell some or all of such Claims.

<u>**The Proposed Procedures Applicable to Chinos Stock**</u>

13.     By establishing the Procedures for monitoring the transfer of, and claims of Worthless Stock Deductions by a Majority Stockholder (as defined below) with respect to, Chinos Stock (including indirect ownership of, and Options to acquire, Chinos Stock) (the "**Stock Procedures**"), the Debtors can preserve their ability to seek the necessary relief if it appears that

7

any such transfer(s) or claim(s) may jeopardize the Debtors' ability to utilize their Tax Attributes.

The following are certain principal provisions of the proposed Stock Procedures:[4]

      i.      <u>Definitions</u>.  For purposes of these Stock Procedures, the following terms have the following meanings:

      1.  "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of title 26 of the Code of Federal Regulations (the "**Treasury Regulations**"), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Chinos Stock.

      2.  "**Beneficial ownership**" of Chinos Stock and Options to acquire Chinos Stock shall be determined in accordance with applicable rules under section 382 of the Tax Code, Treasury Regulations, and rulings issued by the Internal Revenue Service (the "**IRS**"), and thus, to the extent provided in those sources, from time to time shall include, without limitation, (A) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members, (C) ownership by any Entity, and (D) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of Chinos Stock.

      3.  "**Substantial Stockholder**" shall mean any person or Entity that beneficially owns at least 5,348,600 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock), 9,600 shares of Class A Preferred Stock (representing approximately 4.75% of all issued and outstanding shares of Class A Preferred Stock), or 6,000 shares of Class B Preferred Stock (representing approximately 4.75% of all issued and outstanding shares of Class B Preferred Stock).

      4.  "**Majority Stockholder**" shall mean any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of Chinos Stock if such person claimed a Worthless Stock Deduction at any time on or after the Petition Date.

      5.  "**Worthless Stock Deduction**" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthless stock deduction under section 165(g) of the Tax Code with respect to beneficial ownership of Chinos Stock.

      ii.      <u>Notice of Substantial Ownership</u>.  Any person or Entity that beneficially owns, at any time on or after the Petition Date, Chinos Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve upon (i) the Debtors, 225 Liberty Street, 17th Floor, New York, NY 10281 (Attn: Maria Di Lorenzo); (ii) proposed counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C.; Ryan P. Dahl, Esq.; Candace M. Arthur, Esq. and

---

[4]    The Procedures delineated herein summarize the relevant portion of **<u>Exhibit 1</u>** to the Proposed Orders, which sets forth the Procedures.

Daniel Gwen, Esq.); (iii) proposed co-counsel for the Debtors: Hunton Andrews Kurth LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219 (Attn: Tyler P. Brown, Esq., Henry P. (Toby) Long, III, Esq., and Nathan Kramer, Esq.); (iv) counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**"); (v) counsel to the Ad Hoc Committee, Milbank LLP (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com), Samuel A. Khalil, Esq. (SKhalil@milbank.com) and Matthew A. Brod, Esq. (MBrod@milbank.com)); and (vi) counsel to the Sponsors (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 2**, which describes specifically and in detail such person's or Entity's ownership of Chinos Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of an order granting the relief requested in this Motion, and (y) ten (10) business days after such person or Entity qualifies as a Substantial Stockholder. At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with the Court (but not the Substantial Stock Ownership Notice that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Chinos Stock that the Substantial Stockholder beneficially owns.

iii.    Acquisition of Chinos Stock. At least fifteen (15) business days prior to the proposed date of any transfer of Chinos Stock (including indirectly or through the issuance or transfer of Options to acquire Chinos Stock) or exercise of any Option to acquire Chinos Stock that would result in an increase in the amount of Chinos Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such person or Entity (a "**Proposed Transferee**") shall file with the Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Chinos Stock and/or Options to acquire Chinos Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction. At the election of the Proposed Transferee, the Acquisition Notice to be filed with the Court (but not the Acquisition Notice that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Proposed Transferee's taxpayer identification number and the amount of Chinos Stock that the Proposed Transferee beneficially owns.

iv.    Disposition of Chinos Stock. At least fifteen (15) business days prior to the proposed date of any transfer or other disposition of Chinos Stock (including indirectly or through the issuance or transfer of Options to acquire Chinos Stock) that would result in either a decrease in the amount of Chinos Stock beneficially owned by a Substantial Stockholder or a person's or Entity's ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Stockholder (a "**Proposed Transferor**") shall file with this Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer Chinos Stock or Options to acquire Chinos Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction. At the election of the Substantial Stockholder, the Disposition Notice to be filed with the Court (but not the Disposition Notice that is served upon the Debtors and counsel and co-

085105.0000009 EMF_US 80216645V1

counsel to the Debtors) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Chinos Stock that the Substantial Stockholder beneficially owns.

v.          Notice of Status as a Majority Stockholder.  Any person or Entity that currently is or becomes a Majority Stockholder shall file with the Court and serve upon the Disclosure Parties a notice of such status (a "**Majority Stockholder Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 5**, which describes specifically and in detail such person's beneficial ownership of Chinos Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of an order granting the relief requested in this Motion and (y) ten (10) business days after such person qualifies as a Majority Stockholder.  At the election of the Majority Stockholder, the Majority Stockholder Notice to be filed with the Court (but not the Majority Stockholder Notice that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

vi.          Notice of Intent to Claim a Worthless Stock Deduction.  At least fifteen (15) business days before a Majority Stockholder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Stockholder ending on or before the effective date of a chapter 11 plan of reorganization for the Debtors, such Majority Stockholder shall file with the Court and serve upon the Disclosure Parties advanced written notice of the intended Worthless Stock Deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 6**.  At the election of the Majority Stockholder, the Worthless Stock Deduction Notice to be filed with the Court (but not the Worthless Stock Deduction Notice that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

vii.          Objection Procedures.  The Debtors, in reasonable consultation with the Ad Hoc Committee, shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with the Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, or a Majority Stockholder, as applicable, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice; *provided* that the Objection Period and date of any Proposed Transaction or deduction shall be extended with the consent of the Proposed Transferee, Proposed Transferor, or Majority Stockholder, such consent not to be unreasonably withheld, conditioned, or delayed.  If, after reasonable consultation with the Ad Hoc Committee, the Debtors file an Objection by the expiration of the Objection Period including any extension thereof (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of the Court.  If, after reasonable consultation with the Ad Hoc Committee,  the Debtors  do not file an Objection by the Objection Deadline or provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Stockholder, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice.  Any further Proposed Transaction or Worthless

Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

### The Proposed Procedures Applicable to Claims

14.     If and to the extent determined necessary, the Debtors may seek a Claims Procedures Order to implement procedures for monitoring acquisitions, dispositions and trading of Claims (the "**Claims Procedures**") so that the Debtors can preserve their ability to seek necessary relief if it appears that any such acquisition(s) or disposition(s) of Claims may impair the Debtors' ability to utilize the Tax Attributes. The following are certain principal provisions of the proposed Claims Procedures:[5]

i.     <u>Disclosure with respect to Section 385(*l*)(*5*)</u>

1.     If the Debtors determine that the reorganized Debtors likely could qualify for and benefit from the application of section 382(l)(5) of the Tax Code and reasonably anticipate that the reorganized Debtors (or any successors thereto) (the "**Post-Emergence Chinos**") will invoke such section, then the Debtors shall disclose the following in a disclosure statement (the "**Proposed 382(l)(5) Disclosure Statement**"):

a.     Adequate information about the incremental tax benefits anticipated to be realized through the use of section 382(l)(5) of the Tax Code that, taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses, would not otherwise be available;

b.     A summary of any restrictions expected to be imposed on the transferability of securities issued under the Debtors' plan of reorganization in order to preserve such incremental tax benefits;

c.     The dollar amount of Claims (by class or other applicable classification) expected to result in a one-percent (1%) interest in the equity of Post-Emergence Chinos (the "**New Stock**") based upon then available information;

d.     A specified date (the "**Determination Date**") that is not less than ten (10) calendar days after the service of the notice of the hearing with respect to the Proposed 382(l)(5) Disclosure Statement; and

e.     A specified date (the "**Reporting Deadline**") that is not less than five (5) calendar days after the Determination Date, by which persons or entities (each, as defined

---

[5]   The complete proposed Claims Procedures are set forth in **Exhibit 1** to the Proposed Final Order, and incorporated herein by reference.

085105.0000009 EMF_US 80216645V1

within the meaning of Treasury Regulations section 1.382-3(a), an "**Entity**") must serve on the Disclosure Parties the notice required by these Procedures.

ii.    Claims Trading Before and After the Determination Date

1. Any person or Entity generally may trade freely and make a market in Claims until the Determination Date.

2. After the Determination Date, any acquisition of Claims by a person or Entity that filed or was required to file a Notice of Substantial Claim Ownership or by a person or Entity that would be required to file a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had been the Determination Date (each such person, a "**Proposed Claims Transferee**"), shall not be effective unless consummated in compliance with these Claims Procedures.

3. At least twenty (20) business days prior to the proposed date of any acquisition of Claims by a Proposed Claims Transferee (such acquisition, a "**Proposed Claims Acquisition Transaction**"), such Proposed Claims Transferee shall serve upon the Disclosure Parties a notice of such Proposed Claims Transferee's request to purchase, acquire, or otherwise accumulate a Claim (a "**Claims Acquisition Request**"), in substantially the form annexed to the Proposed Final Order as **Exhibit 8**, which describes specifically and in detail the Proposed Claims Acquisition Transaction, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001.  At the election of the Substantial Claimholder, the Claims Acquisition Request to be filed with the Court (but not the Claims Acquisition Request that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

4. The Debtors may determine whether to approve a Claims Acquisition Request. If the Debtors do not approve a Claims Acquisition Request in writing within ten (10) business days after the Claims Acquisition Request is filed with the Court, the Claims Acquisition Request shall be deemed rejected.

iii.    Creditor Conduct and Sell-Downs

1. To permit reliance by the Debtors on Treasury Regulations section 1.382-9(d)(3), upon the entry of a Claims Procedures Order, any Substantial Claimholder that participated in formulating any chapter 11 plan of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a plan) shall not disclose or otherwise make evident to the Debtors that any Claims in which such Substantial Claimholder has beneficial ownership are "**Newly Traded Claims**" (as defined in paragraph B(i)(13) of **Exhibit 1** to the Proposed Final Order), unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement, *provided*, *however*, that the following activities shall not constitute participation in formulating a chapter 11 plan if, in pursuing such activities, the Substantial Claimholder does not disclose or otherwise make evident (unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that such Substantial Claimholder has beneficial ownership of Newly Traded Claims:  filing an objection to a proposed disclosure

12

statement or to confirmation of a proposed chapter 11 plan; voting to accept or reject a proposed chapter 11 plan; reviewing or commenting on a proposed business plan; providing information on a confidential basis to counsel to the Debtors; holding general membership on an official committee or an ad hoc committee (including the Ad Hoc Committee); or taking any action required by an order of this Court.

2.    Following the Determination Date, if the Debtors determine that certain persons holding Claims must sell or transfer all or a portion of their beneficial ownership of Claims so that the requirements of section 382(l)(5) of the Tax Code will be satisfied, the Debtors may file a motion with this Court for entry of an order—after notice to the Disclosure Parties and the relevant claimholder(s), and a hearing—approving the issuance of a notice (a "**Sell-Down Notice**") that such claimholder(s) must sell, cause to sell, or otherwise transfer a specified amount of its beneficial ownership of Claims as determined under paragraph B(v)(2) of **Exhibit 1** to the Proposed Final Order.

3.    Notwithstanding anything to the contrary in this Motion, no claimholder shall be required to sell, cause to sell, or otherwise transfer beneficial ownership of Claims if such sale or transfer would result in the claimholder's beneficial ownership of an aggregate amount of Claims (by class or other applicable classification) that is less than such claimholder's "**Protected Amount**" (as defined in paragraph B(i)(15) of **Exhibit 1** to the Proposed Final Order).

4.    Each Sell-Down Notice shall direct such claimholder to sell, cause to sell, or otherwise transfer its beneficial ownership of the amount of Claims specified in the Sell-Down Notice to certain permitted transferees.

5.    Any person or Entity that violates its obligations under the Claims Procedures shall be precluded from receiving any consideration consisting of beneficial ownership of New Stock that is attributable to the "**Excess Amount**" (as defined in paragraph B(v)(2) of **Exhibit 1** to the Proposed Final Order) for such person, including any consideration in lieu thereof, *provided*; *however* that such person may be entitled to receive any other consideration to which such person may be entitled by virtue of holding Claims.

## Relief Requested Should Be Granted

A.    **The Automatic Stay Bars Any Equity Transfer that Would Diminish or Limit the Debtors' Interests in the Tax Attributes**

15.    In furtherance of the automatic stay provisions of section 362 of the Bankruptcy Code and pursuant to section 105 of the Bankruptcy Code, the Debtors seek authority to monitor and approve (or disapprove) certain changes in the beneficial ownership of, and certain worthless stock deduction claims with respect to, Chinos Stock or Options to acquire Chinos Stock to protect against the occurrence of an Ownership Change during the pendency of these chapter

085105.0000009 EMF_US 80216645V1

11 cases, and thereby to preserve the potential value of the Tax Attributes. To the extent relief under section 382(l)(5) of the Tax Code is determined to be desirable and otherwise available, the Debtors will seek to implement the Claims Procedures to monitor ownership, approve (or disapprove) certain transfers of Claims, and/or pursuant to subsequent court orders require the sell down of certain Claims acquired during these chapter 11 cases to preserve the Tax Attributes.

16.      Section 362 of the Bankruptcy Code enjoins all entities from, among other things, taking any action to obtain possession of property of or from the estate or to exercise control over property of the estate. Section 541 of the Bankruptcy Code defines "property of the estate" to include all legal or equitable interests of a debtor in property as of the Petition Date of a chapter 11 case, including tax benefits.

17.      The Tax Attributes are valuable property of the Debtors' estates and thus are protected, by operation of the automatic stay, from actions that would diminish their value. Such actions barred by the automatic stay include transfers and pursuing tax deduction claims that would effect an Ownership Change. It is well established that a debtor's NOLs are property of the debtor's estate protected by the automatic stay. *See Official Comm. of Unsecured Creditors v. PSS S.S. Co. (In re Prudential Lines Inc.)*, 928 F.2d 565, 574 (2d Cir. 1991) ("[W]here a non-debtor's action with respect to an interest that is intertwined with that of a bankrupt debtor would have the legal effect of diminishing or eliminating property of the bankrupt estate, such action is barred by the automatic stay."); *Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.)*, 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("It is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them."); *In re Grossman's Inc.*, No. 97-695 (PJW), 1997 WL 33446314 (Bankr. D. Del. Oct. 9, 1997). The United States Court of Appeals for the Second Circuit, in its seminal decision, *In re Prudential*

*Lines Inc.*, affirmed the application of the automatic stay to a debtor's tax benefits and upheld a permanent injunction prohibiting a parent corporation from taking a worthless stock deduction that would have adversely affected the ability of the parent corporation's subsidiary to utilize its NOLs under the special relief provisions of section 382 of the Tax Code. *See* 928 F.2d at 573. As the Second Circuit stated:

> Including NOL carryforwards as property of a corporate debtor's estate is consistent with Congress' intention to "bring anything of value that the debtors have into the estate." Moreover, . . . [i]ncluding the right to a NOL carryforward as property of [a debtor's] bankruptcy estate furthers the purpose of facilitating the reorganization of [the debtor].

*Id.* (quoting H.R. Rep. No. 95-595, at 176 (1978)) (citations omitted); *see also In re Fruehauf Trailer Corp.*, 444 F.3d 203, 211 (3d Cir. 2006) ("Property of the estate 'includes all interests, such as . . . contingent interests and future interests, whether or not transferable by the debtor.'" (quoting *Prudential Lines*, 928 F.2d at 572) (alteration in original)); *Gibson v. United States (In re Russell)*, 927 F.2d 413, 417 (8th Cir. 1991) (concluding that the "right to carry forward the [debtor's] NOLs" was a "property interest" of the estate).

18.    In *Prudential Lines,* the Second Circuit determined that, if the parent corporation were permitted to take a worthless stock deduction, its subsidiary's ability to carry forward its NOLs would be adversely impacted. The Second Circuit concluded that "despite the fact that the [parent corporation's] action [was] not directed specifically at [the debtor subsidiary], it [nonetheless was] barred by the automatic stay as an attempt to exercise control over property of the estate." *Prudential Lines*, 928 F.2d at 573–574.

19.    In addition to finding that a debtor's NOLs are protected by the automatic stay, the Second Circuit also held that, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, a bankruptcy court may issue a permanent injunction to protect such NOLs. *Id.* at 574.

20.    In *In re Phar-Mor, Inc.*, 152 B.R. 924 (Bankr. N.D. Ohio 1993), the bankruptcy court applied similar reasoning and granted the debtors' motion to prohibit transfers of their stock that could have had an adverse effect on their ability to utilize their NOLs, even though the debtors' stockholders had not stated any intent to sell their stock and the debtors had not shown that a sale that would trigger an Ownership Change was pending.  Despite the "ethereal" nature of the situation, the court observed that "[w]hat is certain is that the *NOL has a potential value, as yet undetermined*, which will be of benefit to creditors and will assist debtors in their reorganization process.  *See id.* at 927.  This asset is entitled to protection while [the d]ebtors move forward toward reorganization."  *Id.* (emphasis added).

21.    The bankruptcy court in *Phar-Mor* also concluded that, because the debtors were seeking to enforce the automatic stay, they did not have to meet the more stringent requirements for preliminary injunctive relief:

> The requirements for enforcing an automatic stay under 11 U.S.C. § 362(a)(3) do not involve such factors as lack of an adequate remedy at law, or irreparable injury, or loss and a likelihood of success on the merits. The key elements for a stay . . . are the existence of property of the estate and the enjoining of all efforts by others to obtain possession or control of property of the estate.

*Id.* at 926 (quoting *In re Golden Distribs., Inc.*, 122 B.R. 15, 19 (Bankr. S.D.N.Y. 1990)).

22.    Restrictions on equity trading, claims trading and/or worthless stock deduction claims to protect a debtor against the possible loss of valuable tax attributes are regularly approved by this and other courts.  *See, e.g.*, *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) [Docket No. 400] (Bankr. E.D. Va. Mar. 19, 2020) (approving notification and hearing procedures related to certain stock transfers and declarations of worthlessness); *In re Gemstone Solutions Group, Inc.*, No. 19-30258 (KLP) [Docket No. 403] (Bankr. E.D. Va. Feb 22, 2019) (same); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) [Docket No. 728] (Bankr. E.D. Va. Oct. 25, 2017) (same);

*In re Penn Virginia Corp.*, No. 16-32395 (KLP) [Docket No. 250] (Bankr. E.D. Va. June 9, 2016) (same); *In re Alpha Nat. Res., Inc.*, No. 15-33896 (KRH) [Docket No. 466] (Bankr. E.D. Va. Sept. 17, 2015) (same); *In re Patriot Coal Corp.*, No. 15-32450 (KLP) [Docket No. 244] (Bankr. E.D. Va. June 4, 2015) (same); [*In re US Airways, Inc.*, No. 04-13819 (SSM) [Docket No. 2160] (Bankr. E.D. Va. Apr. 1, 2005) (approving notification procedures and restrictions on certain transfers of claims against and equity interests in debtors)]; *see also, e.g.*, *In re RentPath Holdings, Inc.*, No. 20-10312 (BLS) [Docket No. 168] (Bankr. D. Del. Feb. 10, 2020) (approving notification procedures and restrictions on certain transfers of, and claims of worthless stock deductions with respect to, interests in the debtor's estate); *In re Insys Therapeutics, Inc.*, No. 19-11292 (KG) [Docket No. 235] (Bankr. D. Del. July 3, 2019) (approving procedures for monitoring the transfer of, and claims of worthless stock deductions with respect to, interests in the debtor's estate); *In re Checkout Holdings Corp.*, No. 18-12794 (KG) [Docket No. 205] (Bankr. D. Del. Jan. 10, 2019) (approving notification procedures and restrictions on certain transfers of equity interests in the debtors); *In re Claire's Stores, Inc.*, No. 18-10584 (MFW) [Docket No. 284] (Bankr. D. Del. Apr. 17, 2018) (approving procedures for monitoring the transfer of, and claims of worthless stock deductions with respect to, debtor's common stock); *In re Aéropostale, Inc.*, No. 16-11275 (SHL) [Docket No. 240] (Bankr. S.D.N.Y. June 3, 2016) (approving notification procedures and restrictions on certain transfers of equity interests in the debtors); *In re SunEdison, Inc.*, No. 16-1992 (SMB) [Docket No. 253] (Bankr. S.D.N.Y. May 12, 2016) (same); *In re The Great Atl. & Pac. Tea Co.*, No. 15-23007 (RDD) [Docket No. 501] (Bankr. S.D.N.Y. Aug. 11, 2015) (approving notification procedures and restrictions on certain transfers of equity interests in and Claims against the debtors).

085105.0000009 EMF_US 80216645V1

23.     As these cases demonstrate, it is well settled that, pursuant to section 362(a)(3) of the Bankruptcy Code, the automatic stay enjoins actions that would adversely affect a debtor's ability to utilize its NOLs and other tax benefits.

**B.      Procedures Are Necessary and in the Best Interests of the Debtors and Their Estates**

24.     As discussed above, the Debtors anticipate that preserving the availability of their Tax Attributes is important to avoid the potential incurrence of tax liability during the pendency of these chapter 11 cases or future tax periods.  Consequently, the Debtors believe that the Stock Procedures should be established as of the Petition Date, to ensure that trading in Chinos Stock, and claiming certain Worthless Stock Deductions with respect to equity interests in the Debtors, are either precluded or closely monitored and made subject to Court approval.  Further, if and to the extent the Debtors determine that relief under the Section 382(l)(5) Safe Harbor (as defined hereinafter) is available and beneficial, the Debtors' ability to implement a restructuring that qualifies under section 382(l)(5) of the Tax Code could be seriously impaired unless relevant parties are notified of the Claims Procedures and the possibility that those procedures will be utilized.

25.     Depending on the Debtors' tax profile during the pendency of these chapter 11 cases, future earnings, and the consequences of a restructuring, the Debtors' ability to utilize the Tax Attributes may enhance the Debtors' prospects for a successful emergence from chapter 11.  The relief requested herein is narrowly tailored to permit certain stock and Claims trading to continue, subject to Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws.

26.     The Debtors respectfully submit that the Stock Procedures must be implemented as soon as possible.  Even if a transfer or Worthless Stock Deduction claim were to be null and void under section 362 of the Bankruptcy Code or as a result of a final order of the Court that prohibited such a transfer or Worthless Stock Deduction claim retroactively to the

085105.0000009 EMF_US 80216645V1

Petition Date, under federal income tax law, such transfer or Worthless Stock Deduction claim nevertheless may be regarded as having occurred for tax purposes, in which event the Debtors' estates could suffer an irrevocable loss of value.  Accordingly, if a stock transfer or Worthless Stock Deduction claim occurs that limits the Debtors' ability to utilize their Tax Attributes under section 382 or section 383 of the Tax Code, the Debtors' ability to realize the value of their Tax Attributes may be permanently diminished.  The relief requested, therefore, is crucial to prevent an irrevocable diminution of the value of the Debtors' estates.

27.    It is in the best interests of the Debtors and their stakeholders to restrict stock trading and Worthless Stock Deduction claims that could result in an Ownership Change *before* the effective date of a chapter 11 plan of reorganization or any applicable court order.  This restriction would permit the Debtors to utilize the Tax Attributes, if necessary, to offset gain or other income recognized in connection with the Debtors' ownership of their assets and operation of their business.  If such an Ownership Change were to occur, however, the annual amount of usable Tax Attributes would be expected to be severely diminished.

28.    As they relate to an Ownership Change that occurs *pursuant to* a confirmed chapter 11 plan or any applicable bankruptcy court order, however, the limitations imposed by section 382 of the Tax Code are significantly less restrictive than those applicable to an Ownership Change that occurs before the effective date of (or otherwise outside of) a chapter 11 plan.  *See* 26 U.S.C. § 382(l)(5), (6).  Under section 382(l)(5) of the Tax Code (the "**Section 382(l)(5) Safe Harbor**"), a corporation is not subject to the annual limitation ordinarily imposed by section 382 of the Tax Code with respect to an Ownership Change, provided that the Ownership Change resulted from the consummation of a chapter 11 plan or pursuant to any applicable bankruptcy court order and that the debtor's pre-Ownership Change shareholders and/or "qualified creditors"

(as hereinafter defined) emerge from the reorganization owning at least fifty percent (50%) of the

total value and voting power of the reorganized debtor's stock immediately after the Ownership

Change. *Id*. § 382(l)(5)(A).

29.    Under section 382(l)(5)(E) of the Tax Code and the applicable Treasury

Regulations, a creditor whose Claim is exchanged for stock of the reorganized debtor under a

chapter 11 plan or pursuant to any applicable bankruptcy court order is, for purposes of section

382 of the Tax Code, a "qualified creditor" (each, a "**Qualified Creditor**") if such creditor's Claim

either (a) has been owned by such creditor for eighteen (18) or more months prior to the Petition

Date or (b) arose in the ordinary course of the debtor's business and was at all times beneficially

owned by such creditor.    Creditors also may be classified as Qualified Creditors, despite not

satisfying either of these conditions, if such creditors meet the criteria set forth in Treasury

Regulations section 1.382-9(d)(3) (the "**De Minimis Rule**").    Under the De Minimis Rule, a debtor

may, for purposes of the Section 382(l)(5) Safe Harbor, "treat indebtedness as always having been

owned by the beneficial owner of the indebtedness immediately before the ownership change if

the beneficial owner is not, immediately after the ownership change, either a 5-percent shareholder

or an entity through which a 5-percent shareholder owns an indirect ownership interest" in the

debtor.    26 C.F.R. § 1.382-9(d)(3).    If a creditor is treated as having continuously owned its

Claim(s) under the De Minimis Rule, such creditor will be regarded as a Qualified Creditor so long

as the particular Claim(s) that it holds either (a) arose in the ordinary course of the debtor's

business or (b) came into existence (or is treated under the applicable tax rules as having come into

existence) at least eighteen (18) months prior to the Petition Date.

30.    The full trading of Claims is permitted until the implementation of the

Claims Procedures. The Claims Procedures would not be implemented unless and until the Debtors

085105.0000009 EMF_US 80216645V1

file a chapter 11 plan of reorganization (or any amendment thereof) or otherwise file notice with the Court to indicate that the Debtors are contemplating the utilization of the Section 382(l)(5) Safe Harbor in connection with a chapter 11 plan of reorganization.  If the Claims Procedures are implemented and the Debtors set a Determination Date (as defined in the Claims Procedures), acquisitions of certain Claims by certain creditors following the Determination Date may be restricted and the Debtors may seek a subsequent order to require, if necessary for the Debtors' ability to utilize the Section 382(l)(5) Safe Harbor, a purchaser of certain Claims on or after the Petition Date to resell some or all of such Claims.

31.    Although there can be no assurance that the Section 382(l)(5) Safe Harbor ultimately will be available to the Debtors, it is important that the Debtors preserve the ability and flexibility to take advantage of the Section 382(l)(5) Safe Harbor.  Because the determination of whether a creditor is a Qualified Creditor, in whole or in part, depends on the nature of its Claims and whether it has held its Claims (within the meaning of the applicable Treasury Regulations) until the effective date of the chapter 11 plan, transfers of Claims by creditors before such date could impair or preclude Debtors' ability to satisfy the requirements of the Section 382(l)(5) Safe Harbor (assuming those requirements would otherwise be satisfied).  The requested relief will ensure that the Debtors will retain flexibility, if the Debtors determine it to be desirable, to comply with the requirements of the Section 382(l)(5) Safe Harbor and thus to preserve the Tax Attributes to the fullest extent possible.

32.    Even if it is ultimately determined that either the Section 382(l)(5) Safe Harbor is unavailable to the Debtors or the relief provided thereby would not materially benefit the Debtors in the context of their restructuring, section 382(l)(6) of the Tax Code provides a second, alternative rule that applies when an Ownership Change occurs pursuant to a confirmed

085105.0000009 EMF_US 80216645V1

chapter 11 plan or any applicable bankruptcy court order.  Specifically, section 382(l)(6) of the Tax Code provides that, if a debtor undergoes an Ownership Change pursuant to a chapter 11 plan and the Section 382(l)(5) Safe Harbor does not apply, then the appropriate value of the Debtors for purposes of calculating the annual limitation under section 382 of the Tax Code shall reflect the increase in value of the Debtors resulting from any surrender or cancellation of creditors' Claims.  Generally, under section 382 of the Tax Code, the taxable income of a loss corporation available for offset by pre-Ownership Change Tax Attributes is annually limited to an amount equal to the long-term tax-exempt bond rate times the value of the loss corporation's stock *immediately before* the Ownership Change.  Thus, assuming the equity value of the Debtors increases as a result of the reorganization, section 382(l)(6) of the Tax Code will provide for a higher (and therefore less restrictive) annual limitation than would result under the general rules of section 382 of the Tax Code, thereby preserving the Debtors' ability to utilize a greater portion of their otherwise available Tax Attributes to offset any post-Ownership Change income.

33.    In all circumstances, it is in the best interest of the Debtors and their stakeholders for this Court to grant the requested relief in order to prevent an Ownership Change prior to the effective date of a chapter 11 plan or any applicable bankruptcy court order.

### Waiver of Separate Memorandum of Points and Authorities

34.    The Debtors respectfully request that the Court regard any argument and citations set forth herein as a written memorandum of facts, reasons, and authorities that has been combined with the relief requested herein, as permitted by Local Bankruptcy Rule 9013-1(G)(1). Alternatively, the Debtors respectfully request that the Court waive any requirement set forth in Local Bankruptcy Rule 9013-1(G)(1) that this Motion be accompanied by such a written memorandum.

085105.0000009 EMF_US 80216645V1

**Reservation of Rights**

35.     Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

**Notice**

36.     Notice of this Motion will be provided to (a) the Office of the United States Trustee for the Eastern District of Virginia (the "**U.S. Trustee**"); (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) counsel to the DIP Agent; (d) counsel to the Prepetition ABL Agent; (e) counsel to the Prepetition Term Loan Agent; (f) counsel to the IPCo Notes Trustees; (g) counsel to the Ad Hoc Committee; (h) counsel to the Sponsors; (i) the Internal Revenue Service; (j) the United States Attorney's Office for the Eastern District of Virginia; (k) the Securities and Exchange Commission; and (l) any other party that has requested service pursuant to Bankruptcy Rule 2002 as of the time of service (collectively, the "**Notice Parties**").    The Debtors believe that no further notice is required under the circumstances.

**No Prior Request**

37.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Orders

granting the relief requested herein and such other and further relief as the Court may deem just

and appropriate.

Dated: May 4, 2020
      Richmond, Virginia

/s/ Henry P. (Toby) Long, III

HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218


-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* admission pending)
Ryan P. Dahl (*pro hac vice* admission pending)
Candace M. Arthur (*pro hac vice* admission pending)
Daniel Gwen (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtors
and Debtors in Possession*

085105.0000009 EMF_US 80216645V1

**<u>Exhibit A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

```
------------------------------------------------------------ x
                                                             :
In re                                                        :     Chapter 11
                                                             :
CHINOS HOLDINGS, INC., et al.,                               :     Case No. 20–_____
                                                             :
                                    Debtors.[1]              :     (Jointly Administered)
                                                             :
------------------------------------------------------------ x
```

**INTERIM ORDER ESTABLISHING**
**NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS**
**ON CERTAIN TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST,**
**THE DEBTORS AND CLAIMS OF CERTAIN WORTHLESS STOCK DEDUCTIONS**

Upon the motion (the "**Motion**")[2] of Chinos Holdings, Inc. ("**Chinos**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for an interim order (a) authorizing the Debtors to establish procedures to protect the potential value of the Debtors' federal consolidated net operating losses (the "**NOLs**"), carryforwards of disallowed business interest expense, carryforwards of unused general business credits, and other tax benefits (collectively, the "**Tax Attributes**") for use in connection with the reorganization of the Debtors and in future periods, and (b) granting related relief, pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "**Bankruptcy**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Code"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334; and the

*Standing Order of Reference from the United States District Court for the Eastern District of*

*Virginia*, dated July 10, 1984; and consideration of the Motion and the requested relief being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant

to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

the Notice Parties under the circumstances, and it appearing that no other or further notice need be

provided; and this Court having held a hearing to consider the relief requested in the Motion on an

interim basis; and upon the First Day Declaration and the record of the hearing on the Motion; and

all objections to the relief requested in the Motion on an interim basis having been withdrawn,

resolved, or overruled; and the Court having determined that the legal and factual bases set forth

in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court and after due deliberation and sufficient cause appearing therefor.

## IT IS HEREBY ORDERED THAT

1.      The Motion is granted on an interim basis to the extent set forth herein.

2.      The provisions of this Interim Order shall be effective as of the Petition

Date.

3.      The Debtors' Tax Attributes are property of the Debtors' estates pursuant

to section 541 of the Bankruptcy Code and are protected by section 362(a) of the Bankruptcy Code.

4.      The restrictions, notification requirements, and other procedures annexed

hereto as **<u>Exhibit 1</u>** (the "**Procedures**") are hereby approved and shall apply to all trading and

transfers of, and claiming a Worthless Stock Deduction with respect to, beneficial ownership of

Chinos Stock or Options to acquire Chinos Stock; <u>provided</u> <u>that</u>, the Debtors may, in their sole

2

discretion, waive, in writing, any and all restrictions, stays, and notification procedures set forth in the Procedures.

5.       Until further order of this Court to the contrary, any acquisition, disposition or trading of, or Worthless Stock Deduction claim with respect to, Chinos Stock (including indirectly or through the issuance or transfer of Options to acquire Chinos Stock) in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Court's equitable powers under section 105(a) of the Bankruptcy Code.

6.       Any person or Entity that acquires, disposes of, or trades beneficial ownership of Chinos Stock (including indirectly or through the issuance or transfer of Options to acquire Chinos Stock) in violation of this Interim Order or the Procedures or that otherwise fails to comply with their requirements, including with respect to claiming a Worthless Stock Deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to the Court's equitable power under section 105(a) of the Bankruptcy Code.

7.       The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5** and **Exhibit 6** are hereby approved.

8.       Within five (5) business days of the entry of this Interim Order, the Debtors shall send the notice of this Interim Order (the "**Notice of Interim Order**") annexed hereto as **Exhibit 7** to all parties that were served with notice of the Motion, publish the Notice of Interim Order once in the national edition of *The New York Times*, and post the Procedures to the website established by the Debtors' proposed claims agent for their chapter 11 cases, Omni Agent Solutions (which website address shall be identified in the Notice of Interim Order), such notice

085105.0000009 EMF_US 80216645V1

being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

9.    The relief granted in this Interim Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Interim Order expressly conditions or restricts trading in, or making Worthless Stock Deduction claims with respect to, interests in the Debtors, nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under any chapter 11 plan of reorganization or any applicable court order.

10.    Nothing herein shall preclude any person or Entity desirous of purchasing or transferring, or making Worthless Stock Deduction claims with respect to, beneficial ownership of Chinos Stock or Options to acquire Chinos Stock from requesting relief from this Interim Order from this Court, subject to the Debtors' rights to oppose such relief.

11.    The relief granted in this Interim Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Interim Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect rights of any holders of interests in, or claims against, the Debtors, including in connection with the treatment of any such interests or claims under any Court order.

12.    The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

13.     This Interim Order shall be immediately effective and enforceable upon its

entry.

14.     The requirement under Local Bankruptcy Rule 9013-1(G) to file a

memorandum of law in connection with the Motion is waived.

15.     A hearing to consider entry of an order granting the relief requested in the

Motion on a final basis shall be held on _____, 2020, at _____ (Eastern Time) and any

objections or responses to the Motion shall be in writing, filed with the Court, and served no later

than **4:00 p.m. (Eastern Time) on _____, 2020** on the following:

  a.     proposed counsel for the Debtors: Weil, Gotshal & Manges LLP, 767 Fifth
         Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C.
         (ray.schrock@weil.com), Ryan P. Dahl, Esq. (ryan.dahl@weil.com),
         Candace M. Arthur, Esq. (candace.arthur@weil.com) and Daniel Gwen,
         Esq. (daniel.gwen@weil.com));

  b.     proposed co-counsel for the Debtors: Hunton Andrews Kurth LLP,
         Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia
         23219 (Attn: Tyler P. Brown, Esq. (tpbrown@HuntonAK.com), Henry P.
         (Toby) Long, III, Esq. (hlong@HuntonAK.com), and Nathan Kramer, Esq.
         (nkramer@HuntonAK.com); and

  c.     the U.S. Trustee:  701 East Broad Street, Suite 4304, Richmond, VA 23219
         (Attn: Kenneth N. Whitehurst, III (USTPRegion4.RH.ECF@usdoj.gov).

16.     The Debtors are authorized to take all action necessary to effectuate the

relief granted in this Interim Order.

17.     The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, or enforcement of this Interim Order.


Dated: _____, 2020
        Richmond, Virginia


                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

085105.0000009 EMF_US 80216645V1

WE ASK FOR THIS:

*/s/ Henry P. (Toby) Long, III*
HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel:  (804) 788-8200
Fax:  (804) 788-8218

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* admission pending)
Ryan Preston Dahl (*pro hac vice* admission pending)
Candace M. Arthur (*pro hac vice* admission pending)
Daniel Gwen (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
*Proposed Attorneys for Debtors*
*and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Henry P. (Toby) Long, III*

## Exhibit 1

**Procedures**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

-------------------------------------------------------- x
              :
**In re**               :      **Chapter 11**
               :
**CHINOS HOLDINGS, INC.,** *et al.*,   :      **Case No. 20–_____**
               :
          **Debtors.**[1]  :      **(Jointly Administered)**
               :
-------------------------------------------------------- x

**NOTICES, RESTRICTIONS, AND PROCEDURES**
**REGARDING OWNERSHIP AND APPROVING RESTRICTIONS**
**ON CERTAIN TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST,**
**THE DEBTORS AND CLAIMS OF CERTAIN WORTHLESS STOCK DEDUCTIONS**

Pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claims of Certain Worthless Stock Deductions* (the "**Interim Order**") of the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**") entered on _____, 2020, Docket No. [_____], the following restrictions, notification requirements, and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers of, and claims of Worthless Stock Deductions with respect to, beneficial ownership of Chinos Stock (including indirectly or through the issuance or transfer of Options to acquire Chinos Stock):[2]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the *Motion of Debtors for Entry of Interim and Final Orders Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claims of Certain Worthless Stock Deductions* [Docket No. [●]] (the "**Motion**").

## A.    Chinos Stock Restrictions

i.    <u>Definitions</u>.  For purposes of these Procedures, the following terms have the following meanings:

1.    "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of title 26 of the Code of Federal Regulations (the "**Treasury Regulations**"), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Chinos Stock (as defined below).

2.    "**Common Stock**" shall mean any common stock issued by Chinos Holdings, Inc. ("**Chinos**").

3.    "**Class A Preferred Stock**" shall mean Class A preferred stock issued by Chinos.

4.    "**Class B Preferred Stock**" shall mean Class B preferred stock issued by Chinos.

5.    "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

6.    "**Chinos Stock**" shall mean, collectively, Common Stock, Class A Preferred Stock, and Class B Preferred Stock.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire beneficial ownership of Chinos Stock may be treated as the owner of such Chinos Stock.

7.    "**Beneficial ownership**" of Chinos Stock and Options to acquire Chinos Stock shall be determined in accordance with applicable rules under section 382 of the title 26 of the United States Code (the "**Tax Code**"), the Treasury Regulations, and rulings issued by the Internal Revenue Service (the "**IRS**"), and, thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any Entity, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of Chinos Stock.

8.    "**Substantial Stockholder**" shall mean any person or Entity that beneficially owns at least 5,348,600 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock), 9,600 shares of Class A Preferred Stock (representing approximately 4.75% of all issued and outstanding shares of Class A Preferred Stock), or 6,000 shares of Class B Preferred Stock (representing approximately 4.75% of all issued and outstanding shares of Class B Preferred Stock).

2

9.    "**Majority Stockholder**" shall mean any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of Chinos Stock if such person claimed a Worthless Stock Deduction at any time on or after the Petition Date.

10.    "**Worthless Stock Deduction**" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthless stock deduction under section 165(g) of the Tax Code with respect to beneficial ownership of Chinos Stock.

ii.    <u>Notice of Substantial Ownership</u>.  Any person or Entity that beneficially owns, at any time on or after the Petition Date, Chinos Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with the Bankruptcy Court, and serve upon (i) the Debtors, 225 Liberty Street, 17th Floor, New York, NY 10281 (Attn: Maria Di Lorenzo); (ii) counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C.; Ryan P. Dahl, Esq.; Candace M. Arthur, Esq. and Daniel Gwen, Esq.); (iii) co-counsel for the Debtors: Hunton Andrews Kurth LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219 (Attn: Tyler P. Brown, Esq., Henry P. (Toby) Long, III, Esq., and Nathan Kramer, Esq.); (iv) counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**"); (v) counsel to the Ad Hoc Committee, Milbank LLP (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com), Samuel A. Khalil, Esq. (SKhalil@milbank.com) and Matthew A. Brod, Esq. (MBrod@milbank.com)); and (vi) counsel to the Sponsors (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Proposed Orders as **<u>Exhibit 2</u>**, which describes specifically and in detail such person's or Entity's ownership of Chinos Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of an order granting the relief requested in the Motion, and (y) ten (10) business days after such person or Entity qualifies as a Substantial Stockholder.  At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with the Bankruptcy Court (but not the Substantial Stock Ownership Notice that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Chinos Stock that the Substantial Stockholder beneficially owns.

iii.    <u>Acquisition of Chinos Stock</u>.  At least fifteen (15) business days prior to the proposed date of any transfer of Chinos Stock (including indirectly or through the issuance or transfer of Options to acquire Chinos Stock) or exercise of any Option to acquire Chinos Stock that would result in an increase in the amount of Chinos Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such person or Entity (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Chinos Stock and/or Options to acquire Chinos Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Proposed Orders as **<u>Exhibit 3</u>**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Proposed Transferee, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Proposed Transferee's taxpayer identification number and the amount of Chinos Stock that the Proposed Transferee beneficially owns.

3

iv.    <u>Disposition of Chinos Stock</u>.  At least fifteen (15) business days prior to the proposed date of any transfer or other disposition of Chinos Stock (including indirectly or through the issuance or transfer of Options to acquire Chinos Stock) that would result in either a decrease in the amount of Chinos Stock beneficially owned by a Substantial Stockholder or a person's or Entity's ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Stockholder (a "**Proposed Transferor**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer Chinos Stock or Options to acquire Chinos Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction. At the election of the Substantial Stockholder, the Disposition Notice to be filed with the Bankruptcy Court (but not the Disposition Notice that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Chinos Stock that the Substantial Stockholder beneficially owns.

v.    <u>Notice of Status as a Majority Stockholder</u>.  Any person or Entity that currently is or becomes a Majority Stockholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such status (a "**Majority Stockholder Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 5**, which describes specifically and in detail such person's beneficial ownership of Chinos Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of an order granting the relief requested in the Motion and (y) ten (10) business days after such person qualifies as a Majority Stockholder.  At the election of the Majority Stockholder, the Majority Stockholder Notice to be filed with the Bankruptcy Court (but not the Majority Stockholder Notice that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

vi.    <u>Notice of Intent to Claim a Worthless Stock Deduction</u>.  At least fifteen (15) business days before a Majority Stockholder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Stockholder ending on or before the effective date of a chapter 11 plan of reorganization for the Debtors, such Majority Stockholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties advanced written notice of the intended Worthless Stock Deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 6**.  At the election of the Majority Stockholder, the Worthless Stock Deduction Notice to be filed with the Bankruptcy Court (but not the Worthless Stock Deduction Notice that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

vii.    <u>Objection Procedures</u>.  The Debtors, in reasonable consultation with the Ad Hoc Committee, shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, or a Majority Stockholder, as applicable, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction

Notice; *provided* that the Objection Period and date of any Proposed Transaction or deduction shall be extended with the consent of the Proposed Transferee, Proposed Transferor, or Majority Stockholder, such consent not to be unreasonably withheld, conditioned, or delayed.  If, after reasonable consultation with the Ad Hoc Committee, the Debtors file an Objection by the expiration of the Objection Period including any extension thereof (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of the Bankruptcy Court.  If, after reasonable consultation with the Ad Hoc Committee, the Debtors do not file an Objection by the Objection Deadline or provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Stockholder, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice.  Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

## B.    Noncompliance with the Procedures

Any acquisition, disposition, trading of, or claim of Worthless Stock Deduction with respect to, beneficial ownership of Chinos Stock or Options to acquire Chinos Stock in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  In the event that a Majority Stockholder claims a Worthless Stock Deduction in violation of these Procedures, such holder shall be required to file an amended federal income tax return revoking such deduction.  Furthermore, any person or Entity that acquires, disposes of, trades, or claims a Worthless Stock Deduction with respect to beneficial ownership of Chinos Stock or Options to acquire Chinos Stock in violation of these Procedures shall be subject to sanctions as provided by law.

## C.    Debtors' Right to Waive

**The Debtors may, in their sole discretion, waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.**

Dated:      Richmond, Virginia                    **BY ORDER OF THE COURT**
            [_____], 2020

**<u>Exhibit 2</u>**

**Form of Substantial Stock Ownership Notice**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

-------------------------------------------------------------x
                                                      :

In re                                      :       **Chapter 11**

                                                  :

**CHINOS HOLDINGS, INC.,** *et al.*,          :       **Case No. 20–_____**

                                                  :

                       **Debtors.**[1]     :       **(Jointly Administered)**

                                                       :

-------------------------------------------------------------x

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

          PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court for the Eastern District of Virginia dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

        (i)          _____ shares of common stock issued by Chinos Holdings, Inc. ("**Chinos**") (the "**Common Stock**"),

        (ii)       _____ shares of Class A preferred stock issued by Chinos (the "**Class A Preferred Stock**"),

        (iii)      _____ shares of Class B preferred stock issued by Chinos (the "**Class B Preferred Stock**"), and/or

        (iv)      Options[2] to acquire _____ shares of Common Stock, _____ shares of Class A Preferred Stock and/or _____ shares of Class B Preferred Stock,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Procedures attached to the Interim Order as **Exhibit 1**.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

For Common Stock, Class A Preferred Stock, Class B Preferred Stock (collectively, "**Chinos Stock**") and/or Options to acquire Chinos Stock that are owned directly by the Filer, the table sets forth (i) the number of such shares and/or the number of shares underlying Options to acquire Chinos Stock owned by such Filer and (ii) the date(s) on which such Chinos Stock and/or Options to acquire Chinos Stock were acquired (categorized by class, as applicable).

In the case of Chinos Stock and/or Options to acquire Chinos Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of such shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or Options to acquire Chinos Stock that are beneficially owned by such Filer, (ii) the number of shares of Common Stock, the number of shares of Class A Preferred Stock, the number of Class B Preferred Stock and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock beneficially owned by such Filer, and (iii) the date(s) on which such Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or Options to acquire Chinos Stock were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares Owned | Shares Underlying Options Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |
| Class A Preferred Stock | | | | |
| Class B Preferred Stock | | | | |

(Attach additional pages if necessary.)

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

2

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

3

## Exhibit 3

**Form of Acquisition Notice**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

---------------------------------------------------------- x
                                                           :
**In re**                                                  :        **Chapter 11**
                                                           :
**CHINOS HOLDINGS, INC.,** *et al.,*                       :        **Case No. 20–_____**
                                                           :
                                   **Debtors.**[1]         :        **(Jointly Administered)**
                                                           :
---------------------------------------------------------- x

## NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR
## OTHERWISE ACCUMULATE CHINOS STOCK

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court for the Eastern District of Virginia, dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate directly one or more shares of common stock issued by Chinos Holdings, Inc. ("**Chinos**") (the "**Common Stock**"), Class A preferred stock issued by Chinos ("**Class A Preferred Stock**"), Class B preferred stock issued by Chinos ("**Class B Preferred Stock**" and together with the Common Stock and Class A Preferred Stock, the "**Chinos Stock**") and/or Options[2] to acquire Chinos Stock, and/or (ii) a proposed purchase or acquisition of Chinos Stock and/or Options to acquire Chinos Stock that would result in an increase in the number of shares of Chinos Stock and/or number of shares of Chinos Stock underlying Options to acquire Chinos Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the purchase or acquisition directly by the Filer of Chinos Stock and/or Options to acquire Chinos Stock, the table sets forth (i) the number

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Procedures attached to the Interim Order as **Exhibit 1**.

of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock proposed to be purchased or acquired and (ii) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2. If the Proposed Transfer involves the purchase or acquisition of Chinos Stock and/or Options to acquire Chinos Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Chinos Stock and/or number of shares of Chinos Stock underlying Options to acquire Chinos Stock that are beneficially owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or Options to acquire Chinos Stock, (ii) the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock proposed to be purchased or acquired, and (iii) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired | Shares Underlying Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Class A Preferred Stock | | | | |
| Class B Preferred Stock | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Chinos Stock and/or Options to acquire Chinos Stock assuming that the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock (i) that would be owned directly by the Filer and, (ii) in the case of any beneficial ownership by the Filer of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or Options to acquire Chinos Stock that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock underlying Options to acquire Chinos Stock that would be owned by each such record or legal owner (categorized by class, as applicable):

085105.0000009 EMF_US 80216645V1

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |
| Class A Preferred Stock | | | |
| Class B Preferred Stock | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Chinos Stock and/or Options to acquire Chinos Stock directly by the Filer and such Proposed Transfer would result in (i) an increase in the beneficial ownership of Chinos Stock and/or Options to acquire Chinos Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (ii) a person's or Entity's (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (a) the name of each such person or Entity, (b) the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock that are beneficially owned by such person or Entity currently (*i.e.*, prior to the Proposed Transfer), and (c) the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock underlying Options to acquire Chinos Stock that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (i.e., Prior to Proposed Transfer) | Shares to Be Owned Following Proposed Transfer | Shares Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Class A Preferred Stock | | | | | |
| Class B Preferred Stock | | | | | |

(Attach additional page if necessary.)

3

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

085105.0000009 EMF_US 80216645V1

**<u>Exhibit 4</u>**

**Form of Disposition Notice**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

```
-------------------------------------------------------- x
                                                         :
In re                                                    :        Chapter 11
                                                         :
CHINOS HOLDINGS, INC., et al.,                           :        Case No. 20–_____
                                                         :
                                  Debtors.¹              :        (Jointly Administered)
                                                         :
-------------------------------------------------------- x
```

## NOTICE OF INTENT TO SELL, TRADE,
## OR OTHERWISE TRANSFER CHINOS STOCK

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court for the Eastern District of Virginia, dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade, or otherwise transfer or dispose of one or more shares of common stock issued by Chinos Holdings, Inc. ("**Chinos**") (the "**Common Stock**"), Class A preferred stock issued by Chinos ("**Class A Preferred Stock**"), Class B preferred stock issued by Chinos ("**Class B Preferred Stock**" and together with the Common Stock and Class A Preferred Stock, the "**Chinos Stock**") and/or Options² to acquire Chinos Stock and/or (ii) a proposed sale, transfer, or disposition of Chinos Stock and/or Options to acquire Chinos Stock that would result in a decrease in the number of shares of Chinos Stock and/or number of shares of Chinos Stock underlying Options to acquire Chinos Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the sale, transfer, or disposition directly by the Filer of Chinos Stock and/or Options to acquire Chinos Stock, the table sets forth (i) the number

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

² Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Procedures attached to the Interim Order as **Exhibit 1**.

of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock proposed to be sold, transferred, or disposed of and (ii) the date(s) of such Proposed Transfer (categorized by class, as applicable).

        2.  If the Proposed Transfer involves the sale, transfer or disposition of Chinos Stock and/or Options to acquire Chinos Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Chinos Stock and/or number of shares of Chinos Stock underlying Options to acquire Chinos Stock that are beneficially owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or Options to acquire Chinos Stock; (ii) the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock proposed to be so sold, transferred, or disposed of; and (iii) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares to Be Sold, Transferred, or Disposed Of | Shares Underlying Options to Be Sold, Transferred, or Disposed Of | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Class A Preferred Stock | | | | |
| Class B Preferred Stock | | | | |

(Attach additional page if necessary.)

        PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Chinos Stock and/or Options to acquire Chinos Stock assuming that the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock (i) that would be owned directly by the Filer and, (ii) in the case of any beneficial ownership by the Filer of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or Options to acquire Chinos Stock that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock underlying Options to acquire

2

Chinos Stock that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |
| Class A Preferred Stock | | | |
| Class B Preferred Stock | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a sale, transfer, or disposition of Chinos Stock and/or Options to acquire Chinos Stock directly by the Filer and such Proposed Transfer would result in (i) a decrease in the beneficial ownership of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or Options to acquire Chinos Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (ii) a person's or Entity's (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (a) the name of each such person or Entity, (b) the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (c) the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock underlying Options to acquire Chinos Stock that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (i.e., Prior to Proposed Transfer) | Shares to Be Owned Following Proposed Transfer | Shares Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Class A Preferred Stock | | | | | |

| Class B Preferred Stock |  |  |  |  |  |
|---|---|---|---|---|---|

(Attach additional page if necessary.)

          PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

          PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

          [[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

4

**<u>Exhibit 5</u>**

**Form of Majority Stockholder Notice**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

---------------------------------------------------------- x
                                       :

In re                           :       **Chapter 11**
                                         :

**CHINOS HOLDINGS, INC.,** *et al.*,      :       **Case No. 20–_____**
                                         :

                     **Debtors.**[1]       :       **(Jointly Administered)**
                                         :

---------------------------------------------------------- x

## DECLARATION OF STATUS AS A MAJORITY STOCKHOLDER

           PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer is/has become a Majority Stockholder.[2]

           PLEASE TAKE FURTHER NOTICE that, as of _____ ___, 2020, the Filer beneficially owns ____ shares of Common Stock, ____ shares of Class A Preferred Stock, and/or ____ shares of Class B Preferred Stock (collectively, the "**Chinos Stock**"). The following table sets forth the date(s) on which the Filer acquired such ownership or otherwise has ownership of such Chinos Stock in an amount sufficient for the Filer to qualify as a Majority Stockholder:

| Number of Shares of Common Stock | Date(s) Acquired | Number of Shares of Class A Preferred Stock | Date(s) Acquired | Number of Shares of Class B Preferred Stock | Date(s) Acquired |
|---|---|---|---|---|---|
| | | | | | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Procedures attached to the Interim Order as **Exhibit 1**.

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(Attach additional pages if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

2

**Exhibit 6**

**Form of Worthless Stock Deduction Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

-------------------------------------------------------------- x
                                 :

In re                                  :       **Chapter 11**
                                 :

**CHINOS HOLDINGS, INC.**, *et al.*,      :       **Case No. 20–_____**
                                 :

                         **Debtors.**[1]    :       **(Jointly Administered)**
                                 :

-------------------------------------------------------------- x

## <u>DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION</u>

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court for the Eastern District of Virginia dated [_____], 2020, Docket No. [___] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of its intention to claim a Worthless Stock Deduction[2] with respect to its Common Stock, Class A Preferred Stock, and/or Class B Preferred Stock (a "**Proposed Deduction**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 20__, the Filer filed a Declaration of Status as a Majority Stockholder with this Court.

PLEASE TAKE FURTHER NOTICE that the Filer currently beneficially owns ___ shares of Common Stock, ___ shares of Class A Preferred Stock, and/or ___ shares of Class B Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to ___ shares of Common Stock, ___ shares of Class A Preferred Stock, and/or ___ shares of Class B Preferred Stock (collectively, the "**Chinos Stock**"). If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired ___ shares of Chinos Stock on the first day of the Filer's next taxable

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Procedures attached to the Interim Order as **<u>Exhibit 1</u>**.

085105.0000009 EMF_US 80216645V1

year and shall be treated as never having owned such Chinos Stock during any prior year for the purposes of testing whether an Ownership Change has occurred.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____

_____

_____
Telephone: _____
Facsimile: _____

Date: _____

## Exhibit 7

**Final Publication Notice**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, STOCK ISSUED BY CHINOS HOLDINGS, INC. OR ITS AFFILIATED COMPANIES:**

Upon the motion (the "**Motion**") of Chinos Holdings, Inc. ("**Chinos**") and its affiliated companies (the "**Debtors**"), on May 4, 2020, the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Chinos Holdings, Inc., et al.*, No. ____ (__) (the "**Chapter 11 Cases**"), entered an interim order establishing procedures (the "**Procedures**") with respect to transfers of beneficial ownership of common stock, Class A preferred stock, and Class B preferred stock issued by Chinos (collectively, the "**Chinos Stock**"), including options to acquire beneficial ownership of Chinos Stock, and certain claims of worthless stock deductions and scheduling a hearing on a final order with respect to such Procedures.

In certain circumstances, the Procedures restrict (i) transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that is or, as a result of such a transaction, would become a Substantial Stockholder of the Chinos Stock and (ii) claims by any Majority Stockholder of a worthless stock deduction under section 165(g) of the Internal Revenue Code with respect to the Chinos Stock. For purposes of the Procedures, a "**Substantial Stockholder**" is any person or entity (within the meaning of applicable regulations promulgated by the U.S. Department of the Treasury, including certain persons making a coordinated acquisition of stock) that beneficially owns, directly or indirectly (and/or owns options to acquire) at least 5,348,600 shares of the Chinos common stock (representing approximately 4.75% of all issued and outstanding shares of such common stock); or 9,600 shares of Chinos Class A preferred stock (representing approximately 4.75% of all issued and outstanding shares of such Class A preferred stock) or 6,000 shares of Chinos Class B preferred stock (representing approximately 4.75% of all issued and outstanding shares of such Class B preferred stock), and a "**Majority Stockholder**" is any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code) of Chinos Stock if such person claimed a worthless stock deduction with respect to such securities. ***Any prohibited acquisition or other transfer of, or claim of a worthless stock deduction with respect to, beneficial ownership of Chinos Stock or options to acquire Chinos Stock will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.***

In addition, as provided in the final order, the Debtors may seek a further order of the Bankruptcy Court, upon appropriate notice, containing additional procedures (the "**Claims Procedures**") that set forth certain future circumstances under which any person, group of persons, or entity that has acquired, or as a result of a proposed transaction would acquire, beneficial ownership of a substantial amount of claims against the Debtors can be required (i) to file notice of their holdings of such claims and of such proposed transaction, which transaction may be restricted, and (ii) upon a subsequent order of the Bankruptcy Court, after notice and hearing, to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of such claims acquired during the Chapter 11 Cases.

***The Procedures, as approved on an interim basis and as requested on a final basis, inclusive of the Claims Procedures, are available on the website of Omni Agent Solutions, the Debtors' Bankruptcy Court-approved claims agent, located at www.omniagentsolutions.com/chinos, and on the docket of the Chapter 11 Cases, Docket No. _____, which can be accessed via PACER at https://www.pacer.gov.***

**PLEASE TAKE NOTICE** that the final hearing on the Motion shall be held on _____, 2020, at _____ (**Eastern Time**), and any objections or responses to the Motion shall be in writing, filed with the Bankruptcy Court, and served upon (i) proposed counsel for the Debtors: Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Ryan P. Dahl, Esq., Candace M. Arthur, Esq., and Daniel Gwen, Esq.); (ii) proposed co-counsel for the Debtors: Hunton Andrews Kurth LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219 (Attn: Tyler P. Brown, Esq., Henry P. (Toby) Long, III, Esq., and Nathan Kramer, Esq.; (iii) counsel to the DIP Agent: Milbank, Tweed, Hadley & McCloy LLP (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com), Samuel A. Khalil, Esq. (SKhalil@milbank.com) and Matthew A. Brod, Esq. (MBrod@milbank.com)); and (iv) the U.S. Trustee: 701 East Broad Street, Suite 4304, Richmond, VA 23219 (Attn: Kenneth N. Whitehurst, III), in each case so as to be received no later than **4:00 p.m. (Eastern Time) on _____, 2020.**

The requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse noncompliance therewith.

**A direct or indirect holder of, or prospective holder of, stock issued by Chinos that may be or become a Substantial Stockholder, a Majority Stockholder or a direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors should consult the Procedures.**

Dated:_____, 2020
      Richmond, Virginia

                                                              **BY ORDER OF THE COURT**

**<u>Exhibit B</u>**

**Proposed Final Order**

085105.0000009 EMF_US 80216645V1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

-------------------------------------------------------- x
                            :

In re                       :      **Chapter 11**
                            :

**CHINOS HOLDINGS, INC., *et al.*,**  :      **Case No. 20–_____**
                            :

                  **Debtors.**[1]  :      **(Jointly Administered)**
                            :

-------------------------------------------------------- x

**FINAL ORDER ESTABLISHING NOTIFICATION**
**PROCEDURES AND APPROVING RESTRICTIONS ON**
**CERTAIN TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST, THE**
**DEBTORS AND CLAIMS OF CERTAIN WORTHLESS STOCK DEDUCTIONS**

Upon the motion (the "**Motion**")[2] of Chinos Holdings, Inc. ("**Chinos**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for a final order (a) authorizing the Debtors to establish procedures to protect the potential value of the Debtors' federal consolidated net operating losses (the "**NOLs**"), carryforwards of disallowed business interest expense, carryforwards of unused general business credits, and other tax benefits (collectively, the "**Tax Attributes**") for use in connection with the reorganization of the Debtors and in future periods, and (b) granting related relief, pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "**Bankruptcy**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Code"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334; and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having held one or more hearings to consider the relief requested in the Motion; and upon the First Day Declaration and the records of the hearings on the Motion and all of the proceedings had before this Court; and all objections to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor.

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis to the extent set forth herein.

2.      The provisions of this Final Order shall be effective as of the Petition Date.

3.      The Debtors' Tax Attributes are property of the Debtors' estates pursuant to section 541 of the Bankruptcy Code and are protected by section 362(a) of the Bankruptcy Code.

4.      The restrictions, notification requirements, and other procedures annexed hereto as **<u>Section A of Exhibit 1</u>** (the "**Stock Procedures**") are hereby approved and shall apply to all trading and transfers of, and claiming a Worthless Stock Deduction with respect to, beneficial ownership of Chinos Stock or Options to acquire Chinos Stock; <u>provided</u> <u>that</u>, the Debtors may,

in their sole discretion, waive, in writing, any and all restrictions, stays, and notification procedures set forth in the Stock Procedures.

5.      Any direct or indirect transfer of Chinos Stock (including indirectly or through the issuance or transfer of Options to acquire beneficial ownership of Chinos Stock) and/or any Worthless Stock Deduction claim with respect to beneficial ownership of Chinos Stock (including indirect ownership of, and Options to acquire, beneficial ownership of Chinos Stock) in violation of the Stock Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

6.      Any person or Entity that acquires, disposes of, or trades beneficial ownership of Chinos Stock (including indirectly or through the issuance or transfer of Options to acquire Chinos Stock) in violation of this Final Order or the Stock Procedures or that otherwise fails to comply with their requirements, including with respect to claiming a Worthless Stock Deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to the Court's equitable power under section 105(a) of the Bankruptcy Code.

7.      The Debtors may seek a further order of this Court, upon appropriate notice, containing certain restrictions, notification requirements, and other procedures with respect to Claims against the Debtors, which the Debtors assert will be substantially in the form annexed hereto as **Section B of Exhibit 1** (the "**Claims Procedures**" and together with the Stock Procedures, the "**Procedures**"), that may be imposed by the Debtors upon subsequent order of this Court (the "**Claims Procedures Order**") in connection with a 382(l)(5) Plan (as defined in the Claims Procedures).

085105.0000009 EMF_US 80216645V1

8.      If the Court enters a Claims Procedures Order as described in the preceding paragraph, the Claims Procedures shall apply as of the Petition Date and, accordingly, to all transfers of Claims from and after the Petition Date.

9.      Subject to entry of, and the terms provided in, the Claims Procedures Order, any person (including any Entity, as defined therein) that has acquired or acquires beneficial ownership of certain Claims against the Debtors after the Petition Date and that, as of a date specified in accordance with the Claims Procedures following (or in anticipation of) the filing of the 382(l)(5) Plan, owns Claims (together with any other interests) that would entitle such person to receive at least 4.75% of New Stock (as defined in the Claims Procedures) under the 382(l)(5) Plan, shall be subject to, among other things, (i) certain notification requirements and (ii) the sell-down process, all as more fully set forth in the Claims Procedures.

10.      The Notice of Final Order (defined below) is hereby determined to be adequate and sufficient so that, if this Court enters a Claims Procedures Order, each person that has acquired or acquires beneficial ownership of Claims after the Petition Date and would own at least 4.75% of New Stock under the 382(l)(5) Plan can be required to (i) sell all or a portion of such claims in accordance with the Claims Procedures, and (ii) otherwise comply with the Claims Procedures.

11.      The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5**, **Exhibit 6**, **Exhibit 7**, **Exhibit 8**, and **Exhibit 9** are hereby approved.

12.      Within five (5) business days of the entry of this Final Order, the Debtors shall send the notice of this Final Order (the "**Notice of Final Order**") annexed hereto as **Exhibit 10** to all parties that were served with notice of the Motion, publish the Notice of Final Order once in the national edition of *The New York Times*, and post the Procedures to the website established

by the Debtors' proposed claims agent for their chapter 11 cases, Omni Agent Solutions for these chapter 11 cases (which website address shall be identified in the Notice of Final Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

13.     The relief granted in this Final Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Final Order expressly conditions or restricts trading in interests in, or Claims against, the Debtors, or making Worthless Stock Deduction claims with respect to interests in the Debtors, nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under any chapter 11 plan of reorganization or any applicable court order.

14.     Nothing herein shall preclude any person or Entity desirous of purchasing or transferring beneficial ownership of Chinos Stock (including Options to acquire Chinos Stock) or Claims against the Debtors, and/or claiming a Worthless Stock Deduction with respect to Chinos Stock, from requesting relief from this Final Order from this Court, subject to the Debtors' rights to oppose such relief; provided, however, that prior to entry of a Claims Procedures Order, nothing in this order restricts in any way the transfer of any Claim against the Debtors.

15.     The entry of this Order shall in no way be deemed a determination that entry of a Sell-Down Notice is necessary or warranted in this chapter 11 cases, and this Court's review of any future request for entry of a Sell-Down Notice shall be without regard to the entry of this Order.

085105.0000009 EMF_US 80216645V1

16.     The entry of this Order shall in no way prejudice the rights of any party to oppose the entry of a Sell-Down Notice, on any grounds, and all such rights are expressly preserved hereby.

17.     Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

18.     The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

19.     This Final Order shall be immediately effective and enforceable upon its entry.

20.     The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

21.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Final Order.

22.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Dated: _____, 2020
         Richmond, Virginia

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**
**Procedures**

085105.0000009 EMF_US 80216645V1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

------------------------------------------------------------ x
                                    :

**In re**                                :       **Chapter 11**
                                      :

**CHINOS HOLDINGS, INC.,** *et al.,*   :       **Case No. 20–_____**
                                      :

                      **Debtors.**[1]    :       **(Jointly Administered)**
                                      :

------------------------------------------------------------ x

**NOTICES, RESTRICTIONS, AND PROCEDURES REGARDING
OWNERSHIP AND TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST,
THE DEBTORS AND CLAIMS OF CERTAIN WORTHLESS STOCK DEDUCTIONS**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:**

Pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claims of Certain Worthless Stock Deductions* (the "**Final Order**") of the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**") entered on _____, 2020, Docket No. [____], the following restrictions, notification requirements, and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers of beneficial ownership of Chinos Stock (including indirectly or through the issuance or transfer of Options to acquire beneficial ownership of Chinos Stock), all claims of worthless stock deductions with respect to beneficial ownership of Chinos Stock (including indirect ownership of, and Options to acquire,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

1

beneficial ownership of Chinos Stock), and, if implemented by the Bankruptcy Court with a

Claims Procedures Order (as defined below), trading and transfers of Claims against the Debtors.[2]

## A.      Chinos Stock Restrictions

i.      <u>Definitions</u>.  For purposes of these Procedures applicable to stock (the "**Stock Procedures**"), the following terms have the following meanings:

1.      "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of title 26 of the Code of Federal Regulations (the "**Treasury Regulations**"), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Chinos Stock (as defined below).

2.      "**Common Stock**" shall mean any common stock issued by Chinos Holdings, Inc. ("**Chinos**").

3.      "**Class A Preferred Stock**" shall mean Class A preferred stock issued by Chinos.

4.      "**Class B Preferred Stock**" shall mean Class B preferred stock issued by Chinos.

5.      "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

6.      "**Chinos Stock**" shall mean, collectively, Common Stock, Class A Preferred Stock, and Class B Preferred Stock.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire beneficial ownership of Chinos Stock may be treated as the owner of such Chinos Stock.

7.      "**Beneficial ownership**" of Chinos Stock and Options to acquire Chinos Stock shall be determined in accordance with applicable rules under section 382 of the title 26 of the United States Code (the "**Tax Code**"), the Treasury Regulations, and rulings issued by the Internal Revenue Service (the "**IRS**"), and, thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any Entity, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of Chinos Stock.

---

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the *Motion of Debtors for Entry of Interim and Final Orders Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claims of Certain Worthless Stock Deductions* [Docket No. [●]] (the "**Motion**").

8.      "**Substantial Stockholder**" shall mean any person or Entity that beneficially owns at least 5,348,600 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock), 9,600 shares of Class A Preferred Stock (representing approximately 4.75% of all issued and outstanding shares of Class A Preferred Stock), or 6,000 shares of Class B Preferred Stock (representing approximately 4.75% of all issued and outstanding shares of Class B Preferred Stock).

9.      "**Majority Stockholder**" shall mean any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of Chinos Stock if such person claimed a Worthless Stock Deduction at any time on or after the Petition Date.

10.     "**Worthless Stock Deduction**" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthless stock deduction under section 165(g) of the Tax Code with respect to beneficial ownership of Chinos Stock.

ii.     <u>Notice of Substantial Ownership</u>.  Any person or Entity that beneficially owns, at any time on or after the Petition Date, Chinos Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with the Bankruptcy Court, and serve upon (i) the 225 Liberty Street, 17th Floor, New York, NY 10281 (Attn: Maria Di Lorenzo); (ii) counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C.; Ryan P. Dahl, Esq.; Candace M. Arthur, Esq. and Daniel Gwen, Esq.); (iii) co-counsel for the Debtors: Hunton Andrews Kurth LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219 (Attn: Tyler P. Brown, Esq., Henry P. (Toby) Long, III, Esq., and Nathan Kramer, Esq.); (iv) counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**"); (v) counsel to the Ad Hoc Committee, Milbank LLP (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com), Samuel A. Khalil, Esq. (SKhalil@milbank.com) and Matthew A. Brod, Esq. (MBrod@milbank.com)); and (vi) counsel to the Sponsors (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 2**, which describes specifically and in detail such person's or Entity's ownership of Chinos Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of an order granting the relief requested in the Motion, and (y) ten (10) business days after such person or Entity qualifies as a Substantial Stockholder.  At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with the Bankruptcy Court (but not the Substantial Stock Ownership Notice that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Chinos Stock that the Substantial Stockholder beneficially owns.

iii.    <u>Acquisition of Chinos Stock</u>.  At least fifteen (15) business days prior to the proposed date of any transfer of Chinos Stock (including indirectly or through the issuance or transfer of Options to acquire Chinos Stock) or exercise of any Option to acquire Chinos Stock that would result in an increase in the amount of Chinos Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such person or Entity (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Chinos Stock

and/or Options to acquire Chinos Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction. At the election of the Proposed Transferee, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Proposed Transferee's taxpayer identification number and the amount of Chinos Stock that the Proposed Transferee beneficially owns.

iv.    <u>Disposition of Chinos Stock</u>.  At least fifteen (15) business days prior to the proposed date of any transfer or other disposition of Chinos Stock (including indirectly or through the issuance or transfer of Options to acquire Chinos Stock) that would result in either a decrease in the amount of Chinos Stock beneficially owned by a Substantial Stockholder or a person's or Entity's ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Stockholder (a "**Proposed Transferor**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer Chinos Stock or Options to acquire Chinos Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction. At the election of the Substantial Stockholder, the Disposition Notice to be filed with the Bankruptcy Court (but not the Disposition Notice that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Chinos Stock that the Substantial Stockholder beneficially owns.

v.    <u>Notice of Status as a Majority Stockholder</u>.  Any person or Entity that currently is or becomes a Majority Stockholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such status (a "**Majority Stockholder Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 5**, which describes specifically and in detail such person's beneficial ownership of Chinos Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of an order granting the relief requested in the Motion and (y) ten (10) business days after such person qualifies as a Majority Stockholder.  At the election of the Majority Stockholder, the Majority Stockholder Notice to be filed with the Bankruptcy Court (but not the Majority Stockholder Notice that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

vi.    <u>Notice of Intent to Claim a Worthless Stock Deduction</u>.  At least fifteen (15) business days before a Majority Stockholder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Stockholder ending on or before the effective date of a chapter 11 plan of reorganization for the Debtors, such Majority Stockholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties advanced written notice of the intended Worthless Stock Deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 6**.  At the election of the Majority Stockholder, the Worthless Stock Deduction Notice to be filed with the Bankruptcy Court (but not the Worthless Stock Deduction Notice that is served upon the

4

Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Majority Stockholder's taxpayer identification number.

vii.      Objection Procedures.  The Debtors, in reasonable consultation with the Ad Hoc Committee, shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, or a Majority Stockholder, as applicable, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice; _provided_ that the Objection Period and date of any Proposed Transaction or deduction shall be extended with the consent of the Proposed Transferee, Proposed Transferor, or Majority Stockholder, such consent not to be unreasonably withheld, conditioned, or delayed.  If, after reasonable consultation with the Ad Hoc Committee, the Debtors file an Objection by the expiration of the Objection Period including any extension thereof (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of the Bankruptcy Court.  If, after reasonable consultation with the Ad Hoc Committee, the Debtors do not file an Objection by the Objection Deadline or provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Stockholder, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice.  Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

viii.      Noncompliance with the Stock Procedures.  Any acquisition, disposition, or trading of, or claim of Worthless Stock Deduction with respect to, beneficial ownership of Chinos Stock or Options to acquire Chinos Stock in violation of these Stock Procedures shall be null and void _ab initio_ as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code. In the event that a Majority Stockholder claims a Worthless Stock Deduction in violation of these Stock Procedures, such holder shall be required to file an amended federal income tax return revoking such deduction.  Furthermore, any person or Entity that acquires, disposes of, trades, or claims a Worthless Stock Deduction with respect to beneficial ownership of Chinos Stock or Options to acquire Chinos Stock in violation of these Stock Procedures shall be subject to sanctions as provided by law.

ix.      Debtors' Right to Waive.  The Debtors may, in their sole discretion, waive, in writing, any and all restrictions, stays, and notification Stock Procedures contained in this Notice.

## B.      Claims Restrictions

i.      Definitions.  For purposes of these Procedures applicable to Claims (the "**Claims Procedures**"), the following terms have the following meanings:

1.      "**Post-Emergence Chinos**" means the reorganized Debtors or any successor thereto.

085105.0000009 EMF_US 80216645V1

2.      "**New Stock**" means the common stock and any other equity securities (including securities that are treated as equity securities for U.S. federal income tax purposes) of Post-Emergence Chinos, including Options to acquire beneficial ownership of New Stock.

3.      "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of title 26 of the Code of Federal Regulations (the "**Treasury Regulations**"), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Claims or New Stock.

4.      A "**Claim**" means any claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors arising out of or relating to the period prior to the Petition Date, whether secured or unsecured (which, for the avoidance of doubt, excludes, any claims under or in connection with any proposed debtor in possession financing facility (a "**DIP Loan**")).

5.      An "**Option**" includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

6.      A "**Section 382(l)(5) Plan**" means a plan of reorganization (a "**Plan**") or amended Plan that (i) indicates the Debtors contemplate or (ii) otherwise allows for the use of section 382(l)(5) of the Tax Code by a reorganized debtor to obtain certain incremental tax benefits.

7.      "**Beneficial ownership**" of a Claim (as hereinafter defined) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations, and rulings issued by the IRS and as described herein (for such purpose, a Claim is treated as if it were stock) and, thus, to the extent provided in those sources, from time to time, shall include, without limitation, (A) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity), e.g., a holding company would be considered to beneficially own all Claims owned or acquired by its subsidiaries, (B) ownership by a holder's family members, (C) ownership by any Entity, and (D) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired) to acquire beneficial ownership of Chinos Stock.

a.      For the avoidance of doubt, beneficial ownership of a Claim also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim pursuant to a Plan or any applicable Bankruptcy Court order.

8.      "**Threshold Amount**" means an amount of Claims that could result in such holder of Claims holding the Applicable Percentage of New Stock.

9.      A "**Substantial Claimholder**" means any person or Entity that beneficially owns an aggregate dollar amount of Claims against the Debtors, or any Entity controlled by such person through which such person beneficially owns Claims against the Debtors, of more than the Threshold Amount (which, for the avoidance of doubt, excludes, any claims under or in connection with any DIP Loan).

085105.0000009 EMF_US 80216645V1

For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or Entities must be aggregated when testing for a person's (including an Entity's) status as a Substantial Claimholder (for such purpose, a Claim is treated as if it were stock).

10.    "**Applicable Percentage**" means, if only one class of New Stock is to be issued pursuant to the terms of a Section 382(l)(5) Plan and holders within each class of Claims receiving New Stock will receive a pro rata distribution of the New Stock, 4.75% of the number of shares of New Stock that the Debtors reasonably estimate will be outstanding immediately after the effective date of such Section 382(l)(5) Plan, as determined for U.S. federal income tax purposes.  If more than one class of New Stock is to be distributed pursuant to the terms of a Section 382(l)(5) Plan or if holders within a class of Claims may receive a disproportionate distribution of New Stock relative to other holders in the same class, the Applicable Percentage shall be determined by the Debtors in their reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed (as reflected in the valuation analysis set forth in the Section 382(l)(5) Plan and disclosure statement) and shall be expressed in a manner that makes clear the number of shares or other interests in each class of New Stock that would constitute the Applicable Percentage.

11.    "**Holdings Report**" means a Notice of Substantial Claim Ownership (as hereinafter defined) received by the Debtors with respect to the Determination Date.

12.    "**Maximum Amount**" means the maximum amount of Claims (by class or other applicable classification of Claims) that may be held, as of the effective date of the Section 382(l)(5) Plan, by a Substantial Claimholder that was a Substantial Claimholder as of the Determination Date, which the Debtors shall calculate as follows:

a.    Based upon the information provided by the Substantial Claimholders in the Holdings Reports, the Debtors shall calculate the aggregate amount of Claims that all such Substantial Claimholders must sell as a group for the Debtors to utilize the relief set forth in section 382(l)(5) of the Tax Code in connection with the Section 382(l)(5) Plan (the "**Sell-Down Amount**");

b.    The Debtors shall calculate for each Substantial Claimholder the amount of such Substantial Claimholder's *pro rata* share of the Sell-Down Amount (*i.e.*, the Sell-Down Amount multiplied by a fraction, (x) the numerator of which is the excess, if any, of the amount of Claims identified in such Substantial Claimholder's Holdings Report over the greater of (A) the applicable Threshold Amount and (B) the Protected Amount for such Substantial Claimholder, and (y) the denominator of which is the sum of the numerators computed for all Substantial Claimholders); and

c.    For each such Substantial Claimholder, the Debtors shall subtract from the total Claims held by such Substantial Claimholder (as reported in the Holdings Report) such Substantial Claimholder's *pro rata* share of the Sell-Down Amount.  The result shall be the Maximum Amount.

7

13.    "**Newly Traded Claims**" means Claims (i) with respect to which a person or Entity acquired beneficial ownership after the date that was eighteen (18) months prior to the Petition Date and (ii) that are not "ordinary course" Claims, within the meaning of Treasury Regulations section 1.382-9(d)(2)(iv), of which the same person or Entity always has had beneficial ownership.

14.    A "**Permitted Transferee**" with respect to a Substantial Claimholder is a person or Entity whose holding of a Claim would not result in such Substantial Claimholder having beneficial ownership of such Claim.

15.    "**Protected Amount**" means the amount of Claims (by class or other applicable classification) of which a holder had beneficial ownership on the Petition Date *plus* the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Petition Date, but that had not yet closed as of the Petition Date, and the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into after the Petition Date that have been approved by the Debtors in accordance with these Claims Procedures minus the amount of Claims of which such holder sells, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Petition Date, but that had not yet closed as of the Petition Date.  For the avoidance of doubt, there shall be included in the Protected Amount of a claimant that is an insurer under an insurance policy, a guarantor or an issuer of a letter of credit or similar security arrangement as described in Treasury Regulations section 1.382-9(d)(5)(ii)(G) on the Petition Date, any Claims transferred to such claimant pursuant to a subrogation under such insurance policy or such guarantee, letter of credit or similar security arrangement on or after the Petition Date (without the need for any prior approval by the Debtors), so long as such transfer is not for a principal purpose of obtaining New Stock or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii).

ii.    <u>Disclosure with respect to Section 382*(l)*(5)</u>.  If the Debtors determine that the reorganized Debtors likely could qualify for and benefit from the application of section 382(l)(5) of the Tax Code and reasonably anticipate that Post-Emergence Chinos will invoke such section, then the Debtors shall disclose the following in a disclosure statement (the "**Proposed 382(l)(5) Disclosure Statement**"):

1.    Adequate information about the incremental tax benefits anticipated to be realized through the use of section 382(l)(5) of the Tax Code that, taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses, would not otherwise be available;

2.    A summary of any restrictions expected to be imposed on the transferability of securities issued under the Section 382(l)(5) Plan in order to preserve such incremental tax benefits;

3.    The dollar amount of Claims (by class or other applicable classification) expected to result in a one-percent (1%) interest in New Stock based upon then-available information;

8

4.      A specified date (the "**Determination Date**") that is not less than ten (10) calendar days after the service of the notice of the hearing with respect to the Proposed 382(l)(5) Disclosure Statement; and

5.      A specified date (the "**Reporting Deadline**") that is not less than five (5) calendar days after the Determination Date, by which persons (including Entities, which for purposes of the Claims Procedures also includes an "entity" within the meaning of Treasury Regulations section 1.382-3(a)) must serve on the Disclosure Parties the notice required by these Claims Procedures (the "**Notice of Substantial Claim Ownership**").

   iii.    <u>Notice of Substantial Claim Ownership.</u>

1.      Any person or Entity that beneficially owns  more than a specified amount of Claims[3] that (based on the applicable information set forth in the Proposed 382(l)(5) Disclosure Statement) could result in such holder of Claims holding the Applicable Percentage of New Stock as of the Determination Date, shall serve upon the Disclosure Parties a Notice of Substantial Claim Ownership, in substantially the form annexed to the Final Order as **<u>Exhibit 7</u>** (or as adjusted and annexed to the Proposed 382(l)(5) Disclosure Statement) on or before the Reporting Deadline.  A person or Entity that is required to file a Notice of Substantial Claim Ownership may or may not be a Substantial Claimholder.  The standard for a person's or Entity's being required to file a Notice of Substantial Claim Ownership is different than the definition of a Substantial Claimholder. At the election of the Substantial Claimholder, the Notice of Substantial Claim Ownership to be filed with the Bankruptcy Court (but not the Notice of Substantial Claim Ownership that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

2.      In order to assist in determining their eligibility to avail themselves of the relief set forth in section 382(l)(5) of the Tax Code, the Debtors may request[4] from any person or Entity that beneficially owns more than a specified amount of Claims (which may be expressed by class or type of Claim(s), if applicable) that could result in such holder of Claims holding the Applicable Percentage of New Stock, as of the date specified in such request, information regarding its beneficial ownership of Claims prior to the filing of the Proposed 382(l)(5) Disclosure Statement, in a manner consistent with these Claims Procedures.

3.      Any person or Entity that fails to comply with its notification obligations set forth in these Claims Procedures shall, in addition to the consequences set forth in paragraph B(v)(7) below, be subject to such remedy as the Bankruptcy Court may find appropriate upon motion by the Debtors, after service of the motion upon such person and a hearing on the motion in accordance with the Federal Rules of Bankruptcy Procedure, including, without limitation, ordering such noncompliant person or Entity to divest itself promptly of beneficial ownership of Claims to the extent of such person's or Entity's ownership of an Excess Amount (as defined

---

[3]    This "specified amount" is to be reasonably established by the Debtors, taking into account the terms of the Section 382(l)(5) Plan, and disclosed in the Proposed 382(l)(5) Disclosure Statement.  The "specified amount" may be expressed by class or type of Claim(s), if applicable.

[4]    For purposes of making this determination, such request shall include information comparable to the information that would be required in a Proposed 382(l)(5) Disclosure Statement pursuant to these Procedures.

herein) and imposing monetary damages for any costs reasonably incurred by the Debtors that were caused by the violation and enforcement of this paragraph.

iv.    <u>Claims Trading Before and After the Determination Date</u>.

1.    Any person or Entity generally may trade freely and make a market in Claims until the Determination Date.

2.    After the Determination Date, any acquisition of Claims by a person or Entity that filed or was required to file a Notice of Substantial Claim Ownership or by a person or Entity that would be required to file a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had been the Determination Date (each such person, a "**Proposed Claims Transferee**") shall not be effective unless consummated in compliance with these Claims Procedures.

3.    At least twenty (20) business days prior to the proposed date of any acquisition of Claims by a Proposed Claims Transferee (such acquisition, a "**Proposed Claims Acquisition Transaction**"), such Proposed Claims Transferee shall serve upon the Disclosure Parties a notice of such Proposed Claims Transferee's request to purchase, acquire, or otherwise accumulate a Claim (a "**Claims Acquisition Request**"), in substantially the form annexed to the Final Order as **Exhibit 8**, which describes specifically and in detail the Proposed Claims Acquisition Transaction, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001.  At the election of the Substantial Claimholder, the Claims Acquisition Request to be filed with the Bankruptcy Court (but not the Claims Acquisition Request that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

4.    The Debtors may determine whether to approve a Claims Acquisition Request.  If the Debtors do not approve a Claims Acquisition Request in writing within ten (10) business days after the Claims Acquisition Request is filed with the Bankruptcy Court, the Claims Acquisition Request shall be deemed rejected.

v.    <u>Creditor Conduct and Sell-Downs</u>.

1.    To permit reliance by the Debtors on Treasury Regulations section 1.382-9(d)(3), upon implementation of the Claims Procedures by a subsequent order of the Bankruptcy Court (a "**Claims Procedures Order**"), any Substantial Claimholder that participated in formulating any chapter 11 plan of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a plan) shall not disclose or otherwise make evident to the Debtors that any Claims in which such Substantial Claimholder has beneficial ownership are Newly Traded Claims, unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement, *provided*, *however*, that the following activities shall not constitute participation in formulating a chapter 11 plan *if*, in pursuing such activities, the Substantial Claimholder does not disclose or otherwise make evident (unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that such Substantial Claimholder has beneficial ownership of Newly Traded Claims: filing an objection to a proposed

10

disclosure statement or to confirmation of a proposed chapter 11 plan; voting to accept or reject a proposed chapter 11 plan; reviewing or commenting on a proposed business plan; providing information on a confidential basis to counsel to the Debtors; holding general membership on an official committee or an ad hoc committee (including the Ad Hoc Committee); or taking any action required by an order of the Bankruptcy Court.

2.      Following the Determination Date, if the Debtors determine that Substantial Claimholders must sell or transfer all or a portion of their beneficial ownership of Claims so that the requirements of section 382(l)(5) of the Tax Code will be satisfied, the Debtors may file a motion with the Bankruptcy Court for entry of an order—after notice to counsel to the Disclosure Parties and the relevant Substantial Claimholder(s) and a hearing—approving the issuance of a notice (a "**Sell-Down Notice**") that such Substantial Claimholder must sell, cause to sell, or otherwise transfer a specified amount of its beneficial ownership of Claims (by class or other applicable classification) equal to the excess of (x) the amount of Claims beneficially owned by such Substantial Claimholder over (y) the Maximum Amount for such Substantial Claimholder (such excess amount, an "**Excess Amount**").  The motion shall be heard on expedited basis such that the Bankruptcy Court can render a decision on the motion at or before the hearing on confirmation of the Section 382(l)(5) Plan.  If the Bankruptcy Court approves the Debtors' motion for the issuance of a Sell-Down Notice, the Debtors shall provide the Sell-Down Notice to the relevant Substantial Claimholder(s).

3.      Notwithstanding anything to the contrary in these Claims Procedures, no Substantial Claimholder shall be required to sell, cause to sell, or otherwise transfer beneficial ownership of Claims if such sale or transfer would result in the Substantial Claimholder's beneficial ownership of an aggregate amount of Claims (by class or other applicable classification) that is less than such Substantial Claimholder's Protected Amount.

4.      Each Sell-Down Notice shall direct the Substantial Claimholder to sell, cause to sell, or otherwise transfer its beneficial ownership of the amount of Claims specified in the Sell-Down Notice to Permitted Transferees (each sale or transfer, a "**Sell-Down**"), *provided, however*, that such Substantial Claimholder shall not have a reasonable basis to believe that any such Permitted Transferee would own, immediately after the contemplated transfer, an Excess Amount of Claims and *provided, further*, that a Substantial Claimholder that has properly notified the Permitted Transferee of its Claims under these Claims Procedures shall not be treated as having such reasonable basis in the absence of notification or actual knowledge that such Permitted Transferee would own, after the transfer, an Excess Amount of Claims.

5.      By the date that is the later of (i) five (5) business days after the entry of an order confirming the Section 382(l)(5) Plan and (ii) such other date specified in the Sell-Down Notice, as applicable, but before the effective date of the Section 382(l)(5) Plan (the "**Sell-Down Date**"), each Substantial Claimholder subject to a Sell-Down Notice shall, as a condition to receiving New Stock, serve upon the Disclosure Parties a notice substantially in the form annexed to the Final Order as **Exhibit 9** that such Substantial Claimholder has complied with the terms and conditions set forth in these Claims Procedures and that such Substantial Claimholder does not and will not hold an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the Section 382(l)(5) Plan (each, a "**Notice of Compliance**").  Any Substantial Claimholder who fails to comply with this provision shall not receive New Stock with respect to

11

any Excess Amount of Claims.  At the election of the Substantial Claimholder, the Notice of Compliance to be filed with the Bankruptcy Court (but not the Notice of Compliance that is served upon the Debtors and counsel and co-counsel to the Debtors) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

6.    Other than information that is public or in connection with an audit or other investigation by the IRS or other taxing authority, the Debtors shall keep all Notices of Compliance and any additional information provided by a Substantial Claimholder pursuant to these Claims Procedures (the "**Confidential Information**") strictly confidential and shall not disclose the Confidential Information to any other person or Entity, *provided, however*, that the Debtors may disclose the identity of the Substantial Claimholder to its counsel and professional financial advisors, counsel to and the professional financial advisors to the Ad Hoc Committee, counsel to and the professional financial advisors of any official committee or the DIP Agent, and of any other person(s) that are subject to a nondisclosure agreement with the Debtors, each of whom shall keep all Confidential Information strictly confidential, subject to further order of the Bankruptcy Court, and *provided, further,* that to the extent the Debtors reasonably determine such Confidential Information is necessary to demonstrate to the Bankruptcy Court the need for the issuance of a Sell-Down Notice, such Confidential Information (determined by, among other things, whether such information was redacted in any public filing) shall be filed with the Bankruptcy Court under seal.

7.    Any person or Entity that violates its obligations under these Claims Procedures shall, pursuant to these Claims Procedures, be precluded from receiving, directly or indirectly, any consideration consisting of beneficial ownership of New Stock that is attributable to the Excess Amount of Claims for such person, including any consideration in lieu thereof, *provided, however*, that such person may be entitled to receive any other consideration to which such person may be entitled by virtue of holding Claims (this provision, the "**Equity Forfeiture Provision**").  Any purported acquisition of, or other increase in the beneficial ownership of, New Stock that is precluded by the Equity Forfeiture Provision will be an acquisition of "**Forfeited Equity**."  Any acquirer of Forfeited Equity shall, promptly upon becoming aware of such fact, return or cause to return the Forfeited Equity to the Debtors (or any successor to the Debtors, including Post-Emergence Chinos) or, if all of the equity consideration properly issued to such acquirer and all or any portion of such Forfeited Equity have been sold prior to the time such acquirer becomes aware of such fact, such acquirer shall return or cause to return to the Debtors (or any successor to the Debtors, including Post-Emergence Chinos) (i) any Forfeited Equity still held by such acquirer and (ii) the proceeds attributable to the sale of Forfeited Equity, calculated by treating the most recently sold equity as Forfeited Equity.  Any acquirer that receives Forfeited Equity and deliberately fails to comply with the preceding sentence shall be subject to such additional sanctions as the Bankruptcy Court may determine.  Any Forfeited Equity returned to the Debtors, including Post-Emergence Chinos, shall be distributed (including a transfer to charity) or extinguished, in the Debtors' sole discretion, in furtherance of the Section 382(l)(5) Plan.

8.    In effecting any sale or other transfer of Claims pursuant to a Sell-Down Notice, a Substantial Claimholder shall, to the extent that it is reasonably feasible to do so within the normal constraints of the market in which such sale takes place, notify the acquirer of such Claims of the existence of these Claims Procedures and the Equity Forfeiture Provision (it being understood that, in all cases in which there is direct communication between a salesperson and a

12

customer, including, without limitation, communication via telephone, e-mail, and instant messaging, the existence of these Claims Procedures and the Equity Forfeiture Provision shall be included in such salesperson's summary of the transaction).

vi.     <u>Exceptions</u>.

1.     No person or Entity shall be subject to the approval provisions of paragraph B(iv)(2)–(4) above or, in the case of Claims that are part of the transferor's Protected Amount, the sell-down provisions of paragraph B(v) above with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii) so long as such transfer is not for a principal purpose of obtaining New Stock or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii), *provided, however*, that any such transferee who becomes a Substantial Claimholder following the filing of a Proposed 382(l)(5) Disclosure Statement shall serve upon the Disclosure Parties a notice of such status, substantially in the form annexed to the Final Order as **<u>Exhibit 7</u>**, as provided in these Claims Procedures.

2.     For the avoidance of doubt, the trustee of any trust, any indenture trustee, subordination agent, registrar, paying agent, transfer agent, loan or collateral agent, or any other entity serving in a similar capacity however designated, in each case for any Claim notes, bonds, debentures, property, or other debt securities or obligations (collectively, the "**Debt Securities**") (i) issued by any of the Debtors, (ii) secured by assets of any of the Debtors or agreements with respect to such assets, or (iii) secured by assets leased to any of the Debtors shall not be treated as a Substantial Claimholder solely to the extent that such entities are acting in the capacity described above, *provided, however*, that neither any transferee of Claims nor any equity or beneficial owner of a trust shall be excluded from these Claims Procedures solely by reason of this provision.

vii.     <u>Noncompliance with the Claims Procedures</u>.  In the event of, and at all times following, the effectiveness of these Claims Procedures pursuant to an order of the Bankruptcy Court, any acquisition, disposition, or trading of Claims against the Debtors in violation of these Procedures shall be null and void ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105. Furthermore, if these Claims Procedures become effective, any person acquires, disposes of, or trades Claims against the Debtors in violation of these Claims Procedures shall be subject to sanctions as provided by law.

viii.     <u>Debtors' Right to Waive</u>.  The Debtors may, in their sole discretion, waive, in writing, any and all restrictions, stays, and notification Claims Procedures contained in this Notice.

Dated:     Richmond, Virginia                    **BY ORDER OF THE COURT**
           [_____], 2020

13

## Exhibit 2

**Form of Substantial Stock Ownership Notice**

14

085105.0000009 EMF_US 80216645V1

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

------------------------------------------------------------ x
                                             :

In re                                  :        **Chapter 11**
                                             :

**CHINOS HOLDINGS, INC.,** *et al.***,**       :        **Case No. 20–_____**
                                             :

                          **Debtors.**[1]     :        **(Jointly Administered)**
                                             :

------------------------------------------------------------ x

## <u>NOTICE OF SUBSTANTIAL STOCK OWNERSHIP</u>

           PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court for the Eastern District of Virginia dated [_____], 2020, Docket No. [\_\_] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

           (v)           _____ shares of common stock issued by Chinos Holdings, Inc. ("**Chinos**") (the "**Common Stock**"),

           (vi)          _____ shares of Class A preferred stock issued by Chinos (the "**Class A Preferred Stock**"),

           (vii)         _____ shares of Class B preferred stock issued by Chinos (the "**Class B Preferred Stock**"), and/or

           (viii)       Options[2] to acquire _____ shares of Common Stock, _____ shares of Class A Preferred Stock and/or _____ shares of Class B Preferred Stock,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Procedures attached to the Interim Order as **<u>Exhibit 1</u>**.

1

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

For Common Stock, Class A Preferred Stock, Class B Preferred Stock (collectively, "**Chinos Stock**") and/or Options to acquire Chinos Stock that are owned directly by the Filer, the table sets forth (i) the number of such shares and/or the number of shares underlying Options to acquire Chinos Stock owned by such Filer and (ii) the date(s) on which such Chinos Stock and/or Options to acquire Chinos Stock were acquired (categorized by class, as applicable).

In the case of Chinos Stock and/or Options to acquire Chinos Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of such shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or Options to acquire Chinos Stock that are beneficially owned by such Filer, (ii) the number of shares of Common Stock, the number of shares of Class A Preferred Stock, the number of Class B Preferred Stock and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock beneficially owned by such Filer, and (iii) the date(s) on which such Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or Options to acquire Chinos Stock were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares Owned | Shares Underlying Options Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |
| Class A Preferred Stock | | | | |
| Class B Preferred Stock | | | | |

(Attach additional pages if necessary.)

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

2

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

3

**<u>Exhibit 3</u>**

**Form of Acquisition Notice**

085105.0000009 EMF_US 80216645V1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

----------------------------------------------------------- x
                               :

In re                               :       **Chapter 11**
                               :

**CHINOS HOLDINGS, INC.,** *et al.*,    :       **Case No. 20–_____**
                               :

                 **Debtors.**[1]    :       **(Jointly Administered)**
                               :

----------------------------------------------------------- x

## NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR
## OTHERWISE ACCUMULATE CHINOS STOCK

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court for the Eastern District of Virginia, dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate directly one or more shares of common stock issued by Chinos Holdings, Inc. ("**Chinos**") (the "**Common Stock**"), Class A preferred stock issued by Chinos ("**Class A Preferred Stock**"), Class B preferred stock issued by Chinos ("**Class B Preferred Stock**" and together with the Common Stock and Class A Preferred Stock, the "**Chinos Stock**") and/or Options[2] to acquire Chinos Stock, and/or (ii) a proposed purchase or acquisition of Chinos Stock and/or Options to acquire Chinos Stock that would result in an increase in the number of shares of Chinos Stock and/or number of shares of Chinos Stock underlying Options to acquire Chinos Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Procedures attached to the Interim Order as **Exhibit 1**.

1

1.  If the Proposed Transfer involves the purchase or acquisition directly by the Filer of Chinos Stock and/or Options to acquire Chinos Stock, the table sets forth (i) the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock proposed to be purchased or acquired and (ii) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2.  If the Proposed Transfer involves the purchase or acquisition of Chinos Stock and/or Options to acquire Chinos Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Chinos Stock and/or number of shares of Chinos Stock underlying Options to acquire Chinos Stock that are beneficially owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or Options to acquire Chinos Stock, (ii) the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock proposed to be purchased or acquired, and (iii) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired | Shares Underlying Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Class A Preferred Stock | | | | |
| Class B Preferred Stock | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Chinos Stock and/or Options to acquire Chinos Stock assuming that the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock (i) that would be owned <u>directly</u> by the Filer and, (ii) in the case of any beneficial ownership by the Filer of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or Options to acquire Chinos Stock that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock underlying Options to acquire Chinos Stock that would be owned by each such record or legal owner (categorized by class, as applicable):

2

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |
| Class A Preferred Stock | | | |
| Class B Preferred Stock | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Chinos Stock and/or Options to acquire Chinos Stock directly by the Filer and such Proposed Transfer would result in (i) an increase in the beneficial ownership of Chinos Stock and/or Options to acquire Chinos Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (ii) a person's or Entity's (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (a) the name of each such person or Entity, (b) the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock that are beneficially owned by such person or Entity currently (*i.e.*, prior to the Proposed Transfer), and (c) the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock underlying Options to acquire Chinos Stock that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (i.e., Prior to Proposed Transfer) | Shares to Be Owned Following Proposed Transfer | Shares Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Class A Preferred Stock | | | | | |
| Class B Preferred Stock | | | | | |

(Attach additional page if necessary.)

3

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

4

**<u>Exhibit 4</u>**

**Form of Disposition Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

---------------------------------------------------------- x
                        :

**In re**                         :        **Chapter 11**
                         :

**CHINOS HOLDINGS, INC.,** *et al.*,     :        **Case No. 20–_____**
                         :

               **Debtors.**[1]     :        **(Jointly Administered)**
                         :

---------------------------------------------------------- x

**NOTICE OF INTENT TO SELL, TRADE,**
**OR OTHERWISE TRANSFER CHINOS STOCK**

         PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court for the Eastern District of Virginia, dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade, or otherwise transfer or dispose of one or more shares of common stock issued by Chinos Holdings, Inc. ("**Chinos**") (the "**Common Stock**"), Class A preferred stock issued by Chinos ("**Class A Preferred Stock**"), Class B preferred stock issued by Chinos ("**Class B Preferred Stock**" and together with the Common Stock and Class A Preferred Stock, the "**Chinos Stock**") and/or Options[2] to acquire Chinos Stock and/or (ii) a proposed sale, transfer, or disposition of Chinos Stock and/or Options to acquire Chinos Stock that would result in a decrease in the number of shares of Chinos Stock and/or number of shares of Chinos Stock underlying Options to acquire Chinos Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Procedures attached to the Interim Order as **Exhibit 1**.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the sale, transfer, or disposition directly by the Filer of Chinos Stock and/or Options to acquire Chinos Stock, the table sets forth (i) the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock proposed to be sold, transferred, or disposed of and (ii) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2. If the Proposed Transfer involves the sale, transfer or disposition of Chinos Stock and/or Options to acquire Chinos Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Chinos Stock and/or number of shares of Chinos Stock underlying Options to acquire Chinos Stock that are beneficially owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or Options to acquire Chinos Stock; (ii) the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock proposed to be so sold, transferred, or disposed of; and (iii) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares to Be Sold, Transferred, or Disposed Of | Shares Underlying Options to Be Sold, Transferred, or Disposed Of | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Class A Preferred Stock | | | | |
| Class B Preferred Stock | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Chinos Stock and/or Options to acquire Chinos Stock assuming that the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock (i) that would be owned <u>directly</u> by the Filer and, (ii) in the case of any beneficial ownership by the Filer of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or

2

Options to acquire Chinos Stock that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock underlying Options to acquire Chinos Stock that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |
| Class A Preferred Stock | | | |
| Class B Preferred Stock | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a sale, transfer, or disposition of Chinos Stock and/or Options to acquire Chinos Stock directly by the Filer and such Proposed Transfer would result in (i) a decrease in the beneficial ownership of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or Options to acquire Chinos Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (ii) a person's or Entity's (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (a) the name of each such person or Entity, (b) the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, or Class B Preferred Stock underlying Options to acquire Chinos Stock that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (c) the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock, and/or the number of shares of Common Stock, Class A Preferred Stock, Class B Preferred Stock underlying Options to acquire Chinos Stock that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (i.e., Prior to Proposed Transfer) | Shares to Be Owned Following Proposed Transfer | Shares Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |

| Class A Preferred Stock | | | | | |
|---|---|---|---|---|---|
| Class B Preferred Stock | | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

## **Exhibit 5**

**Form of Majority Stockholder Notice**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

```
----------------------------------------------------------- x
                                          :
In re                                     :    Chapter 11
                                          :
CHINOS HOLDINGS, INC., et al.,            :    Case No. 20–_____
                                          :
                    Debtors.¹             :    (Jointly Administered)
                                          :
----------------------------------------------------------- x
```

## <u>DECLARATION OF STATUS AS A MAJORITY STOCKHOLDER</u>

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court dated [_____], 2020, Docket No. [___] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer is/has become a Majority Stockholder.[2]

PLEASE TAKE FURTHER NOTICE that, as of _____ ___, 2020, the Filer beneficially owns ____ shares of Common Stock, ____ shares of Class A Preferred Stock, and/or ____ shares of Class B Preferred Stock (collectively, the "**Chinos Stock**"). The following table sets forth the date(s) on which the Filer acquired such ownership or otherwise has ownership of such Chinos Stock in an amount sufficient for the Filer to qualify as a Majority Stockholder:

| Number of Shares of Common Stock | Date(s) Acquired | Number of Shares of Class A Preferred Stock | Date(s) Acquired | Number of Shares of Class B Preferred Stock | Date(s) Acquired |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]   Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Procedures attached to the Interim Order as **<u>Exhibit 1</u>**.

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(Attach additional pages if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

2

## **Exhibit 6**

**Form of Worthless Stock Deduction Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

------------------------------------------------------------ x
                      :

In re                      :        **Chapter 11**
                      :

**CHINOS HOLDINGS, INC.**, *et al.*,    :        **Case No. 20–_____**
                      :

            **Debtors.**[1]    :        **(Jointly Administered)**
                      :

------------------------------------------------------------ x

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claims of Certain Worthless Stock Deductions* of the United States Bankruptcy Court for the Eastern District of Virginia dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of its intention to claim a Worthless Stock Deduction[2] with respect to its Common Stock, Class A Preferred Stock, and/or Class B Preferred Stock (a "**Proposed Deduction**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 20__, the Filer filed a Declaration of Status as a Majority Stockholder with this Court.

PLEASE TAKE FURTHER NOTICE that the Filer currently beneficially owns ___ shares of Common Stock, ___ shares of Class A Preferred Stock, and/or ___ shares of Class B Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to ___ shares of Common Stock, ___ shares of Class A Preferred Stock, and/or ___ shares of Class B Preferred Stock (collectively, the "**Chinos Stock**"). If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired ___ shares of Chinos Stock on the first day of the Filer's next taxable

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Procedures attached to the Interim Order as **Exhibit 1**.

2

year and shall be treated as never having owned such Chinos Stock during any prior year for the purposes of testing whether an Ownership Change has occurred.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

## **Exhibit 7**

**Form of Notice of Substantial Claim Ownership**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

---------------------------------------------------------- x

                     :

In re                      :        **Chapter 11**

                     :

**CHINOS HOLDINGS, INC.,** *et al.*,    :        **Case No. 20–_____**

                     :

          **Debtors.**[11]    :        **(Jointly Administered)**

                     :

---------------------------------------------------------- x

## NOTICE OF SUBSTANTIAL CLAIM OWNERSHIP

PLEASE TAKE NOTICE that, pursuant to that certain *[Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against the Debtors]*, dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Claims Procedures Order**"), [_____] (the "**Filer**") hereby provides notice that the Filer beneficially owns more than $[_] of Claims[2] against the Debtors that (based on the applicable information set forth in the Proposed 382(l)(5) Disclosure Statement) could result in such holder of Claims holding the Applicable Percentage of New Stock.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

In the case of Claims that are owned directly by the Filer, the table sets forth the dollar amount of all Claims beneficially owned (as hereinafter defined) by the Filer (categorized by class or other applicable classification).

In the case of Claims that are not owned directly by the Filer but nonetheless are beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such Claims that are beneficially owned by the Filer and (b) the dollar amount of all Claims beneficially owned by such Filer (categorized by class or other applicable classification).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the Filer (whether owned by the Filer directly or indirectly) and that Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]
By: _____
Name: _____
Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

2

## Exhibit 8

**Form of Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Claim**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

```
------------------------------------------------------- x
                                                        :
In re                                                   :      Chapter 11
                                                        :
CHINOS HOLDINGS, INC., et al.,                          :      Case No. 20–_____
                                                        :
                           Debtors.[11]                 :      (Jointly Administered)
                                                        :
------------------------------------------------------- x
```

## NOTICE OF REQUEST TO PURCHASE, ACQUIRE,
## OR OTHERWISE ACCUMULATE A CLAIM AGAINST THE DEBTOR

PLEASE TAKE NOTICE that, pursuant to that certain *[Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against the Debtors]*, dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Claims Procedures Order**"), [_____] (the "**Filer**") hereby provides notice of (i) its intent to purchase, acquire, or otherwise accumulate directly a Claim[2] or Claims against the Debtors and/or (ii) a proposed purchase or acquisition of Claims that, following the proposed acquisition, would be beneficially owned by the Filer (any proposed transaction described in (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on [_____], the Filer served a Notice of Substantial Claim Ownership with the Debtors, counsel to the Debtors, counsel to the Ad Hoc Committee and counsel to any Official Committee.

PLEASE TAKE FURTHER NOTICE that the Filer is filing this notice as (check one):

| | |
|---|---|
| *A person (including any Entity) that filed or was required to file a Notice of Substantial Claim Ownership* | |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

| | |
|---|---|
| *A person (including any Entity) that, upon consummation of the Proposed Transfer, would have been required to file a Notice of Substantial Claim Ownership (if the proposed acquisition date had been the Determination Date)* | |

PLEASE TAKE FURTHER NOTICE that the following tables set forth the following information:

In the case of Claims that are owned directly by the Filer, the tables set forth the dollar amount of all Claims beneficially owned by the Filer (categorized by class or other applicable classification).

In the case of Claims that are not owned directly by the Filer but nonetheless are beneficially owned by the Filer, the tables set forth (a) the name(s) of each record or legal owner of the Claims that are beneficially owned by the Filer, and (b) the dollar amount of all Claims owned by the Filer (categorized by class or other applicable classification).

The Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the Filer (whether owned by the Filer directly or indirectly).

The Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

2

If the Proposed Transfer involves the purchase or acquisition of Claims directly by the Filer, the table sets forth the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

If the Proposed Transfer involves the purchase or acquisition of Claims by a person (including any Entity) other than the Filer, but the Proposed Transfer nonetheless would increase the dollar amount of Claims that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person that proposes to purchase or acquire such Claims and (b) the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

| Class | Description of Claim | Name of Owner | Dollar Amount to be Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Claims directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Claims by a person (including any Entity) (other than the Filer) that currently is a Substantial Claimholder or (b) a person's (other than the Filer) becoming a Substantial Claimholder, the following tables set forth (i) the name of each such person, (ii) the dollar amount of all Claims beneficially owned by such person currently (i.e., prior to the Proposed Transfer) (categorized by class or other applicable classification), and (iii) the dollar amount of all Claims that would be beneficially owned by such person immediately following the Proposed Transfer (categorized by class or other applicable classification):

| Class | Description of Claim | Name of Owner | Dollar Amount of Claims Beneficially Owned Currently (i.e., Prior to Proposed Transfer) | Dollar Amount of Claims to be Beneficially Owned Following Proposed Transfer |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

3

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that the Filer hereby acknowledges that, if the Debtors do not approve the Proposed Transfer in writing within ten (10) business days after the filing of this Notice, such Proposed Transfer shall be deemed <u>rejected</u>.  If the Debtors provide written authorization approving the Proposed Transfer prior to the end of such ten-business-day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____
[Name of Filer]
By: _____
Name: _____
Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

4

### Exhibit 9

**Form of Notice of Compliance**

ΣΩΔοχΙΔΛοχατιον

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

------------------------------------------------------------ x
                                                   :

| | |
|---|---|
| **In re** | :      **Chapter 11** |
| | : |
| **CHINOS HOLDINGS, INC.**, *et al.*, | :      **Case No. 20–_____** |
| | : |
| **Debtors.**[1] | :      **(Jointly Administered)** |
| | : |

------------------------------------------------------------ x

## <u>NOTICE OF COMPLIANCE</u>

PLEASE TAKE NOTICE that, pursuant to that certain *[Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against the Debtors]*, dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Claims Procedures Order**"), [_____] (the "**Filer**") hereby provides notice that Filer has complied in full with the terms and conditions set forth in the Claims Procedures Order and as further set forth in the Sell-Down Notice[2] issued to Filer, such that Filer does not and will not beneficially own an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the Section 382(l)(5) Plan.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of Filer is _____.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in **<u>Exhibit 1</u>** to the Final Order.

[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____
[Name of Filer]
By: _____
Name: _____
Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

2

## Exhibit 10

**Final Publication Notice**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, STOCK ISSUED BY CHINOS HOLDINGS, INC. OR ITS AFFILIATED COMPANIES:**

Upon the motion (the "**Motion**") of Chinos Holdings, Inc. ("**Chinos**") and its affiliated companies (the "**Debtors**"), on [_____, 2020], the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Chinos Holdings, Inc., et al.*, No. ____ (__) (the "**Chapter 11 Cases**"), entered a final order establishing procedures (the "**Procedures**") with respect to transfers of beneficial ownership of common stock, Class A preferred stock, and Class B preferred stock issued by Chinos (collectively, the "**Chinos Stock**"), including options to acquire beneficial ownership of Chinos Stock, and certain claims of worthless stock deductions.

In certain circumstances, the Procedures restrict (i) transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that is or, as a result of such a transaction, would become a Substantial Stockholder of the Chinos Stock and (ii) claims by any Majority Stockholder of a worthless stock deduction under section 165(g) of the Internal Revenue Code with respect to the Chinos Stock.  For purposes of the Procedures, a "**Substantial Stockholder**" is any person or entity (within the meaning of applicable regulations promulgated by the U.S. Department of the Treasury, including certain persons making a coordinated acquisition of stock) that beneficially owns, directly or indirectly (and/or owns options to acquire) at least 5,348,600 shares of the Chinos common stock (representing approximately 4.75% of all issued and outstanding shares of such common stock); or 9,600 shares of Chinos Class A preferred stock (representing approximately 4.75% of all issued and outstanding shares of such Class A preferred stock) or 6,000 shares of Chinos Class B preferred stock (representing approximately 4.75% of all issued and outstanding shares of such Class B preferred stock), and a "**Majority Stockholder**" is any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code) of Chinos Stock if such person claimed a worthless stock deduction with respect to such securities.  *Any prohibited acquisition or other transfer of, or claim of a worthless stock deduction with respect to, beneficial ownership of Chinos Stock or options to acquire Chinos Stock will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

In addition, the Debtors may seek a further order of the Bankruptcy Court, upon appropriate notice, containing additional procedures (the "**Claims Procedures**") that set forth certain circumstances under which any person, group of persons, or entity that has acquired, or as a result of a proposed transaction would acquire, beneficial ownership of a substantial amount of claims against the Debtors can be required (i) to file notice of their holdings of such claims and of such proposed transaction, which transaction may be restricted, and (ii) upon a subsequent order of the Bankruptcy Court, after notice and hearing, to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of such claims acquired during the Chapter 11 Cases. Any acquisition or transfer of claims against the Debtors in violation of the Claims Procedures after implementation would be null and void *ab initio* and may lead to sanctions being imposed by the Bankruptcy Court

ΣΩΔοχΙΔΛοχατιον

*The Procedures are available on the website of Omni Agent Solutions, the Debtors' Bankruptcy Court-approved claims agent, located at www.omniagentsolutions.com/chinos, and on the docket of the Chapter 11 Cases, Docket No. _____, which can be accessed via PACER at https://www.pacer.gov.*

The requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse noncompliance therewith.

**A direct or indirect holder of, or prospective holder of, stock issued by Chinos that may be or become a Substantial Stockholder, a Majority Stockholder or a direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors should consult the Procedures.**

Dated: Richmond, Virginia    **BY ORDER OF THE COURT**
_____, 2020

ΣΩΔοχΙΔΛοχατιον