**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock, P.C. (*pro hac vice* admission pending)
Ryan Preston Dahl (*pro hac vice* admission pending)
Candace M. Arthur (*pro hac vice* admission pending)
Daniel Gwen (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

*Proposed Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

------------------------------------------------------------ x
                              :

In re                          :        **Chapter 11**
                              :

**CHINOS HOLDINGS, INC.,** *et al.*,    :        **Case No. 20–32181 (KLP)**
                              :

              **Debtors.** [1]    :        **(Jointly Administered)**
                              :
------------------------------------------------------------ x

**ORDER ESTABLISHING CERTAIN NOTICE,**
**CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

Upon the motion (the "**Motion**")[2] Chinos Holdings, Inc. and its debtor affiliates, as

debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the

"**Debtors**"), for entry of an order (the "**Order**"), pursuant to section 105(a) of the Bankruptcy

Code and Bankruptcy Rules 1015(c), 2002 and 9007, establishing certain notice, case

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

management and administrative procedures; and the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing*

*Order of Reference from the United States District Court for the Eastern District of Virginia*,

dated July 10, 1984; and consideration of the Motion and the requested relief being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

the Notice Parties under the circumstances; and it appearing that no other or further notice need

be provided; and the Court having held a hearing to consider the relief requested in the Motion;

and upon the First Day Declaration and the record of the hearing on the Motion; and all

objections to the relief requested in the Motion having been withdrawn, resolved, or overruled;

and the Court having determined that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT**

1.      The relief requested in the Motion is hereby GRANTED.

2.      The Case Management Procedures as set forth in **Exhibit 1** attached hereto are

approved in all respects and shall govern all aspects of these chapter 11 cases, except as

otherwise ordered by the Court.

3.      To the extent the Case Management Procedures conflict with the Bankruptcy

Code, Bankruptcy Rules or Local Bankruptcy Rules, the Case Management Procedures govern

and supersede and shall apply to these chapter 11 cases.

4.      Nothing herein or in the Case Management Procedures shall affect the Debtors'

obligation to give notice to all creditors, parties in interest and, where applicable, equity security

holders of (a) the meeting of creditors, (b) the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, (c) the time fixed to accept or reject a proposed modification of a chapter 11 plan, (d) the time fixed for filing proofs of claim, (e) the time fixed for filing objections to and the hearing on a disclosure statement and the confirmation of a chapter 11 plan or (f) entry of an order confirming a chapter 11 plan.  In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006 and 4007.

5.     The Debtors, in cooperation with Omni Agent Solutions ("**Omni**"), are hereby authorized to create and maintain an independent website (the "**Case Information Website**") at https://cases.omniagentsolutions.com/chinos for the posting of certain information regarding these cases, including, in the Debtors' sole discretion, certain orders, decisions, or other Court Papers filed in these cases.  The court's website at www.vaeb.uscourts.gov may include a link to the Case Information Website.

6.     Notice and service accomplished in accordance with the provisions set forth in this Order shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the General Orders of this Court.

7.     Notice of the Motion as provided therein shall be deemed good and sufficient notice.

8.     Notwithstanding any Bankruptcy Rule or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.     All time periods set forth in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.     The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

11.     This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

12.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

Richmond, Virginia

Dated:_____, 2020

May 5 2020

/s/ Keith L. Phillips
_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: May 5 2020 _____

WE ASK FOR THIS:

/s/  *Henry P. (Toby) Long, III*
HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel:  (804) 788-8200
Fax:  (804) 788-8218

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* admission pending)
Ryan Preston Dahl (*pro hac vice* admission pending)
Candace M. Arthur (*pro hac vice* admission pending)
Daniel Gwen (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/  *Henry P. (Toby) Long, III*

5

## Exhibit 1

**Case Management Procedures**

**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock, P.C. (*pro hac vice* admission pending)
Ryan Preston Dahl (*pro hac vice* admission pending)
Candace M. Arthur (*pro hac vice* admission pending)
Daniel Gwen (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

*Proposed Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

----------------------------------------------------------- x
                                                            :
**In re**                                                   :          **Chapter 11**
                                                            :
**CHINOS HOLDINGS, INC.,** *et al.*,                        :          **Case No. 20–32181 (KLP)**
                                                            :
                                     **Debtors.**[1]        :          **(Jointly Administered)**
                                                            :
----------------------------------------------------------- x

## NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

These notice, case management and administrative procedures (the **"Case Management Procedures"**) have been approved by the United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") for the chapter 11 cases of Chinos Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the **"Debtors"**), pursuant to the *Motion of the Debtors for Entry of an Order*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

*Establishing Certain Notice, Case Management and Administrative Procedures* (the "**Motion**")[2].

On _____, 2020, the Court entered an order (the "**Order**") approving these Case Management Procedures.

To the extent the Case Management Procedures conflict with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules of Bankruptcy Practice and Procedure of the Eastern District of Virginia (the "**Local Bankruptcy Rules**"), the Case Management Procedures govern and supersede and shall apply to these chapter 11 cases.

**I.      Document Requests and Access to Documents.**

1.      Omni Agent Solutions ("**Omni**"), the Debtors' proposed claims, noticing and administrative agent, maintains a case-specific website at https://cases.omniagentsolutions.com/chinos (the "**Case Information Website**"), where, among other things, electronic copies of all pleadings filed in the chapter 11 cases shall be posted as soon as practicable, and may be viewed free of charge.  Additionally, electronic copies of all pleadings and documents are available for a fee via PACER on the Court's website at *http://www.vaeb.uscourts.gov* (the "**Court's Website**").[3]

**II.     Filing and Notice Procedures.**

2.      <u>Procedures Established for Notices</u>.  All motions, applications and other matters requiring notice and/or a hearing (collectively, the "**Requests for Relief**"), all objections and responses to such Requests for Relief (the "**Objections**"), all replies to such Objections (the "**Replies**") and all other documents filed with the Court (and together with the Requests for

---

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

[3]    A PACER login and password are needed to access documents on the ECF System and can be obtained at *www.pacer.gov*.

2

Relief, the Objections and the Replies, the "**Court Papers**") shall be filed with the Court or other applicable court and served in accordance with the procedures set forth herein.

3.    <u>Entities Entitled to Service</u>.  Court Papers shall be served on the Core Parties, the 2002 List Parties and any Affected Entity (each as defined herein) according to the procedures set forth herein.  A Court Paper is deemed not to have been properly served until served, at a minimum, on all of the Core Parties.

    a.    <u>Core Parties</u>. The following entities shall comprise the core group of entities in these chapter 11 cases (collectively, the "**Core Parties**"):

    (i)    The Debtors,
Chinos Holdings, Inc.
225 Liberty Street, 17th Floor
New York, New York 10281
Attn:  Maria Di Lorenzo

    (ii)    Proposed counsel to the Debtors,
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn:  Ray C. Schrock, P.C.
        Ryan Preston Dahl
        Candace M. Arthur
        Daniel Gwen
Email: ray.schrock@weil.com
        ryan.dahl@weil.com
        candace.arthur@weil.com
        daniel.gwen@weil.com

    (iii)    Proposed co-counsel to the Debtor,
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Attn:  Tyler P. Brown
        Henry P. (Toby) Long, III
        Nathan Kramer
Email: tpbrown@HuntonAK.com
        hlong@HuntonAK.com
        nkramer@HuntonAK.com

3

      (iv)    the Office of the United States Trustee
for the Eastern District of Virginia (the "**U.S. Trustee**"),
701 East Broad Street
Suite 4304
Richmond, Virginia 23219
Attn: Kenneth N. Whitehurst, III
Email: USTPRegion04.RH.ECF@usdoj.gov;

      (v)    the attorneys for any official committee of unsecured creditors then
appointed in this case (the "**Creditors' Committee**");[4] and

      (vi)    the attorneys for the DIP Agent: Seward & Kissel LLP, One
Battery Park Plaza, New York, New York 10004 (Attn: Gregg S.
Bateman (bateman@sewkis.com)).

b.    <u>2002 List</u>.  This group (the "**2002 List Parties**") shall be comprised of all
entities that have filed a request for service of filings pursuant to
Bankruptcy Rule 2002 in these chapter 11 cases.

      (i)    <u>Filing Requests for Documents Requires Email Address</u>.  A
request for service of papers pursuant to Bankruptcy Rule 2002
(each, a "**2002 Notice Request**") filed with the Court shall be
deemed proper if and only if it includes the following information
with respect to the party filing such request: (A) name; (B) street
address; (C) name of client(s), if applicable; (D) telephone number;
(E) facsimile number; and (F) email address.  A 2002 Notice
Request that contains more than one name with respect to the party
filing such request must contain the information listed in clauses
(B) through (F) of the previous sentence with respect to such
additional name(s) in order for additional individuals to receive
service on behalf of the filing party.

      (ii)    <u>Certification Opting Out of Email Service</u>.  Any individual or
entity filing a 2002 Notice Request who does not maintain (and
cannot practicably obtain) an email address and thereafter cannot
receive service by email must include in the 2002 Notice Request a
certification to that effect (the "**Certification**"), which
Certification shall be served by such party by U.S. mail, overnight
delivery, facsimile or hand delivery to proposed counsel to the
Debtors.  The Certification shall include a statement certifying that
the individual or entity (A) does not maintain an email address and
(B) cannot practicably obtain an email address at which the

---

[4]    Before the appointment of the Creditors' Committee and its counsel, if any, service shall be made upon the
holders of the Debtors' consolidated 30 largest unsecured claims.

individual or entity could receive service by email.  If a 2002 Notice Request fails to include an email address and a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five business days specifically requesting an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List (as defined below) and shall not be served with copies of pleadings and documents filed in these chapter 11 cases unless such pleadings and/or documents directly affect such party.

(iii)    <u>2002 Notice List</u>.  The Debtors or Omni shall be responsible for maintaining an updated list of those who have submitted a proper 2002 Notice Request (the "**2002 List**"). It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court an updated 2002 Notice Request as necessary to reflect changes to any information, including email address and contact person, and serve a copy of such request upon the Debtor.

c.    <u>Affected Entity</u>.  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular Court Paper (each, an "**Affected Entity**").

4.    <u>Service List</u>.  The Debtors shall maintain a service list of all Core Parties and 2002 List Parties (the "**Service List**"), which shall be updated as necessary and shall include names, addresses, facsimile numbers and email addresses for the Core Parties and 2002 List Parties.  At least once every 30 days, an updated Service List, if there is one, shall be posted on the Case Information Website and served upon all parties included thereon.  A Court Paper shall be deemed served on all Core Parties and 2002 List Parties if it is served on the parties on the most recent Service List that has been posted on the Case Information Website as of the day prior to the date of service.

5.    <u>Waiver of Memorandum of Points and Authorities</u>.  Notwithstanding Local Bankruptcy Rule 9013-1(G), motions filed without a separate memorandum of points and authorities shall be deemed to (i) include a request for waiver of Local Bankruptcy Rule 9013-1(G) or (ii) be a single pleading as permitted by Local Bankruptcy Rule 9013-1(G).

5

6.       Except as set forth herein or otherwise provided by order of the Court, the

procedures herein shall not supersede the requirements for notice of the matters or proceedings

described in the following Bankruptcy Rules:

a.  Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of
    the Bankruptcy Code);

b.  Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to
    Bankruptcy Rule 3003(c));

c.  Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing
    to consider approval of a disclosure statement);

d.  Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing
    to consider confirmation of a chapter 11 plan);

e.  Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to
    equity security holders);

f.  Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

g.  Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another
    chapter of the Bankruptcy Code);

h.  Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to
    Bankruptcy Rule 3002);

i.  Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as
    provided in Bankruptcy Rule 4006);

j.  Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan);
    and

k.  Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account
    should a case be converted to chapter 7 of the Bankruptcy Code).

7.       <u>Noticing a Matter for Hearing</u>.  Parties should consult the Local Bankruptcy Rules

regarding the form and content of notices and visit the Court's Website for more information.

8.       <u>Certificates of Service</u>.  Within seven days of filing of any Court Paper, the filing

party shall file with the Court either an affidavit of service or a certification of service (each, a

"**Certificate of Service**") annexing the list of parties that received notice; *provided*, *however*,

6

that if the list of parties that received notice of such Certificate of Service is the Service List, the

filing party shall not be required to annex a list of parties to such Certificate of Service and need

only indicate that the Certificate of Service was filed on the Service List.  A Certificate of

Service shall indicate the method of service, but shall not include an individual's home address.

Certificates of Service need not be served on any party.  The filing of Certificates of Service in

accordance with the Case Management Procedures shall be deemed to satisfy the requirements of

Local Bankruptcy Rule 5005-1(C)(8).

9.      <u>Serving Adversary Proceedings</u>.  All pleadings and other Court filings in any

adversary proceeding commenced in these chapter 11 cases shall be served upon Core Parties,

each Affected Entity and any other entities required to be served under any applicable

Bankruptcy Rule or Local Bankruptcy Rule.  Documents filed in adversary proceedings do not

need to be served on the 2002 List Parties.

**III.    Service by Electronic Means.**

10.     <u>Service by Electronic Mail</u>.  All parties shall be authorized to serve all Court

Papers on Core Parties, 2002 List Parties and, if applicable, Affected Entities by electronic mail,

which shall be deemed to constitute proper service for all parties who are sent such electronic

mail and be effective as of the date such Court Paper is posted on the Court's electronic filing

system (the "**ECF System**"); *provided* that (i) any individual or entity that filed a Certification in

accordance with these Case Management Procedures shall be served at the address indicated on

such entity's Certification and (ii) any Affected Entity whose email address is then unknown

shall be served at the physical address known for such entity, in each case by U.S. mail,

overnight delivery, hand delivery or facsimile, in the sole discretion of the serving party.  In

accordance with section 9(B) of the Case Management/Electronic Case Files (CM/ECF) Policy

Statement, the "Notice of Electronic Filing" that is automatically generated by the Court's ECF System shall constitute service by electronic mail for those parties who are or whose agents are registered attorney users of the Court's ECF System. Therefore, a party filing a Court Paper that is served on registered attorney users via the Court's ECF System has no further obligation for service of such Court Paper with respect to such entities to be proper.

11.    <u>Electronic Attachment of Files</u>.  All Court Papers served by electronic mail shall include access to an attached file or files containing the entire Court Paper, including the proposed form of order and any exhibits, attachments and other relevant materials, in PDF format.  Notwithstanding the foregoing, if a Court Paper cannot be annexed to an email (because of size, technical difficulties or otherwise), the serving party shall, in its sole discretion, either (a) serve the entire Court Paper by U.S. mail, hand delivery, overnight delivery or facsimile, including the proposed form of order and any exhibits, attachments and other relevant materials or (b) electronically mail a notice stating that the Court Paper cannot be attached but is available on the Court's ECF System and will be mailed only if requested.

12.    <u>Effective Date of Service</u>.  Service by electronic mail on a party shall be effective as of the earlier of (i) the date the Court Paper (or a notice stating that the Court Paper cannot be attached but is available on the Court's ECF System) is transmitted by email to the address provided by such party or (ii) the date the Court Paper is posted on the Court's ECF System where service on such entity via the Court's ECF System is proper under these Case Management Procedures.

13.    The filing deadlines set forth in these Case Management Procedures do not require three additional days' notice as set forth in Rule 6(d) of the Federal Rules of Civil Procedure (made applicable to contested matters indirectly by Bankruptcy Rule 9014(b) and to

adversary proceedings by Bankruptcy Rule 7005) and Bankruptcy Rule 9006(f) when a document is served by electronic mail or other means, including service via the Court's ECF System.

14.    <u>Identification of Attorney</u>.  On the first page of every Court Paper, the attorney filing the same shall be identified by name, state bar number, complete mailing address, telephone number and the name of the party whom the attorney represents.

**IV.    Omnibus Hearing Dates.**

15.    <u>First Omnibus Hearings</u>.  The Court has set the following dates and times (all prevailing Eastern Time) as the next omnibus hearings (each, an "**Omnibus Hearing**"):

      a.  May 28, 2020, at 11:00 a.m.;

      b.  June 25, 2020, at 11:00 a.m.;

      c.  July 23, 2020, at 11:00 a.m.;

      d.  August 20, 2020, at 11:00 a.m.; and

      e.  September 24, 2020, at 11:00 a.m.

16.    <u>Future Omnibus Hearings</u>.   The Debtors shall be authorized to schedule, in cooperation with the Court, future Omnibus Hearings at which Requests for Relief shall be heard.  The Debtors shall file notices of additional Omnibus Hearing dates on a periodic basis with the Court.  For information concerning future Omnibus Hearings that have been scheduled by the Court, entities may contact the Clerk of the Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219 or visit the Court's Website.

17. All matters requiring a hearing in these chapter 11 cases shall be set forth and be heard on an Omnibus Hearing date unless otherwise ordered by the Court for good reason shown, in accordance with the following:

a. In the event that a party files a Request for Relief at least 21 calendar days prior to the next scheduled Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing, and the deadline to file an Objection (the "**Objection Deadline**") to such Request for Relief shall be seven calendar days prior to the Omnibus Hearing; *provided*, *however*, that the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

b. In the event that a party files a Request for Relief less than 21 calendar days but at least 14 calendar days prior to the next scheduled Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing, and the deadline to file an Objection to such Request for Relief shall be three calendar days prior to the Omnibus Hearing; *provided*, *however*, that the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

c. The Objection Deadline may be extended with the consent of the movant or applicant without leave from the Court. No Objection shall be considered timely unless filed with the Court and properly served on or before the applicable Objection Deadline.

d. If an Objection is filed, then unless otherwise ordered by the Court, any reply, including any joinders or statements in support of such Objection, shall be filed with the Court and served in accordance with these Case Management Procedures on or before 12:00 p.m. (prevailing Eastern Time) on the date that is one calendar day before the date of the applicable hearing (the "**Reply Deadline**"). Any joinder or statement of support of a Request for Relief shall be filed with the Court and served in accordance with these Case Management Procedures on or before the Reply Deadline, which may be extended solely with respect to any such joinder or statement of support with the consent of the movant or applicant, without further Court action.

18.    <u>Procedures Regarding the Omnibus Hearings</u>.  Unless otherwise ordered by this

Court, the following procedures shall apply to all Omnibus Hearings:

a.    Requests for Relief shall not be considered by the Court unless filed and served in accordance with these Case Management Procedures at least 14 days before the next available Omnibus Hearing.

b.    Except as specifically set forth herein, all notice periods for Requests for Relief shall be computed in accordance with the Bankruptcy Rules and Local Bankruptcy Rules and nothing in these Case Management Procedures shall be deemed to change such requirements.

c.    Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a Request for Relief upon shortened notice, to seek expedited hearings, where appropriate, in accordance with Local Bankruptcy Rule 9013-1(N) or to seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

d.    Any notice of an Omnibus Hearing shall conspicuously contain, on the first page of such notice, the date and time that the hearing will be held.

e.    If a party intends to present a proposed order at the Omnibus Hearing different from the proposed order attached to such party's Request for Relief, the Debtors' counsel, if aware of such party's intention, shall state on the Agenda (as defined below) that a different proposed order will be presented for entry.

f.    Notwithstanding Local Bankruptcy Rule 9013-1(J), and unless the Court orders otherwise, Debtors' counsel may, without further leave of the Court, (i) adjourn any hearing on a Request for Relief filed by the Debtors to a subsequent Omnibus Hearing, and (ii) adjourn any hearing on a Request for Relief not filed by the Debtors to a subsequent Omnibus Hearing together with any party that filed the Request for Relief.

g.    Unless the Court directs otherwise, Debtors' counsel may set a hearing on a Court Paper on a date other than the next Omnibus Hearing date, without the necessity of a Court order, if (i) the Court Paper purports to set a hearing date that is inconsistent with these Case Management Procedures or (ii) the Debtors in good faith believe that the hearing on the Court Paper could exceed one hour; *provided*, in each case that the Debtors shall provide the movant with notice of these Case Management Procedures and the scheduled hearing date as soon as reasonably practicable.

h.    Upon request, the Court may allow counsel to listen to or participate in any hearing by telephone.

19.    <u>Proposed Omnibus Hearing Agenda</u>.  No later than two business days before an Omnibus Hearing, the Debtors shall file with the Court an agenda stating each matter to be heard at such hearing (the "**Agenda**"), which Agenda may be updated or amended from time to time thereafter to the extent necessary.   The Agenda shall include, to the extent known by the Debtors' counsel: (a) the docket number and title of each matter to be scheduled for hearing on such Omnibus Hearing, including the initial filing and any responses, replies or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) other comments that will assist the Court; and (e) a suggestion for the order in which the matters should be addressed.  The matters listed on the Agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and Certificates of Service.

20.    <u>Granting the Request for Relief Without a Hearing</u>.  A Request for Relief may be granted without a hearing, *provided* that (a) the notice filed with the Request for Relief includes a statement that the Request for Relief may be granted and an order entered without a hearing unless a timely Objection is filed and (b) after the passage of the Objection Deadline, the attorney for the entity who filed the Request for Relief (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Case Management Procedures (each, a "**Certificate of No Objection**") and (ii) if the entity who filed the Request for Relief is not the Debtors, serves a Certificate of No Objection by electronic mail upon the counsel to the Debtors at least one day prior to submission thereof to the Court. Upon the filing of a Certificate of No Objection, the Court may grant the relief requested in the Request for Relief without further submission, hearing or request.  If the Court does not grant the

12

relief, (x) the Request for Relief shall be heard at the next scheduled Omnibus Hearing and (y) the decision not to grant the relief shall not constitute an extension of the Objection Deadline related thereto, unless otherwise agreed between the party seeking relief and a party seeking to object.

21.    <u>Service of Proposed Orders</u>.  A proponent of any Request for Relief need only serve an order granting such relief on Core Parties, 2002 List Parties and any Affected Entity no later than five business days after such order was entered, and no list of parties who are to receive notice of entry of such proposed order need be submitted with the proposed order.

22.    <u>No Bridge Order Necessary</u>.  If a motion to extend the time for the Debtors to take any action is filed consistent with these Case Management Procedures before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the provisions of any order entered by this Court, such time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order.

**V.      Foreign Attorneys.**

23.    <u>Local Rules</u>.  All attorneys shall carefully review the Local Bankruptcy Rules regarding the procedure for appearing and practicing before the Court, which are available on the Court's Website.

**VI.     Motions for Relief from the Automatic Stay.**

24.    Notwithstanding anything contained herein, motions for relief from the automatic stay filed by parties other than the Debtors pursuant to section 362 of the Bankruptcy Code shall be noticed for a preliminary hearing at an Omnibus Hearing that is at least 21 days after such motion is filed and served, and the Objection Deadline for such motion shall be three days before such scheduled hearing.

25.     The initial hearing on any motion for relief from the automatic stay shall be a preliminary hearing unless otherwise agreed to by the Debtors.  Notwithstanding section 362(e) of the Bankruptcy Code, if a scheduled motion with respect to a request for relief by a party other than the Debtors under section 362(d) of the Bankruptcy Code is adjourned upon the consent of the Debtors and the moving party to a date that is on or after the 30th day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a preliminary hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.  The Court may continue the effectiveness of the automatic stay until a final hearing on the matter.  Nothing in this section shall prevent a party from seeking expedited consideration of a motion for relief from the automatic stay.

## VII.    Settlements.

26.     In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute before the hearing, the parties may announce the settlement at such hearing.  In the event the Court determines that the notice of the dispute and the hearing constitutes adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from those that parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines at the hearing that additional or supplemental notice of the settlement is required, the parties shall serve such notice in accordance with these Case Management Procedures set forth herein, and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

## VIII.   Notice of Order.

27.     Within three days after the entry of the Order, the Debtors shall serve it by U.S. mail, hand delivery, facsimile or email on the Core Parties and all parties that, prior to the date of the entry of the Order, have requested notice pursuant to Bankruptcy Rule 2002.

## IX.   Compliance with Procedures is Adequate.

28.     Notice and service accomplished in accordance with the provisions set forth in these Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.