**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

*Proposed Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

```
------------------------------------------------------------ x
                                                             :
In re                                                        :    Chapter 11
                                                             :
CHINOS HOLDINGS, INC., et al.,                               :    Case No. 20–32181 (KLP)
                                                             :
                                      Debtors.¹              :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x
```

### ORDER (I) EXTENDING TIME FOR PERFORMANCE OF OBLIGATIONS ARISING UNDER UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[1] of Chinos Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for an order (a) extending time for the Debtors' performance of obligations arising under unexpired non-residential real property leases for a period of 60 days from May 4, 2020, and (b) granting related relief, pursuant to sections 365(d)(3) and 105(a) of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

title 11 of the United States Code (the "**Bankruptcy Code**"), all as more fully set forth in the Motion; and the Debtors having filed an omnibus reply to objections to the Motion (ECF No. 317) and submitted the declarations of Michael J. Nicholson as Exhibit A thereto (the "**Nicholson Declaration**") and Eric S. Koza as Exhibit B thereto (the "**Koza Declaration**"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and §1334; and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties under the circumstances, and it appearing that no other or further notice need be provided; and this Court having held a hearing on May 26, 2020 to consider the relief requested in the Motion (the "**Hearing**"); and upon the First Day Declaration, the Nicholson Declaration, the Koza Declaration, and the record of the hearing on the Motion; and all objections to the relief requested in the Motion having been withdrawn, resolved, or overruled by the Court for the reasons stated at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein for the reasons stated at the Hearing; and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT**

1.   The Motion is granted to the extent set forth herein.

2.   The time for the Debtors' performance of obligations arising within 60 days of the Petition Date under any unexpired lease of nonresidential real property is extended to and through July 6, 2020 (the "**Extension Period**"). The Debtors' failure to timely perform their obligations (including failure to pay lease obligations) under an unexpired nonresidential real

2

property lease during the Extension Period will not constitute a rejection or breach of any such lease, and the rights of all parties related to any payments or obligations accruing or due but unpaid by the Debtors are reserved.

3. All motions, applications, actions, or pleadings filed in these cases seeking to (a) lift the automatic stay as a result of the Debtors' failure to perform any obligations under any unexpired nonresidential real property lease, (b) compel the Debtors' performance of any obligation (including payment of rent), or (c) compel rejection, assumption, or assignment of any unexpired nonresidential real property leases with the Debtors, in each case shall be automatically stayed during the Extension Period unless otherwise agreed by the Debtors; *provided that*, nothing in this Order shall restrict any party to any unexpired nonresidential real property lease from immediately moving before this Court where there is a threat of loss of life, risk to public welfare, environmental hazard, violation of federal, state, local law or regulation or other similar threat.

4. The relief in this Order is without prejudice to the Debtors' right to seek an abatement, suspension, or deferral of obligations under an unexpired nonresidential real property lease pursuant to (a) any provision of the Bankruptcy Code, (b) state or other applicable law, or (c) the terms of a specific lease agreement.

5. Nothing contained in the Order is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under

section 365 of the Bankruptcy Code, (e) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates, or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

6. Nothing in this Order shall create, or is intended to create, any rights in favor of or enhance the status of any claim held by any party.

7. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 9014 and the Local Bankruptcy Rules.

8. This Order shall be immediately effective and enforceable upon its entry.

9. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived to the extent necessary.

10. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: May 26 2020
Richmond, Virginia

/s/ Keith L. Phillips
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: May 26 2020

WE ASK FOR THIS:

*/s/ Henry P. (Toby) Long, III*
HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel: (804) 788-8200
Fax: (804) 788-8218

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Henry P. (Toby) Long, III*