| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP** | **HUNTON ANDREWS KURTH LLP** |
| Ray C. Schrock, P.C. (admitted *pro hac vice*) | Tyler P. Brown (VSB No. 28072) |
| Ryan Preston Dahl (admitted *pro hac vice*) | Henry P. (Toby) Long, III (VSB No. 75134) |
| Candace M. Arthur (admitted *pro hac vice*) | |
| Daniel Gwen (admitted *pro hac vice*) | Nathan Kramer (VSB No. 87720) |
| 767 Fifth Avenue | Riverfront Plaza, East Tower |
| New York, New York 10153 | 951 East Byrd Street |
| Telephone: (212) 310-8000 | Richmond, Virginia 23219 |
| Facsimile: (212) 310-8007 | Telephone: (804) 788-8200 |
| | Facsimile: (804) 788-8218 |

*Proposed Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

------------------------------------------------------------ x
                         :

**In re**                             :         **Chapter 11**

**CHINOS HOLDINGS, INC.,** *et al.*,       :         **Case No. 20–32181 (KLP)**

                  **Debtors.**[1]      :         **(Jointly Administered)**

------------------------------------------------------------ x

**FINAL ORDER (I) AUTHORIZING
DEBTORS TO (A) CONTINUE PARTICIPATING IN EXISTING
CASH MANAGEMENT SYSTEM, AND USING BANK ACCOUNTS AND
BUSINESS FORMS, AND (B) CONTINUE INTERCOMPANY TRANSACTIONS,
(II) PROVIDING ADMINISTRATIVE EXPENSE PRIORITY FOR POSTPETITION
INTERCOMPANY CLAIMS, (III) EXTENSION OF TIME TO COMPLY
WITH REQUIREMENTS OF 11 U.S.C § 345(b), AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of Chinos Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an final order (i) authorizing, but not directing, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Debtors to (a) continue using their existing Cash Management System, (b) implement changes to their Cash Management System in the ordinary course of business, including, without limitation, opening new or closing existing Bank Accounts, (c) maintain their existing business forms and bank accounts, (d) continue their Intercompany Transactions in the ordinary course of business, and (e) honor obligations with respect to service fees and in connection with existing agreements with the Banks,; (ii) provide administrative expense priority for postpetition Intercompany Claims; (iii) a waiver or an extension of the time to comply with the requirements of section 345(b) of the Bankruptcy Code to the extent they apply to the Bank Accounts; and (iv) granting related relief, pursuant to sections 105, 345, 363, 364, 503, and 507 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and §1334; and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties under the circumstances, and it appearing that no other or further notice need be provided; and this Court having held one or more hearings to consider the relief requested in the Motion; and upon the First Day Declaration and the records of the hearings on the Motion and all of the proceedings had before this Court; and all objections to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

2

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 363(c), 364 and 105(a) of the Bankruptcy Code, to continue managing their cash pursuant to the Cash Management System maintained by the Debtors before the Petition Date; to collect, concentrate, and disburse cash in accordance with the Cash Management System, including intercompany funding to other Debtor entities; and to make ordinary course changes to their Cash Management System.

3. The Debtors are further authorized but not directed, to (a) designate, maintain, and continue to use any or all of their existing Bank Accounts in the names and with the account numbers existing immediately before the Petition Date in the ordinary course and in a manner consistent with prepetition practices; (b) deposit funds in and withdraw funds from such accounts by all usual means, including through check, wire transfer, and ACH payment, and other debits in the ordinary course and in a manner consistent with prepetition practices; (c) pay any Bank Fees or other charges associated with the Bank Accounts, whether arising before or after the Petition Date, in the ordinary course and consistent with the Debtors' prepetition practice; and (d) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts.

4. The Debtors are authorized, but not directed, pursuant to sections 363(c) and 503(b)(1) of the Bankruptcy Code to continue performing under the Commission Agreements and paying the Commission Payments to their Non-Affiliate Debtors in the ordinary course of business.

WEIL:\97494471\3\67615.0014

5. The Debtors are authorized, but not directed, pursuant to sections 364(a) and 503(b)(1) of the Bankruptcy Code to continue to engage in Intercompany Transactions in the ordinary course of business consistent with historical practice, and all Intercompany Claims arising after the Petition Date shall be accorded administrative expense priority; provided that, for the avoidance of doubt, the Debtors shall not be authorized to undertake any Intercompany Transactions or incur any Intercompany Claims that are (a) not on the same terms as, or materially consistent with, the Debtor's operation of their business in the ordinary course during the prepetition period or (b) prohibited or restricted by the terms of any orders entered by this Court authorizing the Debtors to obtain debtor-in-possession financing and authorizing the use of cash collateral (any such order, a "**DIP Order**").

6. Notwithstanding anything to the contrary in the Motion or this Final Order, nothing in this Final Order shall prejudice the Official Committee of Unsecured Creditors' (the "**Creditors' Committee**") rights to challenge the payment or other treatment, or the source of payment, of any prepetition or postpetition Intercompany Transactions and any allocation of expenses between any entities, and such rights are reserved. In addition to any reporting requirements agreed upon in a DIP Order and without prejudice to the Creditors' Committee's right to request additional information, the Debtors agree to provide the Creditors' Committee with a monthly intercompany grid no later than two (2) weeks after the end of each month or as otherwise agreed to with the Debtors.

7. The Debtors shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions, including Intercompany Transactions, shall be adequately and promptly documented in, and readily

ascertainable from, their books and records, so that all transactions may be readily traced, recorded properly, and distinguished between prepetition and postpetition transactions.

8. The Debtors are authorized, but not directed, to use their existing Business Forms without alteration or change and without the designation "debtor-in-possession" or a bankruptcy case number imprinted on them.

9. The Debtors are authorized, but not directed, to continue use of the ePayable and Corporate Purchasing Card (P Card) programs provided by Bank of America, N.A. ("**Bank of America**"), solely to the extent agreed upon by Bank of America and subject to the Debtors' cash collateralizing or otherwise securing their obligations under such programs in a manner acceptable to Bank of America in its sole discretion.

10. The Debtors are further authorized, but not directed, to issue postpetition checks, wire transfers, and ACH payments, or to effect postpetition funds transfer requests, in replacement of any funds transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Final Order.

11. The Debtors are authorized, but not directed, to implement changes to the Cash Management System in the ordinary course of business in accordance with the terms of their existing deposit agreements, including the opening of any new bank accounts and the closing of any Bank Accounts as they may deem necessary and appropriate in their sole discretion, and the Banks and other financial institutions are authorized to honor the Debtors' request to open or close, as the case may be, the Bank Accounts or additional bank accounts; provided that the Debtors will use commercially reasonable efforts to open Bank Accounts that are FDIC insured and at Authorized Depositories pursuant to the U.S. Trustee Guidelines;

5

provided further that if the Debtors open or close any Bank Accounts, such opening or closing shall be timely reflected on the Debtors' monthly operating reports and, within 5 business days of such opening or closing, written notice thereof shall be provided to the U.S. Trustee, Creditors' Committee, and any official committee appointed in these chapter 11 cases.

12. The relief, rights, and responsibilities provided for in this Final Order shall be deemed to apply to any and all Bank Accounts maintained in the Debtors' names, including, any new bank accounts, whether or not such Bank Accounts are identified on **Exhibit C** to the Motion, and any banks at which new accounts are opened shall be subject to the rights and obligations of this Final Order.

13. Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made and any relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to, the requirements imposed on the Debtors in the DIP Order. To the extent that there may be any inconsistency between the terms of this Final Order and the terms of any DIP Order, the terms of the DIP Order will govern.

14. Upon entry of the DIP Order, the Debtors are authorized, but not directed, to modify their Cash Management System (including the opening or closing of DIP Accounts) in a manner consistent with the DIP Order, and to fund the DIP Accounts, and the Banks and other financial institutions are authorized to honor the Debtors' request to open or close the DIP Accounts, as the case may be.

15. Except as otherwise expressly provided in this Final Order, the Banks are authorized, but not directed, to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, in accordance with the terms of the documents governing the Bank Accounts, and to

6

receive, process, honor, and pay, to the extent sufficient funds are available for deposit in the applicable Bank Accounts to cover such payments, any and all checks, drafts, wire transfers, and ACH payments issued by the Debtors and drawn on the Bank Accounts after the Petition Date; *provided* that any payments drawn, issued or made before the Petition Date shall not be honored absent direction of the Debtors consistent with terms of a separate order of the Court authorizing such prepetition payment.

16. Each Bank may rely on the representations of the Debtors with respect to whether any checks, drafts, wire transfers, ACH payments, or other payment order drawn or issued by the Debtors before, on, or after the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein, and shall not be liable to any party on account of (a) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry), or (b) honoring any prepetition checks, drafts, wire transfers, or ACH payments in a good faith belief or upon a representation by the Debtors that the Court has authorized such prepetition check, draft, wire transfer, or ACH payment.

17. Those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect and either the Debtors or the Banks may, without further Order of this Court, implement changes to the Cash Management System and procedures in the ordinary course of business pursuant to terms of

WEIL:\97494471\3\67615.0014

those certain existing deposit agreements, including, without limitation, the opening and closing of Bank Accounts.

18. The Banks are authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Bank Accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date and (ii) all checks or other items deposited in one of Debtors' accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date.

19. To the extent any Bank Accounts existing as of the Petition Date are not in compliance with section 345(b) of the Bankruptcy Code, the Debtors shall have 45 days (or such additional time as to which the U.S. Trustee may agree) from the Petition Date within which to either come into compliance with section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed to by the U.S. Trustee, and such extension is without prejudice to the Debtors' right to request a further extension or waiver of the requirements of section 345(b) of the Bankruptcy Code

20. Notwithstanding the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

21. Nothing contained in the Motion or this Final Order, nor any payment made pursuant to the authority granted by this Final Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or

8

validity of any claim against the Debtors, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

22. The Debtors shall provide the Committee with (a) the same financial reporting provided to the DIP Lenders under any DIP Order at the same time that such reports are provided to the DIP Lenders and (b) a schedule of the amounts outstanding between the Debtors and the non-Debtor affiliates within two weeks of the close of the each fiscal month. As soon as reasonably practicable, Debtors shall provide the Committee with reports setting forth the Debtors' intercompany balances as of fiscal month end for April 2020.

23. The Debtors shall not make any payment of the (i) semi-annual fixed license fee due to J. Crew Domestic Brand, LLC, which owns the U.S. intellectual property rights of the J. Crew brand, or any postpetition payment of interest due under the Prepetition IPCO Notes (as defined in the DIP Order) or (ii) Annual Fees to TPG Capital, L.P. and Leonard Green & Partners, L.P. during the pendency of the chapter 11 cases, absent further order of the Court; *provided that*, notwithstanding the Debtors' nonpayment of the Annual Fee, this Final Order shall not impair or otherwise abrogate the accrual, if any, of such amounts and all parties rights and defenses with respect thereto are reserved.

24. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

25. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules.

WEIL:\97494471\3\67615.0014

26. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

27. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

28. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Final Order.

29. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

    May 28 2020
Dated: _____, 2020
    Richmond, Virginia

    /s/ Keith L. Phillips
    UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: May 28 2020

10

WE ASK FOR THIS:

*/s/ Henry P. (Toby) Long, III*
HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel: (804) 788-8200
Fax: (804) 788-8218

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* admission pending)
Ryan Preston Dahl (*pro hac vice* admission pending)
Candace M. Arthur (*pro hac vice* admission pending)
Daniel Gwen (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

# CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Henry P. (Toby) Long, III*