**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:  (804) 788-8218

*Attorneys for Debtors and Debtors in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

</div>

------------------------------------------------------------ x
                     :
**In re**                   :      **Chapter 11**
                     :
**CHINOS HOLDINGS, INC., *et al.*,**     :      **Case No. 20–32181 (KLP)**
                     :
            **Debtors.[1]**     :      **(Jointly Administered)**
                     :
------------------------------------------------------------ x

<div align="center">

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING
THE PROPOSED DISCLOSURE STATEMENT AND THE FORM AND
MANNER OF THE NOTICE OF THE DISCLOSURE STATEMENT HEARING,
(II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES,
(III) SCHEDULING CONFIRMATION HEARING, (IV) ESTABLISHING
NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION
OF THE DEBTORS' PLAN, AND (V) GRANTING RELATED RELIEF**

</div>

Chinos Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession

(collectively, the "**Debtors**"), respectfully represent as follows in support of this motion

---

[1]    The Debtors  in these Chapter 11 Cases, along with the last four digits of each Debtor's  federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

(the "**Motion**") seeking, among other things, approval of the *Proposed Disclosure Statement for Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 469] (as amended, the "**Proposed Disclosure Statement**") in respect of the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 468] (as amended, the "**Proposed Plan**"):[2]

<u>**Preliminary Statement**</u>

1.      The Debtors commenced these chapter 11 cases on a prearranged basis with the support of the largest stakeholder constituencies, and have made substantial progress since then.  As of June 11, 2020, the Debtors have the support from over 95% of their total secured creditors and also essential trade creditors holding over $100 million of claims.  Through the transactions contemplated by the Proposed Plan, the Debtors will be recapitalized with $400 million of new capital, de-lever their balance sheet by approximately $1.65 billion, preserve thousands of jobs, and right-size their store footprint.  In this regard, the Debtors intend to expeditiously confirm and consummate the Proposed Plan to maximize value for all stakeholders and mitigate the risks of a prolonged bankruptcy process.

2.      Consistent with their obligations under the *Transaction Support Agreement* dated May 3, 2020 and the Debtors' postpetition financing, the Debtors have agreed to prosecute these chapter 11 cases in accordance with certain milestones, including:

| Milestone | DIP/TSA Deadline |
|---|---|
| Petition Date | May 4, 2020 |
| Entry of Disclosure Statement Order | Within 70 calendar days of the Petition Date (*i.e.*, by July 13, 2020) |
| Begin Solicitation of the Plan | Within 80 calendar days of the Petition Date |

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Proposed Plan or the Proposed Disclosure Statement, as applicable.

| Milestone | DIP/TSA Deadline |
|---|---|
|  | (*i.e.*, by July 23, 2020) |
| Entry of Confirmation Order | Within 120 calendar days of the Petition Date (*i.e.*, by September 1, 2020) |
| Effective Date | Within 130 calendar days after the Petition Date (*i.e.*, by September 11, 2020) |

3.    In furtherance of that timeline, the Debtors propose the below confirmation

schedule (the "**Confirmation Schedule**"), subject to approval by the Bankruptcy Court:

| Event | Proposed Date[3] |
|---|---|
| Disclosure Statement Objection Deadline | June 18, 2020 at 4:00 p.m. |
| Deadline to file Reply to Disclosure Statement Objections | June 24, 2020 at 12:00 p.m. |
| Disclosure Statement Hearing | June 25, 2020 at 11:00 a.m. |
| Voting Record Date | July 15, 2020 |
| Solicitation Date and Distribution of Confirmation Hearing Notice | No later than July 17, 2020 |
| Cure Notice Filing Date | No later than July 31, 2020 |
| Rule 3018 Motion Filing Deadline | August 6, 2020 at 4:00 p.m. |
| Plan Supplement Filing Deadline | August 12, 2020 at 11:59 p.m. |
| Cure Objection Deadline and 3018 Motion Objection Deadline | August 13, 2020 at 4:00 p.m. |
| Voting Deadline and Release Opt Out Deadline | August 17, 2020 at 4:00 p.m. |
| Plan Objection Deadline | August 17, 2020 at 4:00 p.m. |
| August Omnibus Hearing to Consider Any 3018 Motions and Cure Objections | August 20, 2020 at 11:00 a.m. |
| Deadline to File (a) Confirmation Brief, (b) Replies to Plan Objections, (c) Declarations in Support of Confirmation, and (iv) Voting Certification | August 24, 2020 at 12:00 p.m. |
| Confirmation Hearing | August 25, 2020 at 10:00 a.m. |

4.    Approval of the relief requested herein will allow the Debtors to take the

next step toward timely emergence from bankruptcy for the benefit of all stakeholders, by

beginning to solicit votes under the Proposed Plan.

---

[3]    Unless otherwise stated, all times referenced in this Motion are to Eastern Time.

WEIL:\97445712\6\54457.0007

### Relief Requested

5.      By this Motion, pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1, 3016-1, and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting the following relief:

   a. **Approval of Disclosure Statement.**    Approving the Proposed Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code;

   b. **Disclosure Statement Hearing and Notice.**  Approving the form and manner of notice of the hearing to consider the Proposed Disclosure Statement (the "**Disclosure Statement Hearing**"), which was filed and served on May 19, 2010 [Docket No. 259], and a copy of which is attached hereto as **Exhibit B** (the "**Disclosure Statement Hearing Notice**");

   c. **Confirmation Hearing and Notice.**  Approving (i) the form and manner of notice of the hearing (the "**Confirmation Hearing**") to consider confirmation of the Proposed Plan, a copy of which is attached as **Exhibit 1** to the Proposed Order (the "**Confirmation Hearing Notice**"), and (ii) the substance and manner of publication notice of the Confirmation Hearing (the "**Confirmation Hearing Publication Notice**");

   d. **Solicitation and Voting Procedures.**  Approving the procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Proposed Plan, (ii) voting to accept or reject the Proposed Plan, and (iii) filing objections to the Proposed Plan (the "**Solicitation and Voting Procedures**"), as described below;

   e. **Ballots.**  Approving the forms of ballots for Claims in the Voting Classes (as defined below), substantially in the forms attached as **Exhibits 2-A**, **2-B**, and **2-C** to the Proposed Order (the "**Ballots**");

   f. **Non-Voting Status Notices.**    Approving the forms of notice applicable to (i) holders of claims and interests that are impaired under the Proposed Plan who are, pursuant to section 1126(g) of the Bankruptcy Code, deemed to reject the Proposed Plan (such notice, the "**Notice of Non-Voting Status – Impaired Claims**"), substantially in the form attached as **Exhibit 3-A** to the Proposed Order,

4

(iii) holders of claims and interests that are unimpaired under the Proposed Plan (such notice, the "**Notice of Non-Voting Status – Unimpaired**"), who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Proposed Plan, substantially in the form attached as **Exhibit 3-B** to the Proposed Order, and (iv) holders of Disputed Claims (as later defined herein), substantially in the form attached as **Exhibit 3-C** to the Proposed Order (such notice, the "**Notice of Non-Voting Status – Disputed Claims**" and together with the Notice of Non-Voting Status – Impaired, the "**Notices of Non-Voting Status**" and each, individually, a "**Notice of Non-Voting Status**"); and

g.  **Cure Notice**.  Approving the form of notice to counterparties to executory contracts and unexpired leases that may be assumed and, if applicable, assigned by the Debtors pursuant to the Proposed Plan (the "**Cure Notice**") substantially in the form attached as **Exhibit 4** to the Proposed Order.

6.      For the Court's reference, and as described in further detail herein, below is

a list of the various exhibits cited throughout this Motion:

| Relevant Document | Exhibit |
|---|---|
| Proposed Order | **Exhibit A** |
| Confirmation Hearing Notice | **Exhibit 1** to the Proposed Order |
| Form of Ballot for Voting Classes 4, 6-A, 6-B | **Exhibit 2-A** to the Proposed Order |
| Master Ballot for Nominees for Voting Class 5 | **Exhibit 2-B** to the Proposed Order |
| Beneficial Ballot for Voting Class 5 | **Exhibit 2-C** to the Proposed Order |
| Notice of Non-Voting Status – Impaired Claims | **Exhibit 3-A** to the Proposed Order |
| Notice of Non-Voting Status – Unimpaired | **Exhibit 3-B** to the Proposed Order |
| Notice of Non-Voting Status – Disputed Claims | **Exhibit 3-C** to the Proposed Order |
| Cure Notice | **Exhibit 4** to the Proposed Order |
| Disclosure Statement Hearing Notice | **Exhibit B** |

## Jurisdiction

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§ 157(b) and 1334, and the *Standing Order of Reference from the United States District Court for*

*the Eastern District of Virginia*, dated July 10, 1984.  This proceeding is core pursuant to 28 U.S.C.

§ 157(b) and may be determined by the Court.  Venue is proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409.

5

## Background

8.      On May 4, 2020 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.      The Debtors' chapter 11 cases have been jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

10.      On May 13, 2020, the United States Trustee for the Eastern District of Virginia appointed an official committee of unsecured creditors in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code [Docket No. 188].

11.      On May 28, 2020, the Bankruptcy Court entered the *Order (I) establishing a General Bar Date to File Proofs of Claim, (II) Establishing a Bar Date to File Proofs of Claim by Governmental Units, (III) Establishing an Amended Schedules Bar Date, (IV) Establishing a Rejection Damages Bar Date, (V) Approving the Form and Manner for Filing Proofs of Claim, (VI) Approving the Proposed Notice of Bar Dates, and (VII) Granted Related Relief* [Docket No. 390] (the "**Bar Date Order**"), establishing July 15, 2020 at 5:00 p.m. (Eastern Time) as the General Bar Date (as defined therein) (the "**General Bar Date**"), and November 2, 2020 at 5:00 p.m. (Eastern Time) as the Governmental Bar Date (as defined therein).

12.      Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Michael J. Nicholson in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 6].

WEIL:\97445712\6\54457.0007

## Proposed Disclosure Statement

13.       Under section 1125 of the Bankruptcy Code and Bankruptcy Rule 3016(b), the Debtors prepared and filed the Proposed Disclosure Statement to provide parties adequate information and disclosure regarding the terms of the Proposed Plan.  The Debtors intend to provide certain parties with copies of the Proposed Disclosure Statement, once approved, in connection with the Debtors' solicitation of votes to accept or reject the Proposed Plan.

### A.       The Proposed Disclosure Statement Should Be Approved

14.       Pursuant to section 1125(b) of the Bankruptcy Code, a plan proponent must provide holders of impaired claims with "adequate information" regarding such plan.  Section 1125(a)(1) of the Bankruptcy Code provides, in relevant part, that:

> [A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

15.       Accordingly, a debtor's disclosure statement must, as a whole, provide information that is necessary to permit an informed judgment by impaired creditors entitled to vote on the plan.  *See, e.g.*, *In re A.H. Robins Co.*, 163 F.3d 598, 1998 WL 637401, at *3 (4th Cir. 1998); *Quality Inns Int'l, Inc. v. L.B.H. Assocs. Ltd.*, 911 F.2d 724, 1990 WL 116761, at *1 (4th Cir. 1990); *In re Berm. Bay, L.L.C.*, No. 09-32130 (DOT), 2009 WL 5218071, at *3 (Bankr. E.D. Va. Dec. 31, 2009).  The bottom-line requirement of a disclosure statement is that it "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Keisler*, No. 08-34321,

7

2009 WL 1851413, at *4 (Bankr. E.D. Tenn. June 29, 2009); 7 Collier on Bankruptcy P 1125.02 (16th 2020).

16.    Whether a disclosure statement contains adequate information "is not governed by otherwise applicable nonbankruptcy law, rule, or regulation." 11 U.S.C. § 1125(d). Rather, bankruptcy courts have broad discretion to determine the adequacy of the information contained in a disclosure statement. *See, e.g.*, *In re A.H. Robins Co.*, 880 F.2d 694, 696 (4th Cir. 1989) ("The determination of whether the disclosure statement has adequate information is made on a case by case basis and is largely within the discretion of the bankruptcy court."); *In re Phx. Petroleum Co.*, 278 B.R. at 393; *In re Oxford Homes*, 204 B.R. 264, 269 (Bankr. D. Me. 1997) (noting that "the precise contours of 'adequate information' were vaguely drawn by Congress so that bankruptcy courts might exercise their discretion to limn them in view of each case's peculiar circumstances").

17.    "Adequate information" is a flexible standard, and the determination of whether a disclosure statement contains adequate information should be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See* 11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . ."); *see also Quality Inns*, 1990 WL 116761, at *2; *In re Walker*, 198 B.R. 476, 479 (Bankr. E.D. Va. 1996).

18.    Specifically, the Proposed Disclosure Statement contains the pertinent information necessary for the holders of claims in the voting classes to make informed decisions about whether to vote to accept or reject the Proposed Plan, including, among other things:

   a.    An overview of the Proposed Plan (Art. VI);

   b.    The operation of the Debtors' business (Art. II);

c.  An explanation of the Debtors' liquidity and the value of available assets (Art. III);

d.  Key events leading to the commencement of the chapter 11 cases (Art. III);

e.  Significant events that occurred or are expected to occur during the chapter 11 cases (Art. IV);

f.  Information regarding nonbankruptcy litigation (Art. V);

g.  Tax consequences of the Proposed Plan (Art. X);

h.  Risk factors affecting the Proposed Plan and the Debtors (Art. XI);

i.  Requirements for confirmation of the Proposed Plan (Art. XIII(C)); and

j.  An overview of the best interests of creditors test and liquidation analysis under chapter 7 of the Bankruptcy Code (Art. XIV).

19.    The Proposed Disclosure Statement also provides an analysis of the alternatives to confirmation and consummation of the Proposed Plan (Art. XIV), and includes the recommendation of the Debtors that holders of claims eligible to vote should vote to accept the Proposed Plan as it provides the highest and best recoveries for all creditors.

20.    Based on the foregoing, the Debtors believe that the Proposed Disclosure Statement contains sufficient information for holders of claims in the voting classes to make an informed judgment regarding whether to vote to accept or reject the Proposed Plan.  Accordingly, the Debtors respectfully request that the Court approve the Proposed Disclosure Statement as containing adequate information in satisfaction of the requirements of section 1125 of the Bankruptcy Code.

**B.    The Proposed Disclosure Statement Provides Adequate Notice of Release, Exculpation, and Injunction Provisions in the Proposed Plan.**

21.    Pursuant to Bankruptcy Rule 3016(c), "[i]f a plan provides for an injunction against conduct not otherwise enjoined under the Code, the plan and disclosure statement [must] describe in specific and conspicuous language (bold, italic, or underlined text) all acts to be

enjoined and identify the entities that would be subject to the injunction." Fed. R. Bankr. P. 3016(c).

22.      The Proposed Plan contemplates certain releases (Proposed Plan § 10.7), exculpatory provisions (Proposed Plan § 10.8), and injunctions (Proposed Plan § 10.6), which are fully set forth in the Proposed Plan.   Similarly, the Proposed Disclosure Statement includes the text of these provisions.  *See* Proposed Disclosure Statement § VI(E).  Furthermore, each of the proposed forms of ballots sets forth the text of the third-party releases (*see* Plan § 10.7(c)) in clear and conspicuous language.  Each of the Notices of Non-Voting Status also includes as **Exhibit A** an opt-out election form, which form also sets forth the text of the third-party releases (*see* Plan § 10.7(c)) in clear and conspicuous language.  Accordingly, the Debtors believe that the Proposed Disclosure Statement complies with Bankruptcy Rule 3016(c).

**C.      Approval of the Disclosure Statement Hearing Notice**

23.      In accordance with Bankruptcy Rules 2002(b) and 3017(a), on May 19, 2020, the Debtors filed the Disclosure Statement Hearing Notice [Docket No. 259], and served the same on May 20, 2020 by electronic transmission and by first class mail on all of the Debtors' creditors and each of the parties required to be noticed pursuant to the Bankruptcy Rules.  *See* Affidavit of Service [Docket No. 401].  The Disclosure Statement Hearing Notice identifies (a) the date, time, and place of the Disclosure Statement Hearing, (b) the manner in which a copy of the Proposed Disclosure Statement (and exhibits thereto, including the Proposed Plan) can be obtained, and (c) the deadline and procedures for filing objections to the approval of the Proposed Disclosure Statement.  As noted above, the Disclosure Statement Hearing is scheduled for **June 25, 2020 at 11:00 a.m. (Eastern Time)**; the Disclosure Statement Objection Deadline is scheduled for **June 18, 2020 at 4:00 p.m. (Eastern Time)** and the deadline to file any replies to any responses or objections received is scheduled for **June 24, 2020 at 12:00 p.m. (Eastern Time)**.

24.     The Debtors believe that the foregoing procedures provide adequate notice of the Disclosure Statement Hearing for all purposes and, accordingly, request that the Court approve such procedures as adequate and find that such notice is due and proper and that no further notice is necessary.

**D.     Approval of Procedures for the Filing of Objections to the Proposed Disclosure Statement**

25.     As set forth in the Disclosure Statement Hearing Notice, the Debtors set forth the procedures below for parties to object or respond to the approval of the Proposed Disclosure Statement (the "**Disclosure Statement Objection Procedures**").

    a.   Any objections and responses to the relief requested herein, must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules of the Bankruptcy Court, and the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 109]; (c) set forth the name of the objecting party and the nature and amount of claims or interests held or asserted by such party against the Debtors' estates or property; (d) provide the basis for objection and specific grounds thereof, and provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection; and (e) be filed, together with proof of service, with the Bankruptcy Court no later than **June 18, 2020 at 4:00 p.m. (Eastern Time)**.

    b.   In accordance with Bankruptcy Rule 3017(a), any objection or response also must be served upon the following parties (collectively, the "**Notice Parties**") so as to be actually received no later than the Disclosure Statement Objection Deadline:

| *Counsel to the Debtors* | *Co-Counsel to the Debtors* |
|---|---|
| Weil, Gotshal & Manges LLP | Hunton Andrews Kurth LLP |
| 767 Fifth Avenue | Riverfront Plaza, East Tower |
| New York, New York 10153 | 951 East Byrd Street |
| Attn:  Ray C. Schrock, P.C. | Richmond, Virginia 23219 |
|        Ryan Preston Dahl | Attn:  Tyler P. Brown |
|        Candace M. Arthur |        Henry P. (Toby) Long, III |
|        Daniel Gwen |        Nathan Kramer |
| Email: Ray.Schrock@weil.com | Email: tpbrown@hunton.com |
|       Ryan.Dahl@weil.com |       hlong@hunton.com |
|       Candace.Arthur@weil.com |       nkramer@hunton.com |
|       Daniel.Gwen@weil.com | |

| | |
|---|---|
| ***Proposed Counsel to the Creditors' Committee*** | ***Proposed Co-Counsel to the Creditors' Committee*** |
| Pachulski Stang Ziehl & Jones LLP | Hirschler Fleischer, P.C |
| 780 Third Avenue, 34th Floor | The Edgeworth Building |
| New York, NY 10017 | 2100 East Cary Street |
| Attn:   Robert J. Feinstein | Richmond, Virginia 23223 |
|           Bradford J. Sandler, Esq. | Attn:   Robert S. Westermann |
|           Shirley S. Cho, Esq. | Email: rwestermann@hf-law.com |
| Email: rfeinstein@pszjlaw.com | |
|           bsandler@pszjlaw.com | |
|           scho@pszjlaw.com | |
| ***Office of the U.S. Trustee*** | |
| Office of the U.S. Trustee for the Eastern District of Virginia, Richmond Division | |
| 701 East Broad Street, Suite 4304 | |
| Richmond, Virginia  23219 | |
| Attn: Kenneth N. Whitehurst, III | |
| Email: USTPRegion04.RH.ECF@usdoj.gov | |

26.     The Debtors believe that, if there are objections to the Proposed Disclosure Statement, it will assist the Court and may streamline the Disclosure Statement Hearing if the Debtors reply to any such objections.  Accordingly, the Debtors shall file and serve replies to any such objections and that the Court set, in accordance with the Case Management Order, by **June 24, 2020 at 12:00 p.m. (Eastern Time)**.

27.     Requiring objections and responses to the Proposed Disclosure Statement to be filed and served in accordance with the Disclosure Statement Objection Procedures will afford the Court, the Debtors, and other parties in interest sufficient time before the Disclosure Statement Hearing to consider and potentially resolve objections and responses to the Proposed Disclosure Statement.  Based upon the foregoing, the Debtors believe that the Bankruptcy Court find that the Disclosure Statement Objection Procedures are appropriate and in the best interests of the Debtors and their estates.

### The Solicitation Procedures

28.    In connection with the Proposed Disclosure Statement and the Proposed

Plan, the Debtors propose to implement the following solicitation and balloting procedures

(collectively, the "**Solicitation Procedures**").

**A.    Parties Entitled to Vote.**

29.    Pursuant to the Proposed Plan, the Debtors have 12 separate classes of

claims and interests.  Of those classes, the following four classes are impaired and entitled to

receive distributions under the Proposed Plan and, therefore, may vote to accept or reject the

Proposed Plan, subject to certain exceptions discussed below (collectively, the "**Voting Classes**"):

| Class | Description |
|---|---|
| **Class 4** | Term Loan Secured Claims (Only Loan Debtors) |
| **Class 5** | IPCo Notes Claims (Only IPCo Debtors) |
| **Class 6-A** | Ongoing Trade Claims (All Debtors) |
| **Class 6-B**[4] | Other General Unsecured Claims (All Debtors) |

30.    A claimant that holds a Claim in a Voting Class is nonetheless **not** entitled

to vote if:

    a.    As of the Voting Record Date (as defined below), the outstanding amount of such claimant's claim is not greater than zero;

    b.    As of the Voting Record Date, such claimant's claim has been disallowed, expunged, disqualified, or suspended;

    c.    Such claimant is not scheduled in the Debtors' schedules of assets and liabilities (the "**Schedules**") after such are filed, or a claimant's claim is scheduled as contingent, unliquidated, or disputed, and has not timely filed a proof of claim in accordance with the Bar Date Order; or

---

[4]    Holders of Term Loan Deficiency Claims are included in Class 6-B with respect to the Loan Debtors, and are therefore entitled to vote.  Under the Proposed Plan, however, the holders of Term Loan Deficiency Claims agree to forgo any distribution on account of such claims subject to the occurrence of the Effective Date.

WEIL:\97445712\6\54457.0007

     d.   Such claimant's claim is subject to an objection or request for estimation as of the Voting Deadline, subject to the procedures set forth below.

31.     Section 1126(f) of the Bankruptcy Code provides that, for the purposes of soliciting votes in connection with confirmation of a plan of reorganization, "a class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required."  11 U.S.C. § 1126(f).  Conversely, section 1126(g) of the Bankruptcy Code provides that "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests."  *Id*. § 1126(g).

32.     The Proposed Plan provides both that certain claims are unimpaired and that certain claims and interests may not receive or retain any property under the Proposed Plan on account of such claims and interests.  Pursuant to sections 1126(f) and 1126(g) of the Bankruptcy Code, the holders of such claims and interests are not entitled to vote (the "**Non-Voting Parties**" and such classes, the "**Non-Voting Classes**").

33.     The following classes constitute Non-Voting Classes and the holders of claims and interests in these classes are not entitled to vote:

14

| Class | Description | Voting Status |
|---|---|---|
| **Class 1** | Priority Non-Tax Claims (All Debtors) | **Presumed to Accept** |
| **Class 2** | Other Secured Claims (All Debtors) | **Presumed to Accept** |
| **Class 3** | ABL Facility Claims (Only Loan Debtors) | **Presumed to Accept** |
| **Class 7** | Intercompany Claims (All Debtors) | **Presumed to Accept** |
| **Class 8** | Section 510(b) Claims (All Debtors) | **Deemed to Reject** |
| **Class 9** | Intercompany Interests (All Debtors) | **Presumed to Accept** |
| **Class 10-A** | Existing Holdings Preferred Equity (Only Chinos Holdings) | **Deemed to Reject** |
| **Class 10-B** | Existing Holdings Equity (Only Chinos Holdings) | **Deemed to Reject** |

**B.      Establishing Claim Amounts for Voting Purposes and Temporary Allowance and Disallowance of Claims for Tabulation Purposes.**

34.      Pursuant to section 1126(a) of the Bankruptcy Code, the holder of an "allowed" claim may accept or reject a chapter 11 plan.  Bankruptcy Rule 3018(a) provides that the court may temporarily allow a claim in an amount that the bankruptcy court deems appropriate for the purpose of such claim holder accepting or rejecting a plan.  The Debtors believe that the following procedures provide for a fair and equitable voting process.

35.      The Debtors propose that, solely for the purpose of voting, each Claim within the Voting Classes be temporarily allowed in an amount equal to the liquidated, non-contingent, and undisputed amount of such claim set forth in the Schedules or proof of claim, as applicable, subject to the following exceptions:

   a.   If a claim is deemed Allowed under the Proposed Plan, such claim is allowed for voting purposes in the deemed Allowed amount set forth in the Proposed Plan;

WEIL:\97445712\6\54457.0007

b.  If a proof of claim was timely filed in an amount that is wholly liquidated, non-contingent, and undisputed such claim is temporarily allowed for voting purposes only in the amount set forth on the proof of claim, unless such claim is disputed as set forth in subparagraph (i) below;

c.  If a claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, or disputed (based on the face of such proof of claim or as determined upon the review of the Debtors or the Voting Agent), such claim is accorded one vote and valued at $1.00 for voting purposes only, and not for purposes of allowance or distribution, unless such Claim is disputed as set forth in subparagraph (i) below;

d.  If a claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed, unless such claim is disputed as set forth in subparagraph (i) below;

e.  If a claim has been estimated or otherwise allowed for voting purposes by order of the Court by the Voting Record Date, such claim is temporarily allowed in the amount so estimated or allowed by this court for voting purposes only;

f.  Any claimant who has filed or purchased duplicate claims within the same class will be provided with only one Solicitation Package (as defined below) and one Ballot for voting a single claim in such class (based on the reasonable efforts of the Debtors), regardless of whether the Debtors have objected to such duplicate claim;

g.  Each entity that holds or has filed more than one non-duplicative claim within a particular class shall be treated as if such entity has only one claim in such class in the aggregate dollar amount of such claims;

h.  If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules; and

i.  If the Debtors have filed an objection to or a request for estimation of a claim on or before the Voting Deadline (such claim, a "**Disputed Claim**"), such Disputed Claim is temporarily disallowed, except as ordered by the Court, including pursuant to an order on any Rule 3018 Motion (as described below) filed regarding such claim; *provided* that if the Debtors' objection seeks to reclassify or reduce the allowed amount of such claim, then such claim is temporarily allowed for voting purposes in the reduced amount and/or as reclassified, except as may be otherwise ordered by this Court.

WEIL:\97445712\6\54457.0007

36.     If any claimant seeks to challenge the allowance of its Claim for voting purposes, the Debtors propose that such claimant must file a motion with the Bankruptcy Court for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for voting purposes in a different amount (a "**Rule 3018 Motion**").  Upon entry of an Order resolving a Rule 3018 Motion, the Debtors will direct the Voting Agent to provide such claimant with a Ballot and that such Ballot be counted in accordance with the above-designated guidelines (or as otherwise agreed to by the Debtors and such claimant), unless temporarily allowed in a different amount by an order of the Court entered before or concurrent with entry of an order confirming the Proposed Plan.  The Debtors propose that any Rule 3018 Motion must be filed on or before **August 6, 2020 at 4:00 p.m. (Eastern Time)**.

C.     **The Voting Record Date.**

37.     Bankruptcy Rule 3017(d) provides, in relevant part, that, for the purpose of soliciting votes in connection with the confirmation of a plan of reorganization, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) provides, in relevant part, that:  "A plan may be accepted or rejected in accordance with § 1126 of the Code within the time fixed by the Court pursuant to Rule 3017."  Fed. R. Bankr. P. 3018(a).

38.     In accordance with these rules, the Debtors request that the Court set **July 15, 2020** as the date for determining which claimants are entitled to vote on the Proposed Plan (the "**Voting Record Date**").  In addition, the Debtors request that the Court establish the Voting Record Date as the date for determining which holders of claims or interests in Non-Voting Classes, or claims in Voting Classes that are otherwise deemed not entitled to vote on the Proposed

17

Plan, are entitled to receive a Notice of Non-Voting Status.  The Debtors believe that the Voting

Record Date is appropriate as it facilitates the determination of which claimants are entitled to vote

on the Proposed Plan or, in the case of claim and interest holders in Non-Voting Classes, to receive

the applicable Notices of Non-Voting Status.

**D.      Approval of Solicitation Packages and Procedures for Distribution Thereof**

39.      Bankruptcy Rule 3017(d) lists the materials that must be provided to holders

of claims and equity interests for the purpose of soliciting votes on a debtor's chapter 11 plan and

providing adequate notice of the hearing to consider confirmation thereof.    Specifically,

Bankruptcy Rule 3017(d) provides, in relevant part, that:

> Upon approval of a disclosure statement,—except to
> the extent that the court orders otherwise with respect
> to one or more unimpaired classes of creditors or
> equity security holders—the debtor in possession,
> trustee, proponent of the plan, or clerk as the court
> orders shall mail to all creditors and equity security
> holders, and in a chapter 11 reorganization case shall
> transmit to the United States trustee:
>
> (1) the plan or a court-approved summary of the plan;
>
> (2) the disclosure statement approved by the court;
>
> (3) notice of the time within which acceptances and
> rejections of the plan may be filed; and
>
> (4) any other information as the court may direct,
> including any court opinion approving the
> disclosure statement or a court-approved
> summary of the opinion.

Fed. R. Bankr. P. 3017(d).

40.      Except as provided below, and as required by Bankruptcy Rule 3017(d), the

Debtors propose to mail or cause to be mailed solicitation packages ("**Solicitation Packages**") as

soon as practicable on the date (the "**Solicitation Date**") after the occurrence of both (a) the

WEIL:\97445712\6\54457.0007

General Bar Date and (b) entry of the Proposed Order approving the Proposed Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code (as approved, the "**Disclosure Statement**").

41.     In accordance with Bankruptcy Rule 3017(d), the Solicitation Packages contain the following enclosures:

a. If the recipient is in a Voting Class and is entitled to vote on the Proposed Plan, (i) the Proposed Order (as entered, and without exhibits), (ii) the Confirmation Hearing Notice, (iii) a Ballot for such holder (customized as appropriate), (iv) a postage-prepaid, pre-addressed return envelope, and (v) instructions for accessing the Disclosure Statement, which will include the Proposed Plan as an attachment, and the Proposed Plan, as independently filed, each from the Debtors' restructuring website;[5] and

b. If the recipient is a Non-Voting Claimant, or is not otherwise entitled to vote on the Proposed Plan, (i) the Confirmation Hearing Notice, (ii) the applicable Notice of Non-Voting Status, (iii) as applicable, the Opt Out Election Form (as defined herein), and (iv) instructions for accessing the Disclosure Statement, which will include the Proposed Plan as an attachment, and the Proposed Plan, as independently filed, each from the Debtors' restructuring website.

42.     Furthermore, in addition to accepting paper Ballots from claimants entitled to vote, the Debtors request authorization to accept Ballots electronically for all claimants entitled to vote through the online balloting portal located on the Debtors' restructuring website. Accordingly, all claimants entitled to vote will be permitted to cast an electronic Ballot and electronically sign and submit their Ballot instantly by utilizing the applicable online balloting

---

[5] The Disclosure Statement and the Proposed Plan are voluminous. The Debtors believe that instructions to claimants on how to access the Disclosure Statement and the Proposed Plan through the Debtors' restructuring website will provide easy access to the most up-to-date versions of the Disclosure Statement, the Proposed Plan, and related documents, and will result in substantial savings to the Debtors' estates.

Any party entitled to receive a copy of the Proposed Plan and Disclosure Statement may request a copy of the Disclosure Statement (and attachments) either in electronic format or paper format by email or by written request. Upon receipt of such request, the Debtors will promptly provide such parties with a copy of the Plan and the Disclosure Statement at no cost to them. The Proposed Order (as entered), the Confirmation Hearing Notice, and the Ballots shall be provided in paper format.

WEIL:\97445712\6\54457.0007

portal (which permits holders to submit electronic signatures).  Instructions for the electronic online transmission of Ballots are set forth on the forms of Ballots.  For holders of claims or interests in Non-Voting Classes and claimants with disputed claims not entitled to vote, the Debtors will accept opt out forms allowing parties to opt out of certain third party release provisions (the "**Opt Out Election Form**"), as such ability to opt out is detailed in the Proposed Plan, electronically through online balloting portals located on the Debtors' restructuring website. Instructions for the electronic online transmission of an Opt Out Election Form are set forth on each of the Notices of Non-Voting Status and each of the Opt Out Election Forms.  The encrypted data of the Ballots and Opt Out Election Forms and audit trail created by an electronic submission shall become part of the record of any Ballot and Opt Out Election Form submitted and the claimant's electronic signature shall be deemed immediately legally valid and effective.

43.     The Debtors anticipate that the United States Postal Service may return some Solicitation Packages as undeliverable.  The Debtors believe that it is costly and wasteful to mail Solicitation Packages to the same addresses from which mail previously was returned as undeliverable.  Therefore, the Debtors request the Court waive the strict notice rule and excuse the Debtors from mailing Solicitation Packages to addresses from which the Debtors received mailings returned as undeliverable, unless the Debtors are provided with a new mailing address before the Voting Deadline.

44.     The Debtors also request that they not be required to send Solicitation Packages to claimants that have claims that have already been paid in full; *provided* that if any such claimant would be entitled to receive a Solicitation Package for any other reason, then the Debtors will send such claimant a Solicitation Package in accordance with the procedures set forth herein.

45.    Although the Debtors have made, and will make, every effort to ensure that the Solicitation Packages as described herein and as approved by the Court are in final form, the Debtors nonetheless request authority to make non-substantive changes to the Disclosure Statement, the Proposed Plan, and related documents without further order of the Bankruptcy Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Proposed Plan, and any other materials in the Solicitation Packages before mailing.

46.    The Debtors believe that they have shown good cause for implementing the Procedures and request the Court's approval thereof.

### E.    Approval of Notices of Non-Voting Status

47.    Bankruptcy Rule 3017(d) permits a court to order that the Proposed Plan and Proposed Disclosure Statement need not be mailed to any unimpaired class. Moreover, certain Non-Voting Classes are deemed to reject the Proposed Plan. Accordingly, the Debtors propose to mail to holders of claims in Classes 1, 2, and 3 the Confirmation Hearing Notice and the Notice of Non-Voting Status – Unimpaired Claims in lieu of a Solicitation Package.  The Debtors propose to mail to holders of Claims or Interests in Classes 8, 10(a) and 10(b) the Confirmation Hearing Notice and the applicable Notice of Non-Voting Status – Impaired in lieu of a Solicitation Package.

48.    Furthermore, the Debtors propose to send the Notice of Non-Voting Status – Disputed Claims to the holders of Claims that are subject to a pending objection by the Debtors and are not entitled to vote the disputed portion of their Claim.

49.    Additionally, pursuant to section 105(a) of the Bankruptcy Code, the Debtors propose that each holder of an Intercompany Claim or Intercompany Interest (Classes 7 and 9) be deemed to have received all required notices under the Proposed Order without actually distributing such notices to each party, because such claims and interests are held by the Debtors.

21

50.     Each Notice of Non-Voting Status provides (a) notice of the approval of the Disclosure Statement, (b) notice of the filing of the Proposed Plan, (c) notice of the holder's non-voting status, (d) information on how to obtain copies of the Disclosure Statement and Proposed Plan, and (e) an Opt Out Election Form attached as **Exhibit A** to each Notice of Non-Voting Status.

51.     The Debtors believe that mailing the applicable Notice of Non-Voting Status and Confirmation Hearing Notice satisfies the requirements of Bankruptcy Rule 3017(d). Accordingly, the Debtors request that the Court direct that the Solicitation Package need not be mailed to holders of Claims and Interests not entitled to vote.

**F.      Approval of Forms of Ballot**

52.     Bankruptcy Rule 3017(d) requires the Debtors to send a form of ballot to "creditors and equity security holders entitled to vote on the plan."  Fed. R. Bankr. P. 3017(d). The Debtors propose to distribute to holders of claims in Voting Classes that are otherwise eligible to vote, as applicable, the Ballots substantially in the forms attached to the Proposed Order as **Exhibits 2-A**, **2-B** and **2-C**.  The forms for the Ballots are based on Official Form No. B 314, but have been modified to address the particular aspects of these chapter 11 cases, including the electronic balloting of Claims, the ability to opt out of certain third-party releases as detailed in the Proposed Plan, and to include certain additional information that the Debtors believe is relevant and appropriate.

53.     With respect to Claims arising under or related to the IPCo Indentures included in Class 5 held by brokers, banks, commercial banks, trust companies, dealers, or other agents or nominees (collectively, the "**Nominees**") in "street name" on behalf of the underlying beneficial holders (the "**Beneficial Holders**"), the Debtors propose that, solely for voting purposes, the voting amounts of those Claims shall be the amounts set forth on the books and records of the applicable Nominee as of the Voting Record Date as evidenced by the securities position report

22

from the Depository Trust Company ("**DTC**").  The Debtors also request that the applicable indenture trustee provide a register of registered holders in electronic Microsoft Excel format to the Debtors no later than one business day after the Voting Record Date.

54.     Once the Voting Record Date has passed, the Debtors will cause to be distributed to each Nominee reasonably sufficient numbers of Solicitation Packages, including sufficient Beneficial Ballots (the "**Beneficial Ballots**"), to distribute via first class mail to the Beneficial Holders as of the Voting Record Date for whom such Nominee acts.  The Debtors will also cause a Master Ballot (as defined below) to be distributed to each Nominee for use in tabulating votes cast on Beneficial Ballots submitted to such Nominee (as described more fully below).  If it is a Nominee's customary and accepted practice to forward the solicitation information to (and collect votes from) Beneficial Holders by voter information form ("**VIF**"), e-mail, telephone or other customary means of communication, the Nominee may employ that method of communication in lieu of sending the paper Beneficial Ballot or paper Solicitation Package.

55.     The Debtors request that the Court require such Nominees, upon receipt of the Solicitation Packages, to promptly distribute such Solicitation Packages including Beneficial Ballots (or a summary thereof) to Beneficial Holders using one of the following two methods (to be selected by the Nominee) within five business days of receipt of the Solicitation Packages:

a.   **Pre-Validated Ballots**:  The Nominee may "pre-validate" a Beneficial Ballot by (i) signing the Beneficial Ballot; (ii) indicating on the Beneficial Ballot the amount and the account number of the Claims held by the Nominee for the Beneficial Holder; and (iii) forwarding such Beneficial Ballot, together with the Disclosure Statement, a pre-addressed, postage-paid return envelope addressed to, and provided by, Omni, and other materials requested to be forwarded, to the Beneficial Holder for voting.  The Beneficial Holder must then complete the information requested in the Beneficial Ballot, and return the Beneficial Ballot directly to Omni in the pre-addressed, postage-paid return

23

envelope so that it is RECEIVED by Omni on or before the Voting Deadline.  A list of the Beneficial Holders to whom "pre-validated" Beneficial Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Voting Deadline.

b.  **Master Ballots**: If the Nominee elects not to pre-validate Beneficial Ballots, the Nominee may obtain the votes of Beneficial Holders by forwarding to the Beneficial Holders the unsigned Beneficial Ballots, VIF, e-mail, or other customary method of collecting votes from a Beneficial Holder, together with the Disclosure Statement, a pre-addressed, postage-paid return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded.  Each such Beneficial Holder must then indicate his, her, or its vote on the Beneficial Ballot, complete the information requested on the Beneficial Ballot, review the certifications contained on the Beneficial Ballot, execute the Beneficial Ballot, and return the Beneficial Ballot to the Nominee. If it is the accepted practice for a Nominee to collect votes through a VIF, e-mail, or other customary method of communication, the Beneficial Holder shall follow the Nominee's instruction for completing and submitting its vote to the Nominee.  After collecting the Beneficial Holders' votes, the Nominee should, in turn, complete a master ballot (the "**Master Ballot**") compiling the votes and other information from the Beneficial Holders, execute the Master Ballot, and deliver the Master Ballot to Omni through the e-balloting portal or via first class mail so that it is RECEIVED by Omni on or before the Voting Deadline.  All Beneficial Ballots returned by Beneficial Holders should either be forwarded to Omni (along with the Master Ballot) or retained by Nominees for inspection for at least one year from the Voting Deadline. EACH NOMINEE SHOULD ADVISE ITS BENEFICIAL HOLDERS TO RETURN THEIR BENEFICIAL BALLOTS TO THE NOMINEE BY A DATE CALCULATED BY THE NOMINEE TO ALLOW IT TO PREPARE AND RETURN THE MASTER BALLOT TO OMNI SO THAT IT IS RECEIVED BY OMNI ON OR BEFORE THE VOTING DEADLINE.[6]

## G.    Approval of Form of Notices to Executory Contract and Lease Counterparties

56.    The Proposed Plan provides that as of, and subject to, the occurrence of the

Effective Date and the payment of any applicable cure obligation, all executory contracts and

---

[6]    Notwithstanding the foregoing, Nominees are authorized to transmit Solicitation Packages and collect votes to accept or to reject the Proposed Plan from Beneficial Holders in accordance with their customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

WEIL:\97445712\6\54457.0007

unexpired leases to which any of the Debtors are parties, and which have not expired or terminated by their own terms on or before the Effective Date, shall be deemed assumed by the Debtors, except for any executory contract or unexpired lease that (a) is identified on the Schedule of Rejected Contracts and Leases; (b) has been previously rejected in Bankruptcy Court; (c) has been previously assumed or assumed and assigned in Bankruptcy Court; (d) is the subject of a motion to assume or reject that is pending on the Confirmation Date; or (e) is the subject of an Order of the Bankruptcy Court authorizing the Debtors to reject such executory contract or unexpired lease with the effective date of such rejection scheduled for after the Effective Date. *See* Proposed Plan § 8.1(a).

57.    To ensure that counterparties to executory contracts and unexpired leases to be assumed pursuant to the Proposed Plan receive notice of the cure obligation associated with their executory contract or unexpired lease and the potential default treatment of their executory contract or unexpired lease under the Proposed Plan, the Debtors propose to send each such counterparty a Cure Notice, substantially in the form attached as **Exhibit 4** to the Proposed Order, on or before **July 31, 2020**.

## H.    The Voting Deadline

58.    Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims may accept or reject a plan.  The Debtors anticipate substantially completing the mailing of the Solicitation Packages by the Solicitation Date.  The Debtors propose that to be counted as a vote to accept or reject the Proposed Plan, each Ballot must be properly executed, completed, and delivered to the Voting Agent:   (a) by first-class mail, in the return envelope provided with each Ballot or otherwise, (b) by overnight courier, (c) by hand delivery, or (d) electronically submitted via the applicable online balloting portal, in accordance with the with the instructions set forth on the

WEIL:\97445712\6\54457.0007

Ballot, so that it is actually received by the Voting Agent no later than **August 17, 2020 at 4:00 p.m.** (Eastern Time) (the "**Voting Deadline**").  The Debtors believe that the proposed solicitation period is a sufficient period within which claimants can make an informed decision as to whether to accept or reject the Proposed Plan.

## I.    Tabulation Procedures

59.    In addition, the Debtors request that the following procedures apply with respect to tabulating Ballots:

a.    Whenever a claimant casts more than one Ballot voting the same claims before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect the voter's intent, and thus, to supersede any prior Ballot.

b.    Whenever a claimant casts a Ballot that is properly completed, executed, and timely returned to the Voting Agent, but does not indicate either an acceptance or rejection of the Proposed Plan, the Ballot shall not be counted.

c.    Whenever a claimant casts a Ballot that is properly completed, executed, and timely returned to the Voting Agent, but indicates both an acceptance and a rejection of the Proposed Plan, the Ballot shall not be counted.

d.    The following Ballots shall not be counted:

i.    Any Ballot received after the Voting Deadline, unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

ii.    Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

iii.    Any Ballot cast by a person or entity that does not hold a claim in a Voting Class;

iv.    Any Ballot cast by a person who is not entitled to vote, even if such individual holds a claim in a Voting Class;

v.    Any Ballot that does not contain a manual or electronic signature; *provided* that any Ballot cast via the online balloting portals, will be deemed to contain an electronic signature; or

vi.    Any Ballot transmitted to the Voting Agent by means not specifically approved herein.

WEIL:\97445712\6\54457.0007

e. If a party that is entitled to vote has more than one claim within the same class against a Debtor based upon different transactions, the Debtors propose that said party shall be entitled to one vote for numerosity purposes in the aggregate dollar amount of all of said Claims.

60.    In addition to the foregoing generally applicable voting and ballot tabulation procedures, the following procedures shall apply to holders of Claims included in Class 5 who hold their position through a Nominee:

a. if a Beneficial Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or another person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested, must submit proper evidence satisfactory to the Debtors of authority to so act. Authorized signatories should submit the separate Beneficial Ballot of each Beneficial Holder for whom they are voting.

b. any vote returned to a Nominee by a Beneficial Holder (whether transmitted by Beneficial Ballot or other customary means of submitting a vote) will not be counted for purposes of acceptance or rejection of the Plan until such Nominee properly completes and delivers to the Voting Agent a Beneficial Ballot (properly validated) or a Master Ballot casting the vote of such Beneficial Holder;

c. if a Beneficial Holder holds claims in Class 5 through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Ballot and each such Beneficial Holder should execute a separate Beneficial Ballot for each block of claims in Class 5 that it holds through any Nominee and must return each such Beneficial Ballot to the appropriate Nominee;

d. votes cast by Beneficial Holders through Nominees will be applied to the applicable positions held by such Nominees in Class 5, as of the Voting Record Date, as evidenced by the applicable securities position report(s) obtained by the Debtors. Votes submitted by a Nominee pursuant to a Master Ballot will not be counted in excess of the amount of such Claims held by such Nominee as of the Voting Record Date;

e. if conflicting votes or "over-votes" are submitted by a Nominee pursuant to a Master Ballot, the Debtors will use reasonable efforts to reconcile this discrepancy with such Nominee. If over-votes on a Master Ballot are not reconciled before the preparation of the Voting Certification, the Debtors shall apply the votes to accept and to reject the Proposed Plan submitted on such Master Ballot in the same proportion as indicated on the Master Ballot, but only to the extent of the Nominee's position;

f. for purposes of tabulating votes, each Nominee or Beneficial Holder will be deemed to have voted the principal amount of its Claims in Class 5, although any principal

27

amounts may be adjusted by Omni to reflect the amount of the Claim actually voted, including prepetition interest;

g. a single Nominee may complete and deliver to Omni multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots submitted by the same Nominee are inconsistent, the latest valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot.  Likewise, if a Beneficial Holder submits more than one vote to its Nominee whether via Beneficial Holder Ballot or other acceptable voting method; (i) the latest received vote before the submission deadline imposed by the Nominee shall be deemed to supersede any prior Beneficial Ballot submitted by the Beneficial Holder; and (ii) the Nominee shall complete the Master Ballot accordingly; and

h. the Debtors will, upon written request, reimburse Nominees for customary mailing and handling expenses incurred by them in forwarding the Solicitation Package and Beneficial Ballot to the Beneficial Holders for which they are the Nominee.  No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes from Beneficial Holders with respect to the Proposed Plan.

61.    The Debtors propose, subject to a contrary order of the Court, that they may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the voting report.

62.    The Debtors propose that any class that contains claims entitled to vote but for which no valid votes are returned be deemed to have accepted the Proposed Plan.

63.    With respect to transfers of claims filed pursuant to Bankruptcy Rule 3001, the Debtors propose that the holder of a claim as of the Voting Record Date shall be the transferor of such claim and entitled to cast the Ballot with respect to that claim unless the documentation evidencing such transfer was docketed by the Court on or before 21 days before the Voting Record Date and no timely objection with respect to such transfer was filed by the transferor.

64.    To assist in the solicitation process, the Debtors request that the Court grant the Voting Agent the authority, but not direct, to contact parties that submit incomplete or otherwise deficient Ballots to cure such deficiencies.

## **Confirmation**

### A.    **The Confirmation Hearing**

65.    Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall . . . fix a date for the hearing on confirmation" of a debtor's chapter 11 plan.  Fed. R. Bankr. P. 3017(c).  Pursuant to Bankruptcy Rule 2002(b), creditors must receive at least 28 days' notice of a confirmation hearing.  In accordance with these rules, and in view of the Debtors' proposed solicitation schedule outlined herein, the Debtors request that the Confirmation Hearing be scheduled for **August 25, 2020 at 10:00 a.m. (Eastern Time)**, or on such date and time approved by the Court.  The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.  The Debtors request that the Court find that the proposed date for the Confirmation Hearing is in compliance with the Bankruptcy Rules and the Local Rules, and will enable the Debtors to pursue confirmation of the Proposed Plan in a timely fashion.

### B.    **Objection Procedures**

66.    Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Fed. R. Bankr. P. 3020(b)(1). Bankruptcy Rule 2002(b) provides that parties must receive at least twenty-eight (28) days' notice of the deadline for filing objections to confirmation.  In accordance with these rules, and in view of the Debtors' proposed solicitation schedule outlined herein, the Debtors propose **August 17, 2020 at 4:00 p.m.** (Eastern Time) as the Plan Objection Deadline (*i.e.*, the deadline to object or respond to confirmation of the Proposed Plan).

67.    The Debtors request that objections and responses, if any, to confirmation of the Proposed Plan:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules;

29

(c) set forth the name of the objecting party and the nature and amount of claims and interests held

or asserted by the objecting party against the Debtors' Estates or property; (d) provide the basis

for the objection and the specific grounds thereof; and (e) be filed, together with proof of service.

68.     The Debtors further request that registered users of the Court's case filing

system be required to file their objections and responses electronically and that all other parties in

interest be required to file their objections and responses in writing with the United States

Bankruptcy Court Clerk's Office, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219

to the attention of the chambers of the Honorable Keith L. Phillips, United States Bankruptcy

Judge.

69.     Additionally, any objection or response is required to be served upon and

received by the Notice Parties no later than the Plan Objection Deadline.

70.     The Debtors believe that, if there are objections to confirmation, it will

assist the Court and may expedite the Confirmation Hearing if the Debtors reply to any such

objections.  Accordingly, the Debtors request that they and any other party in interest that desires

to file a statement in support of confirmation or in reply to any objections thereto be authorized to

file and serve a reply to any such objections on **August 24, 2020 at 12:00 p.m.** (Eastern Time).

The Debtors also request that the Court authorize them to file and serve a brief in support of

confirmation of the Proposed Plan (a "**Confirmation Brief**") and replies to any objections to the

Proposed Plan no later than **August 24, 2020 at 12:00 p.m.** (Eastern Time).

71.     The Debtors respectfully request that the Court approve the procedures for

filing objections to the Proposed Plan and replies thereto and find that such procedures comply

with Bankruptcy Rules 2002, 3017, and 3020.

WEIL:\97445712\6\54457.0007

C.      **Confirmation Hearing Notice**

72.      Pursuant to Bankruptcy Rule 3017(d), notice of a plan confirmation objection deadline and hearing must be provided to all creditors and equity security holders in accordance with Bankruptcy Rule 2002.  Bankruptcy Rules 2002(b) and (d) require notice to all creditors, indenture trustees, and equity security holders of the time set for filing objections to, and the hearing to consider confirmation of a plan.

73.      In accordance with the foregoing, by no later than the Solicitation Date, as a part of the Solicitation Packages, the Debtors propose to provide to all applicable holders of claims and interests a copy of the Confirmation Hearing Notice setting forth (a) the Voting Deadline, (b) the Plan Objection Deadline and procedures for filing objections and responses to confirmation of the Proposed Plan, and (c) the time, date, and place for the Confirmation Hearing. In addition, Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement notice."  Fed. R. Bankr. P. 2002(*l*).  The Debtors propose to publish the Confirmation Hearing Publication Notice, containing substantially similar information as the Confirmation Hearing Notice with any necessary modifications for ease of publication, once in the national editions of each of *The New York Times, USA Today*, or another nationally recognized publication, as well as other local newspapers at the discretion of the Debtors.

74.      The foregoing notice procedures comply with the notice requirements under Bankruptcy Rules 3017(d) and 2002(b) and (d).  Accordingly, the Debtors request that the Court find that such notice is due and proper and no further notice is necessary.

## <u>Notice</u>

75.      Notice of this Motion will be provided in accordance with the procedures set forth in the *Order Establishing Certain Notice, Case Management and Administrative*

WEIL:\97445712\6\54457.0007

*Procedures* [Docket No. 109] (the "**Case Management Order**").  The Debtors believe that no further notice is required under the circumstances.

       76.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

       WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 11, 2020
      Richmond, Virginia

                    */s/  Henry P. (Toby) Long, III*
                    HUNTON ANDREWS KURTH LLP
                    Tyler P. Brown (VSB No. 28072)
                    Henry P. (Toby) Long, III (VSB No. 75134)
                    Nathan Kramer (VSB No. 87720)
                    Riverfront Plaza, East Tower
                    951 East Byrd Street
                    Richmond, Virginia 23219
                    Telephone:  (804) 788-8200
                    Facsimile:   (804) 788-8218

                    -and-

                    WEIL, GOTSHAL & MANGES LLP
                    Ray C. Schrock, P.C. (admitted *pro hac vice*)
                    Ryan Preston Dahl (admitted *pro hac vice*)
                    Candace M. Arthur (admitted *pro hac vice*)
                    Daniel Gwen (admitted *pro hac vice*)
                    767 Fifth Avenue
                    New York, New York  10153
                    Telephone:  (212) 310-8000
                    Facsimile:  (212) 310-8007

                    *Attorneys for Debtors and Debtors in Possession*

32

## Exhibit A

**Proposed Order**

**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

*Attorneys for Debtors and Debtors in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

</div>

------------------------------------------------------------ x

|                          |   |                          |
|--------------------------|---|--------------------------|
| **In re**                | : | **Chapter 11**           |
|                          | : |                          |
| **CHINOS HOLDINGS, INC.,** *et al.*, | : | **Case No. 20–32181 (KLP)** |
|                          | : |                          |
| **Debtors.**[1]          | : | **(Jointly Administered)** |
|                          | : |                          |

------------------------------------------------------------ x

<div align="center">

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT
AND THE FORM AND MANNER OF THE NOTICE OF THE
DISCLOSURE STATEMENT HEARING, (II) ESTABLISHING
SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING
CONFIRMATION HEARING, (IV) ESTABLISHING NOTICE AND
OBJECTION PROCEDURES FOR CONFIRMATION OF THE
DEBTORS' PLAN, AND (V) GRANTING RELATED RELIEF**

</div>

---

[1]   The Debtors  in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

Upon the motion (the "**Motion**")[2] of Chinos Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order (a) approving the proposed disclosure statement [Docket No. 469] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)*, filed on June 11, 2020 [Docket No. 468] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as contemplated by the Bankruptcy Code and the form and manner of the notice of the hearing to consider the Disclosure Statement; (b) establishing solicitation and voting procedures; (c) scheduling the Confirmation Hearing (as defined below); (d) establishing notice and objection procedures with respect to confirmation of the Plan, and (e) granting related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference* from the United States District Court for the Eastern District of Virginia, dated July 10, 1984; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Disclosure Statement Hearing Notice having been filed on May 19, 2020 [Docket No. 259] and served as set forth in the *Affidavit of Service* [Docket No. 401]; and due and proper notice of the Motion having been provided under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held the

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

2

Disclosure Statement Hearing to consider the relief requested in the Motion; and upon the record

of the Disclosure Statement Hearing and the proceedings had before this Court; and all objections

to the Motion having been withdrawn, resolved, or overruled; and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor,

<p align="center">**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]</p>

A.    <u>Notice of the Disclosure Statement Hearing and Disclosure Statement</u>

<u>Objection Deadline</u>.  The Disclosure Statement Hearing Notice filed by the Debtors on May 19,

2020 [Docket No. 259] and served upon parties in interest in these chapter 11 cases on May 20,

2020 as set forth in the *Affidavit of Service* [Docket No. 414], constitutes adequate and sufficient

notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy

of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the

time fixed for filing objections thereto, in satisfaction of the requirements of the applicable

provisions of the Bankruptcy Code and the Bankruptcy Rules.  No other or further notice is

required.

B.    <u>The Disclosure Statement</u>.  The Disclosure Statement contains adequate

information within the meaning of section 1125 of the Bankruptcy Code.

C.    <u>Balloting and Voting Procedures</u>.  The procedures set forth herein and in

the Ballots (as defined herein) for the solicitation and tabulation of votes to accept or reject the

---

[3]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

<p align="center">3</p>

Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

        D.    <u>Ballots</u>.  The ballots substantially in the form annexed hereto as **<u>Schedules 2-A</u>**, **<u>2-B</u>**, and **<u>2-C</u>** (the "**Ballots**"), including all voting instructions provided therein, are consistent with Official Bankruptcy Form No. B 314, address the particular needs of these chapter 11 cases and provides adequate information and instructions for each individual entitled to vote to accept or reject the Plan.  No further information or instructions are necessary with respect to the Ballots.

        E.    <u>Parties Entitled to Vote</u>.  Pursuant to the Plan, holders of claims in Class 4 (Term Loan Secured Claims), Class 5 (IPCo Notes Claims), Class 6-A (Ongoing Trade Claims), and Class 6-B (Other General Unsecured Claims) are entitled to vote on account of such claims.

        F.    <u>Parties Not Entitled to Vote</u>.  Holders of claims and interests in Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), Class 3 (ABL Facility Claims), Class 7 (Intercompany Claims), and Class 9 (Intercompany Interests) are unimpaired and, accordingly, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan and are not entitled to vote on account of such Claims.  Further, the holders of claims and interests Class 8 (Section 510(b) Claims), Class 10-A (Existing Holdings Preferred Equity) and Class 10-B (Existing Holdings Equity) are Impaired and are conclusively deemed to have rejected the Plan, and accordingly, pursuant to section 1126(g) of the Bankruptcy Code such holders are not entitled to vote on account of such Interests and Claims.

        G.    <u>Solicitation Packages and Distribution Procedures</u>.  The proposed distribution and contents of the Solicitation Packages comply with section 1126 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties

WEIL 97510565V.2

Case 20-32181-KLP    Doc 471    Filed 06/11/20    Entered 06/11/20 21:01:37    Desc Main
Document    Page 38 of 134

of the Voting Record Date, Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and other related matters.

H.     <u>Solicitation Period</u>.  The period during which the Debtors may solicit votes to accept or reject the Plan established herein is a reasonable and sufficient period of time for the Voting Classes to make an informed decision regarding whether to accept or reject the Plan and timely return Ballots evidencing such decision.

I.     <u>Notice of Confirmation Hearing and Plan Objection Deadline</u>.  The procedures set forth in the Motion regarding notice to all parties of the time, date, and place of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") and for filing objections or responses to the Plan, provide due, proper, and adequate notice, comport with due process and comply with Bankruptcy Rules 2002 and 3017.  No further notice is required.

J.     <u>Notice</u>.  All other notices to be provided pursuant to the procedures set forth in the Motion are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing.  No further notice is required.

K.     <u>Relief is Warranted</u>.  The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.     The Motion is granted as set forth herein.

2.     All objections to the relief granted herein that have not been withdrawn with prejudice, waived, or settled, and all reservations of rights included in such objections, hereby are overruled and denied on the merits with prejudice.

WEIL 97510565V.2

## Disclosure Statement

3.      The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is **APPROVED**.

4.      The form and manner of the Disclosure Statement Hearing Notice complied with all applicable Bankruptcy Rules and Local Rules.

5.      The Disclosure Statement (including all applicable exhibits thereto) provides sufficient notice of the injunction, exculpation, and release provisions contained in Article X of the Plan, in accordance with Bankruptcy Rule 3016(c).

## Solicitation and Confirmation Schedule

6.      The following dates are approved in connection with solicitation and confirmation of the Plan:

| Event | Date[4] |
|---|---|
| Disclosure Statement Objection Deadline | June 18, 2020 at 4:00 p.m. |
| Deadline to file Reply to Disclosure Statement Objections | June 24, 2020 at 12:00 p.m. |
| Disclosure Statement Hearing | June 25, 2020 at 11:00 a.m. |
| Voting Record Date | July 15, 2020 |
| Solicitation Date and Distribution of Confirmation Hearing Notice | No later than July 17, 2020 |
| Cure Notice Filing Date | No later than July 31, 2020 |
| Rule 3018 Motion Filing Deadline | August 6, 2020 at 4:00 p.m. |
| Plan Supplement Filing Deadline | August 12, 2020 at 11:59 p.m. |
| Cure Objection Deadline and 3018 Motion Objection Deadline | August 13, 2020 at 4:00 p.m. |
| Voting Deadline and Release Opt Out Deadline | August 17, 2020 at 4:00 p.m. |
| Plan Objection Deadline | August 17, 2020 at 4:00 p.m. |
| August Omnibus Hearing to Consider Any 3018 Motions and Cure Objections | August 20, 2020 at 11:00 a.m. |
| Deadline to File (a) Confirmation Brief, (b) Replies to Plan Objections, (c) Declarations in Support of Confirmation, and (iv) Voting Certification | August 24, 2020 at 12:00 p.m. |

---

[4]     All times referenced in this Order are to Eastern Time.

WEIL 97510565V.2

| Confirmation Hearing | August 25, 2020 at 10:00 a.m. |

## **Solicitation and Voting Procedures**

### *The Voting Record Date*

7.     Only holders of claims as of the Voting Record Date shall be entitled to vote to accept or reject the Plan.  With respect to transfers of claims filed pursuant to Bankruptcy Rule 3001, the holder of a claim as of the Voting Record Date shall be the transferor of such claim and entitled to cast the Ballot or Class Ballot with respect to that claim unless the documentation evidencing such transfer was docketed by the Court at least **21 days** before the Voting Record Date and no timely objection with respect to such transfer was filed by the transferor.

### *Solicitation Packages*

8.     The Solicitation Packages are **APPROVED**.

9.     The Debtors shall mail the Solicitation Packages as soon as practicable after the occurrence of both (a) the General Bar Date and (b) entry of this Order (the "**Solicitation Date**"), to the U.S. Trustee and the holders of claims and interests as of the Voting Record Date, as required by Bankruptcy Rule 3017(d).

10.     Solicitation Packages shall contain:

(a)     If the recipient is in a Voting Class and is entitled to vote on the Proposed Plan, (i) this Order (without exhibits), (ii) the Confirmation Hearing Notice, (iii) a Ballot for such holder, (iv) a postage-prepaid, pre-addressed return envelope, and (v) instructions for accessing the Disclosure Statement, which will include the Proposed Plan as an attachment, and the Proposed Plan, as independently filed, each from the Debtors' restructuring website; and

(b)     If the recipient is a Non-Voting Claimant, or is not otherwise entitled to vote on the Proposed Plan, (i) the Confirmation Hearing Notice, (ii) the applicable Notice of Non-Voting Status, (iii) the Opt Out Election Form, and (iv) instructions for accessing the Disclosure Statement, which will include the Proposed Plan as an attachment, and the Proposed Plan, as independently filed, each from the Debtors' restructuring website.

7

11.     Any party entitled to receive a copy of the Proposed Plan and Disclosure Statement may request a copy of the Disclosure Statement (and attachments) either in electronic format or paper format by email or by written request. Upon receipt of such request, the Debtors will promptly provide such parties with a copy of the Plan and the Disclosure Statement at no cost to the requesting party.

12.     The Debtors shall not be required to send Solicitation Packages to holders of claims that have already been paid in full; provided, however, that if any such claim holder would be entitled to receive a Solicitation Package for any other reason, the Debtors shall send such claim holder a Solicitation Package in accordance with the procedures set forth in the Motion.

13.     With respect to addresses from which the Debtors have received mailings returned as undeliverable, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before the Voting Deadline, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017.

### *Ballots*

14.     The Ballots, substantially in the form attached hereto as **Exhibit 2-A**, **2-B**, and **2-C** are **APPROVED**.

15.     The Debtors are authorized to make non-substantive changes to the Ballots and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Ballots and any other materials in the Solicitation Packages before mailing.

8

16. The Voting Deadline may be extended by the Debtors (a) by written (including by email) notice to such holder or (b) for the entire Voting Class by notice filed by the Debtors in these chapter 11 cases.

17. All Ballots must be properly executed, completed, and delivered to Omni by first-class mail, overnight courier, or hand delivery so that they are **actually received** by Omni no later than the Voting Deadline.  In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors are authorized to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal on the Debtors' case website to be maintained by Omni (the "**E- Ballot Portal**").  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot Portal (which allows a holder to submit an electronic signature).  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  For the avoidance of doubt, holders may only cast Ballots electronically via the E-Ballot Portal.  Ballots submitted by email, facsimile, or any other means of electronic submission not specifically authorized by the solicitation procedures shall not be counted.

### *Non-Voting Status Notices and Opt Out Election Form*

18. The Non-Voting Status Notices attached hereto as **Exhibits 3-A**, **3-B** and **3-C**, and the form attached to such notices as **Exhibit A** (the "**Opt Out Election Form**"), allowing members of Non-Voting Classes to opt out of certain third party release provisions, are **APPROVED**.

19. The Debtors will mail to holders of claims in Classes 1, 2, and 3 the Confirmation Hearing Notice and the Notice of Non-Voting Status – Unimpaired Claims in lieu

9

of a Solicitation Package.  The Debtors will mail to holders of claims or interests in Classes 8, 10-A and 10-B the Confirmation Hearing Notice and the applicable Notice of Non-Voting Status – Impaired in lieu of a Solicitation Package.  Each Notice of Non-Voting Status will provide (a) notice of the approval of the Disclosure Statement, (b) notice of the filing of the Proposed Plan, (c) notice of the holder's non-voting status, (d) information on how to obtain copies of the Disclosure Statement and Proposed Plan, and (e) an Opt Out Election Form attached as an exhibit to each Notice of Non-Voting Status.

20.     Furthermore, the Debtors will send the Notice of Non-Voting Status – Disputed Claims to the holders of claims that are subject to a pending objection by the Debtors and are not entitled to vote the disputed portion of their claim.

21.     In addition to accepting paper Opt Out Election Forms from members of the Non-Voting Classes, the Debtors are authorized to accept Opt Out Election Forms electronically through the Debtors' restructuring website.  Instructions for the electronic online transmission of Opt Out Election Forms are set forth on each Opt Out Election Form as attached to the applicable Non-Voting Status Notices.

### *Notices to Executory Contract and Unexpired Lease Counterparties*

22.     The form of Cure Notice annexed hereto as **<u>Exhibit 4</u>** is **APPROVED**.

23.     The Debtors are not required to distribute copies of the Proposed Plan or the Disclosure Statement to any party to an executory contract or unexpired lease who holds a claim that is not allowed, filed, or scheduled.

### *Tabulation*

24.     The following tabulation procedures are **APPROVED**.

25.     If applicable, solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice

WEIL 97510565V.2

to the rights of the Debtors in any other context, each claim within the Voting Classes will be temporarily allowed in an amount equal to the liquidated, non-contingent, and undisputed amount of such claim set forth in the Schedules or proof of claim, as applicable

26.    The foregoing general procedures will be subject to the following exceptions:

(a)    If a claim is deemed Allowed under the Proposed Plan, such claim is allowed for voting purposes in the deemed Allowed amount set forth in the Proposed Plan;

(b)    If a proof of claim was timely filed in an amount that is wholly liquidated, non-contingent, and undisputed such claim is temporarily allowed for voting purposes only in the amount set forth on the proof of claim, unless such claim is disputed as set forth in subparagraph (i) below;

(c)    If a claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, or disputed (based on the face of such proof of claim or as determined upon the review of the Debtors or the Voting Agent), such claim is accorded one vote and valued at $1.00 for voting purposes only, and not for purposes of allowance or distribution, unless such claim is disputed as set forth in subparagraph (i) below;

(d)    If a claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed, unless such claim is disputed as set forth in subparagraph (i) below;

(e)    If a claim has been estimated or otherwise allowed for voting purposes by order of this Court by the Voting Record Date, such claim is temporarily allowed in the amount so estimated or allowed by this court for voting purposes only;

(f)    Any claimant who has filed or purchased duplicate claims within the same class will be provided with only one Solicitation Package (as defined below) and one Ballot for voting a single claim in such class (based on the reasonable efforts of the Debtors), regardless of whether the Debtors have objected to such duplicate claim;

(g)    Each entity that holds or has filed more than one non-duplicative claim within a particular class shall be treated as if such entity has only one claim in such class in the aggregate dollar amount of such claims;

11

(h)      If a proof of claim has been amended by a later proof of claim that is filed on or before the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules; and

(i)      If the Debtors have filed an objection to or a request for estimation of a claim on or before the Voting Deadline (such claim, a "**Disputed Claim**"), such Disputed Claim is temporarily disallowed, except as ordered by the Court, including pursuant to an order on any Rule 3018 Motion (as described below) filed regarding such claim; *provided* that if the Debtors' objection seeks to reclassify or reduce the allowed amount of such claim, then such claim is temporarily allowed for voting purposes in the reduced amount or as reclassified, except as may be otherwise ordered by this Court.

27.      If any claimant seeks to challenge the allowance of its claim for voting purposes, such claimant must file a motion with the Bankruptcy Court by the deadline set forth herein for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for voting purposes in a different amount (a "**Rule 3018 Motion**").  Upon entry of an Order resolving a Rule 3018 Motion, the Debtors will direct the Voting Agent to provide such claimant with a Ballot and that such Ballot be counted in accordance with the above-designated guidelines (or as otherwise agreed to by the Debtors and such claimant), unless temporarily allowed in a different amount by an order of the Court entered before or concurrent with entry of an order confirming the Proposed Plan.

28.      Any Ballot that is properly completed, executed, and timely returned to Omni but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, shall not be counted.

29.      Creditors must vote all of their claims within the Voting Classes, either to accept or reject the Plan, and may not split their votes.

30.    A Ballot that partially rejects and partially accepts the Plan shall not be counted.

31.    The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:  (a) any Ballot received after the Voting Deadline unless the Debtors have granted in writing an extension of the Voting Deadline with respect to such Ballot; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the claim holder; (c) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (d) any Ballot that is unsigned or without an original signature; provided, however, for the avoidance of doubt, a Ballot submitted via Omni's E-Ballot Portal shall be deemed to contain an original signature; and (e) any Ballot transmitted to Omni by facsimile, electronic transmission, or other electronic means (other than via the E-Ballot Portal).

32.    Nothing in this Order shall affect or limit any party's rights to object to any proof of claim or Rule 3018(a) Motion.

### Nominees and Beneficial Holders

33.    With respect to claims in Class 5 arising under or related to the IPCo Indentures held by brokers, banks, commercial banks, trust companies, dealers, or other agents or nominees (collectively, the "**Nominees**") in "street name" on behalf of the underlying beneficial holders (the "**Beneficial Holders**"), solely for voting purposes, the voting amounts of those claims shall be the amounts set forth on the books and records of the applicable Nominee as of the Voting Record Date as evidenced by the securities position report from the Depository Trust Company ("**DTC**").  The applicable indenture trustee shall provide a register of registered holders in

13

electronic Microsoft Excel format to the Debtors no later than one business day after the Voting Record Date.

34.    Once the Voting Record Date has passed, the Debtors will cause to be distributed to each Nominee reasonably sufficient numbers of Solicitation Packages, including sufficient Beneficial Ballots (the "**Beneficial Ballots**"), to distribute via first class mail to the Beneficial Holders as of the Voting Record Date for whom such Nominee acts.  The Debtors will also cause a Master Ballot (as defined below) to be distributed to each Nominee for use in tabulating votes cast on Beneficial Ballots submitted to such Nominee.  If it is a Nominee's customary and accepted practice to forward the solicitation information to (and collect votes from) Beneficial Holders by voter information form ("**VIF**"), e-mail, telephone or other customary means of communication, the Nominee may employ that method of communication in lieu of sending the paper Beneficial Ballot or paper Solicitation Package.

35.    Nominees, upon receipt of the Solicitation Packages, shall promptly distribute such Solicitation Packages including Beneficial Ballots (or a summary thereof) to Beneficial Holders using one of the following two methods (to be selected by the Nominee) within five business days of receipt of the Solicitation Packages:

a.    **Pre-Validated Ballots**: The Nominee may "pre-validate" a Beneficial Ballot by (i) signing the Beneficial Ballot; (ii) indicating on the Beneficial Ballot the amount and the account number of the claims held by the Nominee for the Beneficial Holder; and (iii) forwarding such Beneficial Ballot, together with the Disclosure Statement, a pre-addressed, postage-paid return envelope addressed to, and provided by, Omni, and other materials requested to be forwarded, to the Beneficial Holder for voting.  The Beneficial Holder must then fill in the information requested in the Beneficial Ballot, and return the Beneficial Ballot directly to Omni in the pre-addressed, postage-paid return envelope so that it is RECEIVED by Omni on or before the Voting Deadline.  A list of the Beneficial Holders to whom "pre-validated" Beneficial Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Voting Deadline.

14

b. **Master Ballots**: If the Nominee elects not to pre-validate Beneficial Ballots, the Nominee may obtain the votes of Beneficial Holders by forwarding to the Beneficial Holders the unsigned Beneficial Ballots by VIF, e-mail, or other customary method of collecting votes from a Beneficial Holder, together with the Disclosure Statement, a pre-addressed, postage-paid return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded. Each such Beneficial Holder must then indicate his, her, or its vote on the Beneficial Ballot, fill in the information requested on the Beneficial Ballot, review the certifications contained on the Beneficial Ballot, execute the Beneficial Ballot, and return the Beneficial Ballot to the Nominee. If it is the accepted practice for a Nominee to collect votes through a VIF, e-mail, or other customary method of communication, the Beneficial Holder shall follow the Nominee's instruction for completing and submitting its vote to the Nominee. After collecting the Beneficial Holders' votes, the Nominee should, in turn, complete a master ballot (the "**Master Ballot**") compiling the votes and other information from the Beneficial Holders, execute the Master Ballot, and deliver the Master Ballot to Omni through the e-balloting portal or via first class mail so that it is RECEIVED by Omni on or before the Voting Deadline. All Beneficial Ballots returned by Beneficial Holders should either be forwarded to Omni (along with the Master Ballot) or retained by Nominees for inspection for at least one year from the Voting Deadline. EACH NOMINEE SHOULD ADVISE ITS BENEFICIAL HOLDERS TO RETURN THEIR BENEFICIAL BALLOTS TO THE NOMINEE BY A DATE CALCULATED BY THE NOMINEE TO ALLOW IT TO PREPARE AND RETURN THE MASTER BALLOT TO OMNI SO THAT IT IS RECEIVED BY OMNI ON OR BEFORE THE VOTING DEADLINE.[5]

## Confirmation

### *Confirmation Hearing*

36.    The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice, including adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

---

[5]    Notwithstanding the foregoing, Nominees are authorized to transmit Solicitation Packages and collect votes to accept or to reject the Proposed Plan from Beneficial Holders in accordance with their customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

WEIL 97510565V.2

### *Notice of Confirmation Hearing*

37.      The Confirmation Hearing Notice substantially in the form attached hereto as **Exhibit 1** is **APPROVED**.

38.      The Confirmation Hearing Notice provides due, proper, and adequate notice, comports with due process and complies with Bankruptcy Rules 2002 and 3017.

39.      All parties in interest shall receive or be deemed to have received good and sufficient notice of (a) the Motion and (b) the Confirmation Hearing, and no further notice of the foregoing shall be required, if, as soon as reasonably practicable, but no later than the Solicitation Date, the Debtors shall cause the Confirmation Hearing Notice to be filed with the Court and served by email, mail, facsimile, or overnight delivery upon all parties required to be noticed pursuant to Bankruptcy Rules 2002 and 3017.

40.      The Debtors shall publish the Publication Notice in the national editions of *The New York Times*, *USA Today*, or such other nationally recognized publication, and shall be authorized (but not required) to publish the Publication Notice in such other publications of general circulation as the Debtors shall determine.

### *Objections to Confirmation*

41.      Objections and responses, if any, to confirmation of the Plan, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objecting party and the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' Estates or property; (d) provide the basis for the objection and the specific grounds thereof; and (e) be filed, together with proof of service.

42.      Registered users of the Court's case filing system shall be required to file their objections and responses electronically and that all other parties in interest be required to file their objections and responses in writing with the United States Bankruptcy Court Clerk's Office,

WEIL 97510565V.2

701 East Broad Street, Suite 4000, Richmond, Virginia 23219 to the attention of the chambers of

the Honorable Keith L. Phillips, United States Bankruptcy Judge.

43.    Additionally, any objection or response is required to be served upon and

received by the Notice Parties no later than the Plan Objection Deadline.  The Notice Parties shall

include:

| | |
|---|---|
| ***Counsel to the Debtors***<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn:   Ray C. Schrock, P.C.<br>          Ryan Preston Dahl<br>          Candace M. Arthur<br>          Daniel Gwen<br>Email: Ray.Schrock@weil.com<br>          Ryan.Dahl@weil.com<br>          Candace.Arthur@weil.com<br>          Daniel.Gwen@weil.com | ***Co-Counsel to the Debtors***<br>Hunton Andrews Kurth LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia 23219<br>Attn:   Tyler P. Brown<br>          Henry P. (Toby) Long, III<br>          Nathan Kramer<br>Email: tpbrown@hunton.com<br>          hlong@hunton.com<br>          nkramer@hunton.com |
| ***Proposed Counsel to the Creditors'***<br>***Committee***<br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn:   Robert J. Feinstein<br>          Bradford J. Sandler, Esq.<br>          Shirley S. Cho, Esq.<br>Email: rfeinstein@pszjlaw.com<br>          bsandler@pszjlaw.com<br>          scho@pszjlaw.com | ***Proposed Co-Counsel to the Creditors'***<br>***Committee***<br>Hirschler Fleischer, P.C<br>The Edgeworth Building<br>2100 East Cary Street<br>Richmond, Virginia 23223<br>Attn:   Robert S. Westermann<br>Email: rwestermann@hf-law.com |
| ***Office of the U.S. Trustee***<br>Office of the U.S. Trustee for the Eastern<br>District of Virginia, Richmond Division<br>701 East Broad Street, Suite 4304<br>Richmond, Virginia  23219<br>Attn: Kenneth N. Whitehurst, III<br><br>Email: USTPRegion04.RH.ECF@usdoj.gov | |

44.    Objections to confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above may not be considered unless otherwise agreed by the Debtors or determined by the Court.

## General Provisions

45.    The Debtors are authorized to adjourn or extend any deadline or date herein as to any particular party, other than the date of the Confirmation Hearing, in its discretion and as to all affected parties pursuant to a notice filed on the docket.

46.    The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Proposed Plan, the Solicitation Packages, and related documents without further order of the Bankruptcy Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Proposed Plan, and any other materials in the Solicitation Packages before mailing.

47.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

48.    The Debtors are authorized to take all reasonable steps necessary or appropriate to carry out this Order.

49.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2020
        Richmond, Virginia

_____
UNITED STATES BANKRUPTCY JUDGE

18

## Exhibit 1

**Confirmation Hearing Notice**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

---------------------------------------------------------- x
                                  :

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **CHINOS HOLDINGS, INC.,** *et al.,* | : | **Case No. 20–32181 (KLP)** |
|  | : |  |
| **Debtors.**[1] | : | **(Jointly Administered)** |
|  | : |  |

---------------------------------------------------------- x

### NOTICE OF CONFIRMATION HEARING FOR PROPOSED PLAN OF CHINOS HOLDINGS, INC. AND ITS AFFILIATED DEBTORS

     **PLEASE TAKE NOTICE THAT** on [_____], 2020, the Bankruptcy Court entered an order [Docket No. [__]] (the "**Solicitation Order**"): (i) approving the *Disclosure Statement for Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 469] (as may be amended, modified, or supplemented, the "**Disclosure Statement**") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (ii) establishing the Voting Deadline and other dates; (iii) approving procedures for filing objections to the Proposed Plan; and (iv) scheduling a hearing to consider confirmation of the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 468] (as may be amended, modified, or supplemented the "**Proposed Plan**").

     **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Solicitation Order, the Bankruptcy Court approved the following dates and deadlines:

| Event | Proposed Date[2] |
|---|---|
| Disclosure Statement Objection Deadline | June 18, 2020 at 4:00 p.m. |
| Deadline to file Reply to Disclosure Statement Objections | June 24, 2020 at 12:00 p.m. |
| Disclosure Statement Hearing | June 25, 2020 at 11:00 a.m. |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]   Unless otherwise stated, all times referenced in this Motion are to Eastern Time.

| | |
|---|---|
| Voting Record Date | July 15, 2020 |
| Solicitation Date and Distribution of Confirmation Hearing Notice | No later than July 17, 2020 |
| Cure Notice Filing Date | No later than July 31, 2020 |
| Rule 3018 Motion Filing Deadline | August 6, 2020 at 4:00 p.m. |
| Plan Supplement Filing Deadline | August 12, 2020 at 11:59 p.m. |
| Cure Objection Deadline and 3018 Motion Objection Deadline | August 13, 2020 at 4:00 p.m. |
| Voting Deadline and Release Opt Out Deadline | August 17, 2020 at 4:00 p.m. |
| Plan Objection Deadline | August 17, 2020 at 4:00 p.m. |
| August Omnibus Hearing to Consider Any 3018 Motions and Cure Objections | August 20, 2020 at 11:00 a.m. |
| Deadline to File (a) Confirmation Brief, (b) Replies to Plan Objections, (c) Declarations in Support of Confirmation, and (iv) Voting Certification | August 24, 2020 at 12:00 p.m. |
| Confirmation Hearing | August 25, 2020 at 10:00 a.m. |

**PLEASE TAKE FURTHER NOTICE** that (i) a hearing to consider confirmation of the Proposed Plan (the "**Confirmation Hearing**") will be held before the Honorable Keith L. Phillips, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**"), 701 East Broad Street, Suite 4000, Richmond, VA 23219, on **August 25, 2020 at 10:00 a.m. (Eastern Time)**, and (ii) the deadline for filing objections to the confirmation of the Proposed Plan is **August 17, 2020 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that in accordance with the Solicitation Order, only certain parties in interest are receiving copies of the Disclosure Statement and the Proposed Plan. Any party in interest wishing to obtain a copy of the Disclosure Statement and the Proposed Plan should contact Omni, the Debtors' claims and solicitation agent, by telephone, Toll Free at (866) 991-8218 (Domestic) or (818) 924-2298 (International); or in writing at Chinos Holdings, Inc. Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; or by email at chinosinquiries@omniagnt.com with a reference to "Chinos Holdings" in the subject line. Interested parties may also review the Proposed Disclosure Statement and the Proposed Plan free of charge at www.omniagentsolutions.com/chinos. In addition, the Disclosure Statement and Proposed Plan are on file with the Bankruptcy Court and may be reviewed by accessing the Bankruptcy Court's website: www.vaeb.uscourts.gov. Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website. A PACER password can be obtained at: www.pacer.psc.uscourts.gov. Copies of the Proposed Disclosure Statement and Proposed Plan may also be examined by interested parties during normal business hours at the office of the Clerk of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** THAT ANY CREDITOR THAT FAILS TO OPT OUT OF THE THIRD-PARTY RELEASES SET FORTH IN SECTION 10.7(c) OF THE

PROPOSED PLAN BY **AUGUST 17, 2020 AT 4:00 P.M. (EASTERN TIME)** USING THE BALLOT OR OPT OUT ELECTION FORM, SHALL BE DEEMED TO HAVE GRANTED SUCH THIRD-PARTY RELEASES.

**PLEASE TAKE FURTHER NOTICE** that, if a holder of a Claim wishes to challenge the allowance or disallowance of a Claim for voting purposes, such person or entity must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Proposed Plan (a "**Rule 3018 Motion**") no later than **4:00 p.m. (Eastern Time) on August 6, 2020** and serve the Rule 3018 Motion in accordance with the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 109]. The Debtors, or any other party in interest, shall have until no later than **4:00 p.m. (Eastern Time) on August 13, 2020** to file and serve any responses to any such Rule 3018 Motion.

**PLEASE TAKE FURTHER NOTICE** that the deadline to vote on the Proposed Plan is **August 17, 2020 at 4:00 p.m.** (Eastern Time) (the "**Voting Deadline**"). The Debtors' solicitation agent, Omni Agent Solutions (the "**Solicitation Agent**" or "**Voting Agent**"), must receive your Ballot by the Voting Deadline, otherwise your vote may not be counted.

**PLEASE TAKE FURTHER NOTICE** that holders of Claims in Class 4 (Term Loan Secured Claims), Class 5 (IPCo Notes Claims), Class 6-A (Ongoing Trade Claims), and Class 6-B (Other General Unsecured Claims), as of July 15, 2020 (the "**Voting Record Date**") are entitled to vote. If you hold such a Claim, you will receive a solicitation package (the "**Solicitation Package**") which shall include copies of (i) the Proposed Plan and the Disclosure Statement (in each case, in electronic format or in paper copy); (ii) the Solicitation Order; (iii) this Notice, (iv) an appropriate Ballot; (v) a pre-addressed stamped return envelope; and (vi) such other materials as the Bankruptcy Court directs. Please review the Ballot and the attached instructions for how to vote on the Proposed Plan. Failure to follow the voting instructions may disqualify your vote.

---

**ARTICLE X OF THE PROPOSED PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PROPOSED PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. FOR YOUR CONVENIENCE, SUCH PROVISIONS ARE SET FORTH ON EXHIBIT 1 HERETO. BELOW IS A SUMMARY OF THE THIRD-PARTY RELEASE PROVISIONS. FOR THE AVOIDANCE OF DOUBT, TO THE EXTENT ANY PROVISION OF THIS NOTICE CONFLICTS WITH THE TERMS OF THE PROPOSED PLAN, THE TERMS OF THE PROPOSED PLAN WILL CONTROL.**

**SUMMARY OF RELEASE PROVISIONS:**

**PURSUANT TO THE PROPOSED PLAN, CERTAIN PARTIES ARE RELEASING THE RELEASED PARTIES, WHICH INCLUDE CERTAIN THIRD PARTIES, FROM CERTAIN CLAIMS AND CAUSES OF ACTION.**

**AS SET FORTH IN THE PROPOSED PLAN, SUCH RELEASING PARTIES INCLUDE OTHER RELEASED PARTIES; THE HOLDERS OF IMPAIRED CLAIMS WHO VOTED TO ACCEPT THE PLAN; THE HOLDERS OF IMPAIRED CLAIMS WHO ABSTAINED FROM**

---

3

**VOTING ON THE PLAN OR VOTED TO REJECT THE PLAN BUT DID NOT OPT-OUT OF THESE RELEASES ON THEIR BALLOTS; THE HOLDERS OF UNIMPAIRED CLAIMS AND INTERESTS IN CLASSES 1, 2, 3, 7, AND 9 THAT ARE PRESUMED TO ACCEPT THE PLAN BUT DO NOT TIMELY OPT-OUT OF THE RELEASES BY COMPLETING A WRITTEN OPT-OUT FORM; THE HOLDERS OF IMPAIRED CLAIMS AND INTERESTS IN CLASSES 8, 10-A, AND 10-B, THAT ARE DEEMED TO REJECT THE PLAN BUT DO NOT TIMELY OPT-OUT OF THE RELEASES BY COMPLETING A WRITTEN OPT-OUT FORM; AND RELATED PARTIES OF THE FOREGOING.**

**ACCORDINGLY, IF THE PROPOSED PLAN IS APPROVED AND YOU DO NOT OPT-OUT, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASES PROVIDED FOR IN THE PROPOSED PLAN EVEN IF YOU (A) DO NOT VOTE IN FAVOR OF THE PROPOSED PLAN AND (B) OBJECT TO THE PROPOSED PLAN.**

**PLEASE TAKE FURTHER NOTICE** that any objection to confirmation of the Proposed Plan must be filed with the Bankruptcy Court **by no later than the Objection Deadline**.

**PLEASE TAKE FURTHER NOTICE THAT IF AN OBJECTION TO CONFIRMATION OF THE PROPOSED PLAN IS NOT FILED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PROPOSED PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in the Bankruptcy Court of such adjournment on the date scheduled for the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.  The Debtors may modify the Proposed Plan, if necessary, before, during, or as a result of the Confirmation Hearing without further notice.

4

Dated: [●], 2020
    Richmond, Virginia

HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

*Attorneys for Debtors and Debtors in Possession*

5

## EXHIBIT 1

### Certain Plan Provisions

**10.6.    Injunction**

          (a)      **Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.**

          (b)      **Except as expressly provided in the Plan, the Confirmation Order, or another order of the Bankruptcy Court or agreed to by the Debtors and a holder of a Claim or Interest, all Entities who have held, hold, or may hold Claims or Interests (whether or not proof of such claims or interests has been filed and whether or not such Entities voted for or against the Plan or abstained from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to the Claims, Interests, and Causes of Action that are extinguished, discharged, or released pursuant to the Plan, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Released Parties or the property of any of the Released Parties, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Released Parties or the property of any of the Released Parties, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Released Parties or the property of any of the Released Parties, (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Released Parties or the property of any of the Released Parties, except as contemplated by the Plan, and (v) acting in any manner that does not conform to or comply with the provisions of the Plan or the Confirmation Order.**

          (c)      **By accepting distributions under the Plan, each holder of an Allowed Claim extinguished, discharged, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including the injunctions set forth in this Section 10.6.**

          (d)      **The injunctions in this Section 10.6 shall extend to any successors of the Debtors and the Reorganized Debtors and their respective property and interests in property.**

**10.7.    Releases**

          (a)      **Releases by Debtors**

          **As of the Effective Date, for good and valuable consideration, on and after the Effective Date, the Released Parties shall be deemed to be conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, their Estates, the Reorganized Debtors, and any Entity seeking to exercise the rights of the foregoing, including any successors to the Debtors or any estate representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, from any and all claims, obligations, rights, suits, judgments, damages, demands, debts, rights, Causes of Action, remedies, losses, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, their Estates, or the Reorganized Debtors,**

6

whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, that the Debtors, their Estates, the Reorganized Debtors, or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, their Estates, the formation, operation, and conduct of the Debtors' businesses, the Chapter 11 Cases, the acquisition, purchase, sale, or rescission of the purchase or sale of any debt or security of the Debtors or the Reorganized Debtors (including the New Equity Allocation and the New Warrants), the subject matter of, or the transactions or events giving rise to, any Claim or Interest, the business or contractual arrangements between the Debtors and any Released Party, the Debtors' restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases (including the restructuring of the IPCo Notes Claims notwithstanding the IPCo Intercreditor Agreement), the DIP Order, the Disclosure Statement, the Transaction Support Agreement, the New Term Loan, the Backstop Commitment, the Backstop Commitment Letter, the Plan, the Plan Supplement and other related agreements, instruments, and documents related to the foregoing (including the Definitive Documents), and the negotiation, formulation, or preparation thereof, the solicitation of votes on the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, including all Claims and Causes of Action under chapter 5 of the Bankruptcy Code or any other Avoidance Actions under the Bankruptcy Code or applicable federal or state law, including any preference or fraudulent transfer Claims or Causes of Action; *provided that* nothing in this release shall be construed to release any post-Effective Date obligations of any Entity under the Plan, the Transaction Support Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

(b)    <u>Consensual Releases by Holders of Claims and Interests</u>

As of the Effective Date, for good and valuable consideration, on and after the Effective Date, each of the Released Parties shall be deemed to be conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by:

    i.   the other Released Parties;

    ii.   the holders of Impaired Claims who voted to accept the Plan;

    iii.   the holders of Impaired Claims who abstained from voting on the Plan or voted to reject the Plan but did not opt-out of these releases on their ballots;

    iv.   the holders of Unimpaired Claims and Interests in Classes 1, 2, 3, 7, and 9 that are presumed to accept the Plan but do not timely opt-out of the releases by completing a written opt-out form; and

    v.   the holders of Impaired Claims and Interests in Classes 8, 10-A, and 10-B, that are deemed to reject the Plan but do not timely opt-out of the releases by completing a written opt-out form;

and with respect to any Entity in the foregoing clauses (i) through (iv), (a) such Entity's predecessors, successors, and assigns, and (b) all Entities entitled to assert Claims through or on behalf of such Entities with respect to the matters to which these releases apply, in each case, from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or

7

fixed, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors and their Estates, the formation, operation, and conduct of the Debtors' businesses, the Chapter 11 Cases, the acquisition, purchase, sale, or rescission of the purchase or sale of any debt or security of the Debtors or the Reorganized Debtors (including the New Equity Allocation and New Warrants), the subject matter of, or the transactions or events giving rise to, any Claim or Interest, the business or contractual arrangements between the Debtors and any Released Party, the Debtors' restructuring (including the restructuring of the IPCo Notes Claims notwithstanding the IPCo Intercreditor Agreement), the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the DIP Order, the Disclosure Statement, the Transaction Support Agreement, the New Term Loan, the Backstop Commitment, the Backstop Commitment Letter, the Plan, the Plan Supplement, and related agreements, instruments, and other documents (including the Definitive Documents), and the negotiation, formulation, or preparation thereof, the solicitation of votes on the Plan, or any other act or omission, in all cases based upon any transaction, agreement, event, or other occurrence taking place on or before the Effective Date, including all Claims and Causes of Action under chapter 5 of the Bankruptcy Code or any other Avoidance Actions under the Bankruptcy Code or applicable federal or state law, including any preference or fraudulent transfer Claims or Causes of Action; *provided* that nothing in this release shall be construed to release any post-Effective Date obligations of any Entity under the Plan, the Transaction Support Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

(c)     Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the compromises memorialized in the releases set forth herein, and shall constitute the Bankruptcy Court's finding that the releases set forth in the Plan are: (a) consensual; (b) essential to the confirmation of the Plan; (c) given in exchange for good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the restructuring and implementing the Plan; (d) a good faith settlement and compromise of the claims released; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; and (g) given and made after due notice and opportunity for hearing.

## 10.8.    Exculpation

Notwithstanding anything herein to the contrary, and to the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, loss, and liability for any claim in connection with or arising out of the administration of the Chapter 11 Cases, the formulation, preparation, and pursuit of the Disclosure Statement, the Transaction Support Agreement, the transactions relating to the Debtors' restructuring, the Plan (including the Plan Supplement), the solicitation of votes for, or confirmation of, the Plan, the funding or consummation of the Plan, the Definitive Documents, or any related agreements, instruments, or other documents, the offer, issuance, and distribution of any securities issued or to be issued pursuant to the Plan, whether or not such distribution occurs following the Effective Date, the occurrence of the Effective Date, negotiations regarding or concerning any of the foregoing, or the administration of the Plan or property to be distributed under the Plan, except for actions determined to constitute gross negligence, willful misconduct, or intentional fraud as determined by a Final Order by a court of competent jurisdiction.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting the Exculpated Parties from liability.

8

## <u>Exhibit 2-A</u>

**Form of Ballot for Voting Classes 4, 6-A, 6-B**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

```
---------------------------------------------------- x
                                                     :
In re                                                :        Chapter 11
                                                     :
CHINOS HOLDINGS, INC., et al.,                       :        Case No. 20–32181 (KLP)
                                                     :
                        Debtors.¹                    :        (Jointly Administered)
                                                     :
---------------------------------------------------- x
```

## BALLOT FOR ACCEPTING OR REJECTING THE
## JOINT PREARRANGED CHAPTER 11 PLAN OF REORGANIZATION
## OF CHINOS HOLDINGS, INC. AND ITS AFFILIATED DEBTORS

---

### CLASS [4, 6-A, and 6-B]

---

### PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT

### THIS BALLOT MUST BE ACTUALLY RECEIVED BY OMNI ON OR BEFORE [__], 2020, BY 5:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE")

---

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent this Ballot to you because our records indicate that you are a holder of a Class [__] Claim, and accordingly, you have the right to vote to accept or reject the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and its Affiliated Debtors (with Technical Changes)* [Docket No. 468] (as may be amended, modified, or supplemented, the "**Plan**").[2]

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement (as defined herein) or the *Order (I) Approving the Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of the Plan, and (V) Granting Related Relief* [Docket No. [●]] (the "**Solicitation Order**"), as applicable, or as the context otherwise requires.

1

Your rights are described in the *Disclosure Statement for Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and its Affiliated Debtors (with Technical Changes)* and all exhibits related thereto [Docket No. 469] (as may be amended, modified, or supplemented, the "**Disclosure Statement**") and the Solicitation Order.  The Disclosure Statement, the Plan, the Solicitation Order, and the Notice of the Confirmation Hearing are included in the Solicitation Package you are receiving with this Ballot.  If you need to obtain additional solicitation materials, you may contact Omni Agent Solutions, the voting agent retained by the Debtors in these chapter 11 cases ("**Omni**"), by: (a) accessing Omni's chapter 11 case website at www.omniagentsolutions.com/chinos; (b) writing to Omni at Chinos Holdings, Inc. Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or (c) by telephone at (866) 991-8218 (Domestic) or (818) 924-2298 (International).  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.vaeb.uscourts.gov.

The Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.  This Ballot may not be used for any purpose other than to (i) vote to accept or reject the Plan and (ii) opt out of the Third Party Release (as defined below).  If you believe you have received this Ballot in error, please contact Omni at the address or telephone number set forth above.

*You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class [__] under the Plan.  If you hold Claims in more than one (1) Class, you will receive a Ballot for each Class in which you are entitled to vote.*

If Omni does not receive your Ballot on or before the Voting Deadline, which is **[_], 2020, at 5:00 p.m. (Eastern Time)**, and if the Voting Deadline is not extended, your vote will not count. **If the Court confirms the Plan, it will bind you regardless of whether you vote.**  You may submit your Ballot through Omni's online electronic balloting portal (the "**E-Balloting Portal**") or by returning this paper Ballot.

**IN LIGHT OF THE DISRUPTIONS IN MAIL SERVICES RESULTING FROM THE COVID-19 PANDEMIC, THE DEBTORS STRONGLY RECOMMENT SUBMISSION OF E-BALLOTS THROUGH THE E-BALLOTING PORTAL TO ENSURE THAT YOUR BALLOT IS RECEIVED BEFORE THE VOTING DEADLINE.**

<div style="border: 1px solid black; padding: 10px;">

### If Submitting Your Vote through the E-Balloting Portal

**Omni will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit www.omniagentsolutions.com/chinos, click on the "E-Ballot" section of the Debtors' website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

   **Unique E-Ballot ID#:_____**

**Omni's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 2 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by Omni on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

### If by First Class Mail:

**Chinos Holdings, Inc. Ballot Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367**

### If by Overnight Courier or Overnight Mail:

**Chinos Holdings, Inc. Ballot Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367**

</div>

**Item 1.  Treatment of Your Class [_____] [_____] Claim.**

Subject to the terms and conditions of the Plan, you will receive the following treatment on account of your Class [_____] [_____] Claim if it is Allowed and the Plan is consummated:

[INSERT APPLICABLE PLAN TREATMENT]

**For additional discussion of your rights and the treatment of your Claim under the Plan, please read the Disclosure Statement and the Plan.**

**Item 2.**  **Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, **[__], 2020**, the undersigned was the holder of a Class [_] Claim in the following principal amount (insert amount in box below) for voting:

Amount of Claim[3]:  $_____

**Item 3.**  **Vote on Plan**

The holder of a Class [_____] Claim set forth in Item 2 votes to (please check one):

| <u>**ACCEPT THE PLAN**</u> | <u>**REJECT THE PLAN**</u> |
|:---:|:---:|
| ☐ | ☐ |

Any Ballot that is executed by the holder of a Claim that indicates both an acceptance and a rejection of the Plan or does not indicate either an acceptance or rejection of the Plan will not be counted.

If no holders of Class [_____] Claims eligible to vote to accept or reject the Plan vote on the Plan, then the Plan will be deemed accepted by Class [_____].

**Item 4.**  **Article X of the Plan provides for the following third party release:**

**On and after the Effective Date, each of the Released Parties shall be deemed to be conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by:**

    i.   **the other Released Parties;**

    ii.  **the holders of Impaired Claims who voted to accept the Plan;**

    iii. **the holders of Impaired Claims who abstained from voting on the Plan or voted to reject the Plan but did not opt-out of these releases on their ballots;**

    iv.  **the holders of Unimpaired Claims and Interests in Classes 1, 2, 3, 7, and 9 that are presumed to accept the Plan but do not timely opt-out of the releases by completing a written opt-out form; and**

---

[3] For voting purposes only.  Subject to tabulation rules.

v. the holders of Impaired Claims and Interests in Classes 8, 10-A, and 10-B, that are deemed to reject the Plan but do not timely opt-out of the releases by completing a written opt-out form;

and with respect to any Entity in the foregoing clauses (i) through (iv), (a) such Entity's predecessors, successors, and assigns, and (b) all Entities entitled to assert Claims through or on behalf of such Entities with respect to the matters to which these releases apply, in each case, from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors and their Estates, the formation, operation, and conduct of the Debtors' businesses, the Chapter 11 Cases, the acquisition, purchase, sale, or rescission of the purchase or sale of any debt or security of the Debtors or the Reorganized Debtors (including the New Equity Allocation and New Warrants), the subject matter of, or the transactions or events giving rise to, any Claim or Interest, the business or contractual arrangements between the Debtors and any Released Party, the Debtors' restructuring (including the restructuring of the IPCo Notes Claims notwithstanding the IPCo Intercreditor Agreement), the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the DIP Order, the Disclosure Statement, the Transaction Support Agreement, the New Term Loan, the Backstop Commitment, the Backstop Commitment Letter, the Plan, the Plan Supplement, and related agreements, instruments, and other documents (including the Definitive Documents), and the negotiation, formulation, or preparation thereof, the solicitation of votes on the Plan, or any other act or omission, in all cases based upon any transaction, agreement, event, or other occurrence taking place on or before the Effective Date, including all Claims and Causes of Action under chapter 5 of the Bankruptcy Code or any other Avoidance Actions under the Bankruptcy Code or applicable federal or state law, including any preference or fraudulent transfer Claims or Causes of Action; *provided* that nothing in this release shall be construed to release any post-Effective Date obligations of any Entity under the Plan, the Transaction Support Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

## IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:

IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS SET FORTH IN SECTIONS 10.6, 10.7, AND 10.8 OF THE PLAN. **IF YOU (I) DO NOT VOTE EITHER TO ACCEPT OR REJECT THE PLAN OR (II) VOTE TO REJECT THE PLAN AND DO NOT CHECK THE BOX BELOW, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS SET FORTH IN SECTION 10.7 OF THE PLAN**.

The holder of the Class [_____] Claim set forth in Item 2 above elects to:

☐ Opt Out of the Third Party Release.

**IF YOU VOTE TO ACCEPT THE PLAN YOUR OPT OUT WITH RESPECT TO THE THIRD PARTY RELEASES WILL NOT BE EFFECTIVE.**

## Item 5.  Certifications

By signing this Ballot, the undersigned certifies to the Court and the Debtors:

1. that, as of the Voting Record Date, the undersigned is either: (a) the Entity that is the holder of the Class [___] Claims being voted; or (b) the Entity that is an authorized signatory for an Entity that is a holder of the Class [___] Claims being voted;

2. that the undersigned has received a copy of the Solicitation Package, including the Disclosure Statement and the Plan, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3. that the undersigned has cast the same vote with respect to all of their Class [___] Claims;

4. that no other Ballots with respect to the amount of the Class [___] Claims identified in Item 2 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such Ballots cast earlier are hereby revoked;

5. that the undersigned acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of the Class [___] Claims identified in Item 2;

6. that the undersigned understands and, if accepting the Plan, agrees with the treatment provided for its Claims under the Plan set forth in Item 1;

7. that the undersigned acknowledges and understands that (a) if no holders of Allowed Claims eligible to vote in Class [  ] vote to accept or reject the Plan, the Plan shall be deemed accepted by such Class; and

8. that the undersigned acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary and that the Debtors will not have to re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

Name of holder: _____
(Please print or type)

Signature: _____

Name of Signatory: _____
(If other than holder)[4]

Title: _____

Address: _____

_____

_____

Telephone No.: _____

E-Mail Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT
PROMPTLY IN THE RETURN ENVELOPE PROVIDED.**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY OMNI BY THE VOTING
DEADLINE, WHICH IS 5:00 P.M. EASTERN TIME ON [___], 2020.**

---

[4] If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing. You may be required to provide additional information or documentation with respect to such relationship.

## <u>INSTRUCTIONS FOR COMPLETING BALLOTS</u>

1. The Debtors are soliciting the votes of holders of Allowed Claims with respect to the Plan attached as **<u>Exhibit A</u>** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein have the meaning set forth in the Plan, the Disclosure Statement, or the Solicitation Order, as applicable.

2. The Court may confirm the Plan and thereby bind you to the terms of the Plan regardless of whether you voted to accept or reject the Plan.  Please review the Disclosure Statement for more information.

3. Omni's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  To have your vote counted, you must electronically complete, sign, and return this customized Electronic Ballot by utilizing the E-Ballot platform on Omni's website.  Your Ballot must be received by Omni no later than the Voting Deadline, unless such time is extended by the Debtors.

   **HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PLATFORM.**

4. If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class mail to:

   <div align="center">

   **Chinos Holdings, Inc. Ballot Processing**
   **c/o Omni Agent Solutions**
   **5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367**

   </div>

   or via overnight courier or hand delivery to:

   <div align="center">

   **Chinos Holdings, Inc. Ballot Processing**
   **c/o Omni Agent Solutions**
   **5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367**

   </div>

5. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or in a method provided herein.  The Voting Deadline for the receipt of Ballots by Omni is **5:00 p.m. (Eastern Time) on [_], 2020**.  Your completed Ballot must be received by Omni on or before the Voting Deadline.

6. Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless your Ballot is timely submitted on or before the Voting Deadline, the Debtors shall reject your Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

7.    If you cast more than one Ballot voting the same Claim before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot(s).

8.    If you cast a Ballot that is properly completed, executed and timely returned to Omni, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

9.    If you cast a Ballot that is properly completed, executed, and timely returned to Omni, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

10.    You shall be deemed to have voted the full amount of your Claim in Class [   ] and are not entitled to split your vote within such Class.  Any Ballot that partially accepts and partially rejects the Plan will not be counted.

11.    If you cast Ballots received by Omni on the same day, but which purport to cast inconsistent votes, such Ballots will not be counted.

12.    The following Ballots will not be counted:

    (i)    Any Ballot received after the Voting Deadline, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot;

    (ii)    Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim holder;

    (iii)    Any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

    (iv)    Any Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in a Voting Class;

    (v)    Any unsigned Ballot;

    (vi)    Any Ballot with respect to a vote that the Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

    (vii)    Any Ballot transmitted to Omni by means not specifically approved herein.

13.    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by Omni, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, you should provide the holder's name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

14. If you hold Claims in more than one Class, you must use separate Ballots for each Class or Claims.

15. The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting.

16. Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

17. Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured before the Voting Deadline or such Ballots will not be counted.

18. The Ballot is not a letter of transmittal and may not be used for any purpose other than to (i) vote to accept or reject the Plan and (ii) opt-out of the Third Party Release. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claim, and neither the Debtors nor Omni will accept delivery of any such certificates or instruments surrendered together with a Ballot.

19. If you vote to accept the Plan, you shall be deemed to have consented to the release, injunction, and exculpation provisions set forth in Sections 10.6, 10.7, and 10.8 of the Plan. If you (i) do not vote either to accept or reject the Plan or (ii) vote to reject the Plan and do not check the box in Item 4, you shall be deemed to have consented to the release provisions set forth in Section 10.7 of the Plan.

20. This Ballot does not constitute, and will not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

21. If you believe you have received the wrong Ballot, you should contact Omni immediately at (866) 991-8218 (Domestic) or (818) 924-2298 (International) or by email to chinosinquiries@omniagnt.com and include "Chinos Holdings – Ballot Inquiry" in the subject line.

**<u>PLEASE MAIL YOUR BALLOT PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE VOTING OR THE OPT-OUT PROCEDURES, PLEASE CONTACT OMNI AT (866) 991-8218 (DOMESTIC) OR (818) 924-2298 (INTERNATIONAL)**

**<u>Exhibit 2-B</u>**

**Master Ballot for Nominees for Voting Class 5**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

```
------------------------------------------------------------ x
                                                             :
In re                                                        :        Chapter 11
                                                             :
CHINOS HOLDINGS, INC., et al.,                               :        Case No. 20–32181 (KLP)
                                                             :
                                       Debtors.1             :        (Jointly Administered)
                                                             :
------------------------------------------------------------ x
```

MASTER BALLOT FOR ACCEPTING OR REJECTING
THE JOINT PREARRANGED CHAPTER 11 PLAN OF REORGANIZATION
OF CHINOS HOLDINGS, INC. AND ITS DEBTOR AFFILIATES

## CLASS 5 – IPCO NOTES CLAIMS

**PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS
FOR COMPLETING THIS MASTER BALLOT**

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY OMNI ON OR
BEFORE [__], 2020, BY 5:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE")**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company or other agent or nominee (the "**Nominee**") or the proxy holder for one or more beneficial holder(s) of IPCo Notes (each, a "**Beneficial Holder**") as of July 15, 2020 (the "**Voting Record Date**"), underlying such Beneficial Holder's Class 5 Claims (IPCo Notes Claims) under the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and its Affiliated Debtors (with Technical Changes)* [Docket No. 468] (as may be amended, modified, or supplemented, the "**Plan**").[2]

---

[1]    The Debtors  in these chapter 11 cases, along with the last four digits of each Debtor's  federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, the Disclosure Statement (as defined herein) or the *Order (I) Approving the Disclosure Statement and Form and*

You should use the Master Ballot to transmit votes to accept or reject the Plan cast by the applicable Beneficial Holder.

The rights of your Beneficial Holder(s) are described in the *Disclosure Statement for Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and its Affiliated Debtors (with Technical Changes)* and all exhibits related thereto [Docket No. 469] (as may be amended, modified, or supplemented, the "**Disclosure Statement**") and the Solicitation Order. Sufficient number of Solicitation Packages, including the Disclosure Statement, the Plan, the Solicitation Order, and the Notice of the Confirmation Hearing to send to all of your Beneficial Holders are being sent to you with this Master Ballot. If you need to obtain additional Solicitation Packages, you may contact Omni Agent Solutions, the voting agent retained by the Debtors in these chapter 11 cases ("**Omni**"), by: (a) accessing Omni's chapter 11 case website at www.omniagentsolutions.com/chinos; (b) writing to Omni at Chinos Holdings, Inc. Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or (c) by telephone at (866) 991-8218 (Domestic) or (818) 924-2298 (International). You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.vaeb.uscourts.gov.

The Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court. This Master Ballot may not be used for any purpose other than to transmit (i) votes of your Beneficial Holders to accept or reject the Plan and (ii) their elections, if any, to opt-out of the Third-Party Release. If you believe you have received this Master Ballot in error, please contact Omni at the address or telephone number set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all of your Beneficial Holders whether or not they have voted. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that Omni actually receives it on or before the Voting Deadline, which is **[_], 2020, at 5:00 p.m. (Eastern Time)**. You may submit a Master Ballot through Omni's online electronic balloting portal (the "**E-Balloting Portal**") or by returning this paper Master Ballot.

**IN LIGHT OF THE DISRUPTIONS IN MAIL SERVICES RESULTING FROM THE COVID-19 PANDEMIC, THE DEBTORS STRONGLY RECOMMENT SUBMISSION OF E-BALLOTS THROUGH THE E-BALLOTING PORTAL TO ENSURE THAT YOUR MASTER BALLOT IS RECEIVED BEFORE THE VOTING DEADLINE.**

| **If Submitting a Master Ballot through the E-Balloting Portal** |
|---|
| **Omni will accept Master Ballots if properly completed through the E-Balloting Portal. To submit     your     Master     Ballot     via     the     E-Balloting     Portal,     visit** |

---

*Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of the Plan, and (V) Granting Related Relief* [Docket No. [●]] (the "**Solicitation Order**"), as applicable.

2

www.omniagentsolutions.com/chinos, click on the "E-Ballot" section of the Debtors' website and follow the instructions to submit your Master Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Master Ballot:**

Unique E-Ballot ID#:_____

**Omni's E-Balloting Portal is the sole manner in which Master Ballots will be accepted via electronic or online transmission. Master Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 2</u> of your Master Ballot. Nominees who cast a Master Ballot using the E-Balloting Portal should NOT also submit a paper Master Ballot.**

**If your Master Ballot is not received by Omni on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, the votes of your Beneficial Holders will not be counted.**

| |
|---|
| **<u>If by First Class Mail:</u>** |
| **Chinos Holdings, Inc. Ballot Processing<br>c/o Omni Agent Solutions<br>5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367** |
| **<u>If by Overnight Courier or Overnight Mail:</u>** |
| **Chinos Holdings, Inc. Ballot Processing<br>c/o Omni Agent Solutions<br>5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367** |

<u>**Item 1.**</u>  **Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ is a broker, dealer, bank, or other agent or nominee for the Beneficial Holders of the Class 5 Claims listed in Item 2 below and is the record holder of the underlying IPCo Notes; or

☐ is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the Class 5 Claims listed in Item 2 below; or

3

☐     has been granted a proxy (an original of which is attached hereto) from a broker, bank, other nominee, or a beneficial owner, that is the registered holder of the Class 5 Claims listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 5 Claims described in Item 2 below.

**Items 2. and 3.**   **Votes on the Plan and Elections Regarding Third-Party Release Provisions.**

The undersigned transmits the following (i) votes of Beneficial Holders of Class 5 Claims and (ii) elections of the Beneficial Holders with respect to the opt-out of the Third-Party Release.  The undersigned certifies that the following Beneficial Holders of Class 5 Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of securities underlying their Class 5 Claims as of the Voting Record Date and have delivered to the undersigned, as Nominee, Ballots (i) casting the following votes and (ii) making the following opt-out elections.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table (use additional sheets in the format below as necessary).  Please note that each Beneficial Holder must vote all its Class 5 Claims to accept or reject the Plan and may not split its vote.  Any Ballot executed by a Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted as a vote on the Plan.

**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:**

     IF A BENEFICIAL HOLDER VOTES TO ACCEPT THE PLAN, SUCH BENEFICIAL HOLDER IS DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE.  IF A BENEFICIAL HOLDER (I) DOES NOT VOTE EITHER TO ACCEPT OR REJECT THE PLAN OR (II) VOTES TO REJECT THE PLAN, SUCH BENEFICIAL HOLDER HAS THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE.

| ITEM 2 – VOTE ON PLAN | | | ITEM 3 - OPT OUT OF THIRD-PARTY RELEASE PROVISIONS |
|---|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class [_] [_____] Claims against [_____]** | **ACCEPT** | **REJECT** | **If the box in item 3 of the Beneficial Ballot was completed, place an "X" in the column below** |
| | $ | $ | |
| | $ | $ | |
| | $ | $ | |

4

| | $ | $ | |
|---|---|---|---|
| | $ | $ | |
| | $ | $ | |
| | $ | $ | |
| | $ | $ | |
| | $ | $ | |
| | $ | $ | |
| **TOTAL:** | $ | $ | |

**\*\*Please indicate on __Exhibit 1__ hereto the CUSIP / ISIN for the IPCo Notes underlying Class 5 Claims voted above.\*\***

5

**Item 4.**  **Certification as to Transcription of Information from Item 4 of the Beneficial Ballots as to Class 5 Claim Voted Through Other Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 4 of their respective Beneficial Ballots, identifying any Class 5 Claim for which such Beneficial Holders have submitted Ballots other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 4 of the Ballots | TRANSCRIBE FROM ITEM 4 OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number of Other Class 5 Claims Voted | Name of Owner | Principal Amount of Other Class 5 Claims Voted | CUSIP of Other Class 5 Claims Voted |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

**Item 5.**  **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1.    it has delivered a Solicitation Package, including the Disclosure Statement and the Beneficial Ballot to each Beneficial Holder listed in Item 2 of this Master Ballot;

2.    it has received a completed and signed Beneficial Ballot from each Beneficial Holder listed in Item 2 of this Master Ballot;

3.    it is the registered holder of the securities underlying Class 5 Claims being voted;

4.    it has been authorized by each such Beneficial Holder to submit this Master Ballot;

5.    it has properly disclosed:  (i) the number of Beneficial Holders who submitted properly completed Beneficial Ballots; (ii) the respective amounts of the Class 5 Claims voted by each such Beneficial Holder; (iii) each such Beneficial Holder's respective vote concerning the Plan; (iv) each such Beneficial Holder's respective election concerning the Third-Party Release; (v) each such Beneficial Holder's

6

certification as to other Class 5 Claims voted; and (vi) the customer account or other identification number for each such Beneficial Holder;

6.    each such Beneficial Holder has certified to the undersigned that it is eligible to vote on the Plan and make an election with respect to the Third-Party Release; and

7.    it will maintain Beneficial Ballots returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all information contained in such Ballots to the Bankruptcy Court, the Debtors, or the Reorganized Debtors, as the case may be, if so ordered.

7

Name of Nominee: _____
(Please print or type)

Name of Proxy Holder or Agent for Nominee:

_____
(Please print or type)

Participant Number:

_____

Signature: _____

Name of Signatory: _____
(Please print or type)

Title: _____

Address: _____

_____

_____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THE MASTER BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED.  YOUR MASTER BALLOT MUST BE ACTUALLY RECEIVED BY OMNI BY THE VOTING DEADLINE, WHICH IS 5:00 P.M. EASTERN TIME ON [___], 2020.**

10

## <u>INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT</u>

1.      The Debtors are soliciting the votes of holders of Class 5 Claims with respect to the Plan attached as **<u>Exhibit A</u>** to the Disclosure Statement. Capitalized terms used in the Master Ballot or in these instructions but not otherwise defined in the Master Ballot or these instructions shall have the meaning set forth in the Plan, the Disclosure Statement, or the Solicitation Order, as applicable.

2.      You should immediately (and in no event no later than three (3) business days of receipt) distribute the Ballots and the Solicitation Package to all your Beneficial Holders and take any action required to enable each such Beneficial Holder to timely vote the Class 5 Claims that it holds.  If your customary practice is to forward the solicitation information to Beneficial Holders by e-mail, telephone, or other customary means of communication, you are authorized to employ that method of communication in lieu of sending the paper Beneficial Ballot and/or Solicitation Package.  No Beneficial Ballots of your Beneficial Holders will be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to Omni a Master Ballot that reflects the vote of such Beneficial Holders by **5:00 p.m. Eastern Time on [•], 2020** or otherwise validate such Beneficial Ballot in a manner acceptable to Omni.  If your customary practice is to collect votes from your Beneficial Holders by voter information form, e-mail, telephone, or other accepted methods of communication, you are authorized to collect the votes and opt-out elections in that manner.

3.      With regard to any votes returned to you by Beneficial Holders (whether through Beneficial Ballot or otherwise), you must compile and validate such votes, execute the Master Ballot, and deliver the Master Ballot to Omni so that it is RECEIVED by Omni on or before the Voting Deadline.  All Beneficial Ballots (or customary communications for transmitting votes) returned by your Beneficial Holders should either be forwarded to Omni (along with the Master Ballot) or retained by you for at least one (1) year from the Voting Deadline.

4.      Votes cast through the Master Ballot will be applied to the applicable positions you hold, as of the Voting Record Date, as evidenced by the securities position report(s) obtained from DTC.  Votes submitted pursuant to a Master Ballot will not be counted in excess of the applicable positions you hold as of the Voting Record Date.

5.      If you submit conflicting votes or "over-votes" pursuant to a Master Ballot, the Debtors will use reasonable efforts to reconcile the discrepancies.  If over-votes on a Master Ballot are not reconciled prior to the preparation of the Voting Certification, the Debtors will apply the over-vote votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted contained on the Master Ballot, but only to the extent of your position.

6.      For purposes of tabulating votes, your Beneficial Holders will be deemed to have voted the principal amounts of their Class 5 Claims, although any such principal amounts may be adjusted by Omni to reflect the amount of the Class 5 Claim actually voted, including prepetition interest.

7.      You may complete and deliver to Omni multiple Master Ballots.  Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot.  Likewise, if a Beneficial Holder submits to you more than one Beneficial Ballot; (i) the latest Beneficial Ballot received before the submission deadline that you impose shall be deemed to supersede any prior Beneficial Ballots submitted by the applicable Beneficial Holder; and (ii) you should complete the Master Ballot accordingly.

8.      Omni's "E-Ballot" platform is the sole manner in which Master Ballots will be accepted via electronic or online transmission.  Master Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  To have the votes of your Beneficial Holders counted, you must electronically complete, sign, and return this customized Master Ballot by utilizing the E-Ballot platform on Omni's website.

9.      If you prefer to return a hard copy of your Master Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class mail to:

**Chinos Holdings, Inc., Ballot Processing**
**c/o Omni Agent Solutions**
**5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367**

or via overnight courier or hand delivery to:

**Chinos Holdings, Inc., Ballot Processing**
**c/o Omni Agent Solutions**
**5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367**

10.     The following Master Ballots and Beneficial Ballots will not be counted:

   (i)    Any Beneficial Ballot submitted after the deadline that you have imposed on your Beneficial Holders and any Master Ballot received after the Voting Deadline, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Master Ballot;

   (ii)   Any Beneficial Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

   (iii)  Any Beneficial Ballot cast by a person or entity that does not hold a Class 5 Claim;

   (iv)   Any Beneficial Ballot cast by a person who is not entitled to vote, even if such person holds a Claim in a Voting Class;

   (v)    Any unsigned Beneficial Ballot or Master Ballot;

10

> (vi) Any Beneficial Ballot or Master Ballot which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or
>
> (vii) Any Beneficial Ballot or Master Ballot transmitted to Omni by means not specifically approved herein.

11.   Please be sure to sign and date your Master Ballot. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by Omni, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

12.   If you are both the Nominee and the Beneficial Holder of any Class 5 Claims and you wish to vote such Class 5 Claims, you may submit a Beneficial Ballot or a Master Ballot for such Class 5 Claims.

13.   The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver will be documented in the Voting Certification.

14.   Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

15.   Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

16.   The Debtors will, upon written request, reimburse you for customary mailing and handling expenses you incur in forwarding the Solicitation Packages and Beneficial Ballots to the Beneficial Holders for which you are the Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes from Beneficial Holders.

17.   This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to transmit (i) votes to accept or reject the Plan, and (ii) elections with respect to the Third-Party Release, and to make certifications with respect to the Master Ballot and the Beneficial Ballots. Accordingly, at this time, holders of Class 5 Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Ballot.

18.   This Master Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

11

19.     If you believe you have received the wrong Master Ballot, you should contact Omni immediately at (866) 991-8218 (Domestic) or (818) 924-2298 (International) or by email to chinosinquiries@omniagnt.com and include "Chinos Holdings – Ballot Inquiry" in the subject line.

### PLEASE MAIL YOUR MASTER BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT OMNI AT (866) 991-8218 (DOMESTIC) OR (818) 924-2298 (INTERNATIONAL)**

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER ENTITY THE AGENT OF THE DEBTORS OR THE VOTING AGENT OR AUTHORIZE YOU OR ANY OTHER ENTITY TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THE DEBTORS WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH.

12

# Exhibit 1

**Please indicate below the CUSIP/ISIN to which this Master Ballot pertains.**

| | | |
|---|---|---|
| ☐ | IPCo Exchange Notes | 46619Y AA9 |
| ☐ | IPCo Exchange Notes | U7084C AA2 |
| ☐ | IPCo New Money Notes | U7084C AB0 |
| ☐ | IPCo New Money Notes | 46619Y AB7 |

## **Exhibit 2-C**

**Beneficial Ballot for Voting Class 5**

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

----------------------------------------------------------- x
                                                            :
In re                                                       :        **Chapter 11**
                                                            :
**CHINOS HOLDINGS, INC.,** *et al.,*                        :        **Case No. 20–32181 (KLP)**
                                                            :
                               **Debtors.**[1]              :        **(Jointly Administered)**
                                                            :
----------------------------------------------------------- x

## BENEFICIAL BALLOT FOR ACCEPTING OR REJECTING THE JOINT PREARRANGED CHAPTER 11 PLAN OF REORGANIZATION OF CHINOS HOLDINGS, INC. AND ITS AFFILIATED DEBTORS

---

### Class 5 – IPCo Notes Claims

---

## PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT

## THIS BALLOT MUST BE ACTUALLY RECEIVED BY OMNI ON OR BEFORE [__], 2020, BY 5:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE")

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent this Beneficial Ballot to you because our records indicate that you are a Beneficial Holder of a Class 5 Claim, and accordingly, you have the right to vote to accept or reject the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and its Affiliated Debtors (with Technical Changes)* [Docket No. 468] (as may be amended, modified, or supplemented, the "**Plan**").[2]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement (as defined herein) or the *Order (I) Approving the Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of the Plan, and*

You should use this Beneficial Ballot to cast your vote to accept or reject the Plan if you are either a Beneficial Holder or both a Beneficial Holder and the registered holder of Class 5 Claims.

Your rights are described in the *Disclosure Statement for Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and its Affiliated Debtors (with Technical Changes)* and all exhibits related thereto [Docket No. 469] (as may be amended, modified, or supplemented, the "**Disclosure Statement**") and the Solicitation Order. The Disclosure Statement, the Plan, the Solicitation Order, and the Notice of the Confirmation Hearing are included in the Solicitation Package you are receiving with this Beneficial Ballot. If you need to obtain additional solicitation materials, you may contact Omni Agent Solutions, the voting agent retained by the Debtors in these chapter 11 cases ("**Omni**"), by: (a) accessing Omni's chapter 11 case website at www.omniagentsolutions.com/chinos; (b) writing to Omni at Chinos Holdings, Inc. Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or (c) by telephone at (866) 991-8218 (Domestic) or (818) 924-2298 (International). You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.vaeb.uscourts.gov.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Beneficial Ballot and return it to the bank, broker, or financial institution that holds your notes "in street name" on your behalf (your "**Nominee**") with sufficient time for your Nominee to include your vote on a master ballot that your Nominee can return to Omni, so that Omni actually receives the master ballot on or before the Voting Deadline, which is **[_], 2020, at 5:00 p.m. (Eastern Time)**.

*You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 5 under the Plan. If you hold Claims in more than one (1) Class, you will receive a Ballot for each Class in which you are entitled to vote.*

## Item 1.  Treatment of Your Class 5 Claim.

Subject to the terms and conditions of the Plan, you will receive the following treatment on account of your Class 5 Claim if it is Allowed and the Plan is consummated:

Except if a holder of an Allowed IPCo Notes Claim agrees to a less favorable treatment of such Claim and notwithstanding anything to the contrary in the IPCo Intercreditor Agreement, in full and final satisfaction, settlement, release, and discharge of, and in exchange for, its Allowed IPCo Notes Claim, each holder of an Allowed IPCo Notes Claim will receive, on the Effective Date, its Pro Rata share of New Common Shares representing, in the aggregate, 23.5% of the New Common Shares issued on the Effective Date remaining after distributing the Backstop Premium, the New Equity Allocation, and any other New Common Shares distributed pursuant to the Plan other than the New Common Shares distributed to holders of Term Loan Secured Claims, subject to dilution

---

*(V) Granting Related Relief* [Docket No. [●]] (the "**Solicitation Order**"), as applicable, or as the context otherwise requires.

from New Common Shares (i) issuable upon exercise of the New Warrants, (ii) issued pursuant to the Management Incentive Plan, and (iii) otherwise issued by Reorganized Chinos Holdings after the Effective Date, including the Incremental Debt Equity.

**For additional discussion of your rights and the treatment of Class 5 Claims under the Plan, please read the Disclosure Statement and the Plan.**

### Item 2.  Principal Amount of Class 5 (IPCo Notes Claims) Claim

The undersigned hereby certifies that, as of the Voting Record Date, **[__], 2020**, the undersigned was the holder of a Class 5 Claim in the following principal amount (insert amount in box below) for voting:

| Amount of Claim[3]:  $_____ |
| --- |

**On __Exhibit 1__ hereto, check the CUSIP number for the IPCo Notes underlying your Class 5 Claim.**

### Item 3.  Vote on Plan

The Holder of the Class [_] [_____] Claim set forth in Item 1 votes to (please check one):

| __ACCEPT THE PLAN__ | __REJECT THE PLAN__ |
| --- | --- |
| ☐ | ☐ |

Any Ballot that is executed by the Holder of a Claim that indicates both an acceptance and a rejection of the Plan or does not indicate either an acceptance or rejection of the Plan, will not be counted.

If no Holders of Class 5 Claims eligible to vote to accept or reject the Plan vote on the Plan, the Plan shall be deemed accepted by Class 5.

### Item 4.  Article X of the Plan provides for the following Third Party Release:

**On and after the Effective Date, each of the Released Parties shall be deemed to be conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by:**

**i.   the other Released Parties;**

---

[3] For voting purposes only.  Subject to tabulation rules.

WEIL:\97480007\3\54457.0008

      ii.   the holders of Impaired Claims who voted to accept the Plan;

     iii.   the holders of Impaired Claims who abstained from voting on the Plan or voted to reject the Plan but did not opt-out of these releases on their ballots;

     iv.   the holders of Unimpaired Claims and Interests in Classes 1, 2, 3, 7, and 9 that are presumed to accept the Plan but do not timely opt-out of the releases by completing a written opt-out form; and

     v.   the holders of Impaired Claims and Interests in Classes 8, 10-A, and 10-B, that are deemed to reject the Plan but do not timely opt-out of the releases by completing a written opt-out form;

and with respect to any Entity in the foregoing clauses (i) through (iv), (a) such Entity's predecessors, successors, and assigns, and (b) all Entities entitled to assert Claims through or on behalf of such Entities with respect to the matters to which these releases apply, in each case, from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors and their Estates, the formation, operation, and conduct of the Debtors' businesses, the Chapter 11 Cases, the acquisition, purchase, sale, or rescission of the purchase or sale of any debt or security of the Debtors or the Reorganized Debtors (including the New Equity Allocation and New Warrants), the subject matter of, or the transactions or events giving rise to, any Claim or Interest, the business or contractual arrangements between the Debtors and any Released Party, the Debtors' restructuring (including the restructuring of the IPCo Notes Claims notwithstanding the IPCo Intercreditor Agreement), the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the DIP Order, the Disclosure Statement, the Transaction Support Agreement, the New Term Loan, the Backstop Commitment, the Backstop Commitment Letter, the Plan, the Plan Supplement, and related agreements, instruments, and other documents (including the Definitive Documents), and the negotiation, formulation, or preparation thereof, the solicitation of votes on the Plan, or any other act or omission, in all cases based upon any transaction, agreement, event, or other occurrence taking place on or before the Effective Date, including all Claims and Causes of Action under chapter 5 of the Bankruptcy Code or any other Avoidance Actions under the Bankruptcy Code or applicable federal or state law, including any preference or fraudulent transfer Claims or Causes of Action; *provided* that nothing in this release shall be construed to release any post-Effective Date obligations of any Entity under the Plan, the Transaction Support Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

WEIL:\97480007\3\54457.0008

## **IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE:**

IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS SET FORTH IN SECTIONS 10.6, 10.7, AND 10.8 OF THE PLAN.  **IF YOU (I) DO NOT VOTE EITHER TO ACCEPT OR REJECT THE PLAN OR (II) VOTE TO REJECT THE PLAN AND DO NOT CHECK THE BOX BELOW, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS SET FORTH IN SECTION 10.7 OF THE PLAN.**

The holder of the Class 5 Claim set forth in Item 2 elects to:

☐ Opt Out of the Third Party Release.

IF YOU VOTE TO ACCEPT THE PLAN YOUR OPT OUT WITH RESPECT TO THE THIRD PARTY RELEASES WILL NOT BE EFFECTIVE.

**Item 5.** **Certification of Class 5 Claims Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Class 5 Claim identified in Item 2 certifies that (a) this Ballot is the only Ballot submitted for the Class 5 Claims owned by such Beneficial Holder as indicated in Item 2, except for the Class 5 Claims identified in the following table (please use additional sheets of paper if necessary), and (b) all Ballots for Class 5 Claims submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 3 of this Ballot.  **To be clear, if any Beneficial Holder holds a Class 5 Claim through one or more Nominees, such Beneficial Holder must identify all Class 5 Claims held in its own name and/or through each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 5 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF CLASS 5 CLAIMS

| Name of Nominee through Which You Hold Other Class 5 Claims Voted[4] | Account Number of Other Class 5 Claims Voted | Principal Amount of Other Class 5 Claims Voted | CUSIP of Other Class 5 Claims Voted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

---

[4]  Insert your name if the Class 5 Claims are held by you in your own name or, if held in street name through a Nominee, insert the name of your broker or bank.

WEIL:\97480007\3\54457.0008

**Item 6.**  **Certifications**

By signing this Beneficial Ballot, the undersigned certifies that:

1. that, as of the Voting Record Date, either: (a) it is the holder of the Class 5 Claims being voted; or (b) it is an authorized signatory for an entity that is a holder of the Class 5 Claim being voted;

2. that it has received a copy of the Solicitation Package, including the Disclosure Statement and the Plan, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3. that it has cast the same vote with respect to all of its Class 5 Claims;

4. that no other Beneficial Ballots with respect to the amount of the Class 5 Claims identified in Item 2 have been cast or, if any other Beneficial Ballots have been cast with respect to such Claims, then any such Beneficial Ballots cast earlier are hereby revoked;

5. that it acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Class 5 Claim identified in Item 2;

6. that it understands and, if accepting the Plan, agrees with the treatment provided for its Claims under the Plan set forth in Item 1;

7. that it acknowledges and understands that (i) if no Holders of Claims eligible to vote in Class 5 vote to accept or reject the Plan, the Plan shall be deemed accepted by such Class; and that it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary and that the Debtors will not have to re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

6

Name of Beneficial Holder:_____

*(print or type)*

Signature:_____

Name Of Signatory:_____

*(if other than Beneficial Holder)*

Title:_____

Address:_____

_____

_____

Date Completed:_____

**PLEASE COMPLETE, SIGN, AND DATE THIS BENEFICIAL BALLOT**
**AND RETURN IT PROMPTLY EITHER TO OMNI OR TO YOUR NOMINEE**
**BASED ON THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE**

11

## INSTRUCTIONS FOR COMPLETING BENEFICIAL BALLOTS

1.     The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Beneficial Ballot or in these instructions (the "**Beneficial Ballot Instructions**") but not otherwise defined in the Beneficial Ballots or these instructions have the meaning set forth in the Plan, the Disclosure Statement, or the Solicitation Order, as applicable.

2.     The Bankruptcy Court may confirm the Plan and thereby bind you to its terms regardless of whether you voted to accept or reject the Plan.  Please review the Disclosure Statement for more information.

3.     To ensure that your vote is counted, you must: (a) complete the Beneficial Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 3; and (c) sign and return the Beneficial Ballot to either Omni or to your Nominee (as instructed by your Nominee) in the address set forth on the enclosed pre-addressed envelope.  Your completed Pre-Validated Beneficial Ballot or a Master Ballot containing your vote must be received by Omni on or before **5:00 p.m. (Eastern Time) on [_], 2020,** the Voting Deadline.

4.     Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless your Pre-Validated Beneficial Ballot or a Master Ballot containing your vote is timely submitted on or prior to the Voting Deadline, the Debtors will reject such Ballot as invalid and, therefore, decline to count your vote in connection with confirmation of the Plan.

5.     If you cast more than one Beneficial Ballot voting the same Claims, the last valid Pre-Validated Beneficial Ballot received by Omni on or before the Voting Deadline or the last Beneficial Ballot received by your Nominee in time to allow such Nominee to timely submit a Master Ballot containing your vote shall be deemed to reflect your intent, and thus, supersede any prior Beneficial Ballot.

6.     If you cast a timely Beneficial Ballot that is properly completed and executed, but does not indicate either an acceptance or rejection of the Plan, the Beneficial Ballot will not be counted.

7.     If you cast a timely Beneficial Ballot that is properly completed and executed, but indicates both an acceptance and a rejection of the Plan, the Beneficial Ballot will not be counted.

8.     You shall be deemed to have voted the full amount of your Class 5 Claim and will not be entitled to split your vote within Class 5.  Any Beneficial Ballot that partially accepts and partially rejects the Plan will not be counted.

9.     If you cast multiple Beneficial Ballots on the same day, which reflect inconsistent votes, such Beneficial Ballots will not be counted.

10.     The following Beneficial Ballots will not be counted:

(i)   Any Beneficial Ballot received after the Voting Deadline or received too late to allow the applicable Nominee to submit a Master Ballot before the Voting Deadline, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot;

(ii)   Any Beneficial Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder;

(iii)   Any Beneficial Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

(iv)   Any Beneficial Ballot cast by a person that is not entitled to vote, even if such person holds a Claim in a Voting Class;

(v)   Any unsigned Beneficial Ballot;

(vi)   Any Beneficial Ballot with respect to a vote that the Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

(vii)   Any Beneficial Ballot transmitted by means not specifically approved herein.

11.    Please be sure to sign and date your Beneficial Ballot.  You should indicate if you are signing a Beneficial Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by Omni, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Ballot.

12.    If you hold Claims through more than one Nominee or through multiple accounts, you should execute a separate Beneficial Ballot for each block of Claims you hold through any Nominee and you must return each such Beneficial Ballot to the appropriate Nominee.

13.    The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting.

14.    Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

15.    Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

16.    This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to (i) vote to accept or reject the Plan and (ii) opt-out of the Third Party Release.

Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor Omni will accept delivery of any such certificates or instruments surrendered together with a Beneficial Ballot.

17.   If you vote to accept the Plan, you shall be deemed to have consented to the release, injunction, and exculpation provisions set forth in Sections 10.6, 10.7, and 10.8 of the Plan. If you (i) do not vote either to accept or reject the Plan or (ii) vote to reject the Plan and do not check the box in Item 4, you shall be deemed to have consented to the release provisions set forth in Section 10.7 of the Plan.  This Beneficial Ballot does not constitute, and will not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

18.   If you believe you have received the wrong Ballot, you should contact Omni immediately at (866) 991-8218 (Domestic) or (818) 924-2298 (International) or by email to chinosinquiries@omniagnt.com and include "Chinos Holdings – Ballot Inquiry" in the subject line.

**PLEASE SUBMIT YOUR BENEFICIAL BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE PROCEDURES YOU SHOULD FOLLOW TO SUBMIT YOUR VOTE, PLEASE CONTACT YOUR NOMINEE.**

**IF YOU HAVE ANY QUESTIONS ABOUT THESE CHAPTER 11 CASES, PLEASE CONTACT OMNI AT (866) 991-8218 (DOMESTIC) OR (818) 924-2298 (INTERNATIONAL).**

.

*****

10

# **Exhibit 1**

**Please indicate below the CUSIP/ISIN to which this Beneficial Ballot pertains.**

| | | |
|---|---|---|
| ☐ | IPCo Exchange Notes | 46619Y AA9 |
| ☐ | IPCo Exchange Notes | U7084C AA2 |
| ☐ | IPCo New Money Notes | U7084C AB0 |
| ☐ | IPCo New Money Notes | 46619Y AB7 |

11

## **Exhibit 3-A**

**Notice of Non-Voting Status – Impaired Claims**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

------------------------------------------------------------ x
                                            :
In re                                       :       **Chapter 11**
                                            :
**CHINOS HOLDINGS, INC.,** *et al.,*        :       **Case No. 20–32181 (KLP)**
                                            :
             **Debtors.**[1]                :       **(Jointly Administered)**
                                            :
------------------------------------------------------------ x

## NOTICE OF (A) NON-VOTING
## STATUS TO HOLDERS OF CLAIMS AND
## INTERESTS IN IMPAIRED CLASSES 8, 10-A, AND 10-B[2]
## AND (B) ELECTION TO OPT OUT OF RELEASE OF CLAIMS

**PLEASE TAKE NOTICE THAT** on [_____], 2020, the Bankruptcy Court entered an order [Docket No. [__]]: (i) approving the *Disclosure Statement for Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 469] (as may be amended, modified, or supplemented, the "**Disclosure Statement**") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (ii) establishing the voting deadline and other dates; (iii) approving procedures for filing objections to the Proposed Plan, and (iv) scheduling a hearing to consider confirmation of the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 468] (as may be amended, modified, or supplemented, the "**Proposed Plan**").[3]

You are receiving this notice as you have been identified as a holder of a Claim or Interest in Class 8, 10-A, or 10-B.

## UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIMS

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    These Impaired Classes consist of Class 8 (Section 510(b) Claims), Class 10-A (Existing Holdings Preferred Equity), and Class 10-B (Existing Holdings Equity).

[3]    Capitalized terms used but not defined herein have the meanings ascribed to those terms in the Plan.

**AGAINST THE DEBTORS OR EQUITY INTERESTS IN THE DEBTORS. THEREFORE, PURSUANT TO SECTION 1126(g) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (I) DEEMED TO HAVE REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

---

**PLEASE TAKE FURTHER NOTICE THAT while you are not entitled to vote to accept or reject the Plan, the opt out election attached hereto as <u>Exhibit A</u> (the "<u>Opt Out Election Form</u>") provides you with the separate option to not grant the release of the Released Parties contained in Section 10.7(b) of the Plan.**

---

**PLEASE TAKE FURTHER NOTICE THAT** the Opt Out Election Form must be completed and returned to Omni in accordance with the instructions set forth therein by **[•], 2020 at 4:00 p.m. (Eastern Time)** (the "**Opt Out Deadline**") for your opt out to be valid.  If you fail to properly complete and submit the Opt Out Election Form before the Opt Out Deadline, you will be deemed to have consented to the release provisions in Section 10.7(b) of the Plan.

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR EQUITY INTEREST(S), OR YOU WANT TO REQUEST A COPY OF THE ORDER, THE PLAN, OR THE DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE DEBTORS' VOTING AGENT, OMNI, THE DEBTORS' CLAIMS AND SOLICITATION AGENT, BY TELEPHONE, TOLL FREE AT (866) 991-8218 (DOMESTIC) OR (818) 924-2298 (INTERNATIONAL); OR IN WRITING AT CHINOS HOLDINGS, INC. BALLOT PROCESSING, C/O OMNI AGENT SOLUTIONS, 5955 DE SOTO AVE., SUITE 100, WOODLAND HILLS, CA 91367; OR BY EMAIL AT <u>CHINOSINQUIRIES@OMNIAGNT.COM</u> WITH A REFERENCE TO "CHINOS HOLDINGS" IN THE SUBJECT LINE.**

Dated:        [●], 2020
              Richmond, Virginia

HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:    (804) 788-8218

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors and Debtors in Possession*

## Exhibit A

**Opt Out Election Form**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

--------------------------------------------------------- x
                                            :
In re                                       :        **Chapter 11**
                                            :
**CHINOS HOLDINGS, INC.**, *et al.*,        :        **Case No. 20–32181 (KLP)**
                                            :
               **Debtors.**[1]              :        **(Jointly Administered)**
                                            :
--------------------------------------------------------- x

## OPT OUT ELECTION FORM

Section 10.7(b) of the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 468] (as may be amended, modified, or supplemented, the "**Proposed Plan**")[2] contains the following provision:

**As of the Effective Date, for good and valuable consideration, on and after the Effective Date, each of the Released Parties shall be deemed to be conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by:**

   **i.  the other Released Parties;**

   **ii.  the holders of Impaired Claims who voted to accept the Plan;**

   **iii.  the holders of Impaired Claims who abstained from voting on the Plan or voted to reject the Plan but did not opt-out of these releases on their ballots;**

   **iv.  the holders of Unimpaired Claims and Interests in Classes 1, 2, 3, 7, and 9 that are presumed to accept the Plan but do not timely opt-out of the releases by completing a written opt-out form; and**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]  Capitalized terms used but not defined herein have the meanings ascribed to those terms in the Plan.

> **v.  the holders of Impaired Claims and Interests in Classes 8, 10-A, and 10-B, that are deemed to reject the Plan but do not timely opt-out of the releases by completing a written opt-out form;**

**and with respect to any Entity in the foregoing clauses (i) through (iv), (a) such Entity's predecessors, successors, and assigns, and (b) all Entities entitled to assert Claims through or on behalf of such Entities with respect to the matters to which these releases apply, in each case, from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors and their Estates, the formation, operation, and conduct of the Debtors' businesses, the Chapter 11 Cases, the acquisition, purchase, sale, or rescission of the purchase or sale of any debt or security of the Debtors or the Reorganized Debtors (including the New Equity Allocation and New Warrants), the subject matter of, or the transactions or events giving rise to, any Claim or Interest, the business or contractual arrangements between the Debtors and any Released Party, the Debtors' restructuring (including the restructuring of the IPCo Notes Claims notwithstanding the IPCo Intercreditor Agreement), the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the DIP Order, the Disclosure Statement, the Transaction Support Agreement, the New Term Loan, the Backstop Commitment, the Backstop Commitment Letter, the Plan, the Plan Supplement, and related agreements, instruments, and other documents (including the Definitive Documents), and the negotiation, formulation, or preparation thereof, the solicitation of votes on the Plan, or any other act or omission, in all cases based upon any transaction, agreement, event, or other occurrence taking place on or before the Effective Date, including all Claims and Causes of Action under chapter 5 of the Bankruptcy Code or any other Avoidance Actions under the Bankruptcy Code or applicable federal or state law, including any preference or fraudulent transfer Claims or Causes of Action;** *provided* **that nothing in this release shall be construed to release any post-Effective Date obligations of any Entity under the Plan, the Transaction Support Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

### Binding Effect and Releases

If the Plan is confirmed by the Bankruptcy Court, the Plan, including <u>Section 10.7(b)</u> thereof, will be binding on you, regardless of whether you are impaired or unimpaired under the Plan and whether you have objected to the Plan.  Additionally, if the Plan is confirmed by the Bankruptcy Court, the releases set forth above will be binding on you and your estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons or parties claiming under or through you to have been legally entitled to assert in their own right (whether individually or collectively) or on your behalf, unless you complete and return this Opt Out Election Form to the Solicitation Agent by [•], **2020 at 4:00 p.m. (Eastern Time)** (the "**Opt Out Deadline**") electronically       through       the       Solicitation       Agent's       E-Balloting       Portal       at

**www.omniagentsolutions.com/chinos,** or via first class or overnight mail at the following address:

<div align="center">

**Chinos Holdings, Inc. Ballot Processing**
**c/o Omni Agent Solutions**
**5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367**

</div>

**TO BE VALID, YOU MUST SUBMIT YOUR OPT OUT ELECTION FORM SO THAT IT IS RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE OPT OUT DEADLINE.**

<div align="center">

**If Submitting Your Opt-Out Electronically**

</div>

**HOLDERS THAT WISH TO SUBMIT AN OPT OUT ELECTION FORM ARE STRONGLY ENCOURAGED TO DO SO ELECTRONICALLY. To submit your Opt Out Election Form electronically, www.omniagentsolutions.com/chinos, click on the "Electronic Opt Out" section, and follow the instructions to submit your Opt Out Election Form.**

**Except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, the injunction provisions set forth in Section 10.7 of the Plan will be binding on all Entities.**

**Release Opt Out Election**

☐    The undersigned elects to **Opt Out** of the releases in Section 10.7(b) of the Plan.

Print or Type Name of Claimant:    _____

Signature:    _____

Name of Signatory
(if different than Claimant):    _____

Relationship to Claimant:    _____

Street Address:    _____

City, State, and Zip Code:    _____

Telephone Number:    _____

E-mail Address:    _____

WEIL:\97511200\2\54457.0008

Date Completed: _____

## **Exhibit 3-B**

**Notice of Non-Voting Status – Unimpaired**

WEIL 97510565V.2

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

---------------------------------------------------------- x
:
In re                               :           **Chapter 11**
:
**CHINOS HOLDINGS, INC.,** *et al.*,    :           **Case No. 20–32181 (KLP)**
:
Debtors.[1]         :           **(Jointly Administered)**
:
---------------------------------------------------------- x

### NOTICE OF (A) NON-VOTING STATUS
### TO HOLDERS OF CLAIMS IN UNIMPAIRED CLASSES[2]
### AND (B) ELECTION TO OPT OUT OF RELEASE OF CLAIMS

      **PLEASE TAKE NOTICE THAT** on [_____], 2020, the Bankruptcy Court entered an order [Docket No. [__]]: (i) approving the *Disclosure Statement for Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 469] (as may be amended, modified, or supplemented, the "**Disclosure Statement**") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (ii) establishing the voting deadline and other dates; (iii) approving procedures for filing objections to the Proposed Plan, and (iv) scheduling a hearing to consider confirmation of the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 468] (as may be amended, modified, or supplemented, the "**Proposed Plan**").[3]

      You are receiving this notice as you have been identified as a holder of a Claim or Interest in Class 1, 2, 3, 7 or 9.

### UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS ARE NOT IMPAIRED, AND THEREFORE, PURSUANT TO SECTION

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Unimpaired Classes consist of Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), Class 3 (ABL Facility Claims), Class 7 (Intercompany Claims), and Class 9 (Intercompany Interests).

[3]    Capitalized terms used but not defined herein have the meanings ascribed to those terms in the Plan.

**1126(f) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (I) CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

---

**PLEASE TAKE FURTHER NOTICE THAT while you are not entitled to vote to accept or reject the Plan, the opt out election attached hereto as <u>Exhibit A</u> (the "Opt Out Election Form") provides you with the separate option to not grant the release of the Released Parties contained in Section 10.7(b) of the Plan.**

---

**PLEASE TAKE FURTHER NOTICE THAT** the Opt Out Election Form must be completed and returned to Omni in accordance with the instructions set forth therein by **[•], 2020 at 4:00 p.m. (Eastern Time)** (the "**Opt Out Deadline**") for your opt out to be valid. If you fail to properly complete and submit the Opt Out Election Form before the Opt Out Deadline, you will be deemed to have consented to the release provisions in Section 10.7(b) of the Plan.

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR EQUITY INTEREST(S), OR YOU WANT TO REQUEST A COPY OF THE ORDER, THE PLAN, OR THE DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE DEBTORS' VOTING AGENT, OMNI, THE DEBTORS' CLAIMS AND SOLICITATION AGENT, BY TELEPHONE, TOLL FREE AT (866) 991-8218 (DOMESTIC) OR (818) 924-2298 (INTERNATIONAL); OR IN WRITING AT CHINOS HOLDINGS, INC. BALLOT PROCESSING, C/O OMNI AGENT SOLUTIONS, 5955 DE SOTO AVE., SUITE 100, WOODLAND HILLS, CA 91367; OR BY EMAIL AT [CHINOSINQUIRIES@OMNIAGNT.COM](mailto:CHINOSINQUIRIES@OMNIAGNT.COM) WITH A REFERENCE TO "CHINOS HOLDINGS" IN THE SUBJECT LINE.**

Dated:    [●], 2020
          Richmond, Virginia

HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors and Debtors in Possession*

## Exhibit A

## Opt Out Election Form

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------- x
                                                           :
In re                                                      :        **Chapter 11**
                                                           :
**CHINOS HOLDINGS, INC.,** *et al.,*                       :        **Case No. 20–32181 (KLP)**
                                                           :
                    **Debtors.**[1]                        :        **(Jointly Administered)**
                                                           :
---------------------------------------------------------- x

## OPT OUT ELECTION FORM

Section 10.7(b) of the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 468] (as may be amended, modified, or supplemented, the "**Proposed Plan**")[2] contains the following provision:

**As of the Effective Date, for good and valuable consideration, on and after the Effective Date, each of the Released Parties shall be deemed to be conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by:**

      i.  **the other Released Parties;**

      ii.  **the holders of Impaired Claims who voted to accept the Plan;**

      iii.  **the holders of Impaired Claims who abstained from voting on the Plan or voted to reject the Plan but did not opt-out of these releases on their ballots;**

      iv.  **the holders of Unimpaired Claims and Interests in Classes 1, 2, 3, 7, and 9 that are presumed to accept the Plan but do not timely opt-out of the releases by completing a written opt-out form; and**

---

[1]    The Debtors  in these chapter 11 cases, along with the last four digits of each Debtor's  federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to those terms in the Plan.

**v.  the holders of Impaired Claims and Interests in Classes 8, 10-A, and 10-B, that are deemed to reject the Plan but do not timely opt-out of the releases by completing a written opt-out form;**

**and with respect to any Entity in the foregoing clauses (i) through (iv), (a) such Entity's predecessors, successors, and assigns, and (b) all Entities entitled to assert Claims through or on behalf of such Entities with respect to the matters to which these releases apply, in each case, from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors and their Estates, the formation, operation, and conduct of the Debtors' businesses, the Chapter 11 Cases, the acquisition, purchase, sale, or rescission of the purchase or sale of any debt or security of the Debtors or the Reorganized Debtors (including the New Equity Allocation and New Warrants), the subject matter of, or the transactions or events giving rise to, any Claim or Interest, the business or contractual arrangements between the Debtors and any Released Party, the Debtors' restructuring (including the restructuring of the IPCo Notes Claims notwithstanding the IPCo Intercreditor Agreement), the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the DIP Order, the Disclosure Statement, the Transaction Support Agreement, the New Term Loan, the Backstop Commitment, the Backstop Commitment Letter, the Plan, the Plan Supplement, and related agreements, instruments, and other documents (including the Definitive Documents), and the negotiation, formulation, or preparation thereof, the solicitation of votes on the Plan, or any other act or omission, in all cases based upon any transaction, agreement, event, or other occurrence taking place on or before the Effective Date, including all Claims and Causes of Action under chapter 5 of the Bankruptcy Code or any other Avoidance Actions under the Bankruptcy Code or applicable federal or state law, including any preference or fraudulent transfer Claims or Causes of Action; *provided* that nothing in this release shall be construed to release any post-Effective Date obligations of any Entity under the Plan, the Transaction Support Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

### Binding Effect and Releases

If the Plan is confirmed by the Bankruptcy Court, the Plan, including Section 10.7(b) thereof, will be binding on you, regardless of whether you are impaired or unimpaired under the Plan and whether you have objected to the Plan.  Additionally, if the Plan is confirmed by the Bankruptcy Court, the releases set forth above will be binding on you and your estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons or parties claiming under or through you to have been legally entitled to assert in their own right (whether individually or collectively) or on your behalf, unless you complete and return this Opt Out Election Form to the Solicitation Agent by [•], 2020 at 4:00 p.m. (Eastern Time) (the "**Opt Out Deadline**") electronically        through        the        Solicitation        Agent's        E-Balloting        Portal        at

**www.omniagentsolutions.com/chinos,** or via first class or overnight mail at the following address:

<div align="center">

**Chinos Holdings, Inc. Ballot Processing**
**c/o Omni Agent Solutions**
**5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367**

</div>

**TO BE VALID, YOU MUST SUBMIT YOUR OPT OUT ELECTION FORM SO THAT IT IS RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE OPT OUT DEADLINE.**

| |
|---|
| <div align="center">**If Submitting Your Opt-Out Electronically**</div> |
| **HOLDERS THAT WISH TO SUBMIT AN OPT OUT ELECTION FORM ARE STRONGLY ENCOURAGED TO DO SO ELECTRONICALLY.  To submit your Opt Out Election Form electronically, www.omniagentsolutions.com/chinos, click on the "Electronic Opt Out" section, and follow the instructions to submit your Opt Out Election Form.** |

**Except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, the injunction provisions set forth in <u>Section 10.7</u> of the Plan will be binding on all Entities.**

**<u>Release Opt Out Election</u>**

| |
|---|
| ☐      The undersigned elects to **Opt Out** of the releases in <u>Section 10.7(b)</u> of the Plan. |

Print or Type Name of Claimant:           _____

Signature:                                             _____

Name of Signatory
(if different than Claimant):                  _____

Relationship to Claimant:                      _____

Street Address:                                      _____

City, State, and Zip Code:                      _____

Telephone Number:                               _____

E-mail Address:                                     _____

Date Completed: _____

## **Exhibit 3-C**

**Notice of Non-Voting Status – Disputed Claims**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

------------------------------------------------------------ x
                                :

**In re**                     :          **Chapter 11**
                                :

**CHINOS HOLDINGS, INC.,** *et al.*,    :          **Case No. 20–32181 (KLP)**
                                :

                  **Debtors.**[1]     :          **(Jointly Administered)**
                                :
------------------------------------------------------------ x

## NOTICE OF (A) NON-VOTING STATUS TO HOLDERS OF DISPUTED CLAIMS AND (B) ELECTION TO OPT OUT OF RELEASE OF CLAIMS

    **PLEASE TAKE NOTICE THAT** on [_____], 2020, the Bankruptcy Court entered an order [Docket No. [__]]: (i) approving the *Disclosure Statement for Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 469] (as may be amended, modified, or supplemented, the "**Disclosure Statement**") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (ii) establishing the voting deadline and other dates; (iii) approving procedures for filing objections to the Proposed Plan, and (iv) scheduling a hearing to consider confirmation of the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 468] (as may be amended, modified, or supplemented, the "**Proposed Plan**").[2]

    **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE THE HOLDER OF A CLAIM THAT IS SUBJECT TO A PENDING OBJECTION OR REQUEST FOR ESTIMATION BY THE DEBTORS. YOU ARE NOT ENTITLED TO VOTE ANY DISPUTED PORTION OF YOUR CLAIM, EXCEPT AS ORDERED BY THE COURT BEFORE THE VOTING DEADLINE; PROVIDED THAT IF THE DEBTORS' OBJECTION SEEKS TO RECLASSIFY OR REDUCE THE ALLOWED AMOUNT OF YOUR CLAIM, THEN YOUR CLAIM WILL BE TEMPORARILY ALLOWED FOR VOTING PURPOSES IN THE REDUCED AMOUNT AND/OR**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to those terms in the Plan.

**RECLASSIFIED, EXCEPT AS MAY BE OTHERWISE ORDERED BY THIS COURT BEFORE THE VOTING DEADLINE (SUCH CLAIM, A "DISPUTED CLAIM").**

**UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIMS AGAINST THE DEBTORS OR EQUITY INTERESTS IN THE DEBTORS. THEREFORE, PURSUANT TO SECTION 1126(g) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (I) DEEMED TO HAVE REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

---

**PLEASE TAKE FURTHER NOTICE THAT while you are not entitled to vote to accept or reject the Plan, the opt out election attached hereto as <u>Exhibit A</u> (the "Opt Out Election Form") provides you with the separate option to not grant the release of the Released Parties contained in Section 10.7(b) of the Plan.**

---

**PLEASE TAKE FURTHER NOTICE THAT** the Opt Out Election Form must be completed and returned to Omni in accordance with the instructions set forth therein by [**•], 2020 at 4:00 p.m. (Eastern Time)** (the "**Opt Out Deadline**") for your opt out to be valid. If you fail to properly complete and submit the Opt Out Election Form before the Opt Out Deadline, you will be deemed to have consented to the release provisions in Section 10.7(b) of the Plan.

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR EQUITY INTEREST(S), OR YOU WANT TO REQUEST A COPY OF THE ORDER, THE PLAN, OR THE DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE DEBTORS' VOTING AGENT, OMNI, THE DEBTORS' CLAIMS AND SOLICITATION AGENT, BY TELEPHONE, TOLL FREE AT (866) 991-8218 (DOMESTIC) OR (818) 924-2298 (INTERNATIONAL); OR IN WRITING AT CHINOS HOLDINGS, INC. BALLOT PROCESSING, C/O OMNI AGENT SOLUTIONS, 5955 DE SOTO AVE., SUITE 100, WOODLAND HILLS, CA 91367; OR BY EMAIL AT CHINOSINQUIRIES@OMNIAGNT.COM WITH A REFERENCE TO "CHINOS HOLDINGS" IN THE SUBJECT LINE.**

Dated:      [●], 2020
            Richmond, Virginia

HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:    (804) 788-8218

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Opt Out Election Form**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

------------------------------------------------------------ x
                                 :

In re                                 :          **Chapter 11**
                                 :

**CHINOS HOLDINGS, INC.,** *et al.,*    :         **Case No. 20–32181 (KLP)**
                                 :

              **Debtors.**[1]        :         **(Jointly Administered)**
                                 :

------------------------------------------------------------ x

## OPT OUT ELECTION FORM

Section 10.7(b) of the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 468] (as may be amended, modified, or supplemented, the "**Proposed Plan**")[2] contains the following provision:

**As of the Effective Date, for good and valuable consideration, on and after the Effective Date, each of the Released Parties shall be deemed to be conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by:**

     i.   **the other Released Parties;**

    ii.   **the holders of Impaired Claims who voted to accept the Plan;**

   iii.   **the holders of Impaired Claims who abstained from voting on the Plan or voted to reject the Plan but did not opt-out of these releases on their ballots;**

   iv.   **the holders of Unimpaired Claims and Interests in Classes 1, 2, 3, 7, and 9 that are presumed to accept the Plan but do not timely opt-out of the releases by completing a written opt-out form; and**

---

[1]     The Debtors  in these chapter 11 cases, along with the last four digits of each Debtor's   federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).   The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]     Capitalized terms used but not defined herein have the meanings ascribed to those terms in the Plan.

**v.   the holders of Impaired Claims and Interests in Classes 8, 10-A, and 10-B, that are deemed to reject the Plan but do not timely opt-out of the releases by completing a written opt-out form;**

**and with respect to any Entity in the foregoing clauses (i) through (iv), (a) such Entity's predecessors, successors, and assigns, and (b) all Entities entitled to assert Claims through or on behalf of such Entities with respect to the matters to which these releases apply, in each case, from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors and their Estates, the formation, operation, and conduct of the Debtors' businesses, the Chapter 11 Cases, the acquisition, purchase, sale, or rescission of the purchase or sale of any debt or security of the Debtors or the Reorganized Debtors (including the New Equity Allocation and New Warrants), the subject matter of, or the transactions or events giving rise to, any Claim or Interest, the business or contractual arrangements between the Debtors and any Released Party, the Debtors' restructuring (including the restructuring of the IPCo Notes Claims notwithstanding the IPCo Intercreditor Agreement), the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the DIP Order, the Disclosure Statement, the Transaction Support Agreement, the New Term Loan, the Backstop Commitment, the Backstop Commitment Letter, the Plan, the Plan Supplement, and related agreements, instruments, and other documents (including the Definitive Documents), and the negotiation, formulation, or preparation thereof, the solicitation of votes on the Plan, or any other act or omission, in all cases based upon any transaction, agreement, event, or other occurrence taking place on or before the Effective Date, including all Claims and Causes of Action under chapter 5 of the Bankruptcy Code or any other Avoidance Actions under the Bankruptcy Code or applicable federal or state law, including any preference or fraudulent transfer Claims or Causes of Action; *provided* that nothing in this release shall be construed to release any post-Effective Date obligations of any Entity under the Plan, the Transaction Support Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

## Binding Effect and Releases

If the Plan is confirmed by the Bankruptcy Court, the Plan, including <u>Section 10.7(b)</u> thereof, will be binding on you, regardless of whether you are impaired or unimpaired under the Plan and whether you have objected to the Plan.  Additionally, if the Plan is confirmed by the Bankruptcy Court, the releases set forth above will be binding on you and your estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons or parties claiming under or through you to have been legally entitled to assert in their own right (whether individually or collectively) or on your behalf, unless you complete and return this Opt Out Election Form to the Solicitation Agent by [•], **2020 at 4:00 p.m. (Eastern Time)** (the "**Opt Out Deadline**") electronically        through        the        Solicitation        Agent's        E-Balloting        Portal        at

www.omniagentsolutions.com/chinos, or via first class or overnight mail at the following address:

<div align="center">

**Chinos Holdings, Inc. Ballot Processing**
**c/o Omni Agent Solutions**
**5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367**

</div>

**TO BE VALID, YOU MUST SUBMIT YOUR OPT OUT ELECTION FORM SO THAT IT IS RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE OPT OUT DEADLINE.**

| If Submitting Your Opt-Out Electronically |
| :---: |
| **HOLDERS THAT WISH TO SUBMIT AN OPT OUT ELECTION FORM ARE STRONGLY ENCOURAGED TO DO SO ELECTRONICALLY. To submit your Opt Out Election Form electronically, www.omniagentsolutions.com/chinos, click on the "Electronic Opt Out" section, and follow the instructions to submit your Opt Out Election Form.** |

**Except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, the injunction provisions set forth in <u>Section 10.7</u> of the Plan will be binding on all Entities.**

**<u>Release Opt Out Election</u>**

| |
| --- |
| ☐     The undersigned elects to **Opt Out** of the releases in <u>Section 10.7(b)</u> of the Plan. |

Print or Type Name of Claimant:     _____

Signature:     _____

Name of Signatory
(if different than Claimant):     _____

Relationship to Claimant:     _____

Street Address:     _____

City, State, and Zip Code:     _____

Telephone Number:     _____

E-mail Address:     _____

Date Completed:                    _____

**<u>Exhibit 4</u>**

**Cure Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

-------------------------------------------------------- x
:
In re                        :         **Chapter 11**
:
**CHINOS HOLDINGS, INC.,** *et al.,*    :         **Case No. 20–32181 (KLP)**
:
Debtors.[1]   :         **(Jointly Administered)**
:
-------------------------------------------------------- x

**NOTICE OF ASSUMPTION OR**
**ASSIGNMENT AND CURE COSTS RELATING TO**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS**

**PLEASE TAKE NOTICE THAT:**

        1.      On June 11, 2020, Chinos Holdings, Inc. and its debtor affiliates in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 468] (as may be amended, modified, or supplemented, the "**Plan**")[2] and the *Disclosure Statement for Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 469] (as may be amended, modified, or supplemented, the "**Disclosure Statement**"). Copies of the Plan and the Disclosure Statement are available for download at www.omniagentsolutions.com/chinos.

        2.      The Debtors are parties to certain contracts and leases that are subject to assumption or rejection under the Plan (the "**Executory Contracts**" and "**Unexpired Leases**", and collectively, the "**Contracts**"), including those identified on **Exhibit A** hereto. The inclusion of any Contract on Exhibit A does not constitute an admission that a particular Contract is an executory contract or unexpired lease within the meaning of the Bankruptcy Code or require or guarantee that such Contract ultimately will be assumed. All rights of the Debtors and other parties in interest with respect thereto are reserved.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to those terms in the Plan.

3.      In accordance Section 8.1 of the Plan, as of and subject to the occurrence of the Effective Date and the payment of any applicable Cure Cost, all Executory Contracts and Unexpired Leases, to which any of the Debtors are parties, and which have not expired or terminated by their own terms on or before the Effective Date, shall be deemed assumed by the Debtors, except for any Executory Contract or Unexpired Lease that (a) is identified on the Schedule of Rejected Contracts and Leases; (b) has been previously rejected pursuant to a Final Order of the Bankruptcy Court; (c) has been previously assumed or assigned in Bankruptcy Court; (d) is the subject of a motion to assume, assign, or reject Executory Contracts or Unexpired Leases that is pending on the Confirmation Date; or (e) is the subject of an Order of the Bankruptcy Court authorizing the Debtors to reject an Executory Contract or Unexpired Lease with the effective date of such rejection scheduled for after the Effective Date.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR AN AFFILIATE MAY BE A COUNTERPARTY TO ONE OR MORE EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND YOUR RIGHTS MAY BE AFFECTED BY THE PLAN. YOU ARE ADVISED TO CAREFULLY REVIEW THE INFORMATION CONTAINED HEREIN AND THE RELATED PROVISIONS OF THE PLAN.**

4.      **Cure Costs**. Section 365(b)(1)(A) of the Bankruptcy Code requires that the Debtors cure or provide adequate assurance that they will promptly cure defaults under the Contracts at the time of assumption. The Debtors' determination of the amounts required to cure any prepetition defaults under the Contracts (the "**Cure Costs**") are set forth on Exhibit A.[3]

5.      **Consensual Resolution of Disputes**. The Debtors request that if you dispute the assumption of a Contract, or a Cure Cost, you contact the Debtors before the Objection Deadline (as defined below) to attempt to resolve such dispute consensually.  The Debtors' contact for such matters is [TO COME]. If such dispute cannot be resolved consensually before the Objection Deadline (as the same may be extended by agreement of the Debtors), you must file and serve an Objection as set forth in paragraph 7 below to preserve your right to object to the assumption, assignment, or Cure Costs, as applicable, related to your Contracts.

6.      **Deadline to Respond to Proposed Assumption or Assignment**. If you wish to object to the assumption of a Contract, including (a) the ability of the Reorganized Debtors or any other applicable assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease, or (b) the Debtors' calculation of the Cure Costs with respect to such Contract, you must file a written objection (an "**Objection**") that (i) identifies the applicable Contract, and (ii) sets forth in detail the basis for such Objection, together with all supporting documentation, so that it actually received no later than [•], 2020 at 4:00 p.m. (Eastern Time) (the "**Objection Deadline**"). Objections must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District Virginia, Richmond Division, and must be filed with the Bankruptcy Court, in accordance with the customary practices of the Bankruptcy Court, and served on counsel

---

[3]      The Debtors have been paying their postpetition obligations as they have come due in the ordinary course of their business. Accordingly, any unpaid postpetition obligations are not included in the Cure Costs listed in Exhibit A, hereto. The Debtors intend to pay such amounts in the ordinary course of business.

for the Debtors, Counsel for the Creditors' Committee, and the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division.

7.      Unless you properly and timely file and serve an Objection by the Objection Deadline with respect to your Contract, you will be deemed to have assented to (a) the assumption of such Contract on the Effective Date, if such Contract is not otherwise assumed or rejected as provided in the Plan, and (b) the Cure Costs specified on Exhibit A with respect to such Contract; and the Cure Costs specified on Exhibit A shall be the Cure Costs and shall be deemed to satisfy in full any prepetition obligations the Debtor might have with respect to such Contracts under section 365(b) of the Bankruptcy Code, without further notice, hearing, or order of the Bankruptcy Court. If you are party to more than one Contract, an Objection with respect to one Contract shall have no impact on the other Contracts to which you are a party for which no Objection has been filed and served.

8.      If a Cure Objection cannot otherwise by resolved by the parties, the Debtors may adjourn their request to assume the Contract pending resolution of the Cure Objection (an "**Adjourned Cure Objection**"), subject to the Plan.  An Adjourned Cure Objection may be resolved after the Effective Date of the Plan in the Debtors' discretion.

Dated: [●], 2020
       Richmond, Virginia

HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

*Attorneys for Debtors and Debtors in Possession*

**<u>Annex A</u>**

**Cure Costs**

| Counterparty Name | Debtor Name | Agreement Name and Description | Proposed Cure Cost |
|---|---|---|---|
|  |  |  | $ |

**<u>Exhibit B</u>**

**Disclosure Statement Hearing Notice**

**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

*Proposed Attorneys for Debtors and Debtors in Possession*

<div align="center">

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

</div>

---------------------------------------------------------- x
                :
**In re**               :      **Chapter 11**
                :
**CHINOS HOLDINGS, INC.,** *et al.*,   :      **Case No. 20–32181 (KLP)**
                :
          **Debtors.**[1]  :      **(Jointly Administered)**
                :
---------------------------------------------------------- x

<div align="center">

**NOTICE OF HEARING TO CONSIDER
APPROVAL OF DISCLOSURE STATEMENT FOR JOINT
PREARRANGED CHAPTER 11 PLAN OF REORGANIZATION
OF CHINOS HOLDINGS, INC. AND ITS AFFILIATED DEBTORS**

</div>

**TO ALL PARTIES IN INTEREST:**

      **PLEASE TAKE NOTICE THAT** on May 18, 2020, Chinos Holdings, Inc. and its debtor affiliates in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors* [Docket No. 248] (as may be amended, modified, or supplemented, the "**Proposed Plan**") and the *Proposed Disclosure*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

*Statement for Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors* [Docket No. 247] (as may be amended, modified, or supplemented, the "**Proposed Disclosure Statement**").[2] The Debtors will file a motion (the "**Disclosure Statement Motion**") seeking entry of an order (the "**Disclosure Statement Order**"): (I) approving the Proposed Disclosure statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (II) establishing the voting deadline and other dates; (III) establishing the confirmation hearing for the Proposed Plan; (IV) approving procedures for soliciting, receiving, and tabulating votes on the Proposed Plan and for filing objections to the Proposed Plan; and (V) approving the manner and forms of certain notices.

## PLEASE TAKE FURTHER NOTICE THAT:

1.      A hearing (the "**Hearing**") will be held before the Honorable Keith L. Phillips, United States Bankruptcy Judge, by remote video conference, on **June 25, 2020 at 11:00 a.m. (Eastern Time)**, to consider entry of the Disclosure Statement Order approving the adequacy of the information in the Proposed Disclosure Statement and other relief requested in the Disclosure Statement Motion. Parties may participate in the Hearing by registering through the following link:

https://www.zoomgov.com/meeting/register/vJIsfuyoqz4vGnOkaJK6Mr6Im_7RhBX_TLk

Parties who wish to attend the Hearing on a listen-only basis may do so by using one of the following dial-in numbers:

Phone Number: 888-363-4734          Phone Number: 888-363-4735
Access Code: 3238664                     Access Code: 8617460
Security Code: 2181                        Security Code: 2181

2.      Any party in interest wishing to obtain a copy of the Proposed Disclosure Statement and the Proposed Plan should contact Omni, the Debtors' claims and solicitation agent, by telephone, Toll Free at (866) 991-8218 (Domestic) or (818) 924-2298 (International); or in writing at Chinos Holdings, Inc. Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; or by email at chinosinquiries@omniagnt.com with a reference to "Chinos Holdings" in the subject line. Interested parties may also review the Proposed Disclosure Statement and the Proposed Plan free of charge at www.omniagentsolutions.com/chinos. In addition, the Proposed Disclosure Statement and Proposed Plan are on file with the Bankruptcy Court and may be reviewed by accessing the Bankruptcy Court's website: www.vaeb.uscourts.gov. Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website. A PACER password can be obtained at: www.pacer.psc.uscourts.gov. Copies of the Proposed Disclosure Statement and Proposed Plan may also be examined by interested parties during the operating business hours at the office of the Clerk of the Bankruptcy Court.

3.      Any objections to approval of the Proposed Disclosure Statement must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules of the Bankruptcy Court, and the *Order Establishing Certain Notice, Case Management and Administrative Procedures*

---

[2]      Capitalized terms used but not defined herein have the meanings ascribed to those terms in the Proposed Disclosure Statement.

[Docket No. 109]; (c) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by such party against the Debtors' estates or property; (d) provide the basis for objection and specific grounds thereof, and provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection; and (e) be filed, together with proof of service, with the Bankruptcy Court no later than **June 18, 2020 at 4:00 p.m. (Eastern Time)** (the **"Objection Deadline"**), and be served upon the following parties:

| | |
|---|---|
| ***Proposed Counsel to the Debtors*** <br> Weil, Gotshal & Manges LLP <br> 767 Fifth Avenue <br> New York, New York 10153 <br> Attn:   Ray C. Schrock, P.C. <br>        Ryan Preston Dahl <br>        Candace M. Arthur <br>        Daniel Gwen <br> Email: Ray.Schrock@weil.com <br>        Ryan.Dahl@weil.com <br>        Candace.Arthur@weil.com <br>        Daniel.Gwen@weil.com | ***Proposed Co-Counsel to the Debtors*** <br> Hunton Andrews Kurth LLP <br> Riverfront Plaza, East Tower <br> 951 East Byrd Street <br> Richmond, Virginia 23219 <br> Attn:   Tyler P. Brown <br>        Henry P. (Toby) Long, III <br>        Nathan Kramer <br> Email: tpbrown@hunton.com <br>        hlong@hunton.com <br>        nkramer@hunton.com |
| ***Proposed Counsel to the Creditors' Committee*** <br> Pachulski Stang Ziehl & Jones LLP <br> 780 Third Avenue, 34th Floor <br> New York, NY 10017 <br> Attn:   Robert J. Feinstein <br>        Bradford J. Sandler, Esq. <br>        Shirley S. Cho, Esq. <br> Email: rfeinstein@pszjlaw.com <br>        bsandler@pszjlaw.com <br>        scho@pszjlaw.com | ***Proposed Co-Counsel to the Creditors' Committee*** <br> Hirschler Fleischer, P.C <br> The Edgeworth Building <br> 2100 East Cary Street <br> Richmond, Virginia 23223 <br> Attn:   Robert S. Westermann <br> Email: rwestermann@hf-law.com |
| ***Office of the U.S. Trustee*** <br> Office of the U.S. Trustee for the Eastern District of Virginia, Richmond Division <br> 701 East Broad Street, Suite 4304 <br> Richmond, Virginia  23219 <br> Attn: Kenneth N. Whitehurst, III <br><br> Email: USTPRegion04.RH.ECF@usdoj.gov | |

4.    **IF AN OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT IS NOT FILED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE PROPOSED DISCLOSURE STATEMENT OR THE ADEQUACY THEREOF AND MAY NOT BE HEARD AT THE HEARING.  THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN.  VOTES ON THE PLAN MAY NOT BE SOLICITED UNTIL THE COURT APPROVES THE PROPOSED DISCLOSURE STATEMENT.**

5.    The Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in the Bankruptcy Court of such adjournment on the date scheduled for the Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.  The Debtors may modify the Proposed Disclosure Statement, if necessary, before, during, or as a result of the Hearing without further notice.

Dated: May 19, 2020
      Richmond, Virginia

                             */s/  Henry P. (Toby) Long, III*

HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice)*
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*