**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

------------------------------------------------------------ x
                                           :
In re                                      :         **Chapter 11**
                                           :
**CHINOS HOLDINGS, INC.,** *et al.*,       :         **Case No. 20–32181 (KLP)**
                                           :
           **Debtors.**[1]                 :         **(Jointly Administered)**
                                           :
------------------------------------------------------------ x

## NOTICE OF FILING OF REVISED
## PROPOSED ORDER APPROVING MOTION OF DEBTORS
## FOR ENTRY OF AN ORDER (I) APPROVING THE PROPOSED
## DISCLOSURE STATEMENT AND THE FORM AND MANNER
## OF THE NOTICE OF THE DISCLOSURE STATEMENT HEARING,
## (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES,
## (III) SCHEDULING CONFIRMATION HEARING, (IV) ESTABLISHING
## NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION
## OF THE DEBTORS' PLAN, AND (V) GRANTING RELATED RELIEF

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

**PLEASE TAKE NOTICE** that on June 11, 2020, Chinos Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, filed the *Motion of Debtors for Entry of an Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of the Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Plan, and (V) Granting Related Relief* [Docket No. 471] (the "**Disclosure Statement Motion**").  A proposed order approving the Disclosure Statement Motion is attached as Exhibit A to the Disclosure Statement Motion (the "**Proposed Disclosure Statement Order**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors have revised the Proposed Disclosure Statement Order and exhibits thereto to address certain comments received from various parties in interest in these chapter 11 cases.  A summary of the revised documents is as follows:

- **Proposed Disclosure Statement Order**.  A redline reflecting the changes made to the Proposed Disclosure Statement Order is attached hereto as **Exhibit A**.

  - **Exhibit 1: Confirmation Hearing Notice**. A redline reflecting the changes made to the Confirmation Hearing Notice is attached hereto as **Exhibit B**.

  - **Exhibit 2-A: Form of Ballot for Voting Classes 4, 6-A, 6-B**.  A redline reflecting the changes made to Exhibit 2-A is attached hereto as **Exhibit C**.

  - **Exhibits 2-B and 2-C: Ballots for Class 5**.  No substantive changes.

  - **Exhibits 3-A, 3-B, and 3-C: Notices of Non-Voting Status**.  No substantive changes.

  - **Exhibit 4: Cure Notice**.  A redline reflecting the changes made to the Cure Notice is attached hereto as **Exhibit D**.

**PLEASE TAKE FURTHER NOTICE** that copies of the revised Proposed Disclosure Statement Order, all exhibits thereto, and all other documents filed in the Debtors' chapter 11

2

cases, may be obtained: (a) by accessing the Court's website at https://ecf.vaeb.uscourts.gov

through an account obtained from the Pacer Service Center at 1-800-676-6856 or www.pacer.gov,

or  (b) free  of  charge,  by  accessing  the  Debtors'  case  information  website  at

https://www.omniagentsolutions.com/chinos.

Dated: June 24, 2020
      Richmond, Virginia

                                    */s/ Henry P. (Toby) Long, III*
                                    HUNTON ANDREWS KURTH LLP
                                    Tyler P. Brown (VSB No. 28072)
                                    Henry P. (Toby) Long, III (VSB No. 75134)
                                    Nathan Kramer (VSB No. 87720)
                                    Riverfront Plaza, East Tower
                                    951 East Byrd Street
                                    Richmond, Virginia 23219
                                    Telephone:  (804) 788-8200
                                    Facsimile:   (804) 788-8218

                                    -and-

                                    WEIL, GOTSHAL & MANGES LLP
                                    Ray C. Schrock, P.C. (admitted *pro hac vice*)
                                    Ryan Preston Dahl (admitted *pro hac vice*)
                                    Candace M. Arthur (admitted *pro hac vice*)
                                    Daniel Gwen (admitted *pro hac vice*)
                                    767 Fifth Avenue
                                    New York, New York  10153
                                    Telephone:  (212) 310-8000
                                    Facsimile:   (212) 310-8007

                                    *Attorneys for Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Redline of Revised Proposed Disclosure Statement Order**

**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

------------------------------------------------------------ x

|  |  |  |
|---|---|---|
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CHINOS HOLDINGS, INC., *et al.*,** | : | **Case No. 20–32181 (KLP)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------ x

## ORDER (I) APPROVING THE DISCLOSURE STATEMENT AND THE FORM AND MANNER OF THE NOTICE OF THE DISCLOSURE STATEMENT HEARING, (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING CONFIRMATION HEARING, (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE DEBTORS' PLAN, AND (V) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Chinos Holdings, Inc. and its debtor

affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

---

[1]   The Debtors  in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

(collectively, the "**Debtors**"), for entry of an order (a) approving the proposed disclosure statement [Docket No. 469541] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)*, filed on June 1124, 2020 [Docket No. 468540] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as contemplated by the Bankruptcy Code and the form and manner of the notice of the hearing to consider the Disclosure Statement; (b) establishing solicitation and voting procedures; (c) scheduling the Confirmation Hearing (as defined below); (d) establishing notice and objection procedures with respect to confirmation of the Plan, and (e) granting related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference* from the United States District Court for the Eastern District of Virginia, dated July 10, 1984; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Disclosure Statement Hearing Notice having been filed on May 19, 2020 [Docket No. 259] and served as set forth in the *Affidavit of Service* [Docket No. 401]; and due and proper notice of the Motion having been provided under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held the Disclosure Statement Hearing to consider the relief requested in the Motion; and upon the record of the Disclosure Statement Hearing and the proceedings had before this Court; and all objections to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth

2

in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.    <u>Notice of the Disclosure Statement Hearing and Disclosure Statement Objection Deadline</u>.  The Disclosure Statement Hearing Notice filed by the Debtors on May 19, 2020 [Docket No. 259] and served upon parties in interest in these chapter 11 cases on May 20, 2020 as set forth in the *Affidavit of Service* [Docket No. 414], constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.  No other or further notice is required.

B.    <u>The Disclosure Statement</u>.  The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

C.    <u>Balloting and Voting Procedures</u>.  The procedures set forth herein and in the Ballots (as defined herein) for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

D.    <u>Ballots</u>.    The ballots substantially in the form annexed hereto as **<u>Schedules 2-A</u>**, **<u>2-B</u>**, and **<u>2-C</u>** (the "**Ballots**"), including all voting instructions provided therein,

---

[3]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

WEIL 97510565V.2
WEIL:\97510565\5\54457.0008

are consistent with Official Bankruptcy Form No. B 314, address the particular needs of these chapter 11 cases and provides adequate information and instructions for each individual entitled to vote to accept or reject the Plan. No further information or instructions are necessary with respect to the Ballots.

E.     Parties Entitled to Vote. Pursuant to the Plan, holders of claims in Class 4 (Term Loan Secured Claims), Class 5 (IPCo Notes Claims), Class 6-A (Ongoing Trade Claims), and Class 6-B (Other General Unsecured Claims) are entitled to vote on account of such claims.

F.     Parties Not Entitled to Vote. Holders of claims and interests in Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), Class 3 (ABL Facility Claims), Class 7 (Intercompany Claims), and Class 9 (Intercompany Interests) are unimpaired and, accordingly, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan and are not entitled to vote on account of such Claims. Further, the holders of claims and interests Class 8 (Section 510(b) Claims), Class 10-A (Existing Holdings Preferred Equity) and Class 10-B (Existing Holdings Equity) are Impaired and are conclusively deemed to have rejected the Plan, and accordingly, pursuant to section 1126(g) of the Bankruptcy Code such holders are not entitled to vote on account of such Interests and Claims.

G.     Solicitation Packages and Distribution Procedures. The proposed distribution and contents of the Solicitation Packages comply with section 1126 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties of the Voting Record Date, Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and other related matters.

H.     Solicitation Period. The period during which the Debtors may solicit votes to accept or reject the Plan established herein is a reasonable and sufficient period of time

4

for the Voting Classes to make an informed decision regarding whether to accept or reject the Plan and timely return Ballots evidencing such decision.

I.     Notice of Confirmation Hearing and Plan Objection Deadline.   The procedures set forth in the Motion regarding notice to all parties of the time, date, and place of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") and for filing objections or responses to the Plan, provide due, proper, and adequate notice, comport with due process and comply with Bankruptcy Rules 2002 and 3017.  No further notice is required.

J.     Notice.  All other notices to be provided pursuant to the procedures set forth in the Motion are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing.  No further notice is required.

K.     Relief is Warranted.  The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.     The Motion is granted as set forth herein.

2.     All objections to the relief granted herein that have not been withdrawn with prejudice, waived, or settled, and all reservations of rights included in such objections, hereby are overruled and denied on the merits with prejudice.

**Disclosure Statement**

3.     The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is **APPROVED**.

4.     The form and manner of the Disclosure Statement Hearing Notice complied with all applicable Bankruptcy Rules and Local Rules.

5

5.     The Disclosure Statement (including all applicable exhibits thereto) provides sufficient notice of the injunction, exculpation, and release provisions contained in Article X of the Plan, in accordance with Bankruptcy Rule 3016(c).

### Solicitation and Confirmation Schedule

6.     The following dates are approved in connection with solicitation and confirmation of the Plan:

| Event | Date[4] |
|---|---|
| Disclosure Statement Objection Deadline | June 18, 2020 at 4:00 p.m. |
| Deadline to file Reply to Disclosure Statement Objections | June 24, 2020 at 12:00 p.m. |
| Disclosure Statement Hearing | June 25, 2020 at 11:00 a.m. |
| Voting Record Date | July 15, 2020 |
| Solicitation Date and Distribution of Confirmation Hearing Notice | No later than July 17, 2020 |
| Cure Notice Filing Date | No later than July 31, 2020 |
| Rule 3018 Motion Filing Deadline | August 6, 2020 at 4:00 p.m. |
| Plan Supplement Filing Deadline | August 12, 2020 at 11:59 p.m. |
| Cure Objection Deadline and 3018 Motion Objection Deadline | August 13, 2020 at 4:00 p.m. |
| Voting Deadline and Release Opt Out Deadline | August 17, 2020 at 4:00 p.m. |
| Plan Objection Deadline | August 17, 2020 at 4:00 p.m. |
| August Omnibus Hearing to Consider Any 3018 Motions and Cure Objections | August 20, 2020 at 11:00 a.m. |
| Deadline to File Confirmation Brief | August 21, 2020 |
| Deadline to File (a) Confirmation Brief, (b) Replies to Plan Objections, (eb) Declarations in Support of Confirmation, and (ivc) Voting Certification | August 24, 2020 at 12:00 p.m. |
| Confirmation Hearing | August 25, 2020 at 10:00 a.m. |

---

[4]    All times referenced in this Order are to Eastern Time.

6

**Solicitation and Voting Procedures**

*The Voting Record Date*

7.    Only holders of claims as of the Voting Record Date shall be entitled to vote to accept or reject the Plan.  With respect to transfers of claims filed pursuant to Bankruptcy Rule 3001, the holder of a claim as of the Voting Record Date shall be the transferor of such claim and entitled to cast the Ballot or Class Ballot with respect to that claim unless the documentation evidencing such transfer was docketed by the Court at least **21 days** before the Voting Record Date and no timely objection with respect to such transfer was filed by the transferor.

*Solicitation Packages*

8.    The Solicitation Packages are **APPROVED**.

9.    The Debtors shall mail the Solicitation Packages as soon as practicable after the occurrence of both (a) the General Bar Date and (b) entry of this Order (the "**Solicitation Date**"), to the U.S. Trustee and the holders of claims and interests as of the Voting Record Date, as required by Bankruptcy Rule 3017(d).

10.    Solicitation Packages shall contain:

(a)    If the recipient is in a Voting Class and is entitled to vote on the Proposed Plan, (i) this Order (without exhibits), (ii) the Confirmation Hearing Notice, (iii) a Ballot for such holder, (iv) a postage-prepaid, pre-addressed return envelope, and (v) instructions for accessing the Disclosure Statement, which will include the Proposed Plan as an attachment, and the Proposed Plan, as independently filed, each from the Debtors' restructuring website; and

(b)    If the recipient is a Non-Voting Claimant, or is not otherwise entitled to vote on the Proposed Plan, (i) the Confirmation Hearing Notice, (ii) the applicable Notice of Non-Voting Status, (iii) the Opt Out Election Form, and (iv) instructions for accessing the Disclosure Statement, which will

7

include the Proposed Plan as an attachment, and the Proposed Plan, as independently filed, each from the Debtors' restructuring website.

11.     Any party entitled to receive a copy of the Proposed Plan and Disclosure Statement may request a copy of the Disclosure Statement (and attachments) either in electronic format or paper format by email or by written request. Upon receipt of such request, the Debtors will promptly provide such parties with a copy of the Plan and the Disclosure Statement at no cost to the requesting party.

12.     The Debtors shall not be required to send Solicitation Packages to holders of claims that have already been paid in full ("**Paid Creditors**") to the extent that such Paid Creditors have not timely filed proofs of claims; provided, however, that if any such claim holder would be entitled to receive a Solicitation Package for any other reason, the Debtors shall send such claim holder a Solicitation Package in accordance with the procedures set forth in the Motion.

13.     With respect to addresses from which the Debtors have received mailings returned as undeliverable, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before the Voting Deadline, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017.

### *Ballots*

14.     The Ballots, substantially in the form attached hereto as **Exhibit 2-A**, **2-B**, and **2-C** are **APPROVED**.

8

15.     The Debtors are authorized to make non-substantive changes to the Ballots and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Ballots and any other materials in the Solicitation Packages before mailing.

16.     The Voting Deadline may be extended by the Debtors (a) by written (including by email) notice to such holder (with any such extensions to be disclosed in the Voting Certification) or (b) for the entire Voting Class by notice filed by the Debtors in these chapter 11 cases.

17.     All Ballots must be properly executed, completed, and delivered to Omni by first-class mail, overnight courier, or hand delivery so that they are **actually received** by Omni no later than the Voting Deadline.  In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors are authorized to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal on the Debtors' case website to be maintained by Omni (the "**E- Ballot Portal**").  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot Portal (which allows a holder to submit an electronic signature).  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  For the avoidance of doubt, holders may only cast Ballots electronically via the E-Ballot Portal.  Ballots submitted by email, facsimile, or any other means of electronic submission not specifically authorized by the solicitation procedures shall not be counted.

9

### *Non-Voting Status Notices and Opt Out Election Form*

18.     The Non-Voting Status Notices attached hereto as **Exhibits 3-A**, **3-B** and **3-C**, and the form attached to such notices as **Exhibit A** (the "**Opt Out Election Form**"), allowing members of Non-Voting Classes to opt out of certain third party release provisions, are **APPROVED**.

19.     The Debtors will mail to holders of claims in Classes 1, 2, and 3 the Confirmation Hearing Notice and the Notice of Non-Voting Status – Unimpaired Claims in lieu of a Solicitation Package.  The Debtors will mail to holders of claims or interests in Classes 8, 10-A and 10-B the Confirmation Hearing Notice and the applicable Notice of Non-Voting Status – Impaired in lieu of a Solicitation Package.  Each Notice of Non-Voting Status will provide (a) notice of the approval of the Disclosure Statement, (b) notice of the filing of the Proposed Plan, (c) notice of the holder's non-voting status, (d) information on how to obtain copies of the Disclosure Statement and Proposed Plan, and (e) an Opt Out Election Form attached as an exhibit to each Notice of Non-Voting Status.

20.     Furthermore, the Debtors will send the Notice of Non-Voting Status – Disputed Claims to the holders of claims that are subject to a pending objection by the Debtors and are not entitled to vote the disputed portion of their claim.

21.     In addition to accepting paper Opt Out Election Forms from members of the Non-Voting Classes, the Debtors are authorized to accept Opt Out Election Forms electronically through the Debtors' restructuring website.  Instructions for the electronic online transmission of Opt Out Election Forms are set forth on each Opt Out Election Form as attached to the applicable Non-Voting Status Notices.

10

*Notices to Executory Contract and Unexpired Lease Counterparties*

22. The form of Cure Notice annexed hereto as **Exhibit 4** is **APPROVED**.

23. The Debtors are not required to distribute copies of the Proposed Plan or the Disclosure Statement to any party to an executory contract or unexpired lease who holds a claim that is not allowed, filed, or scheduled.

*Tabulation*

24. The following tabulation procedures are **APPROVED**.

25. If applicable, solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Debtors in any other context, each claim within the Voting Classes will be temporarily allowed in an amount equal to the liquidated, non-contingent, and undisputed amount of such claim set forth in the Schedules or proof of claim, as applicable

26. The foregoing general procedures will be subject to the following exceptions:

(a) If a claim is deemed Allowed under the Proposed Plan, such claim is allowed for voting purposes in the deemed Allowed amount set forth in the Proposed Plan;

(b) If a proof of claim was timely filed in an amount that is wholly liquidated, non-contingent, and undisputed such claim is temporarily allowed for voting purposes only in the amount set forth on the proof of claim, unless such claim is disputed as set forth in subparagraph (i) below;

(c) If a claim for which a proof of claim has been timely filed or is otherwise included in the Debtors' Schedules is wholly contingent, unliquidated, or disputed (as designated on the Debtors' Schedules or based on the face of such proof of claim or as determined upon the review of the Debtors or the Voting Agent), such claim is accorded one vote and valued at $1.00 for voting purposes only, and not for purposes of allowance or distribution, unless such claim is disputed as set forth in subparagraph (i) below;

(d) If a claim is listed on the Debtors' Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such claim is

11

temporarily allowed for voting purposes only in the amount that is liquidated, non-contingent, and undisputed, unless such claim is disputed as set forth in subparagraph (i) below;

(e)     If a claim has been estimated or otherwise allowed for voting purposes by order of this Court by the Voting Record Date, such claim is temporarily allowed in the amount so estimated or allowed by this court for voting purposes only;

(f)     Any claimant who has filed or purchased duplicate claims within the same class will be provided with only one Solicitation Package (as defined below) and one Ballot for voting a single claim in such class (based on the reasonable efforts of the Debtors), regardless of whether the Debtors have objected to such duplicate claim;

(g)     Each entity that holds or has filed more than one non-duplicative claim within a particular class shall be treated as if such entity has only one claim in such class in the aggregate dollar amount of such claims;

(h)     If a proof of claim has been amended by a later proof of claim that is filed on or before the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules; and

(i)     If the Debtors have filed an objection to or a request for estimation of a claim on or before the Voting DeadlineJuly 31, 2020 (such claim, a "**Disputed Claim**"), such Disputed Claim is temporarily disallowed for voting purposes, except as ordered by the Court, including pursuant to an order on any Rule 3018 Motion (as described below) filed regarding such claim; *provided* that if the Debtors' objection seeks to reclassify or reduce the allowed amount of such claim, then such claim is temporarily allowed for voting purposes in the reduced amount or as reclassified, except as may be otherwise ordered by this Court.; and

(j)     In the case of any rejection damages claim arising out of the filing of a list of rejected contracts or leases with the Plan Supplement, for which a proof of claim containing a liquidated amount has not been already been filed as of the date of the filing of the Plan Supplement, then solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, such claim, and without prejudice to the rights of the Debtors in any other context, each such claimant shall be provided with a provisional ballot and permitted to vote in the amount of $1.00, which ballot shall be transmitted by electronic email or overnight mail.

WEIL:97510565V.2
WEIL:\97510565\5\54457.0008

27.     If any claimant seeks to challenge the allowance of its claim for voting

purposes, such claimant must file a motion with the Bankruptcy Court by ~~the deadline set forth~~

~~herein~~August 6, 2020 for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing

such claim for voting purposes in a different amount (a "**Rule 3018 Motion**").  Upon entry of an

Order resolving a Rule 3018 Motion, the Debtors will direct the Voting Agent to provide such

claimant with a Ballot and that such Ballot be counted in accordance with the above-designated

guidelines (or as otherwise agreed to by the Debtors and such claimant), unless temporarily

allowed in a different amount by an order of the Court entered before or concurrent with entry of

an order confirming the Proposed Plan.

28.     Any Ballot that is properly completed, executed, and timely returned to

Omni but does not indicate an acceptance or rejection of the Plan, or indicates both an

acceptance and a rejection of the Plan, shall not be counted.

29.     Creditors must vote all of their claims within the Voting Classes, either to

accept or reject the Plan, and may not split their votes.

30.     A Ballot that partially rejects and partially accepts the Plan shall not be

counted.

31.     The following Ballots shall not be counted or considered for any purpose

in determining whether the Plan has been accepted or rejected:  (a) any Ballot received after the

Voting Deadline unless the Debtors have granted in writing an extension of the Voting Deadline

with respect to such Ballot; (b) any Ballot that is illegible or contains insufficient information to

permit the identification of the claim holder; (c) any Ballot cast by a person or entity that does

not hold a claim in a class that is entitled to vote to accept or reject the Plan; (d) any Ballot that

is unsigned or without an original signature; <u>provided</u>, <u>however</u>, for the avoidance of doubt, a

13

Ballot submitted via Omni's E-Ballot Portal shall be deemed to contain an original signature; and (e) any Ballot transmitted to Omni by facsimile, electronic transmission, or other electronic means (other than via the E-Ballot Portal).

32. The Debtors will use commercially reasonable efforts to provide the Committee with two days' notice of ballot irregularities before the deadline to file the Voting Certification.

33. 32. Nothing in this Order shall affect or limit any party's rights to object to any proof of claim or Rule 3018(a) Motion.

### *Nominees and Beneficial Holders*

34. 33. With respect to claims in Class 5 arising under or related to the IPCo Indentures held by brokers, banks, commercial banks, trust companies, dealers, or other agents or nominees (collectively, the "**Nominees**") in "street name" on behalf of the underlying beneficial holders (the "**Beneficial Holders**"), solely for voting purposes, the voting amounts of those claims shall be the amounts set forth on the books and records of the applicable Nominee as of the Voting Record Date as evidenced by the securities position report from the Depository Trust Company ("**DTC**").  The applicable indenture trustee shall provide a register of registered holders in electronic Microsoft Excel format to the Debtors no later than one business day after the Voting Record Date.

35. 34. Once the Voting Record Date has passed, the Debtors will cause to be distributed to each Nominee reasonably sufficient numbers of Solicitation Packages, including sufficient Beneficial Ballots (the "**Beneficial Ballots**"), to distribute via first class mail to the Beneficial Holders as of the Voting Record Date for whom such Nominee acts.  The Debtors will also cause a Master Ballot (as defined below) to be distributed to each Nominee for use in

14

tabulating votes cast on Beneficial Ballots submitted to such Nominee. If it is a Nominee's customary and accepted practice to forward the solicitation information to (and collect votes from) Beneficial Holders by voter information form ("**VIF**"), e-mail, telephone or other customary means of communication, the Nominee may employ that method of communication in lieu of sending the paper Beneficial Ballot or paper Solicitation Package.

36.   ~~35.~~ Nominees, upon receipt of the Solicitation Packages, shall promptly distribute such Solicitation Packages including Beneficial Ballots (or a summary thereof) to Beneficial Holders using one of the following two methods (to be selected by the Nominee) within five business days of receipt of the Solicitation Packages:

a. **Pre-Validated Ballots**: The Nominee may "pre-validate" a Beneficial Ballot by (i) signing the Beneficial Ballot; (ii) indicating on the Beneficial Ballot the amount and the account number of the claims held by the Nominee for the Beneficial Holder; and (iii) forwarding such Beneficial Ballot, together with the Disclosure Statement, a pre-addressed, postage-paid return envelope addressed to, and provided by, Omni, and other materials requested to be forwarded, to the Beneficial Holder for voting. The Beneficial Holder must then fill in the information requested in the Beneficial Ballot, and return the Beneficial Ballot directly to Omni in the pre-addressed, postage-paid return envelope so that it is RECEIVED by Omni on or before the Voting Deadline. A list of the Beneficial Holders to whom "pre-validated" Beneficial Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Voting Deadline.

b. **Master Ballots**: If the Nominee elects not to pre-validate Beneficial Ballots, the Nominee may obtain the votes of Beneficial Holders by forwarding to the Beneficial Holders the unsigned Beneficial Ballots by VIF, e-mail, or other customary method of collecting votes from a Beneficial Holder, together with the Disclosure Statement, a pre-addressed, postage-paid return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded. Each such Beneficial Holder must then indicate his, her, or its vote on the Beneficial Ballot, fill in the information requested on the Beneficial Ballot, review the certifications contained on the Beneficial Ballot, execute the Beneficial Ballot, and return the Beneficial Ballot to the Nominee. If it is the accepted practice for a Nominee to collect votes through a VIF, e-mail, or other customary method of communication,

15

the Beneficial Holder shall follow the Nominee's instruction for completing and submitting its vote to the Nominee. After collecting the Beneficial Holders' votes, the Nominee should, in turn, complete a master ballot (the "**Master Ballot**") compiling the votes and other information from the Beneficial Holders, execute the Master Ballot, and deliver the Master Ballot to Omni through the e-balloting portal or via first class mail so that it is RECEIVED by Omni on or before the Voting Deadline. All Beneficial Ballots returned by Beneficial Holders should either be forwarded to Omni (along with the Master Ballot) or retained by Nominees for inspection for at least one year from the Voting Deadline. EACH NOMINEE SHOULD ADVISE ITS BENEFICIAL HOLDERS TO RETURN THEIR BENEFICIAL BALLOTS TO THE NOMINEE BY A DATE CALCULATED BY THE NOMINEE TO ALLOW IT TO PREPARE AND RETURN THE MASTER BALLOT TO OMNI SO THAT IT IS RECEIVED BY OMNI ON OR BEFORE THE VOTING DEADLINE.[5]

## **Confirmation**

### *Confirmation Hearing*

37.    ~~36.~~ The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice, including adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

### *Notice of Confirmation Hearing*

38.    ~~37.~~ The Confirmation Hearing Notice substantially in the form attached hereto as **Exhibit 1** is **APPROVED**.

39.    ~~38.~~ The Confirmation Hearing Notice provides due, proper, and adequate notice, comports with due process and complies with Bankruptcy Rules 2002 and 3017.

40.    ~~39.~~ All parties in interest shall receive or be deemed to have received good and sufficient notice of (a) the Motion and (b) the Confirmation Hearing, and no further notice of

---

[5]    Notwithstanding the foregoing, Nominees are authorized to transmit Solicitation Packages and collect votes to accept or to reject the Proposed Plan from Beneficial Holders in accordance with their customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

WEIL:97510565V.2
WEIL:\97510565\5\54457.0008

the foregoing shall be required, if, as soon as reasonably practicable, but no later than the Solicitation Date, the Debtors shall cause the Confirmation Hearing Notice to be filed with the Court and served by email, mail, facsimile, or overnight delivery upon all parties required to be noticed pursuant to Bankruptcy Rules 2002 and 3017.

41.    40. The Debtors shall publish the Publication Notice in the national editions of *The New York Times*, *USA Today*, or such other nationally recognized publication, and shall be authorized (but not required) to publish the Publication Notice in such other publications of general circulation as the Debtors shall determine.

### *Objections to Confirmation*

42.    41. Objections and responses, if any, to confirmation of the Plan, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objecting party and the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' Estates or property; (d) provide the basis for the objection and the specific grounds thereof; and (e) be filed, together with proof of service.

43.    42. Registered users of the Court's case filing system shall be required to file their objections and responses electronically and that all other parties in interest be required to file their objections and responses in writing with the United States Bankruptcy Court Clerk's Office, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219 to the attention of the chambers of the Honorable Keith L. Phillips, United States Bankruptcy Judge.

44.    43. Additionally, any objection or response is required to be served upon and received by the Notice Parties no later than the Plan Objection Deadline. The Notice Parties shall include:

17

| | |
|---|---|
| ***Counsel to the Debtors***<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn:   Ray C. Schrock, P.C.<br>          Ryan Preston Dahl<br>          Candace M. Arthur<br>          Daniel Gwen<br>Email: Ray.Schrock@weil.com<br>          Ryan.Dahl@weil.com<br>          Candace.Arthur@weil.com<br>          Daniel.Gwen@weil.com | ***Co-Counsel to the Debtors***<br>Hunton Andrews Kurth LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia 23219<br>Attn:   Tyler P. Brown<br>          Henry P. (Toby) Long, III<br>          Nathan Kramer<br>Email: tpbrown@hunton.com<br>          hlong@hunton.com<br>          nkramer@hunton.com |
| ***Proposed Counsel to the Creditors' Committee***<br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Attn:   Robert J. Feinstein<br>          Bradford J. Sandler, Esq.<br>          Shirley S. Cho, Esq.<br>Email: rfeinstein@pszjlaw.com<br>          bsandler@pszjlaw.com<br>          ~~bsandler~~grassgreen@pszjlaw.com<br>          scho@pszjlaw.com | ***Proposed Co-Counsel to the Creditors' Committee***<br>Hirschler Fleischer, P.C<br>The Edgeworth Building<br>2100 East Cary Street<br>Richmond, Virginia 23223<br>Attn:   Robert S. Westermann<br>Email: rwestermann@hf-law.com |
| ***Office of the U.S. Trustee***<br>Office of the U.S. Trustee for the Eastern District of Virginia, Richmond Division<br>701 East Broad Street, Suite 4304<br>Richmond, Virginia  23219<br>Attn: Kenneth N. Whitehurst, III<br><br>Email: USTPRegion04.RH.ECF@usdoj.gov | |

45.    ~~44.~~ Objections to confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above may not be considered unless otherwise agreed by the Debtors or determined by the Court.

WEIL 97510565V.2
WEIL:\97510565\5\54457.0008

**General Provisions**

46.   ~~45.~~ The Debtors are authorized to adjourn or extend any deadline or date herein as to any particular party, other than the date of the Confirmation Hearing, in its discretion and as to all affected parties pursuant to a notice filed on the docket.

47.   ~~46.~~ The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Proposed Plan, the Solicitation Packages, and related documents without further order of the Bankruptcy Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Proposed Plan, and any other materials in the Solicitation Packages before mailing.

48.   ~~47.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

49.   ~~48.~~ The Debtors are authorized to take all reasonable steps necessary or appropriate to carry out this Order.

50.   ~~49.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2020
Richmond, Virginia

_____
UNITED STATES BANKRUPTCY JUDGE

19

**<u>Exhibit B</u>**

**Redline of Revised Confirmation Hearing Notice**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

--------------------------------------------------------- x
                    :

In re                    :      **Chapter 11**
                    :

**CHINOS HOLDINGS, INC.,** *et al.*,     :      **Case No. 20–32181 (KLP)**
                    :

           **Debtors.**[1]    :      **(Jointly Administered)**
                    :
--------------------------------------------------------- x

## NOTICE OF CONFIRMATION HEARING FOR PROPOSED PLAN OF CHINOS HOLDINGS, INC. AND ITS AFFILIATED DEBTORS

      **PLEASE TAKE NOTICE THAT** on [_____], 2020, the Bankruptcy Court entered an order [Docket No. [__]] (the "**Solicitation Order**"): (i) approving the *Disclosure Statement for Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. ~~469~~541] (as may be amended, modified, or supplemented, the "**Disclosure Statement**") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (ii) establishing the Voting Deadline and other dates; (iii) approving procedures for filing objections to the Proposed Plan; and (iv) scheduling a hearing to consider confirmation of the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. ~~468~~540] (as may be amended, modified, or supplemented the "**Proposed Plan**").

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Solicitation Order, the Bankruptcy Court approved the following dates and deadlines:

| Event | Proposed Date[2] |
|---|---|
| Disclosure Statement Objection Deadline | June 18, 2020 at 4:00 p.m. |
| Deadline to file Reply to Disclosure Statement Objections | June 24, 2020 at 12:00 p.m. |
| Disclosure Statement Hearing | June 25, 2020 at 11:00 a.m. |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2] Unless otherwise stated, all times referenced in this Motion are to Eastern Time.

| | |
|---|---|
| Voting Record Date | July 15, 2020 |
| Solicitation Date and Distribution of Confirmation Hearing Notice | No later than July 17, 2020 |
| Cure Notice Filing Date | No later than July 31, 2020 |
| Rule 3018 Motion Filing Deadline | August 6, 2020 at 4:00 p.m. |
| Plan Supplement Filing Deadline | August 12, 2020 at 11:59 p.m. |
| Cure Objection Deadline and 3018 Motion Objection Deadline | August 13, 2020 at 4:00 p.m. |
| Voting Deadline and Release Opt Out Deadline | August 17, 2020 at 4:00 p.m. |
| Plan Objection Deadline | August 17, 2020 at 4:00 p.m. |
| August Omnibus Hearing to Consider Any 3018 Motions and Cure Objections | August 20, 2020 at 11:00 a.m. |
| Deadline to File Confirmation Brief | August 21, 2020 |
| Deadline to File (a) ~~Confirmation Brief, (b)~~ Replies to Plan Objections, (~~e~~b) Declarations in Support of Confirmation, and (~~iv~~c) Voting Certification | August 24, 2020 at 12:00 p.m. |
| Confirmation Hearing | August 25, 2020 at 10:00 a.m. |

      **PLEASE TAKE FURTHER NOTICE** that (i) a hearing to consider confirmation of the Proposed Plan (the "**Confirmation Hearing**") will be held before the Honorable Keith L. Phillips, United States Bankruptcy Judge, ~~at the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**"), 701 East Broad Street, Suite 4000, Richmond, VA 23219~~by remote video conference, on **August 25, 2020 at 10:00 a.m. (Eastern Time)**, and (ii) the deadline for filing objections to the confirmation of the Proposed Plan is **August 17, 2020 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**"). Parties may participate in the Confirmation Hearing by registering through the following link:

https://www.zoomgov.com/meeting/register/vJIsdu2oqT0tE6G34NxS3kaZ7hu1N9v8v-A

Parties who wish to attend the Confirmation Hearing on a listen-only basis may do so by using one of the following dial-in numbers:

Toll-Free Number: (888) 363-4735        Toll-Free Number: (888) 636-3807
Access Code:  8617460                  Access Code:  8233381
Security Code:  0825                  Security Code:  0825

      **PLEASE TAKE FURTHER NOTICE** that in accordance with the Solicitation Order, only certain parties in interest are receiving copies of the Disclosure Statement and the Proposed Plan. Any party in interest wishing to obtain a copy of the Disclosure Statement and the Proposed Plan should contact Omni, the Debtors' claims and solicitation agent, by telephone, Toll Free at (866) 991-8218  (Domestic) or (818) 924-2298 (International); or in writing at Chinos Holdings, Inc. Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; or by email at chinosinquiries@omniagnt.com with a reference to

2

"Chinos Holdings" in the subject line.  Interested parties may also review the ~~Proposed~~ Disclosure Statement and the Proposed Plan free of charge at www.omniagentsolutions.com/chinos.  In addition, the Disclosure Statement and Proposed Plan are on file with the Bankruptcy Court and may be reviewed by accessing the Bankruptcy Court's website: www.vaeb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at: www.pacer.psc.uscourts.gov.  Copies of the ~~Proposed~~ Disclosure Statement and Proposed Plan may also be examined by interested parties during normal business hours at the office of the Clerk of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** THAT ANY CREDITOR THAT FAILS TO OPT OUT OF THE THIRD-PARTY RELEASES SET FORTH IN SECTION 10.7(c) OF THE PROPOSED PLAN BY **AUGUST 17, 2020 AT 4:00 P.M. (EASTERN TIME)** USING THE BALLOT OR OPT OUT ELECTION FORM, SHALL BE DEEMED TO HAVE GRANTED SUCH THIRD-PARTY RELEASES.

**PLEASE TAKE FURTHER NOTICE** that, if a holder of a Claim wishes to challenge the allowance or disallowance of a Claim for voting purposes, such person or entity must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Proposed Plan (a "**Rule 3018 Motion**") no later than **4:00 p.m. (Eastern Time) on August 6, 2020** and serve the Rule 3018 Motion in accordance with the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 109].  The Debtors, or any other party in interest, shall have until no later than **4:00 p.m. (Eastern Time) on August 13, 2020** to file and serve any responses to any such Rule 3018 Motion.

**PLEASE TAKE FURTHER NOTICE** that the deadline to vote on the Proposed Plan is **August 17, 2020 at 4:00 p.m.** (Eastern Time) (the "**Voting Deadline**").  The Debtors' solicitation agent, Omni Agent Solutions (the "**Solicitation Agent**" or "**Voting Agent**"), must receive your Ballot by the Voting Deadline, otherwise your vote may not be counted.

**PLEASE TAKE FURTHER NOTICE** that holders of Claims in Class 4 (Term Loan Secured Claims), Class 5 (IPCo Notes Claims), Class 6-A (Ongoing Trade Claims), and Class 6-B (Other General Unsecured Claims), as of July 15, 2020 (the "**Voting Record Date**") are entitled to vote.  If you hold such a Claim, you will receive a solicitation package (the "**Solicitation Package**") which shall include copies of (i) the Proposed Plan and the Disclosure Statement (in each case, in electronic format or in paper copy); (ii) the Solicitation Order; (iii) this Notice, (iv) an appropriate Ballot; (v) a pre-addressed stamped return envelope; and (vi) such other materials as the Bankruptcy Court directs.  Please review the Ballot and the attached instructions for how to vote on the Proposed Plan.  Failure to follow the voting instructions may disqualify your vote.

**ARTICLE X OF THE PROPOSED PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PROPOSED PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.  FOR YOUR CONVENIENCE, SUCH PROVISIONS ARE SET FORTH ON EXHIBIT 1 HERETO.  BELOW IS A SUMMARY OF THE THIRD-PARTY RELEASE PROVISIONS.  FOR THE AVOIDANCE OF DOUBT, TO THE**

3

**EXTENT ANY PROVISION OF THIS NOTICE CONFLICTS WITH THE TERMS OF THE PROPOSED PLAN, THE TERMS OF THE PROPOSED PLAN WILL CONTROL.**

**SUMMARY OF RELEASE PROVISIONS:**

**PURSUANT TO THE PROPOSED PLAN, CERTAIN PARTIES ARE RELEASING THE RELEASED PARTIES, WHICH INCLUDE CERTAIN THIRD PARTIES, FROM CERTAIN CLAIMS AND CAUSES OF ACTION.**

**AS SET FORTH IN THE PROPOSED PLAN, SUCH RELEASING PARTIES INCLUDE OTHER RELEASED PARTIES; THE HOLDERS OF IMPAIRED CLAIMS WHO VOTED TO ACCEPT THE PLAN; THE HOLDERS OF IMPAIRED CLAIMS WHO ABSTAINED FROM VOTING ON THE PLAN OR VOTED TO REJECT THE PLAN BUT DID NOT OPT-OUT OF THESE RELEASES ON THEIR BALLOTS; THE HOLDERS OF UNIMPAIRED CLAIMS AND INTERESTS IN CLASSES 1, 2, 3, 7, AND 9 THAT ARE PRESUMED TO ACCEPT THE PLAN BUT DO NOT TIMELY OPT-OUT OF THE RELEASES BY COMPLETING A WRITTEN OPT-OUT FORM; THE HOLDERS OF IMPAIRED CLAIMS AND INTERESTS IN CLASSES 8, 10-A, AND 10-B, THAT ARE DEEMED TO REJECT THE PLAN BUT DO NOT TIMELY OPT-OUT OF THE RELEASES BY COMPLETING A WRITTEN OPT-OUT FORM; AND RELATED PARTIES OF THE FOREGOING.**

**ACCORDINGLY, IF THE PROPOSED PLAN IS APPROVED AND YOU DO NOT OPT-OUT, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASES PROVIDED FOR IN THE PROPOSED PLAN EVEN IF YOU (A) DO NOT VOTE IN FAVOR OF THE PROPOSED PLAN AND (B) OBJECT TO THE PROPOSED PLAN.**

**PLEASE TAKE FURTHER NOTICE** that any objection to confirmation of the Proposed Plan must be filed with the Bankruptcy Court **by no later than the Objection Deadline**.

**PLEASE TAKE FURTHER NOTICE THAT IF AN OBJECTION TO CONFIRMATION OF THE PROPOSED PLAN IS NOT FILED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PROPOSED PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in the Bankruptcy Court of such adjournment on the date scheduled for the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.  The Debtors may modify the Proposed Plan, if necessary, before, during, or as a result of the Confirmation Hearing without further notice.

Dated: [  ], 2020
     Richmond, Virginia

_____

4

HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice)*
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

*Attorneys for Debtors and Debtors in Possession*

5

## EXHIBIT 1

### Certain Plan Provisions

**1.56.** **Exculpated Parties** means, collectively and, in each case, in their capacities as such, (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Creditors' Committee, (iv) the Consenting Support Parties, (v) the ABL Agent and the ABL Lenders, (vi) the Term Agent and the Term Lenders, (vi) the Indenture Trustees and the IPCo Noteholders, (vii) the Backstop Parties, (viii) the DIP Lenders, (ix) the DIP Agent, (x) the New Term Lenders, (xi) the New Term Agent, (xii) the Sponsors, and (xiii) the Related Parties for each of the foregoing.

**1.117.** **Released Parties** means each of, and solely in their capacity as such, (a) the Debtors and the Reorganized Debtors, (b) the ABL Agent and ABL Lenders, (c) the Term Agent and Term Lenders, (d) the Indenture Trustees and IPCo Noteholders, (e) the Consenting Support Parties, (f) the Sponsors, (g) the DIP Agent and DIP Lenders, (h) the Exit ABL Agent and Exit ABL Lenders, (i) the New Term Agent and New Term Lenders, (j) the Backstop Parties, and (k) the Related Parties for each of the foregoing; provided that a holder of a Claim or Interest that objects to or opts-out of the releases set forth in Section 10.7(b) of the Plan shall not be a "Released Party."

6

### 10.6.    Injunction

(a)    **Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.**

(b)    **Except as expressly provided in the Plan, the Confirmation Order, or another order of the Bankruptcy Court or agreed to by the Debtors and a holder of a Claim or Interest, all Entities who have held, hold, or may hold Claims or Interests (whether or not proof of such claims or interests has been filed and whether or not such Entities voted for or against the Plan or abstained from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to the Claims, Interests, and Causes of Action that are extinguished, discharged, or released pursuant to the Plan, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Released Parties or the property of any of the Released Parties, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Released Parties or the property of any of the Released Parties, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Released Parties or the property of any of the Released Parties, (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Released Parties or the property of any of the Released Parties, except as contemplated by the Plan, and (v) acting in any manner that does not conform to or comply with the provisions of the Plan or the Confirmation Order.**

(c)    **By accepting distributions under the Plan, each holder of an Allowed Claim extinguished, discharged, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including the injunctions set forth in this Section 10.6.**

(d)    **The injunctions in this Section 10.6 shall extend to any successors of the Debtors and the Reorganized Debtors and their respective property and interests in property.**

### 10.7.    Releases

(a)    **Releases by Debtors**

**As of the Effective Date, for good and valuable consideration, on and after the Effective Date, the Released Parties shall be deemed to be conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, their Estates, the Reorganized Debtors, and any Entity seeking to exercise the rights of the foregoing, including any successors to the Debtors or any estate representatives appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, from any and all claims, obligations, rights, suits, judgments, damages, demands, debts, rights, Causes of Action, remedies, losses, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, their Estates, or the Reorganized Debtors, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, that the Debtors, their Estates, the Reorganized Debtors, or their affiliates would have been legally**

7

entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, their Estates, the formation, operation, and conduct of the Debtors' businesses, the Chapter 11 Cases, the acquisition, purchase, sale, or rescission of the purchase or sale of any debt or security of the Debtors or the Reorganized Debtors (including the New Equity Allocation and the New Warrants), the subject matter of, or the transactions or events giving rise to, any Claim or Interest, the business or contractual arrangements between the Debtors and any Released Party, the Debtors' restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases (including the restructuring of the IPCo Notes Claims notwithstanding the IPCo Intercreditor Agreement), the DIP Order, the Disclosure Statement, the Transaction Support Agreement, the New Term Loan, the Backstop Commitment, the Backstop Commitment Letter, the Plan, the Plan Supplement and other related agreements, instruments, and documents related to the foregoing (including the Definitive Documents), and the negotiation, formulation, or preparation thereof, the solicitation of votes on the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, including all Claims and Causes of Action under chapter 5 of the Bankruptcy Code or any other Avoidance Actions under the Bankruptcy Code or applicable federal or state law, including any preference or fraudulent transfer Claims or Causes of Action; *provided that* nothing in this release shall be construed to release any post-Effective Date obligations of any Entity under the Plan, the Transaction Support Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

(b)     <u>Consensual Releases by Holders of Claims and Interests</u>

As of the Effective Date, for good and valuable consideration, on and after the Effective Date, each of the Released Parties shall be deemed to be conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by:

    i.     the other Released Parties;

    ii.     the holders of Impaired Claims who voted to accept the Plan;

    iii.     the holders of Impaired Claims who abstained from voting on the Plan or voted to reject the Plan but did not opt-out of these releases on their ballots;

    iv.     the holders of Unimpaired Claims and Interests in Classes 1, 2, 3, 7, and 9 that are presumed to accept the Plan but do not timely opt-out of the releases by completing a written opt-out form; and

    v.     the holders of Impaired Claims and Interests in Classes 8, 10-A, and 10-B, that are deemed to reject the Plan but do not timely opt-out of the releases by completing a written opt-out form;

and with respect to any Entity in the foregoing clauses (i) through (iv), (a) such Entity's predecessors, successors, and assigns, and (b) all Entities entitled to assert Claims through or on behalf of such Entities with respect to the matters to which these releases apply, in each case, from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively)

8

based on or relating to, or in any manner arising from, in whole or in part, the Debtors and their Estates, the formation, operation, and conduct of the Debtors' businesses, the Chapter 11 Cases, the acquisition, purchase, sale, or rescission of the purchase or sale of any debt or security of the Debtors or the Reorganized Debtors (including the New Equity Allocation and New Warrants), the subject matter of, or the transactions or events giving rise to, any Claim or Interest, the business or contractual arrangements between the Debtors and any Released Party, the Debtors' restructuring (including the restructuring of the IPCo Notes Claims notwithstanding the IPCo Intercreditor Agreement), the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the DIP Order, the Disclosure Statement, the Transaction Support Agreement, the New Term Loan, the Backstop Commitment, the Backstop Commitment Letter, the Plan, the Plan Supplement, and related agreements, instruments, and other documents (including the Definitive Documents), and the negotiation, formulation, or preparation thereof, the solicitation of votes on the Plan, or any other act or omission, in all cases based upon any transaction, agreement, event, or other occurrence taking place on or before the Effective Date, including all Claims and Causes of Action under chapter 5 of the Bankruptcy Code or any other Avoidance Actions under the Bankruptcy Code or applicable federal or state law, including any preference or fraudulent transfer Claims or Causes of Action; *provided* that nothing in this release shall be construed to release any post-Effective Date obligations of any Entity under the Plan, the Transaction Support Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

(c)   Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the compromises memorialized in the releases set forth herein, and shall constitute the Bankruptcy Court's finding that the releases set forth in the Plan are: (a) consensual; (b) essential to the confirmation of the Plan; (c) given in exchange for good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the restructuring and implementing the Plan; (d) a good faith settlement and compromise of the claims released; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; and (g) given and made after due notice and opportunity for hearing.

### 10.8.   Exculpation

Notwithstanding anything herein to the contrary, and to the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, loss, and liability for any claim in connection with or arising out of the administration of the Chapter 11 Cases, the formulation, preparation, and pursuit of the Disclosure Statement, the Transaction Support Agreement, the transactions relating to the Debtors' restructuring, the Plan (including the Plan Supplement), the solicitation of votes for, or confirmation of, the Plan, the funding or consummation of the Plan, the Definitive Documents, or any related agreements, instruments, or other documents, the offer, issuance, and distribution of any securities issued or to be issued pursuant to the Plan, whether or not such distribution occurs following the Effective Date, the occurrence of the Effective Date, negotiations regarding or concerning any of the foregoing, or the administration of the Plan or property to be distributed under the Plan, except for actions determined to constitute gross negligence, willful misconduct, or intentional fraud as determined by a Final Order by a court of competent jurisdiction.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting the Exculpated Parties from liability.

WEIL:\97482943\3\54457.0008WEIL:\97482943\4\54457.0008

**Exhibit C**

**Redline of Revised Form of Ballot for Voting Classes 4, 6-A, 6-B**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

-------------------------------------------------------- x
                                                         :
**In re**                                                :        **Chapter 11**
                                                         :
**CHINOS HOLDINGS, INC.,** *et al.*,                     :        **Case No. 20–32181 (KLP)**
                                                         :
                                      **Debtors.**[1]     :        **(Jointly Administered)**
                                                         :
-------------------------------------------------------- x

**BALLOT FOR ACCEPTING OR REJECTING THE**
**JOINT PREARRANGED CHAPTER 11 PLAN OF REORGANIZATION**
**OF CHINOS HOLDINGS, INC. AND ITS AFFILIATED DEBTORS**

**CLASS** [4, 6-A, and 6-B]

**PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS**
**FOR COMPLETING THIS BALLOT**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY OMNI ON OR BEFORE**
**[__], 2020, BY 5:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE")**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent this Ballot to you because our records indicate that you are a holder of a Class [__] Claim, and accordingly, you have the right to vote to accept or reject the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and its Affiliated Debtors (with Technical Changes)* [Docket No. ~~468~~540] (as may be amended, modified, or supplemented, the "**Plan**").[2]

---

[1]    The Debtors   in these chapter 11 cases, along with the last four digits of each Debtor's   federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement (as defined herein) or the *Order (I) Approving the Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of the Plan, and (V) Granting Related Relief* [Docket No. [   ]] (the "**Solicitation Order**"), as applicable, or as the context otherwise requires.

Your rights are described in the *Disclosure Statement for Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and its Affiliated Debtors (with Technical Changes)* and all exhibits related thereto [Docket No. ~~469~~541] (as may be amended, modified, or supplemented, the "**Disclosure Statement**") and the Solicitation Order.  The Disclosure Statement, the Plan, the Solicitation Order, and the Notice of the Confirmation Hearing are included in the Solicitation Package you are receiving with this Ballot.  If you need to obtain additional solicitation materials, you may contact Omni Agent Solutions, the voting agent retained by the Debtors in these chapter 11 cases ("**Omni**"), by: (a) accessing Omni's chapter 11 case website at www.omniagentsolutions.com/chinos; (b) writing to Omni at Chinos Holdings, Inc. Ballot Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, or (c) by telephone at (866) 991-8218 (Domestic) or (818) 924-2298 (International).  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.vaeb.uscourts.gov.

The Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.  This Ballot may not be used for any purpose other than to (i) vote to accept or reject the Plan and (ii) opt out of the Third Party Release (as defined below).  If you believe you have received this Ballot in error, please contact Omni at the address or telephone number set forth above.

*You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class [__] under the Plan.  If you hold Claims in more than one (1) Class, you will receive a Ballot for each Class in which you are entitled to vote.*

If Omni does not receive your Ballot on or before the Voting Deadline, which is **[_], 2020, at 5:00 p.m. (Eastern Time)**, and if the Voting Deadline is not extended, your vote will not count.  **If the Court confirms the Plan, it will bind you regardless of whether you vote.** You may submit your Ballot through Omni's online electronic balloting portal (the "**E-Balloting Portal**") or by returning this paper Ballot.

**IN LIGHT OF THE DISRUPTIONS IN MAIL SERVICES RESULTING FROM THE COVID-19 PANDEMIC, THE DEBTORS STRONGLY RECOMMENT SUBMISSION OF E-BALLOTS THROUGH THE E-BALLOTING PORTAL TO ENSURE THAT YOUR BALLOT IS RECEIVED BEFORE THE VOTING DEADLINE.**

| **If Submitting Your Vote through the E-Balloting Portal** |
|---|
| **Omni will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit www.omniagentsolutions.com/chinos, click on the "E-Ballot" section of the Debtors' website and follow the instructions to submit your Ballot.**<br><br>**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**<br><br>    **Unique E-Ballot ID#:**_____<br><br>**Omni's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**<br><br>**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 2</u> of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**<br><br>**If your Ballot is not received by Omni on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.** |
| **<u>If by First Class Mail:</u>** |
| **Chinos Holdings, Inc. Ballot Processing**<br>**c/o Omni Agent Solutions**<br>**5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367** |
| **<u>If by Overnight Courier or Overnight Mail:</u>** |
| **Chinos Holdings, Inc. Ballot Processing**<br>**c/o Omni Agent Solutions**<br>**5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367** |

**Item 1.  Treatment of Your Class [_____] [_____] Claim.**

**[CLASS 6-A OR 6-B ONLY]** [Claims are against the following Debtor(s) (insert Debtor name(s) here): _____.]

Subject to the terms and conditions of the Plan, you will receive the following treatment on account of your Class [_____] [_____] Claim if it is Allowed and the Plan is consummated:

[INSERT APPLICABLE PLAN TREATMENT]

**For additional discussion of your rights and the treatment of your Claim under the Plan, please read the Disclosure Statement and the Plan.**

**Item 2.  Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, **[__], 2020**, (i) the undersigned was the holder of a Class [_] Claim in the following principal amount (insert amount in box 1 below) for voting, and (ii) such Claim is asserted against the following Debtor(s) (insert all applicable Debtor names in box 2 below):

| |
|---|
| 1. Amount of Claim[3]:  $_____ |
| 2. Claim(s)[4] Against Debtor(s):  _____ |

**Item 3.  Vote on Plan**

The holder of a Class [_____] Claim set forth in Item 2 votes to (please check one):

| **ACCEPT THE PLAN** | **REJECT THE PLAN** |
|---|---|
| | |

Any Ballot that is executed by the holder of a Claim that indicates both an acceptance and a rejection of the Plan or does not indicate either an acceptance or rejection of the Plan will not be counted.

If no holders of Class [_____] Claims eligible to vote to accept or reject the Plan vote on the Plan, then the Plan will be deemed accepted by Class [_____].

**Item 4.  Article X of the Plan provides for the following third party release:**

---

[3]    For voting purposes only.  Subject to tabulation rules.

[4]    For voting purposes only.  Subject to tabulation rules.

**On and after the Effective Date, each of the Released Parties[5] shall be deemed to be conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by:**

i.  **the other Released Parties;**

ii. **the holders of Impaired Claims who voted to accept the Plan;**

iii. **the holders of Impaired Claims who abstained from voting on the Plan or voted to reject the Plan but did not opt-out of these releases on their ballots;**

iv. **the holders of Unimpaired Claims and Interests in Classes 1, 2, 3, 7, and 9 that are presumed to accept the Plan but do not timely opt-out of the releases by completing a written opt-out form; and**

v. **the holders of Impaired Claims and Interests in Classes 8, 10-A, and 10-B, that are deemed to reject the Plan but do not timely opt-out of the releases by completing a written opt-out form;**

**and with respect to any Entity in the foregoing clauses (i) through (iv), (a) such Entity's predecessors, successors, and assigns, and (b) all Entities entitled to assert Claims through or on behalf of such Entities with respect to the matters to which these releases apply, in each case, from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors and their Estates, the formation, operation, and conduct of the Debtors' businesses, the Chapter 11 Cases, the acquisition, purchase, sale, or rescission of the purchase or sale of any debt or security of the Debtors or the Reorganized Debtors (including the New Equity Allocation and New Warrants), the subject matter of, or the transactions or events giving rise to, any Claim or Interest, the business or contractual arrangements between the Debtors and any Released Party, the Debtors' restructuring (including the restructuring of the IPCo Notes Claims notwithstanding the IPCo Intercreditor Agreement), the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the DIP Order, the Disclosure Statement, the Transaction Support Agreement, the New Term Loan, the Backstop Commitment, the Backstop Commitment Letter, the Plan, the Plan Supplement, and related agreements, instruments, and other documents (including the Definitive Documents), and the negotiation, formulation, or preparation thereof, the solicitation of votes on the Plan, or**

---

[5]   "Released Parties" means each of, and solely in their capacity as such, (a) the Debtors and the Reorganized Debtors, (b) the ABL Agent and ABL Lenders, (c) the Term Agent and Term Lenders, (d) the Indenture Trustees and IPCo Noteholders, (e) the Consenting Support Parties, (f) the Sponsors, (g) the DIP Agent and DIP Lenders, (h) the Exit ABL Agent and Exit ABL Lenders, (i) the New Term Agent and New Term Lenders, (j) the Backstop Parties, and (k) the Related Parties for each of the foregoing; provided that a holder of a Claim or Interest that objects to or opts-out of the releases set forth in Section 10.7(b) of the Plan shall not be a "Released Party."

any other act or omission, in all cases based upon any transaction, agreement, event, or other occurrence taking place on or before the Effective Date, including all Claims and Causes of Action under chapter 5 of the Bankruptcy Code or any other Avoidance Actions under the Bankruptcy Code or applicable federal or state law, including any preference or fraudulent transfer Claims or Causes of Action; *provided* that nothing in this release shall be construed to release any post-Effective Date obligations of any Entity under the Plan, the Transaction Support Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

<u>IMPORTANT INFORMATION REGARDING THE THIRD PARTY RELEASE</u>:

IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS SET FORTH IN SECTIONS 10.6, 10.7, AND 10.8 OF THE PLAN.  **IF YOU (I) DO NOT VOTE EITHER TO ACCEPT OR REJECT THE PLAN OR (II) VOTE TO REJECT THE PLAN AND DO NOT CHECK THE BOX BELOW, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS SET FORTH IN SECTION 10.7(B) OF THE PLAN**.

The holder of the Class [_____] Claim set forth in Item 2 above elects to:

Opt Out of the Third Party Release.

IF YOU VOTE TO ACCEPT THE PLAN YOUR OPT OUT WITH RESPECT TO THE THIRD PARTY RELEASES WILL NOT BE EFFECTIVE.

<u>Item 5.</u>  **Certifications**

By signing this Ballot, the undersigned certifies to the Court and the Debtors:

1. that, as of the Voting Record Date, the undersigned is either: (a) the Entity that is the holder of the Class [___] Claims being voted; or (b) the Entity that is an authorized signatory for an Entity that is a holder of the Class [___] Claims being voted;

2. that the undersigned has received a copy of the Solicitation Package, including the Disclosure Statement and the Plan, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3. that the undersigned has cast the same vote with respect to all of their Class [___] Claims;

4. that no other Ballots with respect to the amount of the Class [___] Claims identified in Item 2 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such Ballots cast earlier are hereby revoked;

5.     that the undersigned acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of the Class [____] Claims identified in Item 2;

6.     that the undersigned understands and, if accepting the Plan, agrees with the treatment provided for its Claims under the Plan set forth in Item 1;

7.     that the undersigned acknowledges and understands that (a) if no holders of Allowed Claims eligible to vote in Class [   ] vote to accept or reject the Plan, the Plan shall be deemed accepted by such Class; and

8.     that the undersigned acknowledges ~~and agrees~~ that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary and that the Debtors will not have to re-solicit acceptances or rejections of the Plan in the event of such conforming changes, <ins>all subject to final approval by the Court at the Confirmation Hearing</ins>.

Name of holder:   _____
(Please print or type)


Signature:   _____


Name of Signatory:   _____
(If other than holder)[46]


Title:   _____


Address:   _____

_____

_____


Telephone No.:   _____


E-Mail Address:   _____


Date Completed:   _____


**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT
PROMPTLY IN THE RETURN ENVELOPE PROVIDED.**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY OMNI BY THE VOTING
DEADLINE, WHICH IS 5:00 P.M. EASTERN TIME ON [__], 2020.**

---

[46] If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.  You may be required to provide additional information or documentation with respect to such relationship.

WEIL:\97480001\3\54457.0008

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.  The Debtors are soliciting the votes of holders of Allowed Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein have the meaning set forth in the Plan, the Disclosure Statement, or the Solicitation Order, as applicable.

2.  The Court may confirm the Plan and thereby bind you to the terms of the Plan regardless of whether you voted to accept or reject the Plan.  Please review the Disclosure Statement for more information.

3.  Omni's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  To have your vote counted, you must electronically complete, sign, and return this customized Electronic Ballot by utilizing the E-Ballot platform on Omni's website.  Your Ballot must be received by Omni no later than the Voting Deadline, unless such time is extended by the Debtors.

    **HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PLATFORM.**

4.  If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class mail to:

    **Chinos Holdings, Inc. Ballot Processing**
    **c/o Omni Agent Solutions**
    **5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367**

    or via overnight courier or hand delivery to:

    **Chinos Holdings, Inc. Ballot Processing**
    **c/o Omni Agent Solutions**
    **5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367**

5.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or in a method provided herein.  The Voting Deadline for the receipt of Ballots by Omni is **5:00 p.m. (Eastern Time) on [_], 2020**.  Your completed Ballot must be received by Omni on or before the Voting Deadline.

6.  Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless your Ballot is timely submitted on or before the Voting Deadline, the Debtors shall reject your Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

7.  If you cast more than one Ballot voting the same Claim before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot(s).

8.  If you cast a Ballot that is properly completed, executed and timely returned to Omni, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

9.  If you cast a Ballot that is properly completed, executed, and timely returned to Omni, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

10. You shall be deemed to have voted the full amount of your Claim in Class [   ] and are not entitled to split your vote within such Class.  Any Ballot that partially accepts and partially rejects the Plan will not be counted.

11. If you cast Ballots received by Omni on the same day, but which purport to cast inconsistent votes, such Ballots will not be counted.

12. The following Ballots will not be counted:

    (i)   Any Ballot received after the Voting Deadline, unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot;

    (ii)  Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim holder;

    (iii) Any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

    (iv)  Any Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in a Voting Class;

    (v)   Any unsigned Ballot;

    (vi)  Any Ballot with respect to a vote that the Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

    (vii) Any Ballot transmitted to Omni by means not specifically approved herein.

13. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by Omni, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, you should provide the holder's name and

mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

14.  If you hold Claims in more than one Class, you must use separate Ballots for each Class or Claims.

15.  The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting.

16.  Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification; provided that the Debtors will provide a description of such defects and/or irregularities in the Voting Certification.

17.  Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured before the Voting Deadline or such Ballots will not be counted.

18.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to (i) vote to accept or reject the Plan and (ii) opt-out of the Third Party Release. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claim, and neither the Debtors nor Omni will accept delivery of any such certificates or instruments surrendered together with a Ballot.

19.  If you vote to accept the Plan, you shall be deemed to have consented to the release, injunction, and exculpation provisions set forth in Sections 10.6, 10.7, and 10.8 of the Plan.  If you (i) do not vote either to accept or reject the Plan or (ii) vote to reject the Plan and do not check the box in Item 4, you shall be deemed to have consented to the release provisions set forth in Section 10.7 of the Plan.

20.  This Ballot does not constitute, and will not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

21.  If you believe you have received the wrong Ballot, you should contact Omni immediately at (866) 991-8218 (Domestic) or (818) 924-2298 (International) or by email to chinosinquiries@omniagnt.com and include "Chinos Holdings – Ballot Inquiry" in the subject line.

## PLEASE MAIL YOUR BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE VOTING OR THE OPT-OUT PROCEDURES, PLEASE CONTACT OMNI AT (866) 991-8218 (DOMESTIC) OR (818) 924-2298 (INTERNATIONAL)**

**Exhibit D**

**Redline of Revised Cure Notice**

085105.0000010 EMF_US 80854816v1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

---------------------------------------------------------- x
                                                    :
**In re**                                           :          **Chapter 11**
                                                    :
**CHINOS HOLDINGS, INC.**, *et al.*,                :          **Case No. 20–32181 (KLP)**
                                                    :
                            Debtors.[1]             :          **(Jointly Administered)**
                                                    :
---------------------------------------------------------- x

**NOTICE OF ASSUMPTION OR**
**ASSIGNMENT AND CURE COSTS RELATING TO**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS**

**PLEASE TAKE NOTICE THAT:**

1.      On June ~~11~~24, 2020, Chinos Holdings, Inc. and its debtor affiliates in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. ~~468~~540] (as may be amended, modified, or supplemented, the "**Plan**")[2] and the *Disclosure Statement for  Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. ~~469~~541] (as may be amended, modified, or supplemented, the "**Disclosure Statement**").  Copies of the Plan and the Disclosure Statement are available for download at www.omniagentsolutions.com/chinos.

2.      The Debtors are parties to certain contracts and leases that are subject to assumption or rejection under the Plan (the "**Executory Contracts**" and "**Unexpired Leases**", and collectively, the "**Contracts**"), including those identified on **Exhibit A** hereto.  The inclusion of any Contract on Exhibit A does not constitute an admission that a particular Contract is an executory contract or unexpired lease within the meaning of the Bankruptcy Code or require or guarantee that such Contract ultimately will be assumed.  All rights of the Debtors and other parties in interest with respect thereto are reserved.

---

[1]   The Debtors  in these chapter 11 cases, along with the last four digits of each Debtor's  federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471).  The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[2]   Capitalized terms used but not defined herein have the meanings ascribed to those terms in the Plan.

3.      In accordance Section 8.1 of the Plan, as of and subject to the occurrence of the Effective Date and the payment of any applicable Cure Cost, all Executory Contracts and Unexpired Leases, to which any of the Debtors are parties, and which have not expired or terminated by their own terms on or before the Effective Date, shall be deemed assumed by the Debtors, except for any Executory Contract or Unexpired Lease that (a) is identified on the Schedule of Rejected Contracts and Leases; (b) has been previously rejected pursuant to a Final Order of the Bankruptcy Court; (c) has been previously assumed or assigned in Bankruptcy Court; (d) is the subject of a motion to assume, assign, or reject Executory Contracts or Unexpired Leases that is pending on the Confirmation Date; or (e) is the subject of an Order of the Bankruptcy Court authorizing the Debtors to reject an Executory Contract or Unexpired Lease with the effective date of such rejection scheduled for after the Effective Date.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR AN AFFILIATE MAY BE A COUNTERPARTY TO ONE OR MORE EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND YOUR RIGHTS MAY BE AFFECTED BY THE PLAN. YOU ARE ADVISED TO CAREFULLY REVIEW THE INFORMATION CONTAINED HEREIN AND THE RELATED PROVISIONS OF THE PLAN.**

4.      **Cure Costs**. Section 365(b)(1)(A) of the Bankruptcy Code requires that the Debtors cure or provide adequate assurance that they will promptly cure defaults under the Contracts at the time of assumption. The Debtors' determination of the amounts required to cure any prepetition defaults under the Contracts (the "**Cure Costs**") are set forth on Exhibit A.[3]

5.      **Adequate Assurance of Future Performance**.  The Debtors believe that the ability of the Debtors and Reorganized Debtors to make current payments after the Effective Date, their intent to cure the applicable executory contract or unexpired lease, along with the Reorganized Debtors' projected financial stability after consummating the Plan, as set forth in the financial projections included as Exhibit B of the Disclosure Statement, together constitute adequate assurance of future performance in compliance with section 365 of the Bankruptcy Code (collectively, "**Adequate Assurance**").

6.      ~~5.~~ **Consensual Resolution of Disputes**. The Debtors request that if you dispute the assumption of a Contract, the Debtors' Adequate Assurance, or a Cure Cost, you contact the Debtors before the Objection Deadline (as defined below) to attempt to resolve such dispute consensually.  The Debtors' contact for such matters is [TO COME]. If such dispute cannot be resolved consensually before the Objection Deadline (as the same may be extended by agreement of the Debtors), you must file and serve an Objection as set forth in paragraph 7 below to preserve your right to object to the assumption, assignment, Adequate Assurance, or Cure Costs, as applicable, related to your Contracts.

7.      ~~6.~~ **Deadline to Respond to Proposed Assumption or Assignment**. If you wish to object to the assumption of a Contract, including (a) the ability of the Reorganized Debtors or any other applicable assignee to provide "adequate assurance of future performance"

---

[3]      The Debtors have been paying their postpetition obligations as they have come due in the ordinary course of their business. Accordingly, any unpaid postpetition obligations are not included in the Cure Costs listed in Exhibit A, hereto. The Debtors intend to pay such amounts in the ordinary course of business.

(within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease, or (b) the Debtors' calculation of the Cure Costs with respect to such Contract, you must file a written objection (an "**Objection**") that (i) identifies the applicable Contract, and (ii) sets forth in detail the basis for such Objection, together with all supporting documentation, so that it actually received no later than [•], 2020 at 4:00 p.m. (Eastern Time) (the "**Objection Deadline**"). Objections must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District Virginia, Richmond Division, and must be filed with the Bankruptcy Court, in accordance with the customary practices of the Bankruptcy Court, and served on counsel for the Debtors, Counsel for the Creditors' Committee, and the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division.

8.    7. Unless you properly and timely file and serve an Objection by the Objection Deadline with respect to your Contract, you will be deemed to have assented to (a) the assumption of such Contract on the Effective Date, if such Contract is not otherwise assumed or rejected as provided in the Plan, and (b) the Cure Costs specified on Exhibit A with respect to such Contract; and (c) that the Adequate Assurance is in compliance with section 365 of the Bankruptcy Code; and the Cure Costs specified on Exhibit A shall be the Cure Costs and shall be deemed to satisfy in full any prepetition obligations the Debtor might have with respect to such Contracts under section 365(b) of the Bankruptcy Code, without further notice, hearing, or order of the Bankruptcy Court. If you are party to more than one Contract, an Objection with respect to one Contract shall have no impact on the other Contracts to which you are a party for which no Objection has been filed and served.

9.    8. If a Cure Objection cannot otherwise by resolved by the parties, the Debtors may adjourn their request to assume the Contract pending resolution of the Cure Objection (an "**Adjourned Cure Objection**"), subject to the Plan.  An Adjourned Cure Objection may be resolved after the Effective Date of the Plan in the Debtors' discretion.

Dated: [  ], 2020
    Richmond, Virginia

_____

HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice)*
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

*Attorneys for Debtors and Debtors in Possession*

## **Annex A**

### **Cure Costs**

| Counterparty Name | Debtor Name | Agreement Name and Description | Proposed Cure Cost |
|---|---|---|---|
| | | | $ |