Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq. (admitted *pro hac vice*)
Shirley S. Cho, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
         bsandler@pszjlaw.com
         scho@pszjlaw.com

Robert S. Westermann (VSB No. 43294)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
Email:  rwestermann@hf-law.com

*Proposed Local Counsel to the Official Committee of Unsecured Creditors*

Debra I. Grassgreen, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: (415) 263-7000
Facsimile:  (415) 263-7010
Email: dgrassgreen@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **CHINOS HOLDINGS, INC.**, *et al.* | : | Case No. 20-32181 (KLP) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

**ORDER CLARIFYING THE REQUIREMENTS TO PROVIDE
ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281

Upon consideration of the *Motion of the Official Committee of Unsecured Creditors for an Order Clarifying the Requirements to Provide Access to Confidential or Privileged Information* (the "Motion")[2] filed by the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is granted.

2. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information[3] of the Debtors, or any other Entity, to any creditor with a claim of the kind represented by the Committee, except as provided below.

3. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee. Nonetheless, the Committee shall be permitted,

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[3] Notwithstanding anything to the contrary in the Motion, for purposes of this Order, the term "Confidential Information" shall mean any confidential or non-public information provided to the Committee by or on behalf of the Debtors or any other Entity (whether or not marked confidential or non-public), or any other materials provided to the Committee by or on behalf of the Debtors, as well as derivations, summaries, and analyses of the same.

2

but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

4. The Committee shall implement the following protocol for providing access to information for creditors ("Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code.

 a. Privileged and Confidential Information. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101 (15) of the Bankruptcy Code, "Entity") without further order of the Court, (i) Confidential Information and (ii) Privileged Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

 b. Information Obtained Through Discovery. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by this Order but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

 c. Creditor Information Requests. If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code the Committee shall, as soon as practicable, but no more than thirty (30) days after receipt of the Information Request provide a response to the Information Request (the "Response"), including providing access to the Information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b )(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed and

3

scheduled in accordance with the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 109]. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera review.

d. <u>Release of Confidential Information of Third Parties</u>. The Committee will not be authorized to disclose Confidential Information of the Debtors (or any other Entity) absent an agreement in writing from the Debtors or their professional advisors (or the applicable Entity) or an order of the Court authorizing disclosure of such Confidential Information after notice and a hearing in accordance with this paragraph. If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fourteen (14) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand and (ii) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fourteen (14) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand. The requirements in this paragraph (d) will be subject to or superseded by any order governing discovery as contemplated by paragraph (b) above.

5. Nothing in this Order shall diminish or modify any rights or obligations of the Committee or its members and representatives with respect to the protection of Confidential Information or any confidentiality agreement entered into with the Debtors or any other party (including the Committee's or its members' and representatives' rights to disclose Confidential

4

Information as permitted under any such confidentiality agreement), which rights or obligations shall remain in full force and effect notwithstanding any provision of this Order.

6. The Committee may establish and maintain a website as described in the Motion. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access or not to provide access, to any information of the Debtors to any party except as explicitly provided herein. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

7. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

Dated: Jun 25 2020

/s/ Keith L. Phillips
HONORABLE KEITH L. PHILLIPS
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Jun 25 2020

5

WE ASK FOR THIS:

By:   /s/  Robert S. Westermann
                Counsel
Robert S. Westermann (VSB No. 43294)
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
Email: rwestermann@hf-law.com

*Proposed Local Counsel to the Official Committee of Unsecured Creditors*
-and-

Robert J. Feinstein, Esq. (*pro hac vice* forthcoming)
Bradford J. Sandler, Esq. (*pro hac vice* forthcoming)
Shirley S. Cho, Esq. (*pro hac vice* forthcoming)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
       bsandler@pszjlaw.com
       scho@pszjlaw.com

Debra I. Grassgreen, Esq. (*pro hac vice* forthcoming)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: (415) 263-7000
Facsimile:  (415) 263-7010
Email:  dgrassgreen@pszjlaw.com

*Proposed Lead Counsel to the Official Committee of Unsecured Creditors*

6

## **CERTIFICATION PURSUANT TO LOCAL RULE 9022-1(C)(1)**

The undersigned counsel, hereby certifies that, pursuant to Rule 9022-1(C)(1) of the Local Rules of Bankruptcy Procedure for the Eastern District of Virginia, this proposed order has been endorsed by or served upon all necessary parties.

*/s/ Robert S. Westermann*
Robert S. Westermann

7