**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| In re: ) <br> **CHINOS HOLDINGS, INC.** *et al.*, ) <br> Debtors.[1] ) <br> ) <br> **CAASTLE INC.,** ) <br>     Movant, ) <br> v. ) <br> **MADEWELL INC.,** ) <br>     Respondent. ) | Chapter 11 <br> Case No. 20-32181-KLP <br> (Jointly Administered) <br><br><br><br> Relief from Stay |

### ORDER GRANTING CAASTLE INC. RELIEF FROM AUTOMATIC STAY

THIS MATTER came on before the Court upon the *Motion for Relief From Automatic Stay* (Docket Entry No. _____)(the "Motion") filed by CaaStle Inc. f/k/a Gwynnie Bee Inc. ("CaaStle"), a sublandlord and creditor herein, seeking an order granting relief from the automatic stay to enforce all of his contractual and state law rights to possession with respect to certain leased commercial real property more particularly described below; and it

APPEARING TO THE COURT that CaaStle, as tenant, leases commercial office space from Factory Owners LLC in a building located at 30-30 47th Avenue, Long Island City, New York (the "Building), which includes a portion of the fourth floor of the Building consisting of approximately 6,306 square feet of space known as Suite 460 ("Suite 460"), a portion of the fifth floor of the Building consisting of approximately 12,702 square feet of space known as Suite 540 ("Suite 540"), and an additional portion of the fourth floor of the Building consisting of approximately 1,055 rentable square

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

Robert M. Marino, Esq. VSB #26076
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
703-684-2000
rmmarino@rpb-law.com
Counsel for the CaaStle, Inc.

feet space known as Suite 470 ("Suite 470") (collectively, the "Premises"), pursuant to the terms of an *Agreement* of *Lease* dated May 15, 2015, by and between Factory, as landlord, and CaaStle, as tenant, as amended by (i) a *First Amendment to Lease* dated March 15, 2016, and (ii) a *Second Amendment to Lease* dated June 28, 2017 (collectively, the "Prime Lease"); and that the term of the *Prime Lease* expired by its own terms on May 31, 2020, and has not been extended; and it

FURTHER APPEARING TO THE COURT that pursuant to the terms of a *Sublease* dated September 19, 2020 (the "Sublease"), by and between CaaStle, as sublandlord, and Madewell Inc. ("Madewell"), as subtenant, Madewell agreed to sublease Suites 460 and 540 (collectively, the "Subleased Premises") from CaaStle; that Madewell was obligated to pay CaaStle monthly base rent of $47,520 (the "Base Rent") and a variable monthly amount as additional rent to pay for electricity and any other operating expenses related to the operation of the Subleased Premises (the "Additional Rent"); that all rent was due and payable on the fifth (5th) day of each calendar month; that CaaStle was also entitled to collect a late charge of five percent (5%) plus additional interest for any rent not timely paid; and that CaaStle is presently holding a security deposit from Madewell in the amount of $95,040 (the "Security Deposit") as security for Madewell's performance of the terms, conditions and provisions of the Sublease; and it

FURTHER APPEARING TO THE COURT that the term of the *Sublease* commenced on September 15, 2019 and expired by its own terms—contemporaneously with the expiration of the *Prime Lease*—on May 31, 2020 (the "Expiration Date"); that section 21 of the *Sublease* provides that if the subtenant remains in possession of the Subleased Premises after the Expiration Date, then (i) subtenant shall be deemed a tenant at will, (ii) subtenant shall continue to pay Base Rent and Additional Rent at an increased rate calculated at 150% of the original rates (the "Holdover Rate"), (iii) there shall be no renewal or extension of the Sublease by operation of law, (iv) the tenancy at will may be terminated upon thirty days written notice from the sublandlord, and (v) subtenant shall be liable to sublandlord for all damages suffered and reasonable expenses incurred on account of such holdover; and that, following the

Expiration Date, subtenant is required to surrender possession of, and remove all property situated in, the Subleased Premises; and it

FURTHER APPEARING TO THE COURT that on May 4, 2020 (the "Petition Date"), Madewell filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.* (the "Bankruptcy Code"), thereby commencing Case No. 20-32191-KLP (the "Bankruptcy Case") in this Court; and that by *Order* entered in the Bankruptcy Case on May 5, 2020 (Docket No. 7), the Bankruptcy Case has been consolidated for procedural purposes with sixteen other affiliated cases under the above-captioned jointly administered case number; and that the commencement of the Bankruptcy Case operated to stay further efforts by CaaStle to terminate Madewell's tenancy at will under the expired *Sublease* and enforce its rights to possession; and it

FURTHER APPEARING TO THE COURT that prior to the Petition Date, Madewell was in default under the *Sublease* for failure to pay the Base Rent due for March and April 2020 ($95,040) and the Additional Rent due for January through April 2020 ($6,893), for a total of $101,933 (the "Pre-Petition Balance"); that the commencement of the Bankruptcy Case also prevented CaaStle from applying the Security Deposit against the Pre-Petition Balance; and there is no equity in the Security Deposit because its value is exceeded by the amount of the Pre-Petition Balance; and it

FURTHER APPEARING TO THE COURT that, pursuant to the provisions of 11 U.S.C. §362(b)(10), the automatic stay does not apply because the *Sublease* expired by its own terms on the Expiration Date; and that cause otherwise exists pursuant to 11 U.S.C. §362(d)(1) to grant CaaStle relief from the automatic stay to exercise its contractual and state law rights to possession with respect to the Subleased Premises because (i) the *Sublease* has expired by its own terms, and (ii) the Debtor may not assume the *Sublease* under the provisions of 11 U.S.C. §365(b); and it

FURTHER APPEARING TO THE COURT that proper notice has been provided with respect to the *Motion*; it is, therefore

ORDERED, that the *Motion* be, and its hereby is, GRANTED; and that the automatic stay imposed by 11 U.S.C. §362(a) is hereby lifted and terminated so as to permit CaaStle to exercise its

3

contractual and state law rights to possession with respect to the Subleased Premises, including its rights to terminate the Debtor's holdover tenancy, take possession of the Subleased Premises, remove any remaining personal property therefrom, and apply the Security Deposit to pay down the Pre-Petition Balance; and that the stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived so that CaaStle may immediately pursue his rights upon entry of this Order.

Dated:

                Honorable Keith L. Phillips
                United States Bankruptcy Judge

I ask for this:

/s/ Robert M. Marino
Robert M. Marino, Esq.  VSB#26076
REDMON, PEYTON & BRASWELL, LLP
510 King Street, Suite 301
Alexandria, VA 22314
Phone: 703-684-2000
Fax: 703-684-5109
email: rmmarino@rpb-law.com
Counsel for CaaStle Inc.