IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 20-32181-KLP |
| CHINOS HOLDINGS, INC., *et al.* | ) | CHAPTER 11 |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN,
NOTICE OF OBJECTION TO CONFIRMATION OF PLAN
AND NOTICE OF SCHEDULED HEARING ON THIS OBJECTION**

1. Notice of Objection and Notice of Hearing

| **PLACE OF HEARING:** | **DATE AND TIME OF HEARING:** |
|---|---|
| Courtroom 5100 | |
| 701 East Broad Street | August 25, 2020 |
| Richmond, Virginia  23219 | 10:00am |

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

2. Objection to Confirmation of Chapter 11 Plan

The United States of America, by and through undersigned counsel, on behalf of its Internal Revenue Service, hereby objects to confirmation of the proposed Chapter 11 Plan on the following grounds:

Robert P. McIntosh
Assistant United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-5400
Facsimile: (804) 819-7417
E-Mail: Robert.McIntosh@usdoj.gov
Counsel for the United States of America

1.      The Debtor filed a Chapter 11 Petition in the jointly administered case on May 4, 2020. The Internal Revenue Service timely filed a proof of claim, setting forth the following information:

| Date of Claim: | July 17, 2020 |
|---|---|
| Secured Amount | $0.00 |
| Priority Amount: | $22,077,797.92 |
| General Unsecured Amount: | $0.00 |
| Total Claim Amount: | $22,077,797.92 |

*See* Proof of Claim 322 filed on July 21, 2020.

2.      <u>Priority Claims</u>.   The "Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and its Affiliated Debtors" (Dkt No. 540) (the "Plan") does not adequately provide for the priority claim of the Internal Revenue Service. Article 2.4 (Priority Tax Claims) provides as follows:

> Except if a holder of an Allowed Priority Tax Claim agrees to less favorable treatment, each holder of an Allowed Priority Tax Claim *shall receive*, in full and final satisfaction, settlement, release, and discharge of, and in exchange for, such Allowed Priority Tax Claim, *at the sole option of the Reorganized Debtors,* cash in *an amount equal to such Allowed Priority Tax Claim on*, *or as soon thereafter as is reasonably practicable,* the later of (a) *the Effective Date*, to the extent such Claim is an Allowed Priority Tax Claim on the Effective Date, (b) the *first business day after the date that is 30 calendar days after the date such Priority Tax Claim becomes an Allowed Priority Tax Claim*, and (c) the date such Allowed Priority Tax Claim is due and payable in the ordinary course; provided

—2—

>that the Debtors and the Reorganized Debtors, as applicable, reserve the right to prepay all or a portion of any Allowed Priority Tax Claim at any time without penalty or premium.

Plan, p. 20, Art. 2.4 (emphasis added); *see also* Plan, p. 34, Art. 6.7 ("interest shall not accrue or be paid on any Claims on or after the Petition Date" except as otherwise provided in the Plan). Section 1129(a)(9)(C) of the Bankruptcy Code (11 U.S.C.) provides that "[t]he court shall confirm a [Chapter 11] plan only if . . . [*inter alia*] the plan provides that . . . with respect to [priority tax claims] . . . the holder of such claim will receive on account of such claim regular installment payments in cash—(i) of a total value, *as of the effective date of the plan*, equal to the allowed amount of such claim; (ii) over a period ending not later than 5 years after the date of the order for relief . . . ; and (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b))." 11 U.S.C. § 1129(a)(9)(C) (emphasis added). This provision requires the payment of interest on the priority claims of the Internal Revenue Service if not paid in full on the effective date of the plan. *See, e.g., In re Jankins*, 184 B.R. 488, 492 (Bankr. E.D. Va. 1995) (payment of post-confirmation interest "comports with rather than contravenes [the] express provision [Section 1129(a)(9)(C)] of the Bankruptcy Code").

**Proposed language to remedy this objection**: "To the extent that the IRS priority tax claims are not paid in full in cash on the Effective Date, interest shall accrue (and be paid) on the unpaid balance at the underpayment rate established by the Internal Revenue Code, 26 U.S.C. § 6621(a)(2), as of the Effective Date of the Plan, accruing annually and compounding daily, until paid."

3.  <u>Written authorization for amendment of claims</u>. The Internal Revenue Service objects to Article 7.7, which provides as follows:

> A Claim may not be filed, amended, or supplemented after the applicable bar date established by the Bankruptcy Court *without the prior written authorization of the Bankruptcy Court or the Reorganized Debtors*, and any such new, amended, or supplemented Claim filed without such written authorization *shall be deemed Disallowed in full and expunged without any further notice to or action, order*, or approval of the Bankruptcy Court to the maximum extent provided by applicable law.

Plan, p. 39, Art. 7.7 (emphasis added). The IRS likely will need to amend its proof of claim because the priority claims for each taxable period set forth on the proof of claim currently is an "estimated" claim in light of the fact that either: (1) the return for the taxable period currently is being examined by the Service; or (2) the claim is based on available information because a return has not been filed. *See* Claim 322, p. 7.

**Proposed language to remedy this objection**: Article 7.7 should provide the following introductory language: "Except with respect to any claim filed by the Internal Revenue Service, for whom no prior written authorization shall be required, . . . ."

4.  <u>Administrative Claims Bar Date</u>.   Article 1.9 of the Plan establishes an administrative claims bar date "60 days after the Effective Date," which it designates as "the deadline by which parties seeking payment of Administrative Expense Claims must file a motion seeking Allowance of such claim [*see* our objection 3 (above)], submit a proof of claim, or otherwise request in writing payment of such claims."

Article 2.1 of the Plan provides that "requests for payment of Administrative Expense Claims must be filed and served on the Debtors or Reorganized Debtors no later than the Administrative Expense Bar Date," and that the holder of any such administrative claim "that

—4—

do[es] not timely file and serve such a request shall be forever barred from asserting such Administrative Expense Claims against the Debtors, the Reorganized Debtors, or their respective property, and such Administrative Expense Claims shall be forever barred, estopped, and enjoined from asserting such Administrative Expense Claims."

Notably, the Plan exempts claims for professional compensation from this onerous requirement. Id. To the extent that the Debtors owe, or will owe the Service any administrative tax liabilities, and have not reported those liabilities, it will be impossible for the Service to comply with this provision of the Plan.[1]  Moreover, the failure to abide by an administrative bar date may result in the discharge of the liability.[2]  This provision, as applied to the United States, violates 11 U.S.C. §503(b)(1)(D).[3]

Section 503(b)(1)(D) states as follows:

> [N]otwithstanding the requirements of subsection (a) [which requires a timely filed request for payment], a governmental unit shall not be required to file a request for the payment of an expense described in subparagraph (B) or (C), as a condition of its being an allowed administrative expense.[4]

---

[1] Because of the self-reporting nature of Federal taxes, the United States will not even be aware of the existence of administrative tax liabilities unless and until the Debtors and/or the estate file required Federal tax returns.

[2] In re AMF Bowling Worldwide, Inc., 520 B.R. 185, 190 (Bankr. E.D. Va. 2014) ("Because Board's causes of action arose after the Petition Date, but before the Effective Date, her claims are administrative claims under section 503 of the Bankruptcy Code and subject to the Administrative Claims Bar Date. 11 U.S.C. § 503.").

[3] Unless otherwise stated all references to statutory authority shall refer to those statutes contained in Title 11 of the United States Code.

[4] Section 503(b)(1)(B) and (C) include, *inter alia*, any tax incurred by the estate and any fine or penalty related to such tax.

The proposed Plan ignores the plain language of the Bankruptcy Code which exempts governmental units from the onerous requirements of administrative tax claim bar deadlines.

Further, the administrative bar date provisions of the Plan conflict with the provisions of 11 U.S.C. § 505. Under § 505 a trustee (debtor in possession) may file a tax return for taxes incurred in the administration of the estate accompanied by a request for a determination by the taxing authority and obtain a discharge from liability for the tax by paying the reported tax unless the taxing authority selects the return for audit within a certain time period. In re Shin, 306 B.R. 397, 408 (Bankr. D.C. 2004).

The Plan "thrusts" on the taxing authority the obligation to file a request for payment within a set time period whether or not a return has been filed, or the tax has been paid. Clearly, the administrative bar date provisions of the Plan conflict with the scheme that Congress set forth for determining and discharging administrative tax liabilities. Because the administrative bar date provisions conflict with specific provisions of the Bankruptcy Code the Plan violates §1123(b)(6) which prohibits the inclusion of provisions "inconsistent with applicable provisions" of Title 11.

**Proposed language to remedy this objection**: "Notwithstanding any provision of the Plan, there shall be no requirement that the Internal Revenue Service file any request for payment of Administrative Expenses, nor any deadline for the filing of such requests. Nor shall the failure to pay such liabilities result in a discharge, injunction, exculpation, release or in any other manner defeat the United States' right or ability to collect such liability pursuant to the requirements of Title 26."

5. <u>Release, Discharge and Exculpation of Related Parties</u>. The Internal Revenue

Service objects to the Plan to the extent that Articles 10.4 through 10.8 release, discharge, "exculpate," or otherwise affect the right of the Internal Revenue Service to collect against any responsible persons for Trust Fund Recovery Penalties under 26 U.S.C. § 6672. The Plan discharges the Debtors and Reorganized Debtors (Art. 10.4) and enjoins "against or affecting" all of the Debtors "present and former officers . . . , directors . . . , managers, managing directors, managing members, members, principals, [and] employees,"[5] or their property, the assertion of any claims or interests "that are extinguished, discharged, or released pursuant to the Plan." Art. 10.6(b). Discharged and released claims, in turn, are defined as all:

> Claims, Interests, rights, and liabilities that arose before the Effective Date. . . . all Interests and Claims of any nature whatsoever, including (unless otherwise specifically provided herein) any interest accrued on Claims from and after the Petition Date, whether known or unknown, . . . and all debts of the kind specified in section[ ] . . . 502(i) of the Bankruptcy Code, . . . [and] Interests and Claims of any nature whatsoever . . . whether or not [the] holder [of such claim] has filed a proof of claim and whether or not the facts or legal bases therefor were known or existed before the Effective Date.

Art. 10.4.

The releases, discharges and exculpations set forth above include the release and discharge of claims and interests against individuals among whom would be found responsible persons for purposes of Trust Fund Recovery Penalty (TFRP) liability under Section 6672 of the Internal Revenue Code (26 U.S.C.). The IRS objects to the third party non-debtor limitation of liability, exculpation, injunction and release provisions set forth in Articles 10.4 through 10.8 of

---

[5] *See* Art. 10.6 imposing injunction against "released parties;" Art. 1.117 defining "released parties" to include "related parties;" and Art. 1.116 ("related parties means . . . all present and former officers . . . , directors . . . , managers, managing directors, managing members, members, principals, [and] employees."

—7—

the Plan. The injunction provisions violate the Anti-Injunction Act, I.R.C. Section 7421(a). *See American Bicycle Association v. United States,* 895 F.2d 1277 (9th Cir. 1990); *United States v. Prescription Home Health Care, Inc.,* 316 F.3d 542 (5th Cir. 2002); *In re Plainwell, Inc.,* 2004-2 USTC Paragraph 50, 393 (D. Del. 2004). Section 524(e) of the Bankruptcy Code addresses the scope of a bankruptcy discharge and states, in relevant part, that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for such debt." The Bankruptcy Code contemplates that a discharge only affects the debts of those submitting to its burdens. The weight of case authority is consistent with the view that provisions that effect a discharge of non-debtor liability run afoul of the limitations on discharge set forth in Section 524(e) of the Bankruptcy Code. *See e.g., In re Continental Airlines*, 203 F.3d 203, 217 (3rd Cir. 2000); *In re Lowenschuss,* 67 F.3d 1394, 1401 (9th Cir. 1995), *cert. denied*, 517 U.S. 1243 (1996) ("Section 524 does not . . . provide for the release of third parties from liability"); *In re Zale Corp.,* 62 F.3d 746, 760-61 (5th Cir. 1995) ("Section 524 prohibits the discharge of debts of non-debtors"); *First Fidelity Bank v. McAteer,* 985 F.2d 114, 117-18 (3rd Cir. 1993) ("Section 524(e) specifically limits the effect of a discharge . . . . This section assures creditors that the discharge of a debtor will not preclude them from collecting the full amount of a debt from co-debtors or other liable parties."); *Green v. Welsh,* 956 F.2d 30, 33 (2nd Cir. 1992) ("the language of [Section 524(e)] reveals that Congress sought to free the debtor of his personal obligations while ensuring that no one else reaps a similar benefit"); *In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 602 (10th Cir. 1990), *modified sub nom., Abel v. West*, 932 F.2d 898 (10th Cir. 1991) (permanent injunction purporting to release non-debtors from liability improperly insulates non-debtors in violation of Section 524(e)); *In re American Hardwoods, Inc.*, 885 F.2d 621, 626

—8—

(9th Cir. 1989) (In affirming the denial of a permanent injunction against a claim against third party non-debtor, court noted: "Section 524(e), therefore, limits the court's equitable power under section 105 to order the discharge of liabilities of non-debtors.")

**Proposed language to remedy this objection**: "Nothing in this Plan shall enjoin the Internal Revenue Service ("IRS") from assessing a liability against a responsible person under I.R.C. § 6672. The IRS has the authority to determine any person working for Debtor as a responsible person under I.R.C. § 6672. Nothing in the Plan shall enjoin the IRS from collecting a liability against a responsible person under I.R.C. § 6672."

WHEREFORE, the United States respectfully requests that confirmation of the proposed Plan be DENIED; or alternatively, that it be amended to address the Service's objections, or that provisions be included in the Order of Confirmation, to be endorsed by counsel for the Internal Revenue Service.

                                        Respectfully submitted,

                                        G. ZACHARY TERWILLIGER
                                        United States Attorney

By:   /s/ Robert P. McIntosh
       Robert P. McIntosh
       Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that I have on this date served the foregoing upon all interested parties to this proceeding, by causing true and correct copies thereof to be placed in the United States mail, postage prepaid, addressed as follows:

Michael J. Nicholson
225 Liberty Street
New York, NY 10281
*Debtor Designee*

I hereby certify a copy of foregoing will be filed with the United States Bankruptcy Court electronically in the CM/ECF system.   Notice of this filing will be sent to all .Notice Parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.   Parties currently listed by the CM/ECF system to receive electronic notice in this case include counsel representing the debtor/debtor-in-possession, the proponent of the plan, and the United States Trustee as follows:

*Counsel to the Debtors*
Attn: Ray C. Schrock, P.C.
Ryan Preston Dahl
Candace M. Arthur
Daniel Gwen
Weil, Gotshal & Manges LLP
Email: Ray.Schrock@weil.com
Email: Ryan.Dahl@weil.com
Email: Candace.Arthur@weil.com
Email: Daniel.Gwen@weil.com

*Co-Counsel to the Debtors*
Attn: Tyler P. Brown
Henry P. (Toby) Long, III
Nathan Kramer
Hunton Andrews Kurth LLP
Email: tpbrown@hunton.com
Email: hlong@hunton.com
Email: nkramer@hunton.com

*Proposed Counsel to the Creditors' Committee*
Attn: Robert J. Feinstein
Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.
Pachulski Stang Ziehl & Jones LLP
Email: rfeinstein@pszjlaw.com

Email: bsandler@pszjlaw.com
Email: dgrassgreen@pszjlaw.com
Email: scho@pszjlaw.com

***Proposed Co-Counsel to the Creditors' Committee***
Attn: Robert S. Westermann
Hirschler Fleischer, P.C
Email: rwestermann@hf-law.com
***Office of the U.S. Trustee***
Office of the U.S. Trustee for the Eastern
District of Virginia, Richmond Division
Attn: Kenneth N. Whitehurst, III
Email: USTPRegion04.RH.ECF@usdoj.gov


Date: August 12, 2020

                                                               /s/ Robert P. McIntosh