WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

```
------------------------------------------------------------ x
                                                             :
In re                                                        :    Chapter 11
                                                             :
CHINOS HOLDINGS, INC., et al.,                               :    Case No. 20–32181 (KLP)
                                                             :
                        Debtors.[1]                          :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x
```

**SECOND SUPPLEMENTAL NOTICE OF ASSUMPTION
OR ASSIGNMENT AND CURE COSTS RELATING TO
EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS**

**PLEASE TAKE NOTICE THAT:**

        1.    On August 24, 2020, Chinos Holdings, Inc. and its debtor affiliates in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Second Amended Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (With Technical Changes)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[Docket No. 861] (as may be amended, modified, or supplemented, the "**Plan**").[2] Copies of the Plan are available for download at www.omniagentsolutions.com/chinos.

2.  The Debtors are parties to certain contracts and leases that are subject to assumption or rejection under the Plan (the "**Executory Contracts**" and "**Unexpired Leases**", and collectively, the "**Contracts**"), including those identified on **Exhibit A** hereto. The inclusion of any Contract on Exhibit A does not constitute an admission that a particular Contract is an executory contract or unexpired lease within the meaning of the Bankruptcy Code or require or guarantee that such Contract ultimately will be assumed. All rights of the Debtors and other parties in interest with respect thereto are reserved.

3.  On July 31, 2020, the Debtors filed and served the *Notice of Assumption or Assignment and Cure Costs Relating to Executory Contracts and Unexpired Leases* [Docket No. 667] (the "**Initial Cure Notice**"). On August 11, 2020, the Debtors filed and served the *Supplemental Notice of Assumption or Assignment and Cure Costs Relating to Executory Contracts and Unexpired Leases* [Docket No. 714].

4.  **Additional Contracts**. This notice (the "**Supplemental Notice**") includes the Contracts that may be potentially assumed or assumed and assigned by the Debtors that were not included in the Initial Cure Notice, and the Debtors' calculation of the Cure Costs with respect thereto, which are set forth on **Exhibit A** hereto. The Debtors reserve all rights to amend, supplement, and otherwise modify **Exhibit A** hereto, including to add or remove executory contracts and unexpired leases, to adjust the cure costs, and to assert that contracts or leases identified on **Exhibit A** are not executory or unexpired. The Debtors further reserve all rights with respect to any other contracts or leases that may not be identified on **Exhibit A**.

5.  In accordance Section 8.1 of the Plan, as of and subject to the occurrence of the Effective Date and the payment of any applicable Cure Cost, all Executory Contracts and Unexpired Leases, to which any of the Debtors are parties, and which have not expired or terminated by their own terms on or before the Effective Date, shall be deemed assumed by the Debtors, except for any Executory Contract or Unexpired Lease that (a) is identified on the Schedule of Rejected Contracts and Leases; (b) has been previously rejected pursuant to a Final Order of the Bankruptcy Court; (c) has been previously assumed or assigned in Bankruptcy Court; (d) is the subject of a motion to assume, assign, or reject Executory Contracts or Unexpired Leases that is pending on the Confirmation Date; or (e) is the subject of an Order of the Bankruptcy Court authorizing the Debtors to reject an Executory Contract or Unexpired Lease with the effective date of such rejection scheduled for after the Effective Date.

**YOU ARE RECEIVING THIS SUPPLEMENTAL NOTICE BECAUSE YOU OR AN AFFILIATE MAY BE A COUNTERPARTY TO ONE OR MORE EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND YOUR RIGHTS MAY BE AFFECTED BY THE PLAN. YOU ARE ADVISED TO CAREFULLY REVIEW THE INFORMATION CONTAINED HEREIN AND THE RELATED PROVISIONS OF THE PLAN.**

---

[2]  Capitalized terms used but not defined herein have the meanings ascribed to those terms in the Plan.

6. **Modifications, Amendments, Supplements, Restatements, or Other Agreements**. As provided in section 8.5 of the Plan, unless otherwise provided in the Plan, each assumed Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, statements of work, or other agreements that in any manner affect such Executory Contract or Unexpired Lease, including any easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests. Unless otherwise provided in an order entered by the Bankruptcy Court, modifications, amendments, supplements, and restatements to Executory Contracts and Unexpired Leases executed by the Debtors during the Chapter 11 Cases shall not be deemed to alter the prepetition nature of such Executory Contracts or Unexpired Leases, or the validity, priority, or amount of any Claims that may arise in connection therewith.

7. **Intercompany Agreements**. Executory Contracts with only the Debtors as parties are not listed on the Initial Cure Notice or on Exhibit A hereto. All Intercompany Agreements will be assumed by the Debtors pursuant to the Plan, unless otherwise rejected as provided in paragraph 3 herein.

8. **Cure Costs**. Section 365(b)(1)(A) of the Bankruptcy Code requires that the Debtors cure or provide adequate assurance that they will promptly cure defaults under the Contracts at the time of assumption. The Debtors' determination of the amounts required to cure any prepetition defaults under the Contracts (the "**Cure Costs**") are set forth on Exhibit A.[3]

9. **Adequate Assurance of Future Performance**. The Debtors believe that the ability of the Debtors and Reorganized Debtors to make current payments after the Effective Date, their intent to cure the applicable executory contract or unexpired lease, along with the Reorganized Debtors' projected financial stability after consummating the Plan, as set forth in the financial projections included as Exhibit B of the Disclosure Statement, together constitute adequate assurance of future performance in compliance with section 365 of the Bankruptcy Code (collectively, "**Adequate Assurance**").

10. **Consensual Resolution of Disputes**. The Debtors request that if you dispute the assumption of a Contract, the Debtors' Adequate Assurance, or a Cure Cost, you contact the Debtors before the Objection Deadline (as defined below) to attempt to resolve such dispute consensually. The Debtors' contact for such matters is vendorcontracts@jcrew.com. If such dispute cannot be resolved consensually before the Objection Deadline (as the same may be extended by agreement of the Debtors), you must file and serve an Objection as set forth in paragraph 7 below to preserve your right to object to the assumption, assignment, Adequate Assurance, or Cure Costs, as applicable, related to your Contracts.

11. **Deadline to Respond to Proposed Assumption or Assignment**. If you wish to object to the assumption of a Contract, including (a) the ability of the Reorganized Debtors or any other applicable assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired

---

[3] The Debtors have been paying their postpetition obligations as they have come due in the ordinary course of their business. Accordingly, any unpaid postpetition obligations are not included in the Cure Costs listed in Exhibit A, hereto. The Debtors intend to pay such amounts in the ordinary course of business.

3

Lease, or (b) the Debtors' calculation of the Cure Costs with respect to such Contract, you must file a written objection (an "**Objection**") that (i) identifies the applicable Contract, and (ii) sets forth in detail the basis for such Objection, together with all supporting documentation, so that it actually received no later than **September 7, 2020 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**"). Objections must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District Virginia, Richmond Division, and must be filed with the Bankruptcy Court, in accordance with the customary practices of the Bankruptcy Court, and served on counsel for the Debtors, Counsel for the Creditors' Committee, and the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division.

12. Unless you properly and timely file and serve an Objection by the Objection Deadline with respect to your Contract, you will be deemed to have assented to (a) the assumption of such Contract on the Effective Date, if such Contract is not otherwise assumed or rejected as provided in the Plan, (b) the Cure Costs specified on Exhibit A with respect to such Contract; and (c) that the Adequate Assurance is in compliance with section 365 of the Bankruptcy Code; and the Cure Costs specified on Exhibit A shall be the Cure Costs and shall be deemed to satisfy in full any prepetition obligations the Debtor might have with respect to such Contracts under section 365(b) of the Bankruptcy Code, without further notice, hearing, or order of the Bankruptcy Court. If you are party to more than one Contract, an Objection with respect to one Contract shall have no impact on the other Contracts to which you are a party for which no Objection has been filed and served.

13. If a Cure Objection cannot otherwise by resolved by the parties, the Debtors may adjourn their request to assume the Contract pending resolution of the Cure Objection (an "**Adjourned Cure Objection**"), subject to the Plan. An Adjourned Cure Objection may be resolved after the Effective Date of the Plan in the Debtors' discretion.

WEIL:\97602909\1\54457.0008

Dated: August 24, 2020
      Richmond, Virginia

*/s/ Henry P. (Toby) Long, III*
HUNTON ANDREWS KURTH LLP
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile:  (804) 788-8218

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Debtors and Debtors in Possession*

5


## Exhibit A

**Cure Costs**

| Counterparty Name | Debtor Name | Agreement Name and Description | Cure |
|---|---|---|---|
| DXC Technology Services, LLC, formerly known as AppLabs Technologies Pvt. Ltd. (Computer Science Corporation) | J.Crew Group, Inc. | Statement of Work dated 2/1/2020 | $65,312.80 |