**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

```
------------------------------------------------------------ x
                                                             :
In re                                                        :    Chapter 11
                                                             :
CHINOS HOLDINGS, INC., et al.,                               :    Case No. 20–32181 (KLP)
                                                             :
                    Debtors.[1]                              :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x
```

# ORDER APPROVING (I) CLAIMS OBJECTION PROCEDURES AND (II) CLAIM HEARING PROCEDURES

Upon the Motion [Docket No. 996] (the "**Motion**")[1] of Chinos Holdings, Inc. and its reorganized debtor affiliates, as debtors and reorganized debtors (the "**Debtors**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "**Local Bankruptcy Rules**"), for entry of an order approving certain claims objection procedures and claims hearings procedures intended to streamline the claims process and conserve the resources of the Debtors' estates, all as more fully described in the Motion; and the Court has jurisdiction to consider the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion, the Plan, or the Confirmation Order (as such terms are defined in the Motion), as applicable.

Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given, and it appearing that no other or future notice need be provided; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** to the extent set forth herein.

2. The Estate Representatives are authorized to object to Claims in accordance with the following procedures (the "**Claim Objection Procedures**"):

    (i) Notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Estate Representatives and other parties in interest are authorized to file Omnibus Claims Objections to Claims seeking reduction, reclassification, or disallowance of Claims on one or more of the following grounds (the "**Additional Permitted Grounds**" and together with those grounds set forth in Bankruptcy Rule 3007(d), the "**Permitted Grounds**"):

    a. the amount claimed contradicts the Debtors' books and records;

    b. the Claim fails to specify the amount or asserts the amount as "unliquidated";

    c. the Claim seeks recovery of amounts for which the Debtors are not liable;

    d. the Claim is filed against the wrong Debtor, or against multiple Debtors without stating the legal basis;

    e. the Claim is not entitled to the asserted status or priority or is incorrectly or improperly classified;

    f. the Claim fails to specify a sufficient legal basis;

    g.    the Claim does not include sufficient documentation to ascertain the validity of such Claim;

    h.    the Claim was or will be satisfied in the normal course of business;

    i.    the Claim is obligated to be satisfied by one or more of the Debtors' insurers;

    j.    the Claim has been waived, withdrawn, or disallowed pursuant to an agreement with the Debtors or order of this Court;

    k.    the Claim is objectionable under section 502(e)(1) of the Bankruptcy Code; and

    l.    the Claim is subject to disallowance pursuant to any of the subsections of section 502(b).

(ii) The Estate Representatives are authorized to file Omnibus Claims Objections to no more than five hundred (500) Claims at a time on the Permitted Grounds.

(iii) Except as expressly provided herein, the Estate Representatives shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e).

(iv) Any order sustaining an Omnibus Claims Objection shall be treated as an order for each Claim referenced in the Omnibus Claims Objection as if an individual objection had been filed and an individual order had been entered for such Claim.

(v) The Estate Representatives are authorized, in their discretion, to serve a Claim Objection Notice, rather than the entire Omnibus Claim Objection, on each claimant whose Claim is the subject of the applicable omnibus claim objection and, if known, its counsel. The Claim Objection Notice shall be in a form substantially similar to the notice attached hereto as **Exhibit 1**, and shall include an explanation of the claim objection process, a description of the basis of the omnibus claim objection, information regarding the response deadline and hearing date, information on the Claim Hearing Procedures (as described herein), identification of the Claim that is the subject of the omnibus claim objection (with reference to an attached exhibit or otherwise), and information on how the claimant might obtain a complete copy of the omnibus objection. The Estate Representatives retain the right to serve Omnibus Claim Objections in their entirety in appropriate circumstances as determined in the Estate Representatives' sole discretion.

(vi) The Estate Representatives shall file all omnibus and individual objections with this Court to be made publicly available for free on the website of the Debtors' approved claims and noticing agent, Omni Agent Solutions ("**Omni**").

(vii) Notice of claim objections shall be limited to: (a) service of a complete copy of each claim objection (whether an omnibus objection or an individual objection) on the U.S. Trustee and by email to counsel to the other Estate Representatives; (b) with respect to Omnibus Claims Objections, in the applicable Estate Representative's discretion, service of a complete copy of the Omnibus Claim Objection on the claimant whose Claims are the subject of the applicable objection and its counsel, if known, or service of a Claim Objection Notice on the claimant whose Claims are the subject of the applicable omnibus claim objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose Claim is the subject of the applicable individual claim objection and its counsel, if known, or, where counsel has appeared for a claimant, a complete copy of each individual objection to a Claim on the claimant's counsel by email.

(viii) Responses to the Estate Representatives' individual and omnibus claim objections shall be due twenty-one (21) calendar days after mailing of the objection; *provided, however*, that the Estate Representatives reserve the right to request that the Court impose an alternative response date or grant expedited consideration with respect to certain objections, if the circumstances so require, which may result in shortened notice of both the hearing date and the response deadline.

3. The following claims hearing procedures (the "**Claim Hearing Procedures**") shall apply:

(i) The applicable Estate Representative shall schedule the return date for claims objections, omnibus or otherwise, for hearing at periodic omnibus hearings (the "**Omnibus Hearings**") established by the Court pursuant to the Order Implementing Certain Notice and Case Management Procedures [Docket No. 109] (the "**Case Management Order**") or other hearings the Estate Representatives may schedule with the Court.

(ii) Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claim Hearing Procedures.

(iii) A written response (a "**Response**") to an Omnibus Claims Objection must be received on or before 21 days after service of the Omnibus Claims Objection (the "**Response Deadline**"). If the claimant fails to file and serve a Response

           on or before 21 days after service of the Omnibus Claims Objection in compliance with the procedures set forth herein, the Estate Representatives will present to the Court an appropriate order granting the relief requested in the Omnibus Claims Objection for entry without further notice to the claimant or hearing.

(iv)    The hearing to consider an objection to Claims as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claim Hearing**") to be scheduled by the applicable Estate Representative, in their sole discretion.

(v)    The applicable Estate Representative may file and serve a reply (a "**Reply**") to a Response no later than **12:00 p.m. prevailing Eastern Time on the day that is at least one (1) day prior to the date of the applicable hearing.**

(vi)    There shall be no sur-reply unless the Court orders otherwise upon the filing of a motion demonstrating good cause.

(vii)    The Estate Representatives, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant.

4.    The Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Claim Hearing Procedures.

5.    The provisions of Local Bankruptcy Rule 3007-1 are hereby waived to the extent inconsistent with the Claim Objection Procedures approved by the terms of this Order.

6.    Nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claims asserted in these chapter 11 cases.

7.    Entry of this Order is without prejudice to the rights of the Debtors' estates and the Class 6-B GUC Trustee to seek authorization to modify or supplement the relief granted herein.

8. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: __Oct 23 2020__, 2020
Richmond, Virginia

/s/ Keith L Phillips
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
THE HONORABLE KEITH L. PHILLIPS
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Oct 23 2020

WE ASK FOR THIS:

*/s/ Henry P. (Toby) Long, III*
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

- and -

Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Henry P. (Toby) Long, III*

# Exhibit 1

**Notice of Omnibus Claims Objection**

> **THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE [insert ordinal] OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT CHINOS HOLDINGS, INC.'S COUNSEL,**
> **[insert name], AT [insert telephone number].**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

---------------------------------------------------------------- x
                                                                 :
**In re**                                   :   **Chapter 11**
                                                                 :
**CHINOS HOLDINGS, INC.,** *et al.,*        :   **Case No. 20–32181 (KLP)**
                                                                 :
                         Debtors.[2]        :   **(Jointly Administered)**
                                                                 :
---------------------------------------------------------------- x

**NOTICE OF HEARING ON DEBTORS' [insert ordinal]**
**OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM ([insert basis for objection])**

**PLEASE TAKE NOTICE** that, on _____ \_\_, 202[\_], the [Debtors / Estate Representatives] filed the **[insert ordinal]** Omnibus Objection to Proofs of Claim (**[insert basis**

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

**for objection])** (the **"Objection"**) with the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**").[3]

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow one or more of your claims listed on **Exhibit A** annexed hereto on the ground that **[insert basis for disallowance, reduction, reclassification or expungement]. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Claim Hearing Procedures* (the "**Claim Hearing Procedures**") annexed hereto as **Exhibit B** apply and govern the objection to your Proof(s) of Claim. The Claim Hearing Procedures provide for certain mandatory actions by a Claimant within certain time periods. Therefore, please review the Claim Hearing Procedures carefully. Failure to comply with the Claim Hearing Procedures may result in the disallowance and expungement of a Proof of Claim without further notice to a Claimant.

If you do NOT oppose the disallowance, expungement, reduction or reclassification of your Claim(s) listed on **Exhibit A**, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction or reclassification of your Claim(s) listed on **Exhibit A**, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before **4:00 p.m. Prevailing Eastern Time on _____, 202[_]** (the "**Response Deadline**").

---

[3] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the *Second Amended Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 861] or the *Order Approving (I) Claims Objection Procedures and (II) Claim Hearing Procedures* (the "**Order**") [Docket No. [●]], as applicable.

2

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the Claimant and description of the basis for the amount of the Claim; (iii) a concise statement setting forth the reasons why the Claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the applicable Estate Representative must return any reply to your response, if different from that presented in the Proof of Claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.  A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Keith L. Phillips., United States Bankruptcy Court, U.S. Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia, 23219; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Candace M. Arthur, Esq., Daniel Gwen, Esq., and Olga Peshko, Esq.), attorneys for the Debtors'; and (iii) Hunton Andrews Kurth LLP, 951 East Byrd Street Richmond, Virginia 23219 (Attn. Henry P. (Toby) Long, III, Esq.), attorney for the Debtors'.

3

Except as otherwise permitted under the Claim Hearing Procedures, a hearing to consider the Objection will be held on **_____, 202[_],** at __:__ _.m. Prevailing Eastern Time in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Suite 4000, Richmond, Virginia, 23219.  If you file a written response to the Objection, you should plan to appear at the hearing.  The Estate Representatives, however, reserve the right to continue the hearing on the Objection with respect to your Claim(s).  If the Estate Representatives continue the hearing with respect to your Claim(s), then the hearing will be held at a later date.  If the Estate Representatives do not continue the hearing with respect to your Claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce or reclassify your Claim(s) listed on **Exhibit A**, then the Debtors have the right to object on other grounds to the Claim(s) (or to any other Claims you may have filed) at a later date.  You will receive a separate notice of any such objections.

You may participate in a hearing remotely provided that you comply with the Court's instructions, which can be found on the Court's website at www.vaeb.uscourts.gov.

If you wish to view the complete Objection, you can do so for free at https://www.omniagentsolutions.com/chinos, or by calling Omni Agent Solutions at (866) 991-8218 (Domestic) or (818) 924-2298 (International) to request a copy by mail.  **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

Dated: [       ], 202[_]

    Richmond, Virginia

                                                _____
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Nathan Kramer (VSB No. 87720)
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

- and –

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Ryan Preston Dahl (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Daniel Gwen (admitted *pro hac vice*)

*Attorneys for Debtors and Reorganized Debtors*

**Exhibit B to Notice of Omnibus Claims Objection**

**Claim Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

----------------------------------------------------------x
----

|  | : |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **CHINOS HOLDINGS, INC.,** *et al.*, | : | **Case No. 20–32181 (KLP)** |
|  | : |  |
| Debtors.[4] | : | **(Jointly Administered)** |
|  | : |  |

----------------------------------------------------------x
----

## **COURT-ORDERED CLAIM HEARING PROCEDURES**

The claim hearing procedures (the "**Claim Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") to apply to the chapter 11 cases of Chinos Holdings, Inc. and its debtor affiliates (collectively, the "**Debtors**").[5]

**Claim Hearing Procedures**

1. Pursuant to the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, dated May 5, 2020 [Docket No. 109] (the "**Case Management Order**"), the Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these cases. The applicable Estate Representative shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

2. A written response (a "**Response**") to an Omnibus Claims Objection must be received on or before 21 days after service of the Omnibus Claims Objection (the "**Response Deadline**"). If the claimant fails to file and serve a Response on or

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Chinos Holdings, Inc. (3834); Chinos Intermediate Holdings A, Inc. (3301); Chinos Intermediate, Inc. (3871); Chinos Intermediate Holdings B, Inc. (3244); J. Crew Group, Inc. (4486); J. Crew Operating Corp. (0930); Grace Holmes, Inc. (1409); H.F.D. No. 55, Inc. (9438); J. Crew Inc. (6360); J. Crew International, Inc. (2712); J. Crew Virginia, Inc. (5626); Madewell Inc. (8609); J. Crew Brand Holdings, LLC (7625); J. Crew Brand Intermediate, LLC (3860); J. Crew Brand, LLC (1647); J. Crew Brand Corp. (1616); J. Crew Domestic Brand, LLC (8962); and J. Crew International Brand, LLC (7471). The Debtors' corporate headquarters and service address is 225 Liberty St., New York, NY 10281.

[5] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the *Second Amended Joint Prearranged Chapter 11 Plan of Reorganization of Chinos Holdings, Inc. and Its Affiliated Debtors (with Technical Changes)* [Docket No. 861] or the *Order Approving (I) Claims Objection Procedures and (II) Claim Hearing Procedures* (the "**Order**") [Docket No. [●]], as applicable.

        before 21 days after service of the Omnibus Claims Objection in compliance with the procedures set forth herein, the Estate Representatives will present to the Court an appropriate order granting the relief requested in the Omnibus Claims Objection for entry without further notice to the claimant or hearing.

3. The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claim Hearing**") to be scheduled by the applicable Estate Representative, in their sole discretion.

4. The applicable Estate Representative may file and serve a reply (a "**Reply**") to a Response no later than **12:00 p.m. prevailing Eastern Time on the day that is at least one (1) day prior to the date of the applicable hearing**.

5. There shall be no sur-reply unless the Court orders otherwise upon the filing of a motion demonstrating good cause.

6. The Estate Representatives, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant.

7. The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claim Hearing Procedures.

BY ORDER OF THE COURT