IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 20-32181-KLP |
| CHINOS HOLDINGS, INC., *et al.* ) | CHAPTER 11 |
| ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |

UNITED STATES' RESPONSE IN OPPOSITION TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO CLAIMS (SATISFIED CLAIMS AND REDUCED AND/OR <u>RECLASSIFIED CLAIMS</u>)

The United States of America, through undersigned counsel, files its response in opposition to the *Debtors' Thirteenth Omnibus Objection to Claims (Satisfied Claims and Reduced and/or Reclassified Claims)* (Dkt No. 1268) (the "Claim Objection") as follows:

The Debtor, J. Crew Group, Inc., ("J. Crew") objects to Claim 529 of the U.S. Customs and Border Protection ("CBP") filed October 28, 2020 in case number 20-32185. As grounds for objecting, J. Crew asserts as follows:

> The Debtors object to the Reduced and/or Reclassified Claims because the Debtors are not liable on the Reduced and/or Reclassified Claims in the amount and/or priority indicated in the Reduced and/or Reclassified Claims. In particular, following their *review of the Reduced and/or Reclassified Claims* and their *books and records*, the Debtors have determined that the applicable *Claimants have failed to provide evidence*, and the *Debtors are not aware of any facts to support the amounts and/or priority asserted* in the Reduced and/or Reclassified Claims.

Claim Objection, p. 8, ¶ 10 (emphasis added).

Robert P. McIntosh
Assistant United States Attorney
VSB No. 66113
919 East Main Street, Suite 1900
Richmond, VA  23219
Telephone:  (804) 819-7404
Facsimile:  (804) 771-2316
Email:  Robert.McIntosh@usdoj.gov
Counsel for the United States of America, U.S. Customs and Border Protection

Debtor concludes that CBP's claim set forth as follows:

| CLAIM NO. | CLAIMANT | DATE FILED | CLAIM AMOUNT | SECURED | ADMIN | PRIORITY | UNSECURED | CASE NUMBER | DEBTOR |
|---|---|---|---|---|---|---|---|---|---|
| 3   C 185-529 | U.S. Customs and Border Protection | 10/28/2020 | 314,741.56 | 1,299.92 | - | unliq/contingent | 313,441.64 | 20-32185 | J. Crew Group, Inc. |

should be reclassified and reduced as follows:

| CLAIM NO. | CLAIMANT | DATE FILED | CLAIM AMOUNT | SECURED | ADMIN | PRIORITY | UNSECURED | CASE NUMBER | DEBTOR |
|---|---|---|---|---|---|---|---|---|---|
| C 185-529 | U.S. Customs and Border Protection | 10/28/2020 | 313,441.64 | - | - | - | 313,441.64 | 20-32185 | J. Crew Group, Inc. |

Claim Objection, p. 17, Exhibit 2.

## ARGUMENT

Explanation for the Claim:  The secured claim, to which the debtor objects, is set forth on ECF page 7 of CBP's Proof of Claim (Claim number 529) ("POC") filed on or about October 28, 2020. The amount shown constitutes a "drawback entry" or "drawback claim" for prepetition importations.  For purposes of the Claim Objection and this Response, "drawback" refers to CBP's refund of certain duties that were paid upon the importation of merchandise into the United States, when such merchandise was later exported or destroyed under customs supervision. 19 U.S.C. § 1313; 19 C.F.R. § 191.2(i)-(k) (2006).  In particular, the drawback claim at issue in this Claim Objection is an accelerated drawback claim, meaning CBP refunded to the drawback claimant (*i.e.,* J. Crew, the bankruptcy debtor) the duty amounts shown in CBP's proof of claim, prior to CBP's liquidation of the drawback entry. *See, e.g.,* 19 C.F.R. § 190.92(a)(1) (explaining that "accelerated payment of drawback consists of the payment of estimated drawback before liquidation of the drawback entry [*i.e.,* drawback claim]"). *See also* "Attachment 1" of the POC at ECF page 9.

The drawback claimant (*i.e.,* the bankruptcy debtor) thus benefits from being paid in advance of the processing of its drawback claim. Later, when CBP liquidates the accelerated drawback claim, CBP reconciles the accelerated payment and the actual liquidation amount. For

drawback claims where the accelerated payment equals the amount determined at liquidation, the drawback claim liquidates as "no change," and no bill is issued. On the other hand, if CBP's liquidation process determines that the drawback claimant was not legally entitled to the full amount accelerated, CBP issues a "bill" to collect the duties owed to the United States.

The diverted refund shown on pages 4-5 of Claim 529 is a refund arising from CBP's liquidation of entry number 316-00008598 which is another prepetition importation of merchandise made by the Debtor. That refund provides the security for the Government's contingent secured claim, and the mutuality required by 11 U.S.C. § 553 is present because both the refund and the claim arise from pre-petition importations made by the Debtor. The Government has a right of set-off of the diverted refund (currently held in suspense) against the drawback claim. *See In re Elsinore Shore Associates*, 67 B.R. 926, 940 (Bankr. N.J. 1986) ("[h]owever, Code § 553 does not prohibit setoff of a creditor's claim arising prepetition, unliquidated or unmatured as of the petition date, against a debtor's prepetition claim. [internal citations omitted] Furthermore, a contingent claim which arises prior to the commencement of a bankruptcy case may be setoff against a prepetition claim of the debtor's estate") (quoting *In re Morristown Lincoln-Mercury, Inc.*, 42 B.R. 413, 417-18 (Bankr. E.D. Tenn. 1984)).

The Court should overrule the Claim Objection because the Debtor has produced nothing to rebut the *prima facie* validity of CBP's secured claim. The accelerated drawback claim was incurred as stated in the amount and drawback claim number as set forth on the proof of claim and qualifies as a secured claim.[1]

---

[1] Many of the importations identified in CBP's proof of claim as unliquidated/contingent claims (pages 7-8 and pages 10-29 of Claim 529) have subsequently liquidated in the ordinary course and consistent with the federal customs laws. As a result, there are additional refunds arising

(continued...)

The Claim Objection also seeks to reduce CBP's unliquidated/contingent priority claim to $0.00.  CBP acknowledges that the importations of merchandise that constituted CBP's unliquidated/contingent priority claim have subsequently liquidated, within the meaning of 19 U.S.C. § 1500 and 19 C.F.R. Part 159, with no additional duties owed to CBP.  Accordingly, CBP anticipates that amounts listed in Claim 529 as "priority claims" will be eliminated when CBP is permitted to file an amended proof of claim.

Other documentation.  The Debtor or its authorized representative has access to Debtor's drawback claim information in CBP's "Automated Commercial Environment" (ACE), including the drawback claim number, the date the drawback claim was filed, and the total dollar amount of the drawback claim.  Additionally, the debtor has in its possession all information in support of the drawback claim and on which the secured status of the claim is based (*i.e.,* the underlying consumption entry information for each drawback claim which demonstrate it is a pre-petition claim). Specifically, the debtor is required by law to maintain records "in connection with the filing of a drawback claim" and must retain them "for 3 years after liquidation of such claims." 19 C.F.R. § 190.15. The debtor must be able to produce information to enable "CBP to verify, the applicable import entry," and "[t]o identify with respect to that import entry . . . the imported merchandise designated as the basis for the drawback claim." 19 C.F.R. § 190.38(b)(1), (b)(3). Such records with respect to drawback claims "must be retained for 3 years after liquidation" of such claims.  19 C.F.R. § 190.38(a).

---

from the Debtor's pre-petition importations that CBP is currently holding in suspense as security for CBP's pre-petition claims, previously designated as "unsecured claims" on page 8 of Claim 529.  CBP is able and willing to file an amended proof of claim which would identify refunds totaling $129,137.72 that secure the unliquidated accelerated drawback claims in the amount of $129,137.72, as well as a contingent general unsecured claim of $151,172.59.

The fact that this information is available to the Debtor underscores the extent to which debtor's Claim Objection lacks merit.  Notably, the Debtor is required by law to maintain records concerning the underlying consumption entry information, which information was used by the Debtor to make its drawback claim.  This information is the known source for identifying the basis for CBP's secured claim.  Consequently, the Debtor cannot credibly object to CBP's claim by professing that "following their review of . . . their books and records, the Debtors have determined that [CBP has] failed to provide evidence, and the Debtors are not aware of any facts to support the amounts and/or [secured status] asserted in the Reduced and/or Reclassified Claims."[2]  Either the Debtor has not searched its records, or it has not complied with the law requiring that such records be kept.  In either event, the Debtor has failed to produce anything to call into question the *prima facie* validity of the proof of claim.

Name, Address and Contact Information where replies should be served.  Debtor should serve any reply on: Robert P. McIntosh, Assistant U.S. Attorney, 919 East Main Street, Suite 1900, Richmond, VA 23219 and by email transmission to:  Robert.McIntosh@usdoj.gov.  Telephone: (804) 819-7404.

## DEFENSES

1. The Claim Objection was not served on the United States as required by Rule 3007(a)(2)(A)(i) ("The objection [to claim] and notice shall be served on a claimant by first-class mail to the person most recently designated on the claimant's original or amended proof of claim as the person to receive notices, at the address so indicated; *and if the objection is to a claim of*

---

[2] The Debtor specifically references "priority" claims, but the Claim Objection requests the Court deny CBP's "secured" claim.  As previously stated, CBP anticipates filing an amended claim that will increase its secured claim, reduce its general unsecured claim, and eliminate the "priority" claim.

—5—

*the United States, or any of its . . . agencies, in the manner provided for service of a summons and complaint by Rule 7004(b)(4) or (5)*"); and Rule 7004(b)(5) (service shall be made "[u]pon any . . . agency of the United States, by mailing a copy of the summons and complaint to the United States as prescribed in paragraph (4)³ of this subdivision and also to the officer or agency. . . .").

2.    The Debtor's sole contention that Claim 529 should be reclassified is based on Debtor's alleged review of its "books and records." Debtor asserts that this "review" has caused it to "determine[ ] that [CBP has] failed to provide evidence, and the Debtors are not aware of any facts to support the amounts" and status of the claims. Such an objection is an invalid objection and does not rebut the *prima facie* validity of the proof of claim, especially given Debtor's legal requirement to maintain books and records from which it can independently verify the accuracy of the CBP's claim.

3.    As a contested matter, *see* Rule 9014(c), Fed. R. Bank. Pro., the specified rules under Part VII of the Federal Rules of Bankruptcy Procedure apply, and the United States invokes its rights under those rules. Additionally, the United States requests that the Court direct that Rule 7016, Fed. R. Bankr. Pro., shall apply in this proceeding and enter a scheduling order accordingly, and that any currently "scheduled hearing" on the Claim Objection be treated as a status conference.

---

³ Service upon the United States shall be "by mailing a copy of the [Objection to Claim and Notice of Hearing] addressed to the civil process clerk at the office of the United States attorney for the [Eastern District of Virginia] and by mailing a copy of the [Objection to Claim and Notice of Hearing] to the Attorney General of the United States at Washington, District of Columbia . . . " Fed. R. Bankr. P. 7004.

4.     To the extent that the Debtor may wish to challenge the secured status of any claim of the CBP, the objection seeks relief of a kind described in Rule 7001(2),[4] and is required to be brought by adversary proceeding.  Moreover, the proof of claim establishes that its claim is secured to the extent of sums held by it that are subject to setoff, and CBP notes that the amount of its secured claim is likely to increase.  CBP continues to liquidate Debtor's pre-petition entries in the ordinary course, consistent with the federal customs laws.  As a result, some of the pre-petition entries have liquidated for new refunds.  CBP continues to hold in suspense the new refunds for the pre-petition entries.  CBP has not yet filed an amended proof of claim to reflect the increased refunds securing CBP's claim based on setoff, or the commensurate reduction in CBP's general unsecured claim, but CBP is able and willing to file said amended proof of claim.

5.     The Claim Objection should be overruled and/or dismissed for failure to state with particularity the grounds therefor.  *See* Rule 9013, Fed. R. Bankr. Pro.; *In re Harris,* 434 B.R. 644, 649 (Bankr. N.D. Ala. 2010) ("The Court . . . adopts the *Twombly* pleading standards for contested matters by virtue of the provisions in Bankruptcy Rule 9013 requiring motions to state with particularity the grounds for the relief sought") (objection to claim).

### ARGUMENT

The Claim Objection has not overcome the *prima facie* validity of the CBP's proof of claim and does not provide any evidentiary support to rebut the validity of the proof of claim.  Accordingly, the Claim Objection must be overruled.

---

[4] Debtor appears to claim that CBP has no claim entitled to security status, *i.e.,* the Claim Objection challenges the *validity* of any secured claim by CBP, and does not merely challenge the *amount* of the secured claim.  Thus, Debtor's claim asserted in the Claim Objection appears to fall within Rule 7001, and not Rule 3012 (contesting merely *the amount* of a secured claim).

—7—

"The debtor must introduce evidence to rebut the claim's presumptive validity." *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004). Merely denying the validity of a claim is not sufficient. *In re Glenn*, 100 B.R. 763, 766 (Bankr. W.D. Pa. 1989); *In re Nejedlo*, 324 B.R. 697, 699 (Bankr. E.D. Wis. 2005). Even if the Debtor can overcome that initial burden, the remaining burden will follow general non-bankruptcy law. *Raleigh v. Illinois Dep't of Rev.*, 530 U.S. 15, 20-21 (2000). The CBP's determinations are presumed correct, and the Debtors will retain the burden of proving they are incorrect. *See generally,* 25 C.J.S. Customs Duties, § 235 (Presumptions and burden of proof) (citing cases). Because the Debtor has not come forward with any evidence, the Claim Objection should be overruled.

## Conclusion

WHEREFORE, the United States respectfully requests that this Court overrule the Claim Objection and grant to the United States such other and further relief as this Court deems proper.

Dated: June 9, 2021.

        RAJ PAREKH
        ACTING UNITED STATES ATTORNEY

By: /s/ Robert P. McIntosh
    Robert P. McIntosh, VSB No. 66113
    Assistant United States Attorney
    919 East Main Street, Suite 1900
    Richmond, Virginia 23219
    Telephone: (804) 819-7404
    Facsimile: (804) 771-2316
    Email: Robert.McIntosh@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all noticed persons who have elected to receive CM/ECF notices.

Date: June 9, 2021.

                                           /s/ Robert P. McIntosh
                                           ROBERT P. MCINTOSH
                                           Assistant United States Attorney